USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/1/05

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
IN THE WORLD TRADE CENTER           :    Master Docket No.: 21 MC 102 (AKH)
LOWER MANHATTAN DISASTER       :
SITE LITIGATION                              :
-------------------------------------------------X

ALVIN K. HELLERSTEIN
U.S.D.J.

## CASE MANAGEMENT ORDER No. 1

This Order preliminarily outlines the timing of and manner in which pleadings, discovery, docketing and other issues will proceed in the above captioned, In Re World Trade Center Lower Manhattan Disaster Site Litigation, 21 MC 102 (AKH) (the "Litigation").

## I. Creation of a 21 MC 102 Database

Plaintiffs' and Defendants' Liaison and Steering Committee Counsel will work together to create a plaintiffs' database which will organize information about each plaintiff to the extent ascertainable, including, but not limited to: a) name of plaintiff(s); b) individual case Docket No.; c) named defendants; d) plaintiff's claimed injuries (with specificity); e) the date the claimed injuries manifested themselves; f) the date of diagnosis for each of plaintiff's claimed injuries; g) the identity of the buildings and/or other locations where plaintiff allegedly worked during the period of claimed exposure/injury; h) location within or outside said identified building and quadrant or specific area of any other location where the plaintiff allegedly worked at each place; i) the dates that plaintiff allegedly worked at each location; j) identification of claimants whose exposure occurred both at a location encompassed under the definition of the "World Trade Center Site" established in CMO No. 3 in 21 MC 100 and at other locations; k) identification of the plaintiff's employers at each respective building and/or other location; and l) the identity of plaintiff's counsel. The database will be updated by Plaintiffs' Liaison Counsel in a timely manner. Defendants' counsel will have the right, but not the obligation, to review the database and to propose any necessary corrections or changes. Although the database created for this docket shall be maintained separately from the existing database established in 21 MC 100, the parties will, to the extent applicable and practicable, utilize the format of the 21 MC 100 database, with modifications as necessary.

## II. Master Complaint and Check-off Complaint

Plaintiffs' and Defendants' Liaison Counsel will jointly prepare a Master Complaint and a form of Complaint by Adoption ("Check-off Complaint") to address the specific needs of the litigation. The respective Liaison Counsel will circulate to and seek the input of current counsel in the litigation, prior to submission of same to the Court. The Master Complaint and form of Check-off Complaint will be submitted to the Court on or before November 11, 2005 with a proposed CMO for implementation of same.

## III. Docket Designation And Plaintiff Identification Of Purely 21 MC 102 Claims And Of Mixed 21 MC 100 and 21 MC 102 Claims

In February 2003, the Court coordinated under Master Calendar 21 MC 100 cases brought by individuals alleging respiratory and other injuries incurred during the rescue, recovery, debris removal and clean-up of the World Trade Center and surrounding areas. In Case Management Order No. 3 entered in 21 MC 100, the "World Trade Center Site" was defined to include certain buildings contiguous to the 16 acre site of the former World Trade Center, as well as other locations including the Fresh Kills landfill to which the debris was brought, and the docks and barges involved in that transportation.

In August 2005, the Court determined, for administrative efficiency, to create 21 MC 102 as a docket for a subgroup of such cases: those brought by debris removal and clean-up workers working in other locations, such as various buildings in Lower Manhattan, including buildings contiguous to the site of the former World Trade Center, and buildings that were not contiguous. Attached hereto as Rider A is a list of the cases of these debris removal and clean-up workers that are consolidated for pre-trial purposes under 21 MC 102. Henceforth, upon the filing of a new action, plaintiffs alleging injuries incurred as result of debris removal and clean-up work in such locations shall designate to the Clerk the inclusion of their action in 21 MC 102. Any plaintiff who alleges exposure in any location listed in the definition of World Trade Center Site in CMO No. 3 entered in 21 MC 100, whether in an action already commenced or commenced hereafter, may be subject to a further ruling of this Court as to whether that plaintiff's action should be included in the 21 MC 100 docket.

No party may draw any legal or related issue conclusion, including, without limitation, liability or insurance coverage, by such designation. No party will attach any significance to such designation, other than its inclusion in 21 MC 102 or 21 MC 100 for administrative, tracking and discovery purposes and for the purposes of this instant CMO or subsequent CMOs addressing discovery and procedural issues, unless further addressed by the Court.

### IV. Non-Party Discovery

The Plaintiffs' and Defendants' Liaison Counsel have indicated to the Court the necessity at this time for non-party discovery of the employers of the respective plaintiffs. Such discovery shall proceed on a timely basis, with reference to issues of retention, contracts, work logs, employment logs, and other reasonably related issues and documentation as such discovery may reveal, to aid the parties in determining who retained the employers, what buildings the plaintiffs worked in, when they worked in or outside said buildings, and where within or outside the buildings they worked.

Further, the parties are relieved of the requirements of F.R.C.P. Rule 26(d) referencing scheduling orders as a pre-requisite to non-party discovery.

Because discovery at this point is being limited to the issues above, the Court acknowledges that subsequent further depositions of those non-parties as to issues not covered in the current discovery may be necessary.

Because discovery at this point is being limited to the issues above, the parties are relieved of their initial disclosure obligations under Federal Rule of Civil Procedure 26.

SO ORDERED

Alvin K. Hellerstein, U.S.D.J.

Dated: New York, New York
     October 24, 2005

3