UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOZEF POGORZELSKI,

Plaintiff,

-against-

MSDW 140 BROADWAY PROPERTY, L.C.C.,
AMG REALTY PARTNERS, LP.,
NEW LIBERTY PLAZA LP,
WORKD FINANCIAL PROPERTIES, LP,
WFP ONE LIBERTY PLAZA CO., L.P.,
ONE LIBERTY PLAZA,
WFP ONE LIBERTY PLAZA, CO. GP, CORP.,
THE ONE LIBERTY PLAZA CONDOMINIUM
(CONDO #1178),
THE BOARD OF MANAGERS OF THE ONE
LIBERTY PLAZA CONDOMINIUM
(CONDO #1178),
BPF ONE LIBERTY PLAZA CO. LLC,
NATIONAL ASSOCIATION OF SECURITIES
DEALERS, INC.,
125 MAIDEN EQUITIES, LLC,
VERIZON NEW YORK, INC.,
VERIZON PROPERTIES, INC.,
VERIZON COMMUNICATIONS, INC.,
BROOKFIELD PROPERTIES CORPORATION,
BROOKFIELD PARTNERS, L.P.,
BROOKFIELD PROPERTIES HOLDINGS, L.P.,
BROOKFIELD FINANCIAL PROPERTIES, L.P.,
BROOKFIELD FINANCIAL PROPERTIES, INC.,
BROOKFIELD PROPERTIES, LLC,
MERRILL LYNCH & CO., INC.,
WESTON SOLUTIONS, INC.,
GPS ENVIRONMENTAL TECHNOLOGY, INC.,
BLACKMON-MOORING-STEMATIC
CATASTROPHE, INC. d/b/a BMS CAT,
STRUCTURE TONE, (UK) INC.,
STRUCTURE TONE GLOBAL SERVICES, INC.,
ENVIROTECH CLEAN AIR, INC.
ALAN KASMAN d/b/a KASCO,
KASCO,
KASCO RESTORATION SERVICES CO.,
NOMURA HOLDING AMERICA, INC.,
WFP TOWER B HOLDING CO., L.P.,
WFP TOWER B CO. G.P. CORP.,
WFP TOWER B CO. L.P.,
TOSCORP., INC.,

Defendants.

Docket No.  21 MC 102 (AKH)

**ANSWER**

Defendant, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., by its attorneys, McGIVNEY & KLUGER, P.C., answering the Plaintiff's Complaint, upon information and belief, alleges as follows:

## I.
## INTRODUCTION

FIRST:   Denies each and every allegation contained in paragraphs "1," "2," and "4" of Complaint insofar as it pertains to defendant, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., and denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid paragraphs as it pertains to the remaining defendants in the Complaint.

SECOND:   Denies each and every allegation contained in paragraphs "3" and "5" of the Complaint.

THIRD:   Denies each and every allegation contained in paragraph "6" of the Complaint and refers all questions of law to the Court at the time of trial and denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid paragraphs as it pertains to the remaining defendant in the Complaint.

## II.
## JURISDICTION

FOURTH:   Admits the allegations contained in paragraph "7" of the Complaint.

FIFTH:   Denies each and every allegation contained in paragraph  "8" of the Complaint and refers all questions of law to the Court at the time of trial.

2

## III.

## VENUE

SIXTH:       Admits the allegations contained in paragraph "9" of the Complaint.

## IV.
## PARTIES

SEVENTH:    Denies each and every allegation contained in paragraphs "10," "11," "12," "14," "16," "17," "18," "19," "20," "21," "22," "23," "24," "25," "26," "27," "28," "29," "30" and "31" of the Complaint.

EIGHTH:       Admits the allegations contained in paragraph "13" of the Complaint.

NINTH:       Denies each and every allegation contained in paragraph "15" of the Complaint and refers all questions of law to the Court at the time of trial.

## V.

## AS A FOR A RESPONSE TO THE FIRST CAUSE OF ACTION PURSUANT TO LABOR LAW SECTONS 200 AND 241(6)

TENTH:       Denies each and every allegation contained in paragraphs "32," "33," "34," "35," "36," "37," "38," "39," "40," "41," "42," "43," "44," "45," "46," "47," "48," "49," "50," "51," "52," "53," "54," "55," "56," "57," "58," "59," "60," "61," "63," "64," "65," "72," "73," "74," "75," "76," "77," "78," "79" and "80" of Complaint insofar as it pertains to defendant, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., and denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid paragraphs as it pertains to the remaining defendants in the Complaint.

ELEVENTH: Denies each and every allegation contained in paragraphs "62" and "81" of the Complaint.

3

TWELFTH:   Denies each and every allegation contained in paragraph "67," "28," "69," "70" and "71" of the Complaint and refers all questions of law to the Court at the time of trial and denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid paragraphs as it pertains to the remaining defendant in the Complaint.

## VI.

### AS AND FOR A RESPONSE TO THE SECOND CAUSE OF ACTION BASED UPON COMMON LAW NEGLIGENCE

THIRTEENTH:     Defendant repeats, reiterates and realleges each and every prior response to paragraphs designated "1" to "81" of the plaintiff's Verified Complaint by way of its response to paragraph "82" with the same force and effect as if set forth more fully herein.

FOURTEENTH:     Denies each and every allegation contained in paragraph "83" of Complaint insofar as it pertains to defendant, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., and denies any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the aforesaid paragraphs as it pertains to the remaining defendants in the Complaint.

FIFTEENTH: Denies each and every allegation contained in paragraph "84" of the Complaint.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

SIXTEENTH: If the allegations of the Complaint are true and the answering defendant is judged negligent by reason of the fact of operations of law or otherwise, then the greater responsibility for damages sustained by plaintiff will be that of the co-defendants above-named.

SEVENTEENTH:     That by reason of the foregoing, answering defendant demands that the Court on the trial hereof apportion responsibility and negligence, if any, among the parties.

EIGHTEENTH:     That in the event the answering defendant is held liable to the plaintiff herein, then answering defendant demands judgment against the co-defendants for such amounts as it may be required to pay over and above its apportionate share.

4

## AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

NINETEENTH:      That if the plaintiff was caused to sustain personal injuries and resulting damages at the time and place set forth in plaintiff's Complaint and in the manner alleged therein through any carelessness, recklessness, acts, omissions, negligence, and/or breaches of duty, and/or warranty and/or contract and/or strict tort liability other than of the plaintiff, then the said injuries and damages arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and/or breaches of duty, and/or obligations, and/or statute, and/or contract in fact or implied in law, upon the part of the co-defendants, with indemnification and save harmless agreement, and/or responsibility by them in fact, and/or implied in law, and without any breaches or any negligence of this pleading defendant contributing thereto, and if this pleading defendant is found negligent as to the plaintiff for injuries and damages as set forth in the plaintiff's Complaint, then and in that event the relative responsibilities of all said defendants in fairness must be apportioned by a separate determination, and the said co-defendants herein will be liable over jointly and severally to the pleading defendants and bound to fully indemnify and hold this pleading defendant harmless for the full amount of any verdict or judgment that the plaintiff herein may recover against the pleading defendant in this action, including all costs and disbursements.

## AS AND FOR A THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS

TWENTIETH:      That co-defendants and answering defendant contracted to purchase and provide a general liability insurance policy naming this answering defendant and its subsidiaries as an additional insured hereunder to provide coverage in the event of personal injury and answering defendant's involvement in the resulting lawsuit for damages, and co-defendants, breached its contract by failing to comply with that agreement, and answering defendant will demand all legal rights resulting therefrom.

TWENTY-FIRST:    That co-defendants have received notice of answering defendant's demand for said coverage, and failed to provide said coverage, and answering defendant will demand all legal rights resulting therefrom.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SECOND: In the event plaintiff recovered a verdict or judgment against this defendant, then said verdict or judgment must be reduced pursuant to CPLR § 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claims, economic loss, from any collateral source, including but not limited to insurance, Social Security, Workers' Compensation or employee benefits program.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-THIRD:    That this answering defendant claims that he is not responsible to the plaintiff herein.    However, to the extent that the trier of the facts finds liability of 50% or less as defined by Article 16 of the CPLR, this answering defendant claims entitlement to the benefits set forth.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FOURTH: That this Court lacks jurisdiction over the person of this defendant in that service of process was not made in accordance with the provisions of the CPLR and the laws of New York.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:    That this Court lacks *in personam* jurisdiction over the person of this defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    That this Court lacks jurisdiction of the subject matter of the action alleged in the complaint.

6

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:        That the injuries alleged to have been sustained by the plaintiffs were sustained while they were involved in an activity into which they had entered, knowing full well the hazard thereof and the inherent risk incident to such activity, and knowing the methods to be used in the performance of such activity and the dangers thereof, and such risks and dangers were expected and assumed by the plaintiff upon entering into and continuing such activity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH: That the conditions alleged, if any, were open, obviously, notorious and apparent.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:    That the defendant claims there was a lack of privity between plaintiff and defendant with respect to all issues in the applicable law to this case.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTIETH. That the plaintiff has failed to mitigate and/or reduce their damages and losses, if any, as alleged in the Complaint.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:        That the culpable conduct of the plaintiff brought about the alleged damages and injuries which plaintiff claims without any culpable conduct on the part of this defendant, its agents, servants and/or employees.

THIRTY-SECOND: That if the Court finds after trial that any culpable conduct of this defendant, its agents, servants and/or employees contribute to the alleged damages or injuries to the plaintiff, then and in that event this defendant prays that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged damages or injuries.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:    That upon information and belief, the plaintiff's injuries and/or damages, if any, were caused by the intervening acts of third-parties unrelated to this answering defendant.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

THIRTY-FOURTH: That the plaintiff's cause and/or causes of action alleged in the complaint are barred by applicable Statutes of Limitations.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    That the plaintiff's cause and/or causes of action alleged in the complaint are barred by applicable statutes of limitations.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

THIRTY-FIFTH:    That the complaint fails to set forth facts sufficient to constitute a cause and/or causes of action upon which relief may be granted insofar as this defendant is concerned.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

THIRTY-SIXTH:    That the answering defendant was without notice of any of the purported conditions alleged in this Complaint.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

THIRTY-SEVENTH: That defendant demands per CPLR § 3017 that plaintiff specify the amount of relief it is seeking in this action.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

THIRTY-EIGHTH:    That in the event the plaintiff is entitled to recover over the defendant, its entitlement is limited to benefits otherwise payable to plaintiff under the Workers' Compensation Law.  Plaintiff's sole remedy against defendant, if any, is exclusively compensation and medical

payments as provided by Section 29, Paragraph 6 of the Workers' Compensation Law of the State of New York.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

THIRTY-NINTH:     That any contact between defendant and plaintiff was breached by the plaintiff.

### AS AND FOR A NINTETEENTH AFFIRMATIVE DEFENSE

FORTIETH:   That there is a prior action pending between the parties in this action.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

FOURTY-FIRST:     That the Complaint is wholly without merit and its initiation is deemed frivolous conduct by virtue of qualified privilege.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

FORTY-SECOND:    That the injuries or damages which were sustained by the plaintiff at the time and place alleged in the Complaint were due in whole or in part as a result of the plaintiff's misuse of the product at issue.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

FORTY-THIRD:     The plaintiff has failed to properly state a claim for punitive damages.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

FORTY-FOURTH:    That plaintiff's accident was caused by an unprecedented, unforeseen, intentional act of terrorism, making any claim against this answering defendant null and void.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

FORTY-FIFTH:     Plaintiff's claims may be barred by New York State's Defense Emergency Act, Unconsolidated Law §§ 9101-9200.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

FORTY-SIXTH:     Plaintiff's claims may be barred by the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101.

WHEREFORE, defendant demands judgment dismissing the Complaint and that the Court apportion responsibility, if any, among the parties and further demand judgment over and against the co-defendants above-named for the amount of any sum paid over and above their proportionate share of the judgment, together with the cost and disbursements of this action.

Dated: New York, New York
May 15, 2006

Yours, etc.

McGIVNEY & KLUGER, P.C.
Attorneys for Defendant
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.

By: _____
Richard E. Leff (RL-2123)
80 Broad Street, 23rd Floor
New York, New York 10004
(212) 509.3456
(Our File: 1292G-037)

TO : See Attached Rider

# **SERVICE RIDER FOR JOZEF POGORZELSKI**

LAW OFFICES OF GREGORY J. CANNATA
ATTORNEYS FOR PLAINTIFF
233 BROADWAY, 5TH FLOOR
NEW YORK, NEW YORK  10279
(212) 553-9206

MSDW 140 BROADWAY PROPERTY, L.L.C.,
*CIO* C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

AMG REALTY PARTNERS, LP.
c/o AMG MARITIME MANAGEMENT COMPANY, LLC
170 BROADWAY
NEW YORK., NEW YORK, 10038

NEW LIBERTY PLAZA LP
ONE LIBERTY PLAZA
NEW YORK, NEW YORK. 10006

WORLD FINANCIAL PROPERTIES, LP
ONE LIBERTY PLAZA
165 BROADWAY
NEW YORK, NY 10006

WFP ONE LIBERTY PLAZA CO., L.P.
UNITED CORPORATE SERVICES, INC.
10 BANK STREET
WHITE PLAINS, NEW YORK  10606

ONE LIBERTY PLAZA
165 BROADWAY
NEW YORK., NEW YORK 10006

WFP ONE LIBERTY PLAZA, CO. GP, CORP.
c/o BROOKFIELD FINANCIAL PROPERTIES, INC.
ONE LIBERTY PLAZA
NEW YORK, NEW YORK, 10006

THE ONE LIBERTY PLAZA CONDOMINIUM
(CONDO # 1178)
ONE LIBERTY PLAZA
165 BROADWAY
NEW YORK, NY 10006

THE BOARD OF MANAGERS OF THE ONE
LIBERTY PLAZA CONDOMINIUM (CONDO #1178)
ONE LIBERTY PLAZA
165 BROADWAY
NEW YORK, NY 10006

BFP ONE LIBERTY PLAZA CO. LLC
UNITED CORPORATE SERVICES INC.
10 BANK STREET
WHITE PLAINS, NEW YORK 10606

125 MAIDEN EQUITIES LLC
C/O TIMES EQUITIES, INC.
55 FIFTH AVENUE, 15TH FL
NEW YORK., NEW YORK 10003

VERIZON NEW YORK, INC.
c/o e T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK  10011

VERIZON PROPERTIES, INC.
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

VERIZON COMMUNICATIONS, INC.
*CIO* CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK., NEW YORK 10011

BROOKFIELD PROPERTIES CORPORATION
ONE LIBERTY PLAZA
NEW YORK, NY 10006

BROOKFIELD PARTNERS, L.P.
ONE LIBERTY PLAZA
NEW YORK, NY 10006

BROOKFIELD PROPERTIES HOLDINGS INC.
ONE LIBERTY PLAZA
NEW YORK, NY 10006

BROOKFIELD FINANCIAL PROPERTIES, L.P.
ONE LIBERTY PLAZA
NEW YORK, NY 10006

BROOKFIELD FINANCIAL PROPERTIES, INC.
ONE LIBERTY PLAZA
NEW YORK, NY 10006

BROOKFIELD PROPERTIES, LLC
ONE LIBERTY PLAZA
NEW YORK, NY 10006

MERRILL LYNCH & CO., INC.
*CIO* C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK., NEW YORK., 10011

WESTON SOLUTIONS, INC.
1400 WESTON WAY
PO BOX 2653
WEST CHESTER, PA, 19380

GPS ENVIRONMENTAL CONSULTANTS, INC.
31 TRESCOTT PATH
FORT SALONGA, NEW YORK 11768

INDOOR ENVIRONMENTAL TECHNOLOGY, INC.
123 CAMBRIDGE DRIVE
WILMINGTON, DE 19803

BLACKMON-MOORING-STEMATIC CATASTROPHE, INC.
d/b/a BMS CAT *C/O* CT CORPORATION SYSTEM
1111 EIGHTH AVENUE
NEW YORK., NEW YORK, 10011

STRUCTURE TONE, (UK) INC..
c/o CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

STRUCTURE TONE GLOBAL SERVICES, INC.
C/O CT CORPORATIOIN SYSTEM
111 EIGHTH A VENUE
NEW YORK, NEW YORK, 10011

ENVIROTECH CLEAN AIR, INC.
10 SPENCER STREET
STONEHAM, MA  02180

ALAN KASMAN d/b/a KASCO
P.O. Box 372
Washington, NJ 07882-0372

KASCO
PO Box 372
Washington, NJ 07882-0372

KASCO RESTORATION SERVICES CO.
PO Box 372
Washington, NJ 07882-0372

NOMURA HOLDING AMERICA, INC.
CT CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

WFP TOWER B HOLDING CO., LP
C/O UNITED CORPORATE SERVICES, INC.
10 BANK STREET
WHITE PLAINS, NEW YORK, 10606

WFP TOWER B CO., G.P. CORP.
C/O BROOKFIELD FINANCIAL PROPERTIES, INC.
1 LIBERTY PLAZA
NEW YORK, NEW YORK  10006

WFP TOWER B CO. L.P.
C/O UNITED CORPORATE SERVICES, INC.
10 BANK STREET
WHITE PLAINS, NEW YORK, 10606

TOSCORP, INC.
C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK 10011

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                : ss.:

COUNTY OF NEW YORK )


        ELIZABETH QUIGLEY, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age, and resides in the State of New York, that on the __19__ day of May, 2006, deponent caused to be served the within **ANSWER** upon the following:

        See Attached Rider

at the above addresses designated for the purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service with the State of New York.

                                            ELIZABETH QUIGLEY

Subscribed and sworn to before me
on this __16__ day of May, 2006

RICHARD E. LEFF
Notary Public, State of New York
No. 02LE6004384
Qualified in New York County
Commission Expires Mar. 23, 2010

11