UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x
                           :

IN RE WORLD TRADE CENTER      :
LOWER MANHATTAN DISASTER   :
SITE LITIGATION               :
                           :

**ORDER DISMISSING
COMPLAINT WITH LEAVE TO
REPLEAD**

21 MC 102 (AKH)

---------------------------------------------------x
---------------------------------------------------x
                           :

ACOSTA ET AL.,              :
             Plaintiffs,      :
                           :

     -against-           :
                           :

BANKERS TRUST CO., ET AL.,   :
             Defendants.    :
                           :

05 Civ. 8499 (AKH)

---------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      While considering various issues requiring me to define the court's subject matter jurisdiction in relation to complaints alleging respiratory and other personal injuries incurred by workers engaged in post-September 11, 2001 clean-up operations in various downtown Manhattan work sites, I had occasion to review this complaint. The complaint violates almost every precept of proper notice pleading. If allowed to remain, it will complicate the administrative processing of many other cases, cause undue expense to defendants in filing answers and motions, and unduly complicate pre-trial proceedings thereafter. Accordingly, the complaint is dismissed, sua sponte, with leave to replead within 30 days, satisfying the criteria noted below.

1. A separate action, with a separately purchased index number, shall be filed for each separate plaintiff and spouse (to the extent of a spousal claim). Fed. R. Civ. P. 18. The amended complaint will relate back to the original filing date of the deficient

complaint for purposes of the statute of limitations, and the amended complaint may so allege, citing this order.

2. Each complaint shall be specific as to which defendants are the objects of claims, and the allegations shall describe the actual (not theoretical) bases for claiming against that defendant. Fed. R. Civ. P. 8(a).

3. Pleading in the alternative is appropriate if not to avoid the requirement of "simple, concise, and direct" statements of a claim against a particular defendant. Fed. R. Civ. P. 8(e).

4. Failure to satisfy the criteria of proper notice pleading in the body of the complaint may not be remedied by resort to an appendix.

5. This list is not exclusive, and will not excuse other deficiencies that may hereafter be identified, by the parties or by the court sua sponte.

       SO ORDERED.

Dated:      New York, New York
             June ⫽, 2006

                                ALVIN K. HELLERSTEIN
                                United States District Judge