UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
:
:                    **ORDER DENYING**
IN RE SEPTEMBER 11 LITIGATION    :    **MOTIONS TO DEFINE**
:                    **JURISDICTION**
:
:                    21 MC 97 (AKH)
:                    21 MC 101 (AKH)
:                    21 MC 102 (AKH)
:
-------------------------------------------------------x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Following the Second Circuit's decision in McNally v. The Port Authority (In re WTC Disaster Site), 414 F.3d 352 (2d Cir. 2005), several of the parties in the cases coordinated under master dockets 21 MC 97[1], 21 MC 100, and 21 MC 102, move to extend the rulings of that case to allegedly related cases. McNally ruled that claims of respiratory injuries by clean-up workers at the World Trade Center site are claims "resulting from and relating to the terrorist-related aircraft crashes of September 11, 2001." Air Transportation Safety and System Stabilization Act ("ATSSSA"), Pub. L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. §§ 40101 note). The issue now posed by the motions to confirm jurisdiction relate to claims alleging respiratory injuries by clean-up workers at sites nearby to the World Trade Center (21 MC 102). In addition, a few other cases involve personal injuries to clean-up workers at the World Trade Center

---

[1] Certain of the Plaintiffs in the cases consolidated under 21 MC 97 allege that they sustained injuries in the course and scope of their employment for the Port Authority Trans-Hudson Company ("PATH") and seek to sever their actions from 21 MC 97 on the basis that their claims are governed exclusively by the Federal Employers Liability Act ("FELA"). (See Complaints filed in Arenas v. PATH, 04 Civ. 1350, Esposito v. PATH, 03 Civ. 9965, Hilger v. PATH, 04 Civ. 6788, McGuire v. PATH, 04 Civ. 6789, Roman v. PATH, 04 Civ. 6789, and Walker v. PATH, 03 Civ. 10203.) By Order of November 10, 2005, I directed that parties in the FELA matters submit a joint plan of discovery as to issues distinct to the claims asserted by Plaintiffs in the above actions. (See Order, dated November 10, 2005.) The parties subsequently submitted a proposed joint plan of discovery which I approved on April 24, 2006. (See Proposed Joint Discovery Plan, dated April 24, 2006.) Any determination as to the propriety of severing the FELA actions from 21 MC 97 is stayed pending completion of the joint plan of discovery and my consideration thereof.

(21 MC 100). These cases raise the issue whether my earlier decisions in <u>Graybill v. City of New York</u>, 247 F. Supp. 2d 345 (S.D.N.Y. 2002), and <u>Spagnuolo v. The Port Authority</u>, 245 F. Supp. 2d 518 (S.D.N.Y. 2002), should be reconsidered in light of <u>McNally</u>. 414 F.3d 352.

The parties appeared before me for oral argument on April 6, 2006. I ruled on several questions and reserved decision on the jurisdictional issues. For the reasons stated below, and subject to the exceptions noted, I now deny the motions to determine this Court's subject matter jurisdiction, without prejudice to resubmission after I decide the pending motions by the City of New York and other Defendants to dismiss the claims of respiratory injury against them on the basis of statutory and common law immunity.

Defendants in 21 MC 102, without opposition by Plaintiffs, have filed motions to extend <u>McNally</u>, and thereby to confirm jurisdiction as to cases alleging respiratory injuries sustained at sites nearby to the World Trade Center. These parties argue that the plain language of the ATSSSA, providing for original and exclusive federal jurisdiction "over all actions brought for any claim (including any claim for loss of property, personal injury or death) resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001," ATSSSA § 408(b)(3), together with the Second Circuit's interpretation of such jurisdictional grant to encompass "claims … that airborne toxins and other contaminants emanating from the debris created by [the] crashes caused respiratory injuries to plaintiffs employees to sift, remove, transport or dispose of … debris," <u>McNally</u>, 414 F.3d at 380, mandate federal jurisdiction.[2] In contrast, certain of

---

[2] Defendants Verizon New York, Inc. and Verizon Properties, Inc. (collectively "Verizon") move separately to confirm jurisdiction as to two cases, <u>Acosta v. Bankers Trust Co.</u>, 05 Civ. 8499 and <u>Arce et al. v. Bankers Trust Co., et al.</u>, 05 Civ. 8223, and seek also to transfer these cases from 21 MC 102 to 21 MC

2

the Plaintiffs whose cases are consolidated under 21 MC 100 and who seek damages for personal, rather than respiratory, injuries sustained at the World Trade Center site[3], move to remand their actions to New York Supreme Court, arguing that the rationale of McNally is limited to respiratory injuries and should not disturb my prior holdings that the scope of federal jurisdiction provided by the ATSSSA does not extend to claims for personal injury common to all construction worksites.[4] See Graybill, 247 F. Supp. 2d 345; Spagnuolo, 245 F. Supp. 2d 518.

      My case management discretion allows me to set the sequence of decision-making in the cases over which I preside. Almost all parties involved in these motions are affected by the pending motions to dismiss and for summary judgment by the City and the other Defendants, and my rulings will have relevance regardless of the court ultimately to be charged with the pre-trial proceedings, the trial, and the final determination of the merits. For the sake of good order, it will be better to consider the jurisdictional motions after I decide the immunity defenses asserted by the Defendants and after I determine whether such defenses may constitute the basis of an exclusive federal jurisdiction relating to federal officer immunity. See 21 U.S.C. § 1442(a)(1).

---

100. By separate orders the complaints in Acosta, 05 Civ. 8499, and Arce, 05 Civ. 8223, are dismissed with leave to replead. Verizon's motions therefore are moot, for the time being.

[3] Motions to remand have been filed in the following matters: Montalvo v. City of New York, 05 Civ. 7208; Buonamini v. The Port Authority, 05 Civ. 7986; Buonamini v. AMEC Construction, 05 Civ. 7163; DeFillipo v. City of New York, 05 Civ. 10195; Campo v. Tishman Construction, 05 Civ. 7191; Milling v. City of New York, 05 Civ. 7189; Johnson v. Bovis International, 05 Civ. 7152; Fergus v. The Port Authority, 05 Civ. 7142; Sferazza v. The Port Authority, 05 Civ. 7154; Daly v. The Port Authority, 05 Civ. 7212, 05 Civ. 7415; Nimmo v. Tully Construction, 05 Civ. 7207; Pursley v. The Port Authority, 05 Civ. 7205, 05 Civ. 7213; Beattie v. Bovis Lend Lease Inc., 05 Civ. 7164. The motion to remand in Milling v. City of New York, 05 Civ. 7189, is addressed by separate order.

[4] Plaintiffs in the personal injury cases assert also that these actions must be remanded for failure to remove such actions in a timely manner pursuant to 21 U.S.C. § 1446(b). For the reasons stated at oral argument on April 6, 2006, I decline to dismiss the actions on the basis of alleged procedural deficiencies. The motion of Plaintiffs in this respect is denied.

In accordance with the foregoing, the motions to confirm jurisdiction and to remand actions to state court are denied pending determination of the various immunity defenses raised by the Defendants, and without prejudice to later submission. Prior to such a determination, I continue to exercise jurisdiction over all cases before me.

SO ORDERED.

Dated:   New York, New York
         June //, 2006

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge