Summons

# UNTIED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER LOWER MANHATTAN
DISASTER SITE LITIGATION

-------------------------------------------------------------------------X

VOLDYMYR KHOMIK and LUDMILA KHOMIK,

                Plaintiffs,

           –against --

VERIZON NEW YORK, INC.,
VERIZON PROPERTIES, INC.,
VERIZON COMMUNICATIONS, INC.,
HILLMAN ENVIRONMENTAL GROUP, LLC.,
NEW LIBERTY PLAZA LP,
WORLD FINANCIAL PROPERTIES, L.P.,
WFP ONE LIBERTY PLAZA CO., L.P.,
ONE LIBERTY PLAZA,
BROOKFIELD FINANCIAL PROPERTIES, INC.,
WFP ONE LIBERTY PLAZA, CO. GP, CORP.,
THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178),
THE BOARD OF MANAGERS OF THE ONE LIBERTY PLAZA CONDOMINIUM
(CONDO #1178),
BFP ONE LIBERTY PLAZA CO., LLC,
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,
NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY,
NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION,
NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION,
BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC.
d/b/a BMS CAT,
GENERAL RE SERVICES CORP.,

                Defendants.

-------------------------------------------------------------------------X

21MC102
(AKH)

DOCKET NO:
06 CV 5285
    2

ECF CASE

SECOND
AMENDED
COMPLAINT

JURY TRIAL
DEMANDED

Plaintiffs VOLDYMYR KHOMIK and LUDMILA KHOMIK, by their attorneys,

The Law Firm of Gregory J. Cannata, state and allege the following upon information and

belief:

## INTRODUCTION

1.      Plaintiffs bring this action against the Defendants seeking redress for injuries he has sustained as a result of the Defendant's negligence, recklessness, gross negligence in the ownership, leasing, operation, management, maintenance, control, supervision, and failure to provide Plaintiff with a safe place to work at the Defendants' premises following the terrorist attacks of September 11, 2001.

2.      Plaintiff participated in the construction, demolition, excavation, debris removal and clean-up operations in the buildings surrounding the World Trade Center site.

3.      As a result of the Defendants' failure to provide Plaintiff with proper and appropriate respiratory protection and protection from toxins at the work site, and the Defendants' failure to test the work site for dangerous air contaminants, Plaintiff was injured.

4.      This Amended Complaint is being served pursuant to the June 14, 2006 Order of Alvin K. Hellerstein, U.S.D.J. and relates back to the filing date of the original Complaint.

## JURISDICTION

5.      The United States District Court for the Southern District of New York has original jurisdiction over the Plaintiff's claims pursuant to 28 USC §1331, based upon §408(b)(1) of the Air Transportation Safety & System Stabilization Act of 2001.

6.      This Court has supplemental jurisdiction pursuant to 28 USC §1367(a) based upon the New York Labor Law §200 and §241(6), and common law negligence.

## VENUE

7.      Venue is proper in this judicial district pursuant to 28 USC §1391(b) because Plaintiff's causes of action arose in this district and because the events giving rise to the

Plaintiff's claims transpired in this district, and pursuant to §408(b)(1) of the Air Transportation Safety & System Stabilization Act of 2001.

## PARTIES

8.     Plaintiffs VOLDYMYR KHOMIK and his wife, LUDMILA KHOMIK, currently reside at 1615 Quentin Road, Apt. 6C, Brooklyn, New York 11229.

9.     That at all time hereinafter mentioned, each Defendant was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

10.     That at all times hereinafter mentioned, each Defendant was a foreign corporation duly authorized to conduct business in the state of New York.

11.     That at all times hereinafter mentioned, each Defendant was a Limited Liability Corporation doing business in the State of New York.

12.     That at all times hereinafter mentioned, each Defendant was a Limited Liability Partnership doing business in the State of New York.

13.     That at all times hereinafter mentioned, the Defendant was a municipal corporation, public authority or public benefit corporation.

14.     That at all times hereinafter mentioned, each Defendant committed a tortious act within the State of New York causing an injury to a person within the State of New York.

15(a).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at 140 West Street while employed by LVI Environmental Services from on or about September 14, 2001 to on or about November 25, 2001 and from January 2002 until on or about June 24, 2002, and that Defendants VERIZON NEW YORK, INC., VERIZON PROPERTIES, INC., VERIZON COMMUNICATIONS, INC., and

HILLMAN ENVIRONMENTAL GROUP, LLC owned, operated, maintained, managed, controlled, leased and supervised the said property.

15(b). That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at One Liberty Plaza while employed by LVI Environmental Services from on or about December 13, 2001 to on or about January 2, 2002 and that Defendants NEW LIBERTY PLAZA LP, WORLD FINANCIAL PROPERTIES, L.P., WFP ONE LIBERTY PLAZA CO., L.P., ONE LIBERTY PLAZA, BROOKFIELD FINANCIAL PROPERTIES, INC., WFP ONE LIBERTY PLAZA, CO. GP, CORP., THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178), THE BOARD OF MANAGERS OF THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178), BFP ONE LIBERTY PLAZA CO., LLC, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION, BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a BMS CAT, HILLMAN ENVIRONMENTAL GROUP, LLC., and GENERAL RE SERVICES CORP. owned, operated, maintained, managed, controlled, leased and supervised the said property.

## FIRST CAUSE OF ACTION PURSUANT TO LABOR LAW SECTIONS 200 AND 241(6)

16. That plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up work and is a protected worker under the New York State Labor Law.

17. That pursuant to New York State Labor Law Sections 200 and 241(6) Defendants had a non-delegable duty to provide reasonable and adequate protection to the lives, health and safety of all persons employed at their property.

18.    At all relevant times, in accordance with the Labor Law of the State of New York and other applicable city, state and federal statutes, law, rules and regulations, it was the duty of Defendants, their servants, agents, lessees, permittees, contractors and/or employers, to provide a reasonably safe place to work for plaintiff at their premises and buildings.

19.    At all relevant times, in accordance with the Labor Law of the State of New York and other applicable city, state and federal statutes, law rules and regulations, it was the duty of Defendants, their servants, agents, lessees, permittees, contractors and/or employers, to provide furnish and/or ensure the use of safe, suitable and adequate equipment, safety devices and/or apparatus for Plaintiff at their premises and buildings.

20.    That at all times hereinafter mentioned, there existed a dangerous, defective, hazardous, contaminated, toxic condition at the Defendants premises and buildings.

21.    That the Defendants failed to provide and maintain respiratory equipment and protective apparel; failed to test the worksite and warn the plaintiff of the hazard of his work; permitted the plaintiff to work in an area where dangerous air contaminants existed; permitted dangerous air contaminants to accumulate; failed to prevent, remove and control dangerous air contaminants; failed to provide adequate ventilation; all in violation of 12 NYCRR 23 and 12 NYCRR 12.

22.    That by reason of the Defendants' violation of New York Labor Law Sections 200 and 241(6) and those rules, regulations and order promulgated thereunder, Plaintiff was exposed to toxins, contaminants and other harmful substances and was caused to be injured.

23. That Plaintiff suffers from the following injuries: obstructive lung disease, diffusion impairment, and restrictive lung disease. Said injuries were discovered on or about July 22, 2003. Plaintiff also fears he will develop cancer and will die from his illnesses.

24. That action falls within one or more of the exceptions set forth in CPLR § 1602.

25. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

26. Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

27. Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

28. Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

29.    Pursuant to CPLR Section 1602(8), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants should here be held liable pursuant to Article 10 of the Labor Law.

30.    By reason of the foregoing, the Plaintiff sustained severe and permanent personal injury and/or disability and will be permanently caused to suffer pain, suffering, inconvenience and other effects of such injuries.  In addition, the Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; has suffered and will necessarily suffer additional loss of time and earnings from employment.

31.    By reason of the foregoing, the Plaintiff claims damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON COMMON LAW NEGLIGENCE

32.    Plaintiffs repeat, reiterate, and re-allege each and every allegation contained in paragraphs "1" through "31" hereof as if set forth more fully at length herein.

33.    The aforesaid exposure and the resulting injuries sustained by the Plaintiff were caused by the negligence, gross negligence, and recklessness of the Defendants herein, without the Plaintiff contributing in negligence thereto.

34.    By reason of the foregoing, the Plaintiff claims damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

35.     That Plaintiff repeats, reiterates, and re-alleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

36.     The at all times LUDMILA KHOMIK was the lawful spouse of VOLDYMYR KHOMIK and as a result of the injuries sustained by VOLDYMYR KHOMIK, LUDMILA KHOMIK was deprived of his services, society, companionship and consortium.

37.     That by reason of the foregoing, the Plaintiff claims damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## PRAYER FOR RELIEF

WHEREFORE, the above-named Plaintiff demands judgment against the above-named Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00) on each of the first three causes of action, for a total judgment of THIRTY MILLION DOLLARS ($30,000,000.00), jointly and severally, for general damages, special damages; and for punitive and exemplary damages in an amount as may be determined; and for her/his attorney's fees and costs expended herein; for prejudgment interest where allowable by law and post judgment interest at the rate allowed by law; and Plaintiff seeks such other relief as is just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly empanelled jury.

Dated: New York, New York
      July 14, 2006

By:  Gregory J. Cannata, Esq.
The Law Firm of Gregory J. Cannata

Attorneys for Plaintiffs
233 Broadway, Floor 5
New York, New York 10279
Tel. – (212) 553-9205
Fax – (212) 227-4141