

# UNTIED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER LOWER MANHATTAN
DISASTER SITE LITIGATION

-----------------------------------------------------------------------X

GUSTAVO ITURRALDE,

                     Plaintiff,

           -against –

VERIZON NEW YORK, INC.,
VERIZON PROPERTIES, INC.,
VERIZON COMMUNICATIONS, INC.,
HILLMAN ENVIRONMENTAL GROUP, LLC.,
BATTERY PARK CITY AUTHORITY,
BROOKFIELD PROPERTIES CORPORATION,
BROOKFIELD FINANCIAL PROPERTIES, LP,
BROOKFIELD FINANCIAL PROPERTIES, INC.,
BROOKFIELD PROPERTIES HOLDINGS INC.,
BROOKFIELD PARTNERS, LP,
WFP TOWER A CO.,
WFP TOWER A CO. L.P.,
WFP TOWER A. CO. G.P. CORP.,
WFP TOWER A. CO. G.P. CORP.,
TUCKER ANTHONY, INC.,
BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC.
d/b/a  BMS CAT,
NEW LIBERTY PLAZA LP,
WORLD FINANCIAL PROPERTIES, L.P.,
WFP ONE LIBERTY PLAZA CO., L.P.,
ONE LIBERTY PLAZA,
WFP ONE LIBERTY PLAZA, CO. GP, CORP.,
THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178),
THE BOARD OF MANAGERS OF THE ONE LIBERTY PLAZA CONDOMINIUM
(CONDO #1178),
BFP ONE LIBERTY PLAZA CO., LLC,
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.,
NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY,
NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION,
NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION,
GENERAL RE SERVICES CORP.,

21MC102
 (AKH)

DOCKET NO
06 CV  5281

ECF CASE

SECOND
AMENDED
COMPLAINT

JURY TRIAL
DEMANDED

THE BANK OF NEW YORK,
THE CITY OF NEW YORK,
150 BROADWAY N.Y. ASSOCS. L.P.
150 BROADWAY CORP.
BAILEY N.Y. ASSOCIATES
AT&T WIRELESS SERVICES, INC.
BROWN HARRIS STEVENS COMMERCIAL SERVICES, LLC,

Defendants.

-------------------------------------------------------------------------X

Plaintiff GUSTAVO ITURRALDE, by his attorneys, The Law Firm of Gregory J. Cannata, states and alleges the following upon information and belief:

INTRODUCTION

1.      Plaintiff brings this action against the Defendants seeking redress for injuries he has sustained as a result of the Defendant's negligence, recklessness, gross negligence in the ownership, leasing, operation, management, maintenance, control, supervision, and failure to provide Plaintiff with a safe place to work at the Defendants' premises following the terrorist attacks of September 11, 2001.

2.      Plaintiff participated in the construction, demolition, excavation, debris removal and clean-up operations in the buildings surrounding the World Trade Center site.

3.      As a result of the Defendants' failure to provide Plaintiff with proper and appropriate respiratory protection and protection from toxins at the work site, and the Defendants' failure to test the work site for dangerous air contaminants, Plaintiff was injured.

4.      This Amended Complaint is being served pursuant to the June 14, 2006 Order of Alvin K. Hellerstein, U.S.D.J. and relates back to the filing date of the original Complaint.

## JURISDICTION

5.      The United States District Court for the Southern District of New York has original jurisdiction over the Plaintiff's claims pursuant to 28 USC §1331, based upon §408(b)(1) of the Air Transportation Safety & System Stabilization Act of 2001.

6.      This Court has supplemental jurisdiction pursuant to 28 USC §1367(a) based upon the New York Labor Law §200 and §241(6), and common law negligence.

## VENUE

7.      Venue is proper in this judicial district pursuant to 28 USC §1391(b) because Plaintiff's causes of action arose in this district and because the events giving rise to the Plaintiff's claims transpired in this district, and pursuant to §408(b)(1) of the Air Transportation Safety & System Stabilization Act of 2001.

## PARTIES

8.      Plaintiff GUSTAVO ITURRALDE currently resides at 39-02 111th Street, Apt. L3B, Corona, New York 11368.

9.      That at all time hereinafter mentioned, each Defendant was a domestic corporation duly existing under and by virtue of the laws of the State of New York.

10.      That at all times hereinafter mentioned, each Defendant was a foreign corporation duly authorized to conduct business in the state of New York.

11.      That at all times hereinafter mentioned, each Defendant was a Limited Liability Corporation doing business in the State of New York.

12.      That at all times hereinafter mentioned, each Defendant was a Limited Liability Partnership doing business in the State of New York.

13.    That at all times hereinafter mentioned, the Defendant was a municipal corporation, public authority or public benefit corporation.

14.    That at all times hereinafter mentioned, each Defendant committed a tortuous act within the State of New York causing an injury to a person within the State of New York.

15(a).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at 140 West Street while employed by Comprehensive Environmental Services, Inc. from on or about the week of October 3, 2001 to on or about the week of October 9, 2001 and that Defendants VERIZON NEW YORK, INC., VERIZON PROPERTIES, INC., VERIZON COMMUNICATIONS, INC., and HILLMAN ENVIRONMENTAL GROUP, LLC. owned, operated, maintained, managed, controlled, leased and supervised the said property.

15(b).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at 200 Liberty Street (1 World Financial Center) while employed by PAL Environmental Safety from on or about the week of September 17, 2001 to on or about the week of October 15, 2001 and that Defendants BATTERY PARK CITY AUTHORITY, BROOKFIELD PROPERTIES CORPORATION, BROOKFIELD FINANCIAL PROPERTIES, LP, BROOKFIELD FINANCIAL PROPERTIES, INC., BROOKFIELD PROPERTIES HOLDINGS INC., BROOKFIELD PARTNERS, LP, WFP TOWER A CO., WFP TOWER A CO. L.P., WFP TOWER A. CO. G.P. CORP., WFP TOWER A. CO. G.P. CORP., TUCKER ANTHONY, INC., and BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a  BMS CAT owned, operated, maintained, managed, controlled, leased and supervised the said property.

15(c).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at One Liberty Plaza while employed by PAL Environmental Safety during the week of September 17, 2001 and that Defendants NEW LIBERTY PLAZA LP, WORLD FINANCIAL PROPERTIES, L.P., WFP ONE LIBERTY PLAZA CO., L.P.,ONE LIBERTY PLAZA, BROOKFIELD FINANCIAL PROPERTIES, INC., WFP ONE LIBERTY PLAZA, CO. GP, CORP., THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178), THE BOARD OF MANAGERS OF THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO #1178), BFP ONE LIBERTY PLAZA CO., LLC, NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC., NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION, BLACKMON-MOORING-STEAMATIC CATASTOPHE, INC. d/b/a  BMS CAT, HILLMAN ENVIRONMENTAL GROUP, LLC., and GENERAL RE SERVICES CORP. owned, operated, maintained, managed, controlled, leased and supervised the said property.

15(d).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at 234 Greenwich Street employed by PAL Environmental Safety during the week of October 1, 2001 and that Defendants THE BANK OF NEW YORK and THE CITY OF NEW YORK owned, operated, maintained, managed, controlled, leased and supervised the said property.

15(e).  That the Plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up at 150 Broadway during the week of September 17, 2001 and that Defendant 150 BROADWAY N.Y. ASSOCS. L.P., 150 BROADWAY CORP, BAILEY

N.Y. ASSOCIATES, AT&T WIRELESS SERVICES, INC., and BROWN HARRIS STEVENS COMMERCIAL SERVICES, LLC owned, operated, maintained, managed, controlled, leased and supervised the said property.

## FIRST CAUSE OF ACTION PURSUANT TO LABOR LAW SECTIONS 200 AND 241(6)

16.     That plaintiff was engaged in construction, demolition, excavation, debris removal and clean-up work and is a protected worker under the New York State Labor Law.

17.     That pursuant to New York State Labor Law Sections 200 and 241(6) Defendants had a non-delegable duty to provide reasonable and adequate protection to the lives, health and safety of all persons employed at their property.

18.     At all relevant times, in accordance with the Labor Law of the State of New York and other applicable city, state and federal statutes, law, rules and regulations, it was the duty of Defendants, their servants, agents, lessees, permittees, contractors and/or employers, to provide a reasonably safe place to work for plaintiff at their premises and buildings.

19.     At all relevant times, in accordance with the Labor Law of the State of New York and other applicable city, state and federal statutes, law rules and regulations, it was the duty of Defendants, their servants, agents, lessees, permittees, contractors and/or employers, to provide furnish and/or ensure the use of safe, suitable and adequate equipment, safety devices and/or apparatus for Plaintiff at their premises and buildings.

20.     That at all times hereinafter mentioned, there existed a dangerous, defective, hazardous, contaminated, toxic condition at the Defendants premises and buildings.

21.     That the Defendants failed to provide and maintain respiratory equipment and protective apparel; failed to test the worksite and warn the plaintiff of the hazard of his work; permitted the plaintiff to work in an area where dangerous air contaminants existed; permitted dangerous air contaminants to accumulate; failed to prevent, remove and control dangerous air contaminants; failed to provide adequate ventilation; all in violation of 12 NYCRR 23 and 12 NYCRR 12.

22.     That by reason of the Defendants' violation of New York Labor Law Sections 200 and 241(6) and those rules, regulations and order promulgated thereunder, Plaintiff was exposed to toxins, contaminants and other harmful substances and was caused to be injured.

23.     That Plaintiff suffers from the following injuries: reduced pulmonary function, gastroesophageal reflux and asthma. Said injuries were discovered on or about January 5, 2005. Plaintiff also fears he will develop cancer and will die from his/her illnesses.

24.     That action falls within one or more of the exceptions set forth in CPLR § 1602.

25.     Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

26.     Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

27.    Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

28.    Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

29.    Pursuant to CPLR Section 1602(8), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendants should here be held liable pursuant to Article 10 of the Labor Law.

30.    That, where applicable, an application by way of Order to Show Cause was submitted to the Supreme Court, New York County, as to defendant BATTERY PARK CITY AUTHORITY and/or THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY and/or THE CITY OF NEW YORK, and/or THE NEW YORK CITY DEPARTMENT OF EDUCATION, and/or NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY, and/or NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, and/or NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION, requesting for the filing of a late Notice of Claim, to be deemed filed timely and nunc pro tunc and to allow for the filing of the within

Summons and Complaint, pending the disposition of said Order to Show Cause, said

Notice of Claim, in writing, sworn to by the plaintiff containing the name and post office

address of the plaintiff and plaintiff's attorney, the nature of the claim, the time, when,

the place where and the manner by which the claim arose, the items of damage and the

injuries claimed to have been sustained, to be served upon the defendant, by delivering a

copy thereof to the person designated by law as a person to whom such claims may be

served, and/or a Notice of Claim was timely served without leave of Court

31.    That the requirements of GML 50-e have been met, and at least 30 days have

elapsed since the claim was presented to the BATTERY PARK CITY AUTHORITY

and/or THE NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY and/or

THE CITY OF NEW YORK, and/or  THE NEW YORK CITY DEPARTMENT OF

EDUCATION, and/or  NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY,

NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, NEW YORK

CITY INDUSTRIAL DEVELOPMENT CORPORATION,  has neglected or refused to

make adjustment or payment thereof; and or application has been made to this Court, for

relief with respect same.

32.    That all conditions and requirements precedent to the commencement of this

action have been complied with, and or application has been made to this Court, for relief

with respect same.

33.    That any municipal pre-suit oral examination of the plaintiff, has been held,

waived, and/or and/or if requested in compliance with any applicable statute will be held

in accordance with same and or in a timely fashion, if requested, pending disposition of

the above referenced application

34. The within claim, has been and is being commenced and this action has been started within one year and one hundred and ninety days, after the happening of the event upon which the claim is based, and or within one year and ninety days of the injury diagnosis.

35. The within claim, has been and is being commenced and this action has been started within one year and one hundred and twenty days, after the happening of the event upon which the claim is based, and or within one year and one hundred and twenty days of the injury diagnosis.

36. The within claim, has been and is being commenced and this action has been started within one year and one hundred and thirty days, after the happening of the event upon which the claim is based, and or within one year and thirty days of the injury diagnosis.

37. By reason of the foregoing, the Plaintiff sustained severe and permanent personal injury and/or disability and will be permanently caused to suffer pain, suffering, inconvenience and other effects of such injuries. In addition, the Plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; has suffered and will necessarily suffer additional loss of time and earnings from employment.

38. By reason of the foregoing, the Plaintiff claims damages in the sum of TEN MILLION DOLLARS ($10,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON COMMON LAW NEGLIGENCE

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "38" hereof as if set forth more fully at length herein.

40.    The aforesaid exposure and the resulting injuries sustained by the Plaintiff were caused by the negligence, gross negligence, and recklessness of the Defendants herein, without the Plaintiff contributing in negligence thereto.

41.    By reason of the foregoing, the Plaintiff claims damages in the sum of TEN MILLION DOLLARS ($10,000,000.00.

## PRAYER FOR RELIEF

WHEREFORE, the above-named Plaintiff demands judgment against the above-named Defendants in the amount of TEN MILLION DOLLARS ($10,000,000.00) on each of the first two causes of action, for a total judgment of TWENTY MILLION DOLLARS ($20,000,000.00), jointly and severally, for general damages, special damages; and for punitive and exemplary damages in an amount as may be determined; and for her/his attorney's fees and costs expended herein; for prejudgment interest where allowable by law and post judgment interest at the rate allowed by law; and Plaintiff seeks such other relief as is just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands that all issues of fact in this case be tried to a properly empanelled jury.

Dated: New York, New York
      July 14, 2006

By:  Gregory J. Cannata, Esq.
The Law Firm of Gregory J. Cannata
Attorneys for Plaintiff
233 Broadway, Floor 5
New York, New York 10279
Tel. – (212) 553-9205
Fax – (212) 227-4141