UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                    :   **ORDER DENYING**
IN RE WORLD TRADE CENTER         :   **MOTIONS TO REMAND**
DISASTER SITE LITIGATION           :
                                                    :   21 MC 100 (AKH)
                                                    :   21 MC 102 (AKH)
                                                    :
------------------------------------------------------X
ALVIN K. HELLERSTEIN, U.S.D.J.:

        The plaintiffs discussed in this opinion[1] suffered injuries in the World Trade Center workplace after the terrorist attacks of September 11, 2001.  In Spagnuolo v. Port Auth., 245 F. Supp. 2d 518 (S.D.N.Y. 2002) and Graybill v. City of New York, 247 F. Supp. 2d 345 (S.D.N.Y. 2002), I held that workplace injuries of the nature complained of, alleging causes of action under the New York Labor Law, should be heard in the New York Supreme Court, and I remanded those cases to that court.  However, a number of like cases were again removed after the Court of Appeals expressed dictum in McNally v. Port Auth. (In re World Trade Ctr. Disaster Site) that the Air Transportation Safety and System Stabilization Act of 2001 ("ATSSSA") made the claims of workers alleging respiratory injuries exclusively federal.  See 414 F.3d 352, 371 (2d Cir. 2005).  I determined, following McNally, that I should adopt the dictum it expressed.  See In re World Trade Ctr. Disaster Site Litig., No. 21 MC 100, 2005 U.S. Dist. LEXIS 14705 (S.D.N.Y. Jul. 22, 2005) (Dkt. No. 260).  I now hold that the dictum of McNally applies equally to other types of injuries allegedly suffered in the clean-up of the World Trade Center site, including injuries suffered at the Fresh Kills Landfill site on Staten Island.

---

[1] This Order applies to plaintiffs in the following cases:  02 Civ. 0684; 05 Civ. 2716; 05 Civ. 3852; 05 Civ. 7150; 05 Civ. 7154; 05 Civ. 7161; 05 Civ. 7162; 05 Civ. 7163; 05 Civ. 7165; 05 Civ. 7166; 05 Civ. 7191; 05 Civ. 7205; 05 Civ. 7206; 05 Civ. 7207; 05 Civ. 7208; 05 Civ. 7210; 05 Civ. 7212; 05 Civ. 7213; 05 Civ. 7266; 05 Civ. 7268; 05 Civ. 7986; and 05 Civ. 8164.

1

Plaintiffs filed their complaints in the Supreme Court of the State of New York for New York County. Their cases were removed from state court and classified as related to 21 MC 100 (master docket for complaints alleging respiratory injuries suffered at WTC site) or 21 MC 102 (master docket for complaints alleging respiratory injuries suffered at Fresh Kills Landfill and other locations near WTC site). Plaintiffs subsequently filed motions to remand, and these motions are currently pending before me. I deferred ruling on these motions until after I decided motions by the City of New York and other defendants to dismiss the claims of respiratory injury against them on the basis of statutory immunity. See In re Sept. 11 Litig., Nos. 21 MC 97, 21 MC 101, 21 MC 102, 2006 WL 1650679 (S.D.N.Y. June 14, 2006). Having ruled on defendants' motions, see In re World Trade Ctr. Disaster Site Litig., __ F. Supp. 2d __, 2006 WL 2948819 (S.D.N.Y. Oct. 17, 2006), plaintiffs' remand motions are ready for decision. For the reasons that follow, I hold that this Court has original and exclusive jurisdiction to hear plaintiffs' claims under the ATSSSA, and plaintiffs' motions to remand are denied.

## Discussion

**I.    Applicable Law**

　　A.  Removal and Remand

A party may remove "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). If the removal action is challenged on motion by a party or by the district court sua sponte, the removing party bears the burden of showing that removal was properly based on federal jurisdiction. See Grimo v. Blue Cross/Blue Shield, 34 F.3d 148, 151 (2d Cir. 1994). If at any time before final judgment it appears that the district court lacks

subject matter jurisdiction over a case removed to it from a state court, the district court must remand the case to the state court from which it was removed. 28 U.S.C. 1447(c).

  B. Scope of Federal Jurisdiction under the Air Transportation Safety and System Stabilization Act

The scope of this Court's jurisdiction under the ATSSSA has been an issue of contention in a variety of cases where plaintiffs suffered injuries at the WTC site after September 11, 2001. See McNally, supra (plaintiffs suffered respiratory injuries after exposure to toxins during debris removal at WTC site); Graybill, supra (plaintiff injured by falling steel beam during debris removal at WTC site); Spagnuolo, supra (plaintiff injured by falling oxygen tank during debris removal at WTC site); Milling v. City of New York, 21 MC 100, 05 Civ. 7189, 2006 WL 1652706 (S.D.N.Y. 2006) (plaintiff injured as result of trip and fall at WTC site).

Section 408(b)(3) of the ATSSSA states that the "United States District Court for the Southern District of New York shall have original and exclusive jurisdiction over all actions brought for any claim … resulting from or relating to the terrorist-related aircraft crashes of September 11, 2001." In McNally, the Court of Appeals, in dictum, criticized my rulings in Hickey v. City of New York, 270 F. Supp. 2d 357 (S.D.N.Y. 2003), and favored an approach that emphasized the benefits of litigating common issues of law and fact in a single court. See 414 F.3d at 371–81. The McNally court stated that its approach was consistent with Congressional intent to promote consistency of awards to those who seek redress in the courts, and ensures that statutory limits on liability for the airlines and other entities will be observed. See id. at 377–78.

II. **Federal Jurisdiction over Claims Alleging Non-Respiratory Personal Injuries Suffered at the World Trade Center Site**

Plaintiffs alleging non-respiratory injuries, like those suffering respiratory injuries, raise common issues of law or fact concerning the events of September 11, 2001.

Plaintiffs name common defendants in their claims,[2] on common theories of negligence and recovery that require each plaintiff to establish the same or similar facts.  In particular, like the respiratory-injury plaintiffs, non-respiratory-injury plaintiffs allege that parties responsible for maintaining a safe workplace negligently failed to do so.  Thus each plaintiff must prove that defendants owed a duty of care; that they breached that duty; and that defendants' breach proximately caused his or her injuries.  See e.g., Palsgraf v. Long Island R. Co., 248 N.Y. 339 (1928).  Since some of these elements may be susceptible to multiple interpretations and varying adjudications if litigated in different courts, they present a risk that Congress sought to avoid by enacting the ATSSSA.  See McNally, 414 F.3d at 378.  Also, plaintiffs' successes must fall within the same liability cap as that applicable to the respiratory cases.  See id. at 379.

Accordingly, I hold that plaintiffs' claims raise common issues of law or fact concerning the events of September 11, 2001, and therefore are "the type of claim[s] that Congress intended to preempt" with original and exclusive federal jurisdiction under the ATSSSA.  McNally, 414 F.3d at 379.

## **Conclusion**

For all of the foregoing reasons, I hold that this Court has original and exclusive jurisdiction to hear plaintiffs' claims under the ATSSSA.  Plaintiffs' motions to remand are denied.  I note that plaintiffs in some of these cases fail to specify adequately where and when the injury occurred, particularly in 05 Civ. 2716; 05 Civ. 7166; 05 Civ. 7210; and 05 Civ. 7266.  Plaintiffs in these four cases are ordered, by separate pleading on or before December 22, 2006, to identify the precise dates and locations, by World Trade Center quadrant or other specific

---

[2] Many of plaintiffs' complaints name the City of New York and the Port Authority of New York and New Jersey as defendants.

location, of the injuries claimed to have been suffered, and a description of such injuries. Plaintiffs who fail timely to file such pleadings shall have their complaints dismissed.

SO ORDERED.

Dated:   December 4, 2006
         New York, New York

*[signature]*

ALVIN K. HELLERSTEIN
United States District Judge