UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER LOWER MANHATTAN
DISASTER SITE LITIGATION
-------------------------------------------X
ALEKSANDER BAJGUZ and MARIA BAJGUZ,

                             21MC102
                  Plaintiffs,      (AKH)

          - against -        ECF CASE

NEW LIBERTY PLAZA LP
WORLD FINANCIAL PROPERTIES, L.P.
WFP ONE LIBERTY PLAZA CO., L.P.
ONE LIBERTY PLAZA
BROOKFIELD FINANCIAL PROPERTIES, INC.
WFP ONE LIBERTY PLAZA, CO. GP, CORP.
THE ONE LIBERTY PLAZA CONDOMINIUM (CONDO#1178)
THE BOARD OF MANAGERS OF THE ONE LIBERTY
PLAZA CONDOMINIUM (CONDO #1178)
BFP ONE LIBERTY PLAZA CO., LLC
NATIONAL ASSOCIATION OF SECURITIES DEALERS, INC.
NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY
NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION
NEW YORK CITY INDUSTRIAL DEVELOPMENT CORPORATION
BLACKMON-MOORING-STEAMATIC CATASTROPHE, INC. d/b/a
BMS CAT
HILLMAN ENVIRONMENTAL GROUP, INC.
GENERAL RE SERVICES CORP.          ANSWER TO
55 WATER STREET CONDOMINIUM      AMENDED COMPLAINT
NEW WATER STREET CORP.
FGP 90 WEST STREET, INC.
KIBEL COMPANIES            JURY TRIAL
VERIZON NEW YORK, INC.        DEMANDED
VERIZON PROPERTIES, INC.
VERIZON COMMUNICATIONS, INC.
BFP TOWER C CO. LLC
BFP TOWER C MM LLC.
WFP RETAIL CO. L.P.
WPF RETAIL CO. G.P. CORP.
AMERICAN EXPRESS COMPANY
AMERICAN EXPRESS BANK, LTD.
AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.
LEHMAN BROTHERS, INC.

LEHMAN COMMERCIAL PAPER, INC.
LEHMAN BROTHERS HOLDINGS INC.
TRAMMELL CROW COMPANY
BFP TOWER C CO. LLC
MCCLIER CORPORATION
TRAMMELL CROW CORPORATE SERVICES, INC.

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


Answering Defendant, McClier Corporation, by its attorneys, Gogick, Byrne & O'Neill, LLP, as and for its Answer to the Amended Complaint, respectfully sets forth upon information and belief as follows:

## INTRODUCTION

1.  Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint.

2.  Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Amended Complaint.

3.  Answering Defendant denies each and every allegation contained in paragraph 3 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 as to all

remaining defendants.

4.    Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

## JURISDICTION

5.    Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

6.    Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

## VENUE

7.    Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

## PARTIES

8.    Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Amended Complaint.

9.    Answering Defendant denies each and every allegation contained in paragraph 9 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 as to all remaining defendants.

10.    Answering Defendants admits the allegations contained in paragraph 10 as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 as to all remaining defendants.

11.    Answering Defendant denies each and every allegation contained in paragraph 11 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 as to all remaining defendants.

12.    Answering Defendant denies each and every allegation contained in paragraph 12 of the Amended Complaint as to

McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 as to all remaining defendants.

13. Answering Defendant denies each and every allegation contained in paragraph 13 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 as to all remaining defendants.

14. Answering Defendant denies each and every allegation contained in paragraph 14 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 as to all remaining defendants.

15. Answering Defendant denies each and every allegation contained in paragraph 15(a) through 15(e) of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

## ANSWERING THE FIRST CAUSE OF ACTION PURSUANT TO LABOR LAW SECTIONS 200 AND 241(6)

16. Answering Defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs 1 through 15 with the same force and effect as if the same were set forth in full herein in response to paragraph 16 of the Amended Complaint.

17. Answering Defendant denies each and every allegation contained in paragraph 17 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

18. Answering Defendant denies each and every allegation contained in paragraph 18 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

19. Answering Defendant denies each and every allegation contained in paragraph 19 of the Amended Complaint as to McClier Corporation and denies having knowledge or

information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

20. Answering defendant denies each and every allegation contained in paragraph 20 of the Amended Complaint.

21. Answering Defendant denies each and every allegation contained in paragraph 21 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

22. Answering Defendant denies each and every allegation contained in paragraph 22 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

23. Answering defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Amended Complaint.

24. Answering defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

25. Answering Defendant denies each and every allegation contained in paragraph 25 of the Amended Complaint as to McClier Corporation, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

26. Answering Defendant denies each and every allegation contained in paragraph 26 of the Amended Complaint as to McClier Corporation, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

27. Answering Defendant denies each and every allegation contained in paragraph 27 of the Amended Complaint as to McClier Corporation, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 as to all remaining

defendants, and respectfully refers all questions of law to this Honorable Court.

28. Answering Defendant denies each and every allegation contained in paragraph 28 of the Amended Complaint as to McClier Corporation, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

29. Answering Defendant denies each and every allegation contained in paragraph 29 of the Amended Complaint as to McClier Corporation, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 as to all remaining defendants, and respectfully refers all questions of law to this Honorable Court.

30. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

31. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Amended

P:\300\306-106\Legal\Answer Bajguz.doc

9

Complaint and respectfully refers all questions of law to this Honorable Court.

32. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

33. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

34. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

35. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

36. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 36 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

37. Answering defendant denies each and every allegation contained in paragraph 37 of the Amended Complaint.

38. Answering defendant denies each and every allegation contained in paragraph 38 of the Amended Complaint.

### ANSWERING THE SECOND CAUSE OF ACTION BASED UPON COMMON LAW NEGLIGENCE

39. Answering Defendant repeats, reiterates and realleges each and every denial hereinbefore set forth in response to paragraphs 1 through 38 with the same force and effect as if the same were set forth in full herein in response to paragraph 39 of the Amended Complaint.

40. Answering Defendant denies each and every allegation contained in paragraph 40 of the Amended Complaint as to McClier Corporation and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 as to all remaining defendants.

41. Answering Defendant denies each and every allegation contained in paragraph 41 of the Amended Complaint.

### ANSWERING THE THIRD CAUSE OF ACTION

42. Answering Defendant repeats, reiterates and realleges each

P:\300\306-106\Legal\Answer Rajguz.doc

and every denial hereinbefore set forth in response to paragraphs 1 through 41 with the same force and effect as if the same were set forth in full herein in response to paragraph 42 of the Amended Complaint.

43. Answering Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Amended Complaint and respectfully refers all questions of law to this Honorable Court.

44. Answering Defendant denies each and every allegation contained in paragraph 44 of the Amended Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That in the event plaintiff recovers a verdict or judgment against the defendants, then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonably certainty, replace or indemnify plaintiff in whole or in part, for any past or future claims, or economic loss, from any collateral source.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

If the plaintiff sustained any injuries or damages as alleged in the Amended Complaint, which allegations are expressly denied, then same were sustained because of the culpable conduct of parties or non-parties over whom the answering defendant was not obligated to exercise supervision or

control.

### AS AND FOR AN THIRD AFFIRMATIVE DEFENSE

That the Amended Complaint fails to state a cause of action upon which relief may be granted, cognizable in equity or law, against this answering defendant, and must be therefore be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That any injuries or damages sustained by plaintiff, as alleged in the Amended Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of said plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of this answering defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The damages claimed by plaintiff, which are expressly denied, were not proximately caused by this defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The liability of this defendant, if any, to the plaintiff for non-economic loss is limited to their equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiff could have obtained personal jurisdiction with due diligence, as set forth in Article 16 of CPLR.

P:\300\306-106\Legal\Answer gajgutz.doc

13

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

The Amended complaint should be dismissed based on the applicable Statute of Limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The Amended Complaint should be dismissed for the failure to join, upon information and belief, necessary parties to the litigation.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, all of which are denied, are due to intervening and/or superseding causes as to which the answering defendant bears no responsibility, and therefore the Amended Complaint as to the Answering Defendant should be dismissed in its entirety.

### AS AND FOR A CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, ("CO-DEFENDANTS") THE ANSWERING DEFENDANT ALLEGES:

That any injuries and damages sustained by the plaintiffs herein as a result of the alleged incident described in the plaintiffs' Amended Complaint which are denied, were sustained in whole or in part by reason of the negligence, breach of contract or other breach of duty on the part of the plaintiffs or co-defendants.

That if it is determined that the answering defendant is liable in any degree to the plaintiffs whether because of

negligence, by operation of law or any other reason, the answering defendant is entitled to have the liability apportioned with the co-defendants by way of contribution and/or is entitled to be indemnified by said parties.

**AS AND FOR A CROSS-CLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST CO-DEFENDANTS ("CO-DEFENDANTS") THE ANSWERING DEFENDANT ALLEGES:**

That on or before the dates set forth in the Amended Complaint, and upon information and belief, co-defendants entered into agreements, whereby said co-defendants agreed to indemnify and hold the answering defendant harmless in the event of any suit or claim for personal injuries, property damage, pecuniary loss and or wrongful death as a result of the work being done pursuant to said agreements.

That said agreements were in full force and effect on the dates set forth in the Amended Complaint. That the claims being made by the plaintiffs herein, if true, will entitle the answering defendant to be indemnified and held harmless by the co-defendants as aforesaid.

**AS AND FOR A CROSS-CLAIM FOR BREACH OF AN INSURANCE PROCUREMENT OBLIGATION AGAINST, ("CO-DEFENDANTS") THE ANSWERING DEFENDANT ALLEGES:**

That on or before the dates set forth in the Amended Complaint, and upon information and belief, the co-defendants, entered into agreements whereby said co-defendants were to procure insurance and/or name the answering defendant as

P:\300\306-106\Legal\Answer Bajguz.doc

15

additional insureds under the co-defendants' insurance policies.

That, upon information and belief, co-defendants failed to obtain liability insurance protecting the interests of the answering defendant, as an "additional named insured", pursuant to the terms of the agreements.

That upon information and belief the answering defendant has suffered costs and expenses in defending this action and is subjected to potential liability for the claims asserted by plaintiffs due to the failure of co-defendants to obtain the required liability insurance coverage for the answering defendant's benefit, and due to the failure of co-defendants to defend and indemnify the answering defendant for the claims asserted by plaintiffs in this action.

That by reason of the foregoing the co-defendants will be liable to the answering defendant for the full amount of any recovery obtained herein by plaintiffs against the answering defendant, and for all costs, expenses, attorneys fees and legal expenses of any kind incurred by the answering defendant in the defense of this action due to the failure and breach of the aforementioned agreements by co-defendants.

WHEREFORE, the answering defendant demands judgment:

a.    Dismissing the Amended Complaint as against the answering defendant;

b.    Determining the relative culpability and rights as

between all the parties;

c.   Awarding judgment over and against co-defendants, in whole or in part, or in such amount as the Court may direct for any verdict or judgment which any party to this action may recover against the answering defendant; and,

d. Awarding the costs and expenses of this litigation, including attorneys fees.

Dated:   New York, New York
         January 31, 2007

                              GOGICK, BYRNE & O'NEILL, LLP
                              Attorneys for Defendant,
                              McClier Corporation

                    By:   _____
                              Kevin J. O'Neill (KJO-5113)
                              11 Broadway, Suite 1560
                              New York, New York 10004-1314
                              (212) 422-9424

TO:

Robert Grochow, P.C.
Robert Grochow, Esq.
233 Broadway, Floor 5
New York, New York  10279
Attorneys for Plaintiff
Tel. (212) 553-9205
Fax. (212) 227-4141

P:\300\306-106\Legal\Answer Bajguz.doc

17

306-106

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER LOWER MANHATTAN
DISASTER SITE LITIGATION
-----------------------------------------------X
ALEKSANDER BAJGUZ and MARIA BAJGUZ,

                                     21MC102

                 Plaintiffs,          (AKH)

             - against -         ECF CASE

NEW LIBERTY PLAZA LP
WORLD FINANCIAL PROPERTIES, L.P.
WFP ONE LIBERTY PLAZA CO., L.P.
ONE LIBERTY PLAZA                CERTIFICATION
BROOKFIELD FINANCIAL PROPERTIES, INC.
WFP ONE LIBERTY PLAZA, CO. GP, CORP., et al.

                 Defendants.
-----------------------------------------------X

THIS IS TO CERTIFY that the foregoing was forwarded, via first class mail, postage prepaid, on the 31st day of January, 2007, to the following:

Robert Grochow, P.C.
Robert Grochow, Esq.
233 Broadway, Floor 5
New York, New York  10279
Attorneys for Plaintiff
Tel. (212) 553-9205
Fax. (212) 227-4141

                              _____
                              Kevin J. O'Neill (KJO-5113)

P:\300\306-106\Legal\Answer Bajguz.doc

18

.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER LOWER MANHATTAN
DISASTER SITE LITIGATION
----------------------------------------------X
ALEKSANDER BAJGUZ and MARIA BAJGUZ,

                                21MC102

                Plaintiffs,       (AKH)

      - against -         ECF CASE

NEW LIBERTY PLAZA LP, et al.
----------------------------------------------X

**STIPULATION EXTENDING TIME TO APPEAR**

GOGICK, BYRNE & O'NEILL, LLP
Attorneys for Defendant,
McClier Corporation
11 Broadway, Suite 1560
New York, New York  10014-1314
(212) 422-9424

P:\300\306-106\Legal\Answer Bajguz.doc

19