UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE WORLD TRADE CENTER
LOWER MANHATTAN DISASTER SITE LITIGATION
(21 MC 102)

Case No.:
21 MC 102 (AKH)

**VERIFIED ANSWER OF DEFENDANTS MAYORE ESTATES LLC, MAYORES ESTATES LLC, 80 LAFAYETTE ASSOCIATES LLC, and 80 LAFAYETTE ASSOCIATION LLC'S**

---

The defendants, **MAYORE ESTATES LLC, MAYORES ESTATES LLC, 80 LAFAYETTE ASSOCIATES LLC, and 80 LAFAYETTE ASSOCIATION LLC** (collectively, **"MAYORE ESTATES/80 LAFAYETTE"**) for the building located at 22 Cortlandt Street, New York, New York, by their attorneys, **Maloof, Lebowitz, Connahan & Oleske, PA,** as and for their answer to plaintiffs' Master Complaint dated June 14, 2007, respectfully states and alleges as follows:

1.      The defendants deny upon information and belief each and every allegation contained in the Master Complaint, except admit to ownership of 22 Cortlandt Street, New York, New York.

#### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

2.      **MAYORE ESTATES/80 LAFAYETTE** (also collectively the "Debtors") at all relevent times have been and remain subject to pending bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York (Case Nos. 03-10387 and 03-10388). As a result of the foregoing, all claims and causes of action asserted against **MAYORE ESTATES/80 LAFAYETTE** were originally stayed pursuant to 11 U.S.C.§362(a) and were subsequently enjoined from further prosecution pursuant to the post-confirmation injunction provisions of the Debtors confirmed joint plan of reorganization and the provisions of 11 U.S.C. §1141(d).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

3.    The defendants deny that they were guilty of any negligence which was the proximate or producing cause of any injuries or damages alleged to be sustained.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

4.    The defendants deny notice of any alleged unsafe condition as well as the opportunity to remedy same.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5.    The plaintiffs assumed the risk and were fully cognizant of any and all circumstances surrounding the alleged incident.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

6.    That the plaintiffs' sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

7.    The plaintiffs did not sustain serious injuries as defined by Sections 5102(a) and (d) of the Insurance Law of the State of New York, and plaintiffs' exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

8.    If the plaintiffs sustained any injuries as alleged, such injuries were caused by their own fault and negligence and/or culpable conduct, wholly or partially, and if plaintiffs should be successful in securing a judgment against the defendants, the amount of the damages recoverable by the plaintiffs should be diminished in proportion to which the plaintiffs' culpable conduct contributed to the happening of the incident.

2

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

9.    Plaintiffs are precluded by way of statute/law based upon plaintiffs' collection of funds from a government funded source for similar claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

10.    The court lacks subject matter jurisdiction over the answering defendants.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

11.    The court lacks personal jurisdiction over the answering defendants.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

12.    This action is improperly venued.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

13.    This action must be dismissed by reason of insufficiency of process.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

14.    This action must be dismissed by reason of insufficiency of service of process.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs fail to state a claim upon which relief can be granted.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs fail to join persons needed for a just and complete adjudication of this matter.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiffs' claims are barred by the applicable statute(s) of limitations and/or repose.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiffs lack the standing required to assert the claims contained in the pleadings.

## AS AND FOR AN EIGHTEENTH 1AFFIRMATIVE DEFENSE

19.    Plaintiffs lack the capacity required to assert the claims contained in the pleadings.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

20.    Plaintiffs lack the authority required to assert the claims contained in the pleadings.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

21.    Plaintiffs' claims are barred by failure to bring this action within the time period provided for in N.Y. W.C.L. §29 et seq.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

22.    Plaintiffs' claims must be dismissed because plaintiffs have at least one other action pending against MAYORE ESTATES/80 LAFAYETTE for the same relief in this or another court.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

23.    Plaintiffs' claims must be dismissed because they are too remote and derivative to permit recovery as a matter of law.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

24.    MAYORE ESTATES/80 LAFAYETTE is immune from liability pursuant to the applicable provisions of New York State Defense Emergency Act.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.    MAYORE ESTATES/80 LAFAYETTE is immune from liability pursuant to the Robert T. Stafford Disaster Relief and Emergency Assistance Act.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.    MAYORE ESTATES/80 LAFAYETTE is immune from liability pursuant to the federal official immunity doctrine.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

27.    MAYORE ESTATES/80 LAFAYETTE is immune from liability pursuant to federal and state common law.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

28.    MAYORE ESTATES/80 LAFAYETTE is immune from vicarious liability for the acts or omissions of third-parties who are immune from liability for those acts or omissions pursuant to applicable federal and state common law and statutes.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

29.    Plaintiffs have failed to exhaust all of their administrative remedies.

5

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

30.     Plaintiffs' claims are barred by the doctrine of estoppel.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

31.     Plaintiffs' claims are barred by the doctrine of waiver.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

32.     Plaintiffs' claims are barred by the doctrine of *res judicata*.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

33.     Plaintiffs' claims are barred by the doctrine of collateral estoppel.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

34.     Plaintiffs' claims are barred by the doctrine of laches.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

35.     Plaintiffs' claims are barred by the doctrine of preemption.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

36.     MAYORE ESTATES/80 LAFAYETTE owed no duty to plaintiffs or plaintiffs' decedents.

6

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

37.    MAYORE ESTATES/80 LAFAYETTE did not voluntarily assume a duty to plaintiffs or plaintiffs' decedents.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

38.    MAYORE ESTATES/80 LAFAYETTE had no duty to control the conduct of third-parties, so as to prevent those third-parties from harming plaintiffs or plaintiffs' decedents.

## AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE

39.    Plaintiffs cannot impose a duty upon MAYORE ESTATES/80 LAFAYETTE based upon a statute, regulation or other law that does not apply to MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE

40.    Plaintiffs cannot impose a duty upon MAYORE ESTATES/80 LAFAYETTE based upon a statute, regulation or other law that does not impose a duty or other obligation upon MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE

41.    Any duty owed to plaintiffs or plaintiffs' decedents by MAYORE ESTATES/80 LAFAYETTE is limited and circumscribed by New York's emergency doctrine (N.Y. Pattern Jury Instruction 2:14).

## AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE

42.    Any duty owed to plaintiffs or plaintiffs' decedents by MAYORE ESTATES/80 LAFAYETTE is limited and circumscribed by the degree to which the harms claimed by plaintiffs were not reasonably foreseeable.

## AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE

43.    MAYORE ESTATES/80 LAFAYETTE did not breach a duty owed to plaintiffs or plaintiffs' decedents.

## AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE

44.    MAYORE ESTATES/80 LAFAYETTE cannot be held liable for an alleged violation of a statute, regulation or other law that does not apply to MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A FORTY-FOURTH AFFIRMATIVE DEFENSE

45.    MAYORE ESTATES/80 LAFAYETTE cannot be held liable for an alleged violation of a statute, regulation or other law that does not impose a duty upon MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE

46.    Plaintiffs' or plaintiffs' decedents assumed the risk that is claimed to have caused their alleged injuries.

8

## AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE

47.    There were no defects or dangerous conditions on the premises in issue.

## AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE

48.    MAYORE ESTATES/80 LAFAYETTE did not create any defects or dangerous conditions on the premises in issue.

## AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE

49.    MAYORE ESTATES/80 LAFAYETTE did not have actual or constructive notice of any defects or dangerous conditions on the premises in issue.

## AS AND FOR A FORTY-NINTH AFFIRMATIVE DEFENSE

50.    The defects and dangerous conditions alleged by plaintiffs, if they existed, were not detectable by reasonable diligence.

## AS AND FOR A FIFTIETH AFFIRMATIVE DEFENSE

51.    The defects and dangerous conditions alleged by plaintiffs, if they existed, did not exist for so long that MAYORE ESTATES/80 LAFAYETTE should in the exercise of reasonable diligence have known of and corrected said defects or dangerous conditions.

## AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE

52.    The defects and dangerous conditions alleged by plaintiffs, if they existed, constituted

open and obvious hazards against which MAYORE ESTATES/80 LAFAYETTE had no duty to warn plaintiffs or plaintiffs' decedents.

## AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE

53.    The defects and dangerous conditions alleged by plaintiffs, if they existed, were the very hazards that plaintiffs were hired to mitigate, remediate or eliminate, and as such, constituted open and obvious hazards that were inherent to the work being performed by plaintiffs or plaintiffs' decedents.

## AS AND FOR A FIFTY-THIRD AFFIRMATIVE DEFENSE

54.    To the extent that MAYORE ESTATES/80 LAFAYETTE is found to have had actual or constructive knowledge of a defect or dangerous condition on the premises in issue, MAYORE ESTATES/80 LAFAYETTE acted reasonably under the circumstances with respect to said defect or dangerous condition.

## AS AND FOR A FIFTY-FOURTH AFFIRMATIVE DEFENSE

55.    MAYORE ESTATES/80 LAFAYETTE did not have the authority to supervise or control the operations, equipment and/or safety conditions that are alleged to have caused a defect or dangerous condition on the premises in issue.

## AS AND FOR A FIFTY-FIFTH AFFIRMATIVE DEFENSE

56.    MAYORE ESTATES/80 LAFAYETTE did not authorize, supervise or control the operations, equipment and/or safety conditions that are alleged to have caused a defect or dangerous

condition on the premises in issue.

## AS AND FOR A FIFTY-SIXTH AFFIRMATIVE DEFENSE

57.    The work allegedly performed by plaintiffs or plaintiffs' decedents does not constitute "construction, excavation or demolition" within the meaning of N.Y. Labor Law §241(6).

## AS AND FOR A FIFTY-SEVENTH AFFIRMATIVE DEFENSE

58.    The work allegedly performed by plaintiffs or plaintiffs' decedents was not conducted in an area in which "construction, excavation or demolition" was being performed within the meaning of N.Y. Labor Law §241(6).

## AS AND FOR A FIFTY-EIGHTH AFFIRMATIVE DEFENSE

59.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed to the extent they are based upon statutes and regulations other than the New York State Industrial Code

## AS AND FOR A FIFTY-NINTH AFFIRMATIVE DEFENSE

60.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed to the extent they are based upon statutes and regulations other than those adopted pursuant to, set forth in or incorporated into Part 12 of the New York State Industrial Code.

## AS AND FOR A SIXTIETH AFFIRMATIVE DEFENSE

61.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed to the extent they are based upon sections of the New York State Industrial Code that do not satisfy the criteria set forth in Ross v.

11

Curtis-Palmer Hydro Electric Co., 81 N.Y.2d 494 (1993).

## AS AND FOR A SIXTY-FIRST AFFIRMATIVE DEFENSE

62.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed to the extent they are based upon sections of the New York State Industrial Code that are not applicable to the facts of this case.

## AS AND FOR A SIXTY-SECOND AFFIRMATIVE DEFENSE

63.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed because there were no violations of the New York State Industrial Code on the premises in issue.

## AS AND FOR A SIXTY-THIRD AFFIRMATIVE DEFENSE

64.    Plaintiffs' N.Y. Labor Law §241(6) claims must be dismissed because there were no violations of the New York State Industrial Code on the premises in issue for which MAYORE ESTATES/80 LAFAYETTE can be held liable or vicariously liable.

## AS AND FOR A SIXTY-FOURTH AFFIRMATIVE DEFENSE

65.    Any claims against MAYORE ESTATES/80 LAFAYETTE based upon alleged violations of the New York General Municipal Law must be dismissed insofar as no such claim is pled in the Master Complaint.

## AS AND FOR A SIXTY-FIFTH AFFIRMATIVE DEFENSE

66.    Any claims against MAYORE ESTATES/80 LAFAYETTE based upon alleged violations of the New York General Municipal Law must be dismissed insofar as they seek recovery

12

based upon supposed violations of laws, statutes, rules or regulations that do not apply to MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A SIXTY-SIXTH AFFIRMATIVE DEFENSE

67.    Any claims against MAYORE ESTATES/80 LAFAYETTE based upon alleged violations of the New York General Municipal Law must be dismissed insofar as the right of action established by the New York General Municipal Law does not extend to the recovery of damages for injuries sustained in the manner set forth in the Master Complaint.

## AS AND FOR A SIXTY-SEVENTH AFFIRMATIVE DEFENSE

68.    Any claims against MAYORE ESTATES/80 LAFAYETTE based upon alleged violations of the New York General Municipal Law must be dismissed insofar as they are founded upon alleged common law duties that are not codified in a statute, law, rule or regulation enacted by a governmental entity of the State of New York.

## AS AND FOR A SIXTIETH-EIGHTH AFFIRMATIVE DEFENSE

69.    Any claims against MAYORE ESTATES/80 LAFAYETTE based upon alleged violations of the New York General Municipal Law must be dismissed insofar as they seek recovery for alleged injuries that were sustained at a time when plaintiffs or plaintiffs' decedents were not actively serving as a New York City employee.

## AS AND FOR A SIXTY-NINTH AFFIRMATIVE DEFENSE

70. The "Firefighter's Rule" bars any direct or derivative recovery sought by or on behalf of a firefighter or police officer for injuries suffered while serving in that capacity.

## AS AND FOR A SEVENTIETH AFFIRMATIVE DEFENSE

71. The conditions precedent to the maintenance of a wrongful death claim have not been met.

## AS AND FOR A SEVENTY-FIRST AFFIRMATIVE DEFENSE

72. Plaintiffs fail to allege sufficient facts to demonstrate legal capacity to sue pursuant to New York Estates Powers and Trusts Law §5-4.1.

## AS AND FOR A SEVENTY-SECOND AFFIRMATIVE DEFENSE

73. Plaintiffs' loss of consortium claims are barred as a matter of law insofar as the alleged injuries predate plaintiffs' marriage.

## AS AND FOR A SEVENTY-THIRD AFFIRMATIVE DEFENSE

74. Plaintiffs' loss of consortium claims are barred as a matter of law insofar as plaintiffs have never been legally married.

## AS AND FOR A SEVENTY-FOURTH AFFIRMATIVE DEFENSE

75. The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were not proximately caused by MAYORE ESTATES/80 LAFAYETTE.

## AS AND FOR A SEVENTY-FIFTH AFFIRMATIVE DEFENSE

76.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by the acts, omissions and/or culpable conduct of plaintiffs or plaintiffs' decedents.

## AS AND FOR A SEVENTY-SIXTH AFFIRMATIVE DEFENSE

77.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by the unforeseeable acts, omissions and/or culpable conduct of plaintiffs or plaintiffs' decedents.

## AS AND FOR A SEVENTY-SEVENTH AFFIRMATIVE DEFENSE

78.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by the intervening, superseding acts and/or omissions of third-parties over whom MAYORE ESTATES/80 LAFAYETTE exercised no supervision or control.

## AS AND FOR A SEVENTY-EIGHTH AFFIRMATIVE DEFENSE

79.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by the intervening, superseding unforeseeable acts and/or omissions of third-parties over whom MAYORE ESTATES/80 LAFAYETTE exercised no supervision or control.

## AS AND FOR A SEVENTY-NINTH AFFIRMATIVE DEFENSE

80.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by the operation of nature.

15

## AS AND FOR AN EIGHTIETH AFFIRMATIVE DEFENSE

81.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by sensitivities, idiosyncrasies and other reactions peculiar to plaintiffs or plaintiffs' decedents that are not found in the general public.

## AS AND FOR AN EIGHTY-FIRST AFFIRMATIVE DEFENSE

82.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were not proximately caused in whole or in part by a defect or dangerous condition on the premises in issue.

## AS AND FOR AN EIGHTY-SECOND AFFIRMATIVE DEFENSE

83.    The injuries suffered by plaintiffs or plaintiffs' decedents, if any, were proximately caused in whole or in part by a defect in the plant, tools, methods, equipment and/or negligence of a contractor or sub-contractor, which occurred as a detail of the work being performed by said contractor or sub-contractor.

## AS AND FOR AN EIGHTY-THIRD AFFIRMATIVE DEFENSE

84.    MAYORE ESTATES/80 LAFAYETTE cannot be held liable for an alleged violation of a statute, regulation or other law that was not the proximate cause of the injuries and/or damages allegedly sustained by plaintiffs or plaintiffs' decedents.

## AS AND FOR AN EIGHTY-FOURTH AFFIRMATIVE DEFENSE

85.    Plaintiffs and/or plaintiffs' decedents have not suffered compensable injuries.

16

## AS AND FOR AN EIGHTY-FIFTH AFFIRMATIVE DEFENSE

86.    Plaintiffs and/or plaintiffs' decedents failed to mitigate or otherwise act to lessen their damages, if any.

## AS AND FOR AN EIGHTY-SIXTH AFFIRMATIVE DEFENSE

87.    Plaintiffs' and/or plaintiffs' decedents caused or contributed to their alleged injuries through the use, abuse and/or misuse of tobacco products, medications and/or drugs.

## AS AND FOR AN EIGHTY-SEVENTH AFFIRMATIVE DEFENSE

88.    Plaintiffs' alleged damages are not recoverable insofar as they are speculative, uncertain and/or contingent in nature.

## AS AND FOR AN EIGHTY-EIGHTH AFFIRMATIVE DEFENSE

89.    Pursuant to Section 1411 of the New York Civil Practice Law and Rules, the amount of damages otherwise recoverable by plaintiffs, if any, must be diminished in the proportion which the culpable conduct, including negligence or assumption of risk, attributable to plaintiffs and/or plaintiffs' decedents bears to the culpable conduct which caused the damage.

## AS AND FOR AN EIGHTY-NINTH AFFIRMATIVE DEFENSE

90.    Pursuant to Section 4545(c) of the New York Civil Practice Law and Rules, the amount of damages otherwise recoverable by plaintiffs relative to the cost of medical care, dental care, custodial care, rehabilitation services, loss of earnings or other economic loss must be diminished to the extent

17

the court finds that any such cost was or will, with reasonable certainty, be replaced or indemnified by any collateral source.

## AS AND FOR A NINTIETH AFFIRMATIVE DEFENSE

91.     The amount of damages otherwise recoverable by plaintiffs, if any, must be diminished in an amount equal to any Worker's Compensation payments received by plaintiffs or plaintiffs' decedents.

## AS AND FOR A NINETY-FIRST AFFIRMATIVE DEFENSE

92.     Pursuant to Article 16 of the New York Civil Practice Law and Rules, if the liability of MAYORE ESTATES/80 LAFAYETTE is found to be 50% or less of the total liability assigned to all persons liable, MAYORE ESTATES/80 LAFAYETTE'S liability to plaintiff for non-economic loss shall not exceed MAYORE ESTATES/80 LAFAYETTE'S equitable share determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for non-economic loss.

## AS AND FOR A NINETY-SECOND AFFIRMATIVE DEFENSE

93.     Plaintiffs are not entitled to any of the exceptions set forth in Section 1602 of the New York Civil Practice Law and Rules.

## AS AND FOR A NINETY-THIRD AFFIRMATIVE DEFENSE

94.     Pursuant to Section 15-108 of the New York General Obligations Law, if plaintiffs have

given an alleged tortfeasor a release, a covenant not to sue or a covenant not to enforce a judgment, plaintiffs' claims against MAYORE ESTATES/80 LAFAYETTE must be reduced to the extent of any amount stipulated by the release, the covenant not to sue or the covenant not to enforce a judgment, in the amount of the consideration paid for the release, the covenant not to sue or the covenant not to enforce a judgment, or in the amount of the released tortfeasor's equitable share of damages, whichever is greater.

## AS AND FOR A NINETY-FOURTH AFFIRMATIVE DEFENSE

95.    To the extent plaintiffs seek recovery from MAYORE ESTATES/80 LAFAYETTE for fear of cancer, such damages may not be awarded to plaintiffs in the absence of the clinically-demonstrable presence in plaintiffs' bodies of a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible, or of some other indication of a disease currently suffered by plaintiffs that was induced by a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible.

## AS AND FOR A NINETY-FIFTH AFFIRMATIVE DEFENSE

96.    To the extent plaintiffs seek recovery from MAYORE ESTATES/80 LAFAYETTE for fear of cancer, such damages may not be awarded to plaintiffs in the absence of the clinically-demonstrable presence in plaintiffs' bodies of a carcinogenic toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible, or of some other indication of a disease currently suffered by plaintiffs that was induced by a carcinogenic toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible.

## AS AND FOR A NINETY-SIXTH AFFIRMATIVE DEFENSE

97.    To the extent plaintiffs seek recovery from MAYORE ESTATES/80 LAFAYETTE for emotional distress, such damages may not be awarded to plaintiffs in the absence of the clinically-demonstrable presence in plaintiffs' bodies of a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible, or of some other indication of a disease currently suffered by plaintiffs that was induced by a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible.

## AS AND FOR A NINETY-SEVENTH AFFIRMATIVE DEFENSE

98.    To the extent plaintiffs seek recovery from MAYORE ESTATES/80 LAFAYETTE for medical monitoring damages, such damages may not be awarded to plaintiffs in the absence of the clinically-demonstrable presence in plaintiffs' bodies of a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible, or of some other indication of a disease currently suffered by plaintiffs that was induced by a toxin for which MAYORE ESTATES/80 LAFAYETTE is purportedly responsible.

## AS AND FOR A NINETY-EIGHTH AFFIRMATIVE DEFENSE

99.    Plaintiffs' claim for exemplary and/or punitive damages is barred because such damages are not warranted in this action.

## AS AND FOR A NINETY-NINTH AFFIRMATIVE DEFENSE

100.    Plaintiffs' claim for exemplary and/or punitive damages is barred by the Due Process Clauses of the Fifth Fourteenth Amendments to, and the *ex post facto* clause of Article I, Section 10 of

20

the United States Constitution.

### AS AND FOR A ONE-HUNDREDTH AFFIRMATIVE DEFENSE

101.    Plaintiffs' claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, prohibiting the imposition of excessive fines.

### AS AND FOR A ONE-HUNDRED-AND-FIRST AFFIRMATIVE DEFENSE

102.    Plaintiffs' claim for punitive damages is barred by Article I, Section 6 of New York State Constitution.

### AS AND FOR A ONE-HUNDRED-AND-SECOND AFFIRMATIVE DEFENSE

103.    Plaintiffs' claim for punitive damages is barred by Article I, Section 5 of the New York State Constitution, prohibiting the imposition of excessive fines.

### AS AND FOR A ONE-HUNDRED-AND-THIRD AFFIRMATIVE DEFENSE

104.    MAYORE ESTATES/80 LAFAYETTE hereby adopts each and every defense that has or will be asserted by other defendants in this action.

### AS AND FOR A ONE-HUNDRED-AND-FOURTH AFFIRMATIVE DEFENSE

105.    MAYORE ESTATES/80 LAFAYETTE intends to rely upon any other affirmative defenses that become available to it during the proceedings in this matter.

## AS AND FOR A CROSSCLAIM THESE ANSWERING DEFENDANTS ALLEGE THE FOLLOWING UPON INFORMATION AND BELIEF

106.    That if the plaintiffs were caused to sustain injuries and damages at the time and place set forth n plaintiffs' complaint, it was as a result of the negligence and culpable conduct, in whole or in part, of the co-defendants and this answering defendant demands that the ultimate rights of the parties hereto be apportioned through contribution or indemnification as determined by the Court and/or jury.

WHEREFORE, these answering defendants demand judgment dismissing the complaint of the plaintiffs herein and further demand judgment against the co-defendants for indemnity, contribution and apportionment of responsibility, if any, plus the costs and disbursements of this action and for such other and further relief as to the Court may seem just and proper.

Dated: New York, New York
      August 2, 2007

MALOOF, LEBOWITZ, CONNAHAN & OLESKE

By:_____
      CHARLES J. GAYNER (4734)
299 Broadway, Suite 1610
New York, NY 10007
(212) 233-9604
Attorneys for Defendants MAYORE ESTATES LLC.,
MAYORES ESTATES LLC, 80 LAFAYETTE
ASSOCIATES LLC, and 80 LAFAYETTE
ASSOCIATION LLC.
Our File No. 35151.00-3

## VERIFICATION

STATE OF NEW YORK     )

                      )        SS:

COUNTY OF NEW YORK  )


The undersigned, an attorney admitted to practice in the Courts of New York State, states, that affirmant is a member of the firm of Maloof, Lebowitz, Connahan & Oleske, PA, the attorneys of the defendant, Mayore Estates LLC; that affirmant has read the foregoing Verified Answer and knows the contents thereof, and that the same is true to affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters affirmant believes it to be true.


That the reason why this verification is made by affirmant and not by the defendant is because the defendant does not reside in the county where the attorneys maintain their offices; and that the source of affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject matter of this action, and which are in the possession of the said attorneys.


The undersigned affirms that the foregoing statements are true, under the penalties of perjury.


**Dated:**        New York, New York

              August 2, 2007

                                            _____

                                            CHARLES J. GAYNER

Index No.: 21 MC 102

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER

LOWER MANHATTAN DISASTER SITE LITIGATION

(21 MC 102)

## VERIFIED ANSWER OF MAYORE ESTATES LLC., MAYORES ESTATES LLC, 80 LAFAYETTE ASSOCIATES LLC AND 80 LAFAYETTE ASSOCIATION LLC

**MALOOF, LEBOWITZ, CONNAHAN & OLESKE, PA**
Attorneys for defendants **MAYORE ESTATES LLC., MAYORES ESTATES LLC, 80 LAFAYETTE ASSOCIATES LLC AND 80 LAFAYETTE ASSOCIATION LLC**
299 Broadway, Suite 1610
New York, New York 10007
(212) 233-9604

## ATTORNEY CERTIFICATION

I, Charles J. Gayner, hereby certify that to the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances the presentation of this paper(s) or the contentions herein are not frivolous as defined in subsection (c) of § 130-1.1.

Dated:   New York, New York
          August 2, 2007

_____
CHARLES J. GAYNER, ESQ.
MALOOF, LEBOWITZ, CONNAHAN & OLESKE, PA