UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
IN RE LOWER MANHATTAN DISASTER          CASE NO.: 21MC102
SITE LITIGATION                                    (AKH)


                                        **ANSWER TO PLAINTIFF'S**
                                        **FIRST AMENDED MASTER**
                                        **COMPLAINT**
                                        **(March 28, 2008)**
--------------------------------------X

        Defendant, CRITERION LABORATORIES, INC. by and through its attorneys DOWNING & PECK, P.C. as and for its answer to the Plaintiffs' first amended master complaint dated March 28, 2008, and all check-off complaints related thereto, upon information and belief, sets forth and alleges as follows:

## I

### INTRODUCTION

1.  To the extent that the allegations in the First Amended Master Complaint dated March 28, 2008, enumerated in paragraphs numbered 1, 2, 3, 5 and 7 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

2.  CRITERION LABORATORIES, INC. denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered 4 of the First Amended Master Complaint dated March 28, 2008 and refers all questions of law to this Honorable Court.

3.  CRITERION LABORATORIES, INC. denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered 6 of the First Amended Master Complaint dated March 28, 2008.

## II

### JURISDICTION

4.   CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraphs 8 and 9 of said complaint and refers all questions of law to this Honorable Court.

## III

### VENUE

5.   CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 10 of said complaint and refers all questions of law to this Honorable Court.

## IV

### PARTIES

6.   CRITERION LABORATORIES, INC. denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraphs 11, 12, 12a, 12b, 12c, 12d, 13, 14, 16, 17, 32, and 33 of said complaint.

7.   To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 15, 18, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30 and 31 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

8.   CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 19 of said complaint and refers all questions of law to this Honorable Court.

**V**

**AS AND FOR A FIRST CAUSE OF ACTION
PURSUANT TO LABOR LAW SECTION 200**

9.  To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 50, 51, 52, 53, 54, 57, 58, 59, 60, 61, 62, 63, 64, 65, 70, 71, 72, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 110, 114, 115, 116, 117, 118, 119, 142 and 143 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

10.  CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraphs 36, 47, 48, 49, 55, 56, 73, 74, 75, 85, 93, 107, 108, 109, 111, 112, 113, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140 and 141 of said complaint.

11.  CRITERION LABORATORIES, INC., denied knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraphs 66, 67, 68 and 69 of the first amended master complaint dated March 28, 2008 and refers all questions of law to this Honorable Court.

**VI**

**AS AND FOR A SECOND CAUSE OF ACTION
PURSUANT TO LABOR LAW SECTION 241(6)**

12.  CRITERION LABORATORIES, INC. repeats and reiterates each and every denial and response to the allegations set forth in

paragraphs 1 through and including 144 of the said Complaint with the same force and effect as if set forth at length herein.

13. To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 145, 146 and 147 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

## VII

### AS AND FOR A THIRD CAUSE OF ACTION BASED UPON COMMON LAW NEGLIGENCE

14. CRITERION LABORATORIES, INC., INC repeats and reiterates each and every denial and response to the allegations set forth in enumerated paragraphs 1 through and including 148 of the said Complaint with the same force and effect as if set forth at length herein.

15. To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 149 and 150 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

## VIII

### AS AND FOR A FOURTH CAUSE OF ACTION, ON BEHALF OF DERIVATIVE PLAINTIFF, THE SPOUSE OF THE INJURED PLAINTIFF, HEREIN, WHEREIN HE/SHE SUSTAINED DAMAGES AS A RESULT OF INJURIES SUSTAINED BY INJURED PLAINTIFF DUE TO DEFENDANTS NEGLIGENCE AND STATUTORY VIOLATIONS AND AS OTHERWISE AFOREMENTIONED

16. CRITERION LABORATORIES, INC., repeats and reiterates each and every denial and response to the allegations set forth enumerated in paragraph 1 through and including 151 of the said Complaint with the same force and effect as if set forth

at length herein.

17. CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraph 152 of said complaint.

18. To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 153, 154, 155 and 156 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

## IX

### AS AND FOR A FIFTH CAUSE OF ACTION FOR WRONGFUL DEATH

19. CRITERION LABORATORIES, INC., repeats and reiterates each and every denial and response to the allegations set forth in paragraphs 1 through and including 157 of the said Complaint with the same force and effect as if set forth at length herein.

20. To the extent that the allegations in the first amended master complaint dated March 28, 2008, enumerated in paragraphs 158, 159, 160, 161, 166 AND 167 are directed at CRITERION LABORATORIES, INC., all such allegations are hereby expressly denied.

21. CRITERION LABORATORIES, INC., denies knowledge and information sufficient to form a belief as to each and every allegation contained in paragraphs 162, 163, 164 and 165 of said complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. Plaintiffs have failed to state a cause of action against CRITERION LABORATORIES, INC. upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. Defendant CRITERION LABORATORIES, INC. did not own, operate, manage, maintain or control any of the premises or areas referred to in the First Amended Master Complaint dated March 28, 2008 or any areas or premises referred to in the check-off complaints.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Public Law §107-42, "The Air Transportation Safety and System Stabilization Act," provides an exclusive Federal cause of action for all claims arising from the terrorist-related aircraft crashes of September 11, 2001. To the extent that Plaintiffs' complaints assert a cause of action other than that provided by the aforesaid legislation, such causes of action must be dismissed as a matter of law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

25. The plaintiffs have failed to join all necessary and indispensable parties and therefore, complete relief cannot be accorded to those who are already parties to this action and, therefore, Plaintiffs' actions must be dismissed since Plaintiffs' failure to join all indispensable and necessary parties will result in prejudice to the Defendant CRITERION LABORATORIES, INC.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

26. If the Plaintiffs sustained or suffered damages as alleged in the first amended master complaint and check-off complaints, such damages were sustained by reason of the negligence or other culpable conduct of persons or entities over whom CRITERION LABORATORIES, INC. exercised no control or

supervision and not by any reason of any negligence or culpable conduct on the part of Defendant CRITERION LABORATORIES, INC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

27. Plaintiffs' recovery, if any, must be reduced by the amount of any collateral payments received in accordance with CPLR§ 4545 or applicable state law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

28. Plaintiffs' recovery, if any, must be reduced and/or subject to equitable apportionment under CPLR Article 16 or applicable state law.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

29. The Plaintiffs' recovery, if any, must be reduced by the comparative negligence of the respective Plaintiffs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

30. The Plaintiffs assumed the risk of working at the subject locations.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Any injuries or damages sustained by plaintiffs were brought about by intervening and superceding causes and were not caused in any way by CRITERION LABORATORIES, INC.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

32. The alleged injuries and/or damages allegedly sustained by the plaintiffs were not proximately caused or contributed to by any act or culpable conduct on the part of CRITERION LABORATORIES, INC.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. If the plaintiffs have filed a claim with the "September 11 Compensation Fund of 2001" as provided for by Public Law 107-42, "The Air Transportation Safety and Systems Stabilization Act," then Plaintiffs have waived the right to file a civil action in this Court for damages sustained as a result of the terrorist aircraft crashes of September 11, 2001.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

34. Plaintiffs and/or the decedents' next of kin named as claimants in the Plaintiffs' First Amended Master Complaint dated March 28, 2008 lack capacity and/or standing to maintain this action.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

35. CRITERION LABORATORIES, INC. owed no legal duty to the plaintiffs as a matter of law and cannot be held liable for plaintiffs' alleged damages.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

36. Pursuant to Public Law 107-42 "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," recovery by the Plaintiffs, if any, should be reduced by any collateral source payments that have been or will be paid to the plaintiffs in accordance with the applicable State law.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

37. Pursuant to Public Law 107-42 "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," CRITERION LABORATORIES, INC's. liability, if any must be limited to its

proportionate share in accordance with applicable State law.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

38. Pursuant to Public Law 107-42 "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," if plaintiffs release or enter into a covenant not to sue or enforce a judgment with any other persons claimed to be liable for plaintiffs' damages, the amount recoverable CRITERION LABORATORIES, INC. must be reduced in accordance with applicable State law.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

39. Pursuant to Public Law 107-42 "The Air Transportation Safety and System Stabilization Act," as amended by Public Law 107-71, "The Aviation and Transportation Security Act," limits the amount of damages recoverable from CRITERION LABORATORIES, INC. to its liability insurance coverage.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

40. CRITERION LABORATORIES, INC. did not manage direct or control any clean-up, abatement, demolition, removal, construction or repair work at any time at the certain premises and buildings, or a portion thereof, located in lower Manhattan at the "locations."

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

41. CRITERION LABORATORIES, INC. was not required to provide any respiratory equipment, or protective clothing or equipment to any person or worker in connection with the clean-up abatement, demolition, removal, construction or repair work of

the World Trade Center Disaster Site or any areas affected thereby.

## AS AND FOR A TWENTY FIRST AFFIRMATIVE DEFENSE

42. The Court lacks personal jurisdiction over CRITERION LABORATORIES, INC.

## AS AND FOR A TWENTY SECOND AFFIRMATIVE DEFENSE

43. The Plaintiffs' actions are barred by the Statute of Limitations.

## AS AND FOR A TWENTY THIRD AFFIRMATIVE DEFENSE

44. Plaintiffs are barred by collateral estoppel from bringing the within action.

## AS AND FOR A TWENTY FOURTH AFFIRMATIVE DEFENSE

45. Plaintiffs' damages, if any, must be reduced by reason of plaintiffs' failure to mitigate such damages.

## AS AND FOR A TWENTY FIFTH AFFIRMATIVE DEFENSE

46. Plaintiffs' actions must be reduced pursuant to New York General Obligation Law §15-108.

## AS AND FOR A TWENTY SIXTH AFFIRMATIVE DEFENSE

47. Defendant is immune from suit under Federal and State statutes and doctrines shielding actors from liability when acting in times of emergency.

**AS AND FOR A FIRST CROSS-CLAIM, CRITERION LABORATORIES, INC. HEREBY CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS NAMED IN THIS ACTION FOR ANY NEGLIGENCE ATTRIBUTED BY THIS HONORABLE COURT OR JURY TO SAID CO-DEFENDANTS.**

48. If Plaintiffs allegations are accepted herein, and plaintiffs were damaged by the negligence or violation of statute of

anyone other than plaintiffs themselves, such damages were caused by the negligence and violation of statute(s) and by co-defendants named herein.

49. By reason of the foregoing, if any judgment is rendered herein against CRITERION LABORATORIES, INC. CRITERION LABORATORIES, INC. demands judgment against each and every co-defendant in accordance with the negligence of each co-defendant and liability as apportioned against such co-defendants.

**AS AND FOR A SECOND CROSS-CLAIM, CRITERION LABORATORIES, INC. ASSERTS A CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS HEREIN ON THE GROUNDS THAT CO-DEFENDANTS HEREIN WERE REQUIRED TO DEFEND, INDEMNIFY AND HOLD HARMLESS CRITERION LABORATORIES, INC. PURSUANT TO AGREEMENTS ENTERED INTO BY CO-DEFENDANTS.**

48. Prior to the dates referred to in the First Amended Master Complaint and Check Off Complaints, the co-defendants herein agreed to defend, indemnify and hold harmless CRITERION LABORATORIES, INC. in all actions arising from co-defendants' work at or near the World Trade Center Disaster Site.

49. The co-defendants have breached their agreements to defend, indemnify and hold harmless CRITERION LABORATORIES, INC. herein.

50. By reason of the foregoing, if any amount is adjudged herein against CRITERION LABORATORIES, INC., the respective co-defendants will be liable to CRITERION LABORATORIES, INC. for the amount of said judgment, costs, legal fees and disbursements.

**AS AND FOR A THIRD CROSS-CLAIM, PRIOR TO THE DATES ALLEGED IN THE FIRST AMENDED MATER COMPLAINT DATED MARCH 28, 2008 THE CO-DEFENDANTS HEREIN FAILED TO OBTAIN LIABILITY INSURANCE NAMING CRITERION LABORATORIES, INC. AS AN ADDITIONAL INSURED.**

51. Prior to the dates alleged in the First Amended Master Complaint and Check-Off Complaints, the co-defendants herein agreed to provide liability insurance naming CRITERION LABORATORIES, INC. as an insured.

52. The co-defendants herein have failed to provide liability insurance naming CRITERION LABORATORIES, INC. as additional insured.

53. By reason of the foregoing, said co-defendants have breached their agreements to provide liability insurance naming CRITERION LABORATORIES, INC. as insured.

54. By reason of the foregoing, if any judgment is rendered against CRITERION LABORATORIES, INC. herein, the co-defendants will be responsible and liable to pay such judgment and to pay costs, disbursements and legal fees herein.

WHEREFORE, CRITERION LABORATORIES, INC. demands judgment dismissing the First Amended Master Complaint dated March 28, 2008 and all check-off complaints in their entirety, or in the alternative demands judgment against the co-defendants compelling the co-defendants to defend, reimburse, indemnify and hold harmless CRITERION LABORATORIES, INC. for all attorney's fees from and against all judgments rendered against CRITERION LABORATORIES, INC., or in the alternative CRITERION LABORATORIES, INC. demands judgment against each and every co-defendant herein based upon

their proportionate share of liability or determined by the fact finder herein; and demands costs, fees and disbursements and such other and further relief as this court deems just and proper.

Dated:      New York, New York
            March 5, 2009        Yours, etc.,

                      BY:     _____
                              ERNEST J. PECK - 4730
                              DOWNING & PECK, P.C.
                              Attorneys for Defendant
                              5 Hanover Square - 20th Floor
                              New York, New York 10004
                              212-514-9190

TO:    Worby, Groner, Edleman, Napoli & Bern
       115 Broadway, 12th Floor
       New York, New York 10006

       Gregory Cannata
       233 Broadway
       New York, New York 10279

**VERIFICATION**

STATE OF NEW YORK    )

COUNTY OF NEW YORK   )    ss.:

I, the undersigned, an attorney duly admitted to practice in the courts of New York State, state that I am ERNEST J. PECK, the attorney of record for defendant in the within action; I have read the foregoing, answer to plaintiff's FIRST AMENDED MASTER COMPLAINT and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by said defendants is because said defendants are not presently in the County of New York wherein I maintain my office.

The grounds for my belief as to all matters not stated upon my own knowledge are as follows:  Investigations, reports, etc.

Dated:    New York, New York
          March 5, 2009

_____
ERNEST J. PECK - 4730