```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE: WORLD TRADE CENTER DISASTER     Docket Nos.: 21 MC 100 (AKH)
SITE LITIGATION                                                 21 MC 102
------------------------------------------------------------X    21 MC 103
This Document Applies to All Actions           STIPULATION CONCERNING
------------------------------------------------------------X    COMMON BENEFIT FEES

Whereas Worby Groner Edelman & Napoli Bern, LLP ("WGENB") and Sullivan Papain Block McGrath & Cannavo P.C. ("SPBMC"), serving as Court-appointed 21 MC 100 Plaintiffs' Liaison Counsel ("PLC") since September 8, 2004, have each performed significant legal work for their respective clients and, jointly, for the common benefit of all plaintiffs and claimants ("Plaintiffs") in the 21 MC 100, 102 and 103 litigation, including but not limited to: conducting extensive discovery in the phases of litigation devoted to bellwether cases and the exploration of various governmental immunities; the development of bellwether trial cases; briefing discovery and dispositive motions; preparation and argument of appeals; and the negotiation of a global settlement as set forth in the subject Settlement Process Agreement of June 10, 2010 ("SPA")

It is hereby STIPULATED AND AGREED by and between WGENB and SPBMC that:

1. WGENB and SPBMC each waive their respective rights to recover any Common Benefit fees from the other firm or from any Plaintiff in the 21 MC 100, 102 and 103 dockets represented by the other firm or from any portion of any such Plaintiff's Gross Monetary Recovery, and thus any Common Benefit Attorneys' Fee Assessment shall not apply to any claim or action in the 21 MC 100, 102 and 103 dockets in which WGENB or SPBMC is the Plaintiff's attorney of record; and

2. In consideration of the above, both WGENB and SPBMC waive, with prejudice, their respective rights, if any, to recover Common Benefit Fees from each other or each other's clients; and

3. WGENB preserves its right to seek the recovery of Common Benefit fees from other attorneys who represent Plaintiffs on the EPL who are not represented by SPBMC, with the amount of such Common Benefit Fees to be determined by the Court or, with the Court's permission, by the Court-appointed Special Masters; and

4. SPBMC waives it right, with prejudice, to seek the recovery of Common Benefit fees from other attorneys who represent Plaintiffs on the EPL who are not represented by WGENB.

Dated: September 1, 2010

Worby Groner Edelman & Napoli Bern, LLP
Plaintiffs' Co-Liaison Counsel

Sullivan Papain Block McGrath &
Cannavo P.C.
Plaintiffs' Co-Liaison Counsel

_____
William H. Groner (WG 4914)

350 Fifth Avenue, Suite 7413
New York, N.Y. 10118
(212) 267 3700

_____
Nicholas Papain (NP 1651)

120 Broadway
New York, NY 10271
(212) 732 9000

So ordered as to paragraphs 1, 2 and 4. As to paragraph 3, I plan to establish a procedure to regulate fees between WGENB, as liaison counsel, and other plaintiffs' attorneys other than SPBMC.

September 1, 2010

2