```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN RE WORLD TRADE CENTER DISASTER  :   21 MC 100 (AKH)
SITE LITIGATION                     :   (All Cases)
                                    :
------------------------------------------------------------x
IN RE WORLD TRADE CENTER LOWER      :   21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION  :   (All Cases)
                                    :
------------------------------------------------------------x
IN RE COMBINED WORLD TRADE CENTER   :   21 MC 103 (AKH)
AND LOWER MANHATTAN DISASTER SITE   :   (All Cases)
LITIGATION (straddler plaintiffs)   :
                                    :
------------------------------------------------------------x

## WORKERS' COMPENSATION LIEN COMPROMISE

1.     The Workers' Compensation Carriers and Providers ("Carriers and Providers") who are signatories herein both before and after this agreement is so ordered by the Court, agree that this stipulation shall constitute consent to any settlement offer proffered by any defendant in the action known as In re World Trade Center Litigation. Carriers and Providers will provide a statement, within 14 days of being put on notice of any offer or settlement subject to this agreement, as to the amounts they have paid to and on each plaintiff's behalf, and where appropriate, they will state the amount the carrier or provider will accept in satisfaction of any lien they may claim in accordance with the below provisions, or in the alternative, state that there exists no such current claim of lien ("lien certification notice").

2.     This stipulation between the plaintiffs and the carriers and providers will settle all rights and obligations between the parties hereto with respect to liens and offsets as defined in Section 29 of the New York State Workers' Compensation Law. This

stipulation applies to any recovery received by plaintiffs resulting from In re World Trade Center Litigation. Said recovery shall be the total gross awards from the Captive settlement (without reduction for attorneys fees, costs or liens), as well as from any other MC100 entity/carrier/defendant (the "cumulative gross recovery").

3. The Carriers and Providers agree to exempt the first $11,000 of the cumulative gross recovery received by an individual plaintiff from any claim for lien and offset. If the total of the cumulative gross recovery received by a plaintiff is less than $11,000, the Carriers and Providers will waive any right to claim liens or offsets against that plaintiff's cumulative gross recovery.

4. The Carriers and Providers agree to accept as full satisfaction ("lien satisfaction") of any claimed lien the lesser of (a) 25% of the portion of a plaintiff's cumulative gross recovery in excess of $11,000, or (b) 25% of the claimed lien for benefits paid as of the date of the lien certification notice and as set forth therein. Further, any Carrier who, after the date of the lien certification notice, pays workers' compensation benefits for lost wages for time periods that pre-dated the lien notification notice ("delayed indemnity payments"), may have the right to retain some of these payments ("delayed indemnity payment retention"). Thus for any delayed indemnity payments due and owing to plaintiff, an "augmented lien satisfaction" is calculated, which is 25% of the lesser of (a) the lien amount at the time of the lien certification notice plus the delayed indemnity payment, or (b) the cumulative gross recovery in excess of $11,000, and from this lesser amount, the amount of the original lien satisfaction is deducted. The Carriers and Providers shall deduct the amount of the augmented lien satisfaction from any delayed indemnity payments due and owing.

5. The Carriers and Providers agree to waive their right to offset on any recovery subject to this agreement, and to thereby continue to furnish workers' compensation benefits uninterrupted, with the following exceptions:

    a. Delayed indemnity payment retention defined above.

    b. As to any recovery upon which the Carriers and Providers have paid no benefits as set forth in the lien certification notice, the Carriers and Providers shall have an offset equal to 25% of any cumulative gross recovery by such plaintiff in excess of $11,000, against any amount for any workers' compensation benefit awarded subsequent to the lien certification notice.

6. The plaintiffs and Carriers and Providers further stipulate that the terms stated above concerning payment of the Carriers' and Providers' claim of lien and exercise of offset rights satisfy all legal obligations with respect to the equitable apportionment of attorney fees, and that no additional reduction shall be permitted.

7. If with respect to any one plaintiff, two or more Carriers and Providers claim a lien for payments made, or have been or will be determined by the Workers' Compensation Board to be jointly responsible to pay workers' compensation benefits, said plaintiff's lien repayment shall be calculated and paid to the Carriers and Providers in a proportion commensurate with their lien claims or Workers' Compensation Board determination of responsibility. In no event shall said plaintiff's lien repayment or the Carriers and Providers offset rights be any greater than if there had been only one Carrier and Provider.

8. Any disputes in interpreting or applying this agreement shall be determined by arbitration. Arbitration shall be conducted by the special masters appointed by Judge

Alvin Hellerstein.

9. This stipulation is dependent on the Settlement Process Agreement becoming effective in In re World Trade Center Litigation, and applies only to those plaintiffs who agree to opt into the settlement on or before December 31, 2011.

DATED:
Sep. 14, 2010

SO ORDERED:

HONORABLE ALVIN K. HELLERSTEIN
UNITED STATES DISTRICT COURT JUDGE
SOUTHERN DISTRICT OF NEW YORK

## SIGNATORIES

| [SIGNATURE] | [SIGNATURE] |
|---|---|
| William H. Groner, Esq. [PRINT NAME] | Andrew J. Carboy [PRINT NAME] |
| Worby Groner Edelman & Napoli Bern, LLP [ON BEHALF OF] | Sullivan Papain Block McGrath Cannavo P.C. [ON BEHALF OF] |
| September 8, 2010 [DATE] | Sept 8, 2010 [DATE] |
| [SIGNATURE] | [SIGNATURE] |
| Hal Friedman [PRINT NAME] | Annette Malpica [PRINT NAME] |
| New York State Insurance Fund [ON BEHALF OF] | Consolidated Edison Co. of NY Inc. [ON BEHALF OF] |
| September 10, 2010 [DATE] | September 10, 2010 [DATE] |

| | |
|---|---|
| [SIGNATURE] *Michael J Holman* | [SIGNATURE] *Martin B Schnabel* |
| [PRINT NAME] Michael J Holman | [PRINT NAME] Martin B. Schnabel |
| [ON BEHALF OF] Clmrens | [ON BEHALF OF] NYC Transit Authority |
| [DATE] September 12, 2010 | [DATE] 9/13/10 |