USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
IN RE WORLD TRADE CENTER LOWER          :   21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION      :   (All Cases)
                                        :
-----------------------------------------------------------x
IN RE COMBINED WORLD TRADE CENTER       :   21 MC 103 (AKH)
AND LOWER MANHATTAN DISASTER SITE       :   (All Cases)
LITIGATION (straddler plaintiffs)       :
                                        :
-----------------------------------------------------------x
                                        :
THIS DOCUMENT RELATES TO:               :   **STIPULATION**
All Actions Identified                  :   **CONCERNING**
on the list annexed hereto as Exhibit "1" :   **FILING OF**
                                        :   **NOTICES OF**
                                        :   **CLAIM AND**
                                        :   **AMENDMENT**
                                        :   **OF COMPLAINTS**
-----------------------------------------------------------x

Inasmuch as the parties to this Stipulation dispute whether subdivision 4 of General Municipal Law § 50-i, L. 2009, ch. 440, § 1 ("Jimmy Nolan's Law"), is constitutional and whether persons within its scope must serve a notice of claim and/or file an application to serve a late notice of claim pursuant to General Municipal Law § 50-e as a condition precedent to suit against the Battery Park City Authority; and

Inasmuch as the parties agree that it would be detrimental to the underlying purposes of the current stay in the litigation if the plaintiffs were to henceforth file, and the Battery Park City Authority oppose, applications for leave to serve late notices of claim at this time; and

Inasmuch as the plaintiffs in the actions identified on Exhibit "1" served notices of claim on the Battery Park City Authority after September 16, 2009 and prior to the date of this stipulation,

IT IS HEREBY STIPULATED AND AGREED by and between the Battery Park City Authority and the plaintiffs in the actions listed on Exhibit "1" and made a part hereof, that,

    (1) solely as to the actions listed on Exhibit "1", and, except as set forth in paragraph "8" of this stipulation, the notices of claim served after September 16, 2009

1

and prior to the date of this stipulation shall be deemed to have been timely and properly served pursuant to General Municipal Law §§ 50-e and 50-i as amended by Jimmy Nolan's Law;

(2) solely as to the actions listed on Exhibit "1", where necessary, plaintiffs will amend, file, and serve complaints naming Battery Park City Authority within sixty (60) days of the stay being lifted in the 21 MC 102 and 21 MC 103 dockets, respectively, and any such complaints will be deemed in compliance with General Municipal Law §§ 50-e and 50-i as amended by Jimmy Nolan's Law and incorporate all allegations in paragraph 3, below;

(3) solely as to the actions listed on Exhibit "1", the subject plaintiffs' complaints shall be deemed amended thirty-one (31) days after the service of a notice of claim to include the following allegations, in addition to any other allegations contained therein, with respect to defendant the Battery Park City Authority:

(a) a notice of claim was timely served on the date(s) listed on Exhibit "1" (which may be amended, within thirty (30) days of this order, but only as to the date of service of a notice of claim);

(b) Battery Park City Authority has yet to hold a hearing as required by General Municipal Law § 50-h; and

(c) more than thirty days have passed and Battery Park City Authority has not adjusted the claim;

(4) any such amended complaint shall be deemed (i) filed and served thirty-one (31) days after the service of a notice of claim; and (ii) to be in compliance with General Municipal Law § 50-i(1)(b);

(5) solely as to the actions listed on Exhibit "1", Battery Park City Authority shall be deemed to have timely noticed such actions for a hearing pursuant

2

to General Municipal Law § 50-h and the plaintiffs' listed in Exhibit "1" expressly i) acknowledge receipt of such Notice for a hearing pursuant to General Municipal Law §50-h; ii) consent to a hearing pursuant to General Municipal Law §50-h; and iii) waive any objection to the Battery Park City Authority's right to conduct a hearing pursuant to General Municipal Law §50-h.

(6)     All hearings pursuant to General Municipal Law § 50-h are adjourned and subject to the Court-ordered stay currently in effect and upon expiration or lifting of the stay shall be rescheduled to a mutually agreeable date no earlier than sixty (60) days after the expiration or lifting of the Court-ordered stay;

(7)     notwithstanding any other term, nothing in this stipulation shall in any way limit, restrict or waive the Battery Park City Authority's right (i) to contest the constitutional validity and/or applicability of Jimmy Nolan's Law; (ii) to contest whether the notices of claim listed on Exhibit "1" comply with the requirements of subdivision 2 of General Municipal Law § 50-e; (iii) to contest any and all allegations contained in the notices of claim listed on Exhibit "1"; and (iv) to conduct a hearing pursuant to General Municipal Law § 50-h;

(8)     in the event Jimmy Nolan's Law is determined to be unconstitutional or inapplicable, nothing in this stipulation, including but not limited to paragraphs (1), (2), (3), and (4) shall in any way limit, restrict, or waive the Battery Park City Authority's right to contest the notices of claim listed on Exhibit "1" on any and all grounds, including but not limited to the failure to timely serve a notice of claim or file an application to file a late notice of claim pursuant to General Municipal Law §§ 50-e and 50-i;

(9)     notwithstanding any other term, nothing in this stipulation shall in any way limit, restrict or waive the rights of plaintiffs in the actions listed in Exhibit "1"

3

(i) to contest the applicability of General Municipal Law § 50-e; (ii) to contest the applicability of subdivisions 1 and 3 of General Municipal Law § 50-i; (iii) to contest the applicability of General Municipal Law § 50-h; and (iv) to assert that actions within the scope of Jimmy Nolan's Law are exempt from any and all notice of claim requirements, including, but not limited to those referenced in this paragraph.

Dated: September 16, 2010

_____
Christopher R. LoPalo
Worby Groner Edelman & Napoli Bern, LLP
350 Fifth Avenue, Suite T-207
New York, New York 10018
212-267-3700
*Counsel for plaintiffs*

_____
John M. Flannery
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
3 Gannett Drive
White Plains, New York 10604
914-323-7000
Counsel for defendant, Battery Park City Authority

SO ORDERED: 9/16/10

_____
Hon. Alvin K. Hellerstein, U.S.D.J.

Dated: September ____, 2010

4

EXHIBIT "1"

| File No. | Last Name | First Name | Caption No. | |
|---|---|---|---|---|
| 9431 | Asmal | Carlos | 07cv01462 | 9/23/2009 |
| 9409 | Wolkowicz | Jan | 07cv01728 | 9/23/2009 |