UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
:
IN RE WORLD TRADE CENTER LOWER :
MANHATTAN DISASTER SITE LITIGATION :
------------------------------------------------------------ :
MARIA PENAFIEL, :
:
                            Plaintiff, :
:
   -against- :
:
CITY OF NEW YORK, NYC SCHOOL :
CONSTRUCTION AUTHORITY, NYC :
DEPARTMENT OF EDUCATION, BOROUGH :
OF MANHATTAN COMMUNITY COLLEGE :
and BATTERY PARK CITY AUTHORITY, :
:
                          Defendants. :
------------------------------------------------------------ x

**ORDER SUA SPONTE DISMISSING PRO FORMA COMPLAINT WITHOUT PREJUDICE**

21 MC 102 (AKH)

10 Civ. 6812

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiff Maria Penafiel filed a "Pro-forma Complaint by Adoption" incorporating orders and pleadings from prior lawsuits and advising that more complaints will follow. Plaintiff alleges exposure to noxious fumes and toxic substances on several occasions when she worked as a cleaner of sites affected by the terrorist-related airplane crashes of September 11, 2001. First, plaintiff alleges working twenty hours for the ABC Corporation at 500 Broadway between October 1, 2001, and June 1, 2002, and at 1600 Broadway between November 1, 2001 and November 15, 2001. Second, she alleges working ten hours for the XYZ Corporation at 1600 Broadway between December 15, 2001, and December 16, 2001. Finally, she alleges working six hundred hours for Maxon's Restoration at 345 Chambers Street and at 199 Chambers Street between September 15, 2001, and December 28, 2001. As a result of this exposure, plaintiff alleges various injuries such as gastric reflux, asthma, upper digestive injury, chronic

1

rhinitis, and distal airway dysfunction. She claims federal jurisdiction under § 408(b)(3) of the Air Transportation Safety and System Stabilization Act ("ATSSSA"), 49 U.S.C. § 40101 note.

For several reasons, the complaint is defective. First, no allegation shows why this Court has jurisdiction over alleged injuries incurred at locations as diverse as 500 Broadway, which is at the corner of Broadway and Mercer Street, and 1600 Broadway, which is on Broadway and 49th Street. Second, no allegation shows why any of the defendants sued are liable for plaintiff's alleged injuries. Third, no allegation shows when the claimed injuries presented themselves, demonstrates a relationship to anything done or caused to be done by any of the defendants, or justifies why any of these defendants should have to answer in September 2010 for injuries allegedly sustained as early as October 1, 2001. Finally, apart from these substantive issues, the complaint is prolix and dependent both on other pleadings to which it refers and on orders from other cases with which it is not consolidated. It cannot be answered without undue burden.

For all these reasons, the complaint violates Rule 8 of the Federal Rules of Civil Procedure, which requires "a short and plain statement of grounds for the court's jurisdiction" and "a short and plain statement showing that the pleader is entitled to relief." I therefore order it dismissed. Plaintiff may have until October 11, 2010, to re-plead a complaint legally sufficient under Federal Rule 8.

SO ORDERED.

Dated: September 21, 2010
New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge