```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/29/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
IN RE WORLD TRADE CENTER DISASTER SITE       :
LITIGATION                                    :
------------------------------------------------------------ :   **ORDER DENYING**
IN RE LOWER MANHATTAN DISASTER SITE          :   **RECONSIDERATION**
LITIGATION                                    :   **OF ORDERS**
------------------------------------------------------------ :   **DISMISSING CHECK-**
MARIA PENAFIEL,                               :   **OFF AND PRO-FORMA**
                                              :   **COMPLAINTS**
                    Plaintiff,                :
                                              :   21 MC 100 (AKH)
        -against-                             :
                                              :   21MC 102
CITY OF NEW YORK, et al.,                     :
                                              :   10 Civ. 6812
                    Defendants.               :
------------------------------------------------------------ :   10 Civ. 6824
                                              :
WALTER O'DONNELL,                             :
                                              :
                    Plaintiff,                :
                                              :
        -against-                             :
                                              :
CITY OF NEW YORK,                             :
                                              :
                    Defendant.                :
------------------------------------------------------------ x
ALVIN K. HELLERSTEIN, U.S.D.J.:

      Plaintiffs in the above-captioned cases ask for reconsideration of my orders dismissing their complaints for failure to comply with Federal Rule of Civil Procedure 8. My orders granted leave to replead, and were without prejudice to plaintiffs' substantive rights. See Order Sua Sponte Dismissing Pro Forma Complaint without Prejudice, Penafiel v. City of New York et al., 10 Civ. 6812 (21 MC 102) (S.D.N.Y. Sept. 21, 2010); Order Sua Sponte Dismissing Check-Off Complaint without

1

Prejudice, O'Donnell v. City of new York, 10 Civ. 6824 (21 MC 100) (S.D.N.Y. Sept. 20, 2010).

Motions for reconsideration are authorized by Local Rule 6.3. A party must show "matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is appropriate "to correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983).

Plaintiffs argue that their complaints comply with pleading requirements set out in the Case Management Orders established when this Court approved the Settlement Agreement on June 23, 2010, and because the Case Management Orders place the burden to challenge compliance with them on the defendants. Plaintiffs give no specifics as to how they claim to comply.

In any civil action, a pleading must satisfy Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R. Civ. P. 8(a)(1)(2). With limited exceptions outlined in Rule 9, the pleading requirements of Rule 8 are the standard. Altered or heightened pleading standards may not displace this basic requirement, which "applies to all civil actions." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513-14 (2002) (invalidating the Second Circuit's heightened pleading standard for Title VII cases because it conflicted with Rule 8).

To allow faulty pleadings in this mass-tort action would create needless expense and undue multiplication of proceedings. It is particularly inappropriate to allow such pleadings here, for the counsel responsible for these complaints have had years of

experience with this litigation and should know whom to sue and why, and to allege the pertinent facts clearly and specifically, if, indeed, there is a legitimate claim to be alleged. Counsel should be able to allege with precision and accuracy where and when their clients worked, what injuries their clients suffered, and which defendants caused the injuries. A defendant's motion is not required to dismiss clearly deficient complaints.

Plaintiffs fail to point to a "clear error" or a "manifest injustice" requiring reconsideration. Doe, 709 F.2d at 789. The motion for reconsideration is therefore denied. Plaintiffs retain the balance of time provided in the previous orders to file amended complaints that conform with Rule 8.

SO ORDERED.

Dated: September 29 2010
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3