X:cases\ \lm\LEGAL\SF\Notice of Stay

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION      21 MC 102 (AKH)
------------------------------------------------------------X

                          NOTICE OF STAY

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER LOWER MANHATTAN SITE
LITIGATION where RUDIN MANAGEMENT is a
Named defendant.
------------------------------------------------------------X

**PLEASE TAKE NOTICE THAT**, the attached Orders of Rehabilitation of Atlantic Mutual Insurance Company and Centennial Insurance Company have been entered by the Honorable Eileen A. Rakower of the Supreme Court of the Sate of New York, county of New York and filed with the Clerk of that Court on September 16, 2010. See, Orders of Rehabilitation, attached as Exhibit A.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to the Orders, all parties to actions, lawsuits or special or other proceedings ("Litigation") in which Atlantic Mutual and/or Centennial Insurance are obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from prosecuting, advancing or otherwise taking any action within such Litigation, including but not limited to trials, hearings, conferences or other court proceedings, applications or other requests to the court of any nature, proceedings on defaults, settlements or judgments, service of documents, motions, discovery or any other litigation tasks or procedures for a period of 180 days from the date of entry of this Order.

**PLEASE TAKE FURTHER NOTICE THAT**, defendant Rudin Management is being defended pursuant to policies of insurance issued by Atlantic Mutual.

SEE attached Order dated September 16, 2010, Paragraphs 6 and 7.

Dated:        New York, New York
                 October 26, 2010

                                                          Yours, etc.,

                                                          BARRY, McTIERNAN & MOORE

                                                          By:_____
                                                             Suzanne M. Halbardier (0310)
                                                          Attorneys for Defendant
                                                          RUDIN MANAGEMENT
                                                          2 Rector Street, 14th Floor
                                                          New York, NY 10006
                                                          (212) 313-3600

SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: __Rakower__   PART __15__
                Justice

__Atlantic Mutual Insurance Co,__   INDEX NO. __402424/10__
__et al.__
                                     MOTION DATE _____
            - v -
                                     MOTION SEQ. NO. __01__
__Re:__
                                     MOTION CAL. NO. _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|                                                                   | PAPERS NUMBERED |
|-------------------------------------------------------------------|-----------------|
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... |                 |
| Answering Affidavits — Exhibits                                   |                 |
| Replying Affidavits                                               |                 |

Cross-Motion:  ☐ Yes  ☒ No

Upon the foregoing papers, it is ordered that this motion

FILED
SEP 16 2010
NEW YORK
COUNTY CLERK'S OFFICE

MOTION IS DECIDED IN ACCORDANCE WITH
THE ACCOMPANYING ~~MEMORANDUM DECISION.~~ ORDERS

MOTION/CASE IS RESPECTFULLY REFERRED TO JUSTICE FOR THE FOLLOWING REASON(S):

Dated: __9/14/10__

HON. EILEEN A. RAKOWER

Check one:  ☒ FINAL DISPOSITION   ☐ NON-FINAL DISPOSITION
Check if appropriate:   ☐ DO NOT POST         ☐ REFERENCE
                        ☐ SUBMIT ORDER/ JUDG.   ☐ SETTLE ORDER/ JUDG.

At IAS Part 15 of the Supreme Court of the State of New York, County of New York, at the courthouse, 80 Centre Street, in the County, City and State of New York, on the 14 day of SEPT, 2010.

PRESENT:

HON. EILEEN A. RAKOWER, J.S.C.
-------------------------------------------------------------X

In the Matter of

the Application of

James J. Wrynn, Superintendent of Insurance of the State of New York, for an order of rehabilitation of

ATLANTIC MUTUAL INSURANCE COMPANY and CENTENNIAL INSURANCE COMPANY.
-------------------------------------------------------------X

Index No.: 402425/10

FILED
SEP 16 2010
NEW YORK
COUNTY CLERK'S OFFICE

**ORDER OF REHABILITATION OF ATLANTIC MUTUAL INSURANCE COMPANY**

Petitioner, James J. Wrynn, Superintendent of Insurance of the State of New York (the "Superintendent"), having moved this Court for an order placing Atlantic Mutual Insurance Company ("Atlantic Mutual") into rehabilitation, and upon reading and filing the petition of the Superintendent, duly verified the 23rd day of August, 2010, the affidavit of Eugene Bienskie, sworn to August 18, 2010, and the exhibits annexed thereto; this Court finds that:

1. Atlantic Mutual was incorporated under the laws of the State of New York on April 11, 1842;

2. Atlantic Mutual's statutory home office is located at 100 Wall Street, 28th Floor, New York, New York, 10005;

3. Atlantic Mutual is subject to the New York Insurance Law ("Insurance Law") and, in particular, to Article 74 thereof;

4. Atlantic Mutual is insolvent; and

5.  Atlantic Mutual and the Board of Trustees of Atlantic Mutual have consented, to an entry of an order of rehabilitation pursuant to Article 74 of the New York Insurance Law;

NOW, on motion of Andrew M. Cuomo, Attorney General of the State of New York, it is

ORDERED as follows:

1.  The relief requested in the petition for an order of rehabilitation is granted;

2.  The Superintendent, and his successors in office, are appointed rehabilitator ("Rehabilitator") of Atlantic Mutual and are: (i) vested with all powers and authority expressed or implied under Insurance Law Article 74, in addition to the powers and authority set forth in this Order; and (ii) authorized and directed to take such steps and enter into such arrangements as they deem necessary to take possession and/or control of Atlantic Mutual's property, conduct Atlantic Mutual's business and remove the causes and conditions that make this proceeding necessary as they shall deem prudent and advisable;

3.  The Rehabilitator may deal with the property and business of Atlantic Mutual in its name or in the name of the Rehabilitator;

4.  Notice directing all persons having claims against Atlantic Mutual to file or present their claims to the Rehabilitator is deferred until further order of this Court;

5.  Atlantic Mutual and each of its officers, directors, shareholders, members, depositories, trustees, policyholders, agents, servants, employees, attorneys, managers and affiliates, and all firms, corporations, associations and other persons or entities having any property belonging to or relating to Atlantic Mutual, including but not limited to business records, insurance policies, claims files (electronic or paper), software programs, bank records or any tangible or intangible items of value, shall preserve such property and are directed, upon the Rehabilitator's request, to promptly assign, transfer, turn over and deliver such property to the Rehabilitator or his designees;

6.  Any person or entity providing claims processing services, data processing services, electronic records retention services or other information technology services to Atlantic Mutual shall maintain and preserve all information in its possession ("Information") relating in any way to Atlantic Mutual, wherever located, including but not limited to all documents, data, electronic files and records, computer equipment (*i.e.*, servers and printers), software programs and software licenses owned or leased by Atlantic Mutual and are directed, upon the Rehabilitator's request, to promptly submit all such Information to the Rehabilitator or his designees;

7.  Any bank, savings and loan association, other financial institution or any other entity or person, which has on deposit or in its possession, custody or control of

2

any of Atlantic Mutual's funds, accounts or assets shall immediately upon the Rehabilitator's request and direction: (i) turn over custody and control of such funds, accounts or assets to the Rehabilitator or his designees; (ii) transfer title of such funds, accounts or assets to the Rehabilitator or his designees; (iii) change the name of such accounts to the name of the Rehabilitator; (iv) transfer funds from such bank, savings and loan association or other financial institution; or (v) take any other action necessary for the proper conduct of the rehabilitation proceeding;

8. The officers, directors, shareholders, members, depositories, trustees, policyholders, agents, servants, employees, attorneys, managers and affiliates of Atlantic Mutual and all other persons other than the Superintendent and his agents are permanently enjoined and restrained, except as authorized by the Superintendent, from: (i) transacting the business of Atlantic Mutual, (ii) wasting or disposing of or permitting to be done any act or thing that might waste or dispose of Atlantic Mutual's property; (iii) interfering with the Rehabilitator in the possession, control and management of Atlantic Mutual's property or in the discharge of his duties; and (iv) disclosing the name, address or contact information of Atlantic Mutual's policyholders, or any other information that is proprietary to Atlantic Mutual's or not in the public domain, except as may be authorized by the Rehabilitator;

9. All persons are permanently enjoined and restrained from commencing or prosecuting any actions or proceedings against Atlantic Mutual, the Rehabilitator or the New York Liquidation Bureau, its employees, attorneys or agents, with respect to any claims against Atlantic Mutual;

10. All persons are permanently enjoined and restrained from obtaining preferences, judgments, attachments or other liens, or making any levy against Atlantic Mutual's assets or any part thereof;

11. All parties to actions, lawsuits or special or other proceedings ("Litigation") in which Atlantic Mutual is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise are enjoined and restrained from prosecuting, advancing or otherwise taking any action within such Litigation, including but not limited to trials, hearings, conferences or other court proceedings, applications or other requests to the court of any nature, proceedings on defaults, settlements or judgments, service of documents, motions, discovery or any other litigation tasks or procedures for a period of 180 days from the date of entry of this Order;

12. The Rehabilitator may at any time make further application to this Court for such further and different relief as he sees fit;

13. A copy of this Order shall be served forthwith by certified and regular mail upon: Nancy Hahon, President of Atlantic Mutual, at the statutory home office of Atlantic Mutual, located at 100 Wall Street, 28th floor, New York, NY, 10005.

3

14. The Rehabilitator shall provide notice of this Order to all creditors, claimants and other interested persons by posting on the internet web page maintained by the New York Liquidation Bureau at http://www.nylb.org within 30 days after the entry of this Order;

15. Judicial immunity is extended to the Superintendent in his capacity as Rehabilitator and his successors in office and their agents and employees and such immunity is extended to them for any cause of action of any nature against them, individually or jointly, for any action or omission by any one or more of them when acting in good faith, in accordance with this Order, or in the performance of their duties pursuant to Insurance Law Article 74;

16. This Court shall retain jurisdiction over this matter for all purposes;

17. All further papers with respect to Atlantic Mutual in this proceeding shall bear the caption:

In the Matter of

the Rehabilitation of

ATLANTIC MUTUAL INSURANCE COMPANY

ENTER

_____
HON. JSC EILEEN A. RAKOWER

4

**Index No.:** 21 MC 102 (AKH)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------------

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

-------------------------------------------------------------------------------

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER LOWER MANHATTAN SITE
LITIGATION where RUDIN MANAGEMENT is a
Named defendant.

-------------------------------------------------------------------------------

===============================================================================
## NOTICE OF STAY
===============================================================================

### PLEASE TAKE NOTICE

[ ] **notice of entry** — that the within is a (certified) true copy of an ____ entered in the office of the clerk of the within named Court on _____.

[ ] **notice of settlement** — that a Proposed Order of which the within is a true copy will be presented for settlement before the Honorable _____ one of the judges of the within named Supreme Court, _____ County, _____, at 9:30 a.m. on the ____ day of _____, ____.

Dated:  New York, New York
        October 26, 2010

                                    _____
                                        Suzanne M. Halbardier
                                    BARRY, McTIERNAN & MOORE
                                      Attorneys for Defendant
                                         RUDIN MANAGEMENT
                                    2 Rector Street - 14th Floor
                                      New York, New York 10006
                                            (212) 313-3600
                                       File No.: WTC10000