# WORBY GRONER EDELMAN & NAPOLI BERN LLP

A Partnership of Limited Liability Partnerships
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/15/10

DENISE A. RUBIN
GENERAL COUNSEL
DRUBIN@NAPOLIBERN.COM

December 15, 2010

*Handwritten endorsement:* The request is granted. All amended complaints shall be due January 22, 2011. The date shall not be enlarged again. SO ORDERED. [signature] December 15, 2010

*Via Electronic Mail*
The Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

      Re: *In re: World Trade Center Disaster Site Litigation*
          21 MC 100 (AKH)

Dear Judge Hellerstein:

    On October 21, 2010, this Court granted a request by your undersigned to extend the time limit set forth for re-pleading the later filed matters to comply with the standard set forth in CMO 10, setting the due date for December 22, 2010. In preparing this letter, I am absolutely cognizant of Your Honor's subsequent exhortation to another attorney that the December 22 date would not be further extended. Nonetheless, in light of subsequent developments and applications by the defendants, as well as the amount of time and effort that is being expended daily by most of our office personnel in responding to literally hundreds of deficiency notices by the Captive for the opt-in cases, we write today to ask for a further extension, indeed, an extension more in the line of a brief stay.

    When this Court approved the SPA, you stayed the pending dispositive motions filed by the defendants in February because you correctly reasoned that all of the parties' time and efforts were better directed toward a swift and efficient resolution of the pending cases in settlement. We continue to believe that settlement of the pending matters is the best course. To that end, we ask for a 90-day stay of the order dismissing with leave to re-plead running from December 22, 2010, to allow us time to attempt to reach, with the Court's and the Special Masters' assistance, some reasonable resolution of these later-filed matters.

    *Alternatively, and at a minimum, we respectfully request a 30-day extension running from the December 22, 2010 deadline.* It goes without saying, of course, that any such extension or stay should be applicable to all plaintiffs, not just our clients – thus we hope to avoid a series of follow up requests to Your Honor by other offices.

    As this Court may already be aware, defendants are similarly seeking a further extension of SPA Paragraph 8's deadline, which they believe is warranted given the Court's November 24, 2010 Order Appointing Special Counsel and the likelihood that the Affirmation of Final

Hon. Alvin K. Hellerstein
Re: In re: World Trade Center Disaster Site Litigation
    21 MC 100 (AKH), 21 MC 102 (AKH), 21 MC 103 (AKH)
December 15, 2010, page 2

Settlement Agreement will not be executed until after December 21, 2010. We believe that a stay or further extension on the re-pleading of the dismissed complaints is similarly warranted, just and reasonable under all of the prevailing circumstances.

The affected claimants, many of whom have very serious injuries including cancers and, I am advised by another plaintiffs' counsel, one bilateral lung transplant, should not be prejudiced by the standards set in CMO 10, standards that more closely resemble opposing a dispositive motion by the adversary than a pleading under Rule 8, if we can all, working together, find some path to resolution of their claims. It is our great concern that the new claims face an altogether rougher road than those claimants who brought their actions before April 13, 2010. In other words, we believe that these new claims will not be resolved in a manner consistent with claims filed before April 13, 2010. Among other hurdles these new claims face are the following:

- The rigors of Case Management Order 10 (and the equivalent in the 21 MC 102 and 21 MC 103 master dockets), including production of expert reports in a very short time frame;
- Fed. R. Civ. P. 56.1 Motions to Dismiss. If heard, the population of new claims will likely be dramatically reduced;
- Years more of uncertain litigation;
- Inconsistent resolution;
- Possible Depositions of each and every plaintiff;

By contrast, the SPA, approved by this Court, has brought certainty, efficiency, and consistency to the resolution of claims brought before April 13, 2010. We submit that all claims brought under ATSSA should be afforded the same certainty, efficiency and consistency in line with Congress' intent in vesting exclusive jurisdiction before this Court. Moreover, such consistent resolution of these claims is in line with prior decisions of this Court where the Court has decried inequity between earlier-settling and later-settling plaintiffs, going so far as to invalidate negotiated settlements that "embarrassed" the earlier-settling claimants. *See, e.g., In re: September 11 Litigation*, 567 F.Supp.2d 611 (SDNY 2008).

In addition to the foregoing, we urge Your Honor to agree with us that the purpose of the WTC Captive Insurance Company's retention of approximately $500 million should be to resolve these claims quickly, efficiently and in a manner not inconsistent with the SPA – as opposed to millions of dollars being used in a scorched-earth campaign to vigorously *defend* these new claims.

While the amendment to N.Y. General Municipal Law § 50-i(4) ("Jimmy Nolan's Law") allowed for claims to be brought against the City of New York and other municipalities that were otherwise time-barred, the deadline for filing claims under Jimmy Nolan's Law has since passed as of September 16, 2010. And due to the passage of the deadline under Jimmy Nolan's law, it is unlikely that many claims will *not* be time-barred if brought now or in the future, especially since exposure at the World Trade Center site occurred as long as nine years ago. Moreover,

Hon. Alvin K. Hellerstein
Re: In re: World Trade Center Disaster Site Litigation
    21 MC 100 (AKH), 21 MC 102 (AKH), 21 MC 103 (AKH)
December 15, 2010, page 3

medical literature and experts have informed us that the injuries (other than cancers) commonly found among WTC workers generally would have manifested *years* in the past.

    Accordingly, we respectfully ask this Court's further indulgence to allow us an opportunity to resolve these matters effectively and permanently for our clients and for the clients of other plaintiffs' attorneys. In this way, not only our plaintiffs, but this Court and the settling defendants, can be assured that the SPA and other settlements have truly bought us all the peace and resolution we seek.

                        Respectfully submitted,

                        WORBY GRONER EDELMAN & NAPOLI BERN, LLP
                        *Plaintiffs Liaison Counsel*

                        Denise A. Rubin

cc:

James Tyrrell, Esq.
Margaret Warner, Esq.
Special Masters