USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/16/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

IN RE WORLD TRADE CENTER DISASTER  :
SITE LITIGATION                    :

--------------------------------------------------------- :

IN RE LOWER MANHATTAN DISASTER    :
SITE LITIGATION                   :

--------------------------------------------------------- :

IN RE COMBINED WORLD TRADE CENTER  :
AND LOWER MANHATTAN DISASTER SITE  :
LITIGATION                         :

-------------------------------------------------------- x

**ORDER SETTING HEARING**
**CONCERNING EXTENSION**

21 MC 100 (AKH)
21 MC 102
21 MC 103

ALVIN K. HELLERSTEIN, U.S.D.J.:

Certain Case Management Orders ("CMOs") in the Settlement Process

Agreement, As Amended ("SPA") require the parties to execute individual affirmations of final

settlement by December 21, 2010. Defendants' Counsel ask for an extension of this deadline to

January 31, 2011 to allow certain events in the settlement process to continue. I am reluctant to

grant the request, and certainly not to grant an extension to January 31, 2011.

Counsel propose two justifications for an extension of the deadline in the CMOs,

the work of the Special Counsel with the nonresponsive Eligible Plaintiffs and the problem of

certain deficiencies in the settlement forms provided by several hundred settling Eligible

Plaintiffs.

The Special Counsel has been assigned to address the questions and concerns of a

small pool of Eligible Plaintiffs who did not respond to queries about their intent to settle. His

efforts in this regard end on Friday, December 17, 2010, and a report is due to this Court within

two business days thereafter. The work of Special Counsel does not change the effectiveness of

the settlement, which I approved based on the data provided by the Allocation Neutral and the

Parties' representation that the data represented clear intentions to settle by a sufficient number

of Eligible Plaintiffs. Order, Doc. No. 2256, 21 MC 100 (S.D.N.Y. Nov. 24, 2010).

1

Nor do concerns about deficiencies in existing settlement certifications warrant the kind of delay requested. I am advised that 747 certifications require corrections, but I have not been advised of the nature of these deficiencies or the time it would take to cure them. Moreover, Defendants accepted these certifications as indicative of the individual Eligible Plaintiffs' intent to settle, and represented to this Court that the overall thresholds had been satisfied. These releases are in all likelihood legally effective regardless of the technical shortcomings now being resolved.

After many years of litigation, thousands of Plaintiffs are now set to receive settlement funds, and likely are eager for the funds to begin flowing to them. From this, it is apparent that both Plaintiffs' and Defendants' Counsel are under substantial pressure to finalize the settlement process. In particular, Plaintiffs' counsel are under pressure to fix any deficiencies, for until they do so, their affected clients will not receive any settlement funds—and, by extension, Counsel will not receive related fees. The extension sought by Defendants' Counsel is likely to interfere with the settling Plaintiffs' reasonable expectations unnecessarily. Counsel may discuss all of this with me at a status conference to be held Wednesday, December 22, 2010, at 2:30pm. The date for executing settlement affirmations in the CMOs is extended to December 23, 2010, to abide the conference.

SO ORDERED.

Dated:          December 16, 2010
                New York, New York

                                        _____
                                        ALVIN K. HELLERSTEIN
                                        United States District Judge

2