USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/9/11

GREGORY J. CANNATA & ASSOCIATES
WOOLWORTH BUIDLING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9206   Fax (212) 227-4141
cannata@cannatalaw.com



*Def'ts shall remedy, w/in 21 days, their responses to the* are discovery *questions.*

2-8-11

/s/ Alvin Hellerstein

February 4, 2011

The Honorable Alvin K. Hellerstein
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

RECEIVED
FEB 07 2011
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

Re: WTC  21 MC 102 (AKH) (and as applicable to 21MC103)

Dear Judge Hellerstein,

Following the Court conference of January 31, 2011 and at the direction of the Court, plaintiff and defense liaison, 21MC102 conferred concerning the issue of outstanding discovery responses and/or document exchanges by both plaintiffs and defendants.

**Plaintiffs Position**

Plaintiffs have expressed to defendants that certain deficiencies still exist in the manner in which the defendant Responses and Document exchanges have been uploaded to the Merrill/Lextranet system being utilized by the parties. Additionally, the manner in which the Responses and Documents were prepared and uploaded renders the system virtually useless to examine the defendants uploads. Whether by intent, design or function, the defendants have frustrated the plaintiffs ability to utilize, examine or review these Responses and Document exchanges.

In its most basic form, the problem is that plaintiffs cannot locate with certainty which defendants have responded as there is absolutely no consistency in the manner in which the Responses and Documents have been uploaded. For example, a few defendants have uploaded their responses referring to the defendants name, but many others have identified the Responses only by the attorney, and others have complicated the search by tagging their Document Exchanges labeled as a Discovery Response. Thus, for example, we have to go through thousands of individual documents, unlabeled, to determine which are actually Responses. Further, to the extent that a review can be made, many of the Responses refer to the accompanying documents without any form of identification other than, ie. see bates number 1-200,000).

What we request is really quite simple:

- That we be able to search if a defendant has supplied a Response by searching simply for a particular defendant.

- That the Response to an individual demand actually provide a substantive response rather than a assertion of privilege (all the demands were negotiated with the full approval of the defense group)

- That any specific Response in making reference to the corresponding documents actually identify the documents by the appropriate and specific bates numbers, not just to the entire totality of what is often hundreds of thousands of pages per defendant

- That the documents produced be identified in some fashion so that when doing a search, there is a manner by which to identify them rather that the equivalent of producing a room full of hundreds of boxes and saying the document you are requesting is in one of them

Below is the result of an exhaustive two days of trying to conduct a viable search to provide the defendants with some individual specificity about their deficiencies:

### Documents are Misfiled

1. Many of the documents in the "Responses" category are actually just supporting documents, which should have been filed in their own appropriate section.

   **Poor labeling:** (This is an especially significant problem, as with no standardized and complete labeling and tagging, there can be no effective searching, sorting, or filtering, which essentially renders the Merrill Lextranet database useless)

1. Almost none of the responses are labeled completely (and for a significant number, there has been no attempt to fill out any of the labels whatsoever)

2. There is no uniformity in what kind of information is put into certain labels (i.e. some will put the defendant in the "producing party" tag, while others will put the law firm.)

3. There seems to be no uniformity in what the name of the documents, or their type. (i.e. some responses are labeled as "defendant responses," others as simply "responses," while others use various permutations of abbreviations or naming systems that are internal to various law firms, and difficult for anyone else to make sense of)

    a. Additional, the <u>supporting documents</u> are not labeled by document type (i.e. there is no distinction between a contract or work logs, and the only way to discern what is what is through opening up every individual document and reading it.

**Poor References**

1.  Many of the discovery responses do not reference supporting documents at all.

    a.  One common form of this is an outright objection to disclosure of privileged information (albeit some provide a qualified response).

    b.  Another example is that several responses list that it would be unduly burdensome to provide proper documentation.

    c.  Yet others simply say something along the lines of "please reference documents that will be made available at a later date"

2.  Others that do reference the documents do so without enough specificity (i.e. see documents 1 though 10,000)

3.  Another problem is that supporting documents are often sometimes referenced very specifically, but in a way that is not useful for looking them up on the database (i.e. "See contract between party X and party Y on the date of XX/XX/XXXX" which is very specific, but useless as none of the documents are labeled in such a manner)

I will note for the Court that at the last grand discovery conference between the Plaintiffs and Defendants Liaison, prior to the imposition of the Stay last year, the defense group agreed to bring the system and their responses to a level of searchability addressing these very same complaints proffered by the Plaintiffs at the time. To date, with little exception, we have noticed virtually no improvement or increased clarity in the manner of uploading or the nature of the Responses. I am not sure why the defense group is now hesitant to actually do that which they have already agreed.

Our office has been in contact with the senior representative of Merrill/Lextranet who has advised that a significant part of the problem of not being able to identify Responses and Documents is at the complete fault of the individual defendants counsel in failing to follow the labeling instructions of Merrill/Lextranet (a company retained by the defendants and whose procedures were developed by the defendants). As stated above, the other difficulty, aside from improperly labeling when uploading, is the manner in which defendants have failed to clearly cross-reference their Responses to the documents and their failure to label the documents in any fashion or order.

I will further note that while defense liaison will not agree at this time to so comply or agree that such deficiencies exist, they have agreed to meet with Plaintiffs Liaison and a representative of Merrill in the next two weeks to hopefully resolve these issues. Towards that end, we will of course fully participate with the defendants and Merrill to resolve these issues.

Defendants' Position

Under Case Management Order No. 6, Core Discovery Responses were due in October 2008. More than two years after responses were filed, Plaintiffs now claim that "certain deficiencies" exist in Defendants' responses without identifying *a single Defendant* who has allegedly failed to comply with the Court's Order. Defense Liaison Counsel has requested that Plaintiffs' Counsel identify those Defendants who are not in compliance with the Court's Order so that those Defendants could be contacted and their compliance could be sought. But Plaintiffs' counsel has refused to do so. This inexplicable refusal is unreasonable and runs counter to the purpose and spirit of the meet-and-confer requirement and the Court's directive; if Plaintiffs cannot identify which Defendants they claim are not in compliance, it is impossible for Defendants to remedy the alleged issues. Until Plaintiffs can identify the deficiencies with specificity and the Defendants at issue by name, Defense Liaison Counsel respectfully suggest that no further action is appropriate.

Respectfully submitted,

_____s/_____
Gregory Cannata

_____s/_____
Robert Grochow

_____s/_____
Richard Leff

_____s/_____
Lee Ann Stevenson