```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE      :
LITIGATION                                                                      :
                                                                                           :
-------------------------------------------------------------------   :   **SUMMARY ORDER**
IN RE LOWER MANHATTAN DISASTER SITE         :   **REGARDING RULE 2E**
LITIGATION                                                                      :   **LETTER OF MARCH 1, 2011**
                                                                                           :
-------------------------------------------------------------------   :
IN RE WORLD TRADE CENTER DISASTER SITE     :   21 MC 100 (AKH)
AND LOWER MANHATTAN DISASTER SITE           :   21 MC 102
LITIGATION                                                                      :   21 MC 103
------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On March 1, 2011, the parties, consistent with my Individual Rule 2E, submitted a letter seeking rulings on several issues. My rulings follow.

1. The parties mutually request a stay of proceedings until July 5, 2011, when regulations under the James Zadroga 9/11 Health and Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623, are due to be promulgated. The motion is granted in part and denied in part, consistent with the following terms.

   a. The parties represent that 92 Plaintiffs have opted out of the Settlement Process Agreement, As Amended ("SPA"). Of these 92 Plaintiffs, 70 have cases pending in the 21 MC 100 Master Calendar; 22 have cases pending in the 21 MC 102 and 21 MC 103 Master Calendars. These 92 Plaintiffs opted out of the SPA because they preferred trying their cases to accepting a settlement adjudged fair and reasonable, which more than 95 percent of their fellow Plaintiffs accepted. There is no reason to delay their desire to have their cases

tried, or to defer pretrial proceedings. The motion for a stay in relation to the 92 Plaintiffs who opted out of the SPA is denied.

    b. Plaintiffs' Liaison Counsel, on or before March 23, 2011, shall serve Defendants' counsel with schedules that identify each of these 92 Plaintiffs, the index numbers of their respective cases, the identities of the attorneys principally responsible for their representation and eventual trial and/or settlement, and the Defendants that remain in each case. Plaintiffs shall create one schedule for Plaintiffs in the 21 MC 100 Master Calendar and one schedule for Plaintiffs in the 21 MC 102 and 21 MC 103 Master Calendars. By March 30, 2011, Defendants shall make objections, modifications and/or additions to the schedules. The schedules, as revised (or as showing objections), shall be filed on April 6, 2011.

    c. The parties represent that 195 additional Plaintiffs remain because they were deemed ineligible to settle under the SPA. The motion for a stay is granted with regard to these 195 Plaintiffs. Any Plaintiff among these 195 who wishes to proceed with their case may make an appropriate request to the Court within 21 days of this Order.

2. The parties raise several disputes regarding the revised version of Case Management Order 10 ("CMO 10"), recently submitted by Defendants' counsel for my review.

    a. One issue is the need to continue the services of Technology Concepts and Design, Inc. ("TCDI"). The continuing presence of TCDI is vital

to this ongoing litigation. The database created by TCDI, filled with information from the parties' sworn responses to the court-ordered discovery, will continue to be usable in further pretrial proceedings, in ensuing trials, and in relation to any further cases that may remain in this Court. If there has been, or if there is expected to be, lesser use of the database, TCDI should be responsive to discussions with counsel for lower fees for periods of lesser use.

b. All other issues concerning revised CMO 10, and other matters, will be taken up at the forthcoming case management conference. The status conference shall be held on March 22, 2011, at 2:30 p.m., in Courtroom 14D.

SO ORDERED.

Dated:    March 15, 2011
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge