UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE: WORLD TRADE CENTER DISASTER SITE
LITIGATION

Docket Nos.: 21 MC 100 (AKH)
21 MC 102 (AKH)
21 MC 103 (AKH)

------------------------------------------------------------X

## NOTICE OF APPEAL

Notice is hereby given that the plaintiffs listed on the annexed Appendix "A", each represented by Plaintiffs' Co-Liaison Counsel Worby Groner Edelman & Napoli Bern, LLP hereby appeal to the United States Court of Appeals for the Second Circuit from the Court's February 25, 2011 Order, Entered by the Clerk of the Court on February 28, 2011, which Order declined to compel the WTC Captive Insurance Co., Inc. and its insureds, the City of New York and its contractors to accept the appealing plaintiffs' claims for settlement as "opt-ins" under the Settlement Process Agreement as Amended ("SPA"), finalized on January 5, 2011. Plaintiffs appeal from each and every part of said Order except that portion permitting a renewed application on behalf of plaintiff James Bruno.

Dated: March 28, 2011

Worby Groner Edelman & Napoli Bern, LLP

_____
DENISE A. RUBIN

350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

*Co-Liaison Counsel for Plaintiffs*

## APPENDIX "A" : APPEALING PLAINTIFFS

| PL Last Name | PL First Name | Primary Docket | Master Docket | Eligible for SPA | Opt-In Date |
|---|---|---|---|---|---|
| Asmal | Carlos | 07cv01462 | 21MC102 | YES | 1/10/2011 |
| Bertosen | Kenneth | 06cv10544 | 21MC100 | YES | 1/14/2011 |
| Biglin | Richard | 06cv13620 | 21MC100 | YES | 1/19/2011 |
| Bowers | Ronald | 08CV00616 | 21MC100 | YES | 1/10/2011 |
| DeMatteo | Charles | 05cv09952 | 21MC100 | YES | 1/7/2011 |
| Dow | Frederick | 06cv14615 | 21MC100 | YES | 1/26/2011 |
| Gadry | Stephen | 06cv11186 | 21MC100 | YES | 1/31/2011 |
| Gomez | Edwin | 06CV12106 | 21MC100 | YES | 2/3/2011 |
| Harmon | Chris | 06cv13938 | 21MC103 | YES | 1/7/2011 |
| Holder | Daniel | 09CV02751 | 21MC100 | YES | 1/14/2011 |
| Horning | Doug | 05cv01063 | 21MC100 | YES | 1/25/2011 |
| Howard | Gregory | 06cv10780 | 21MC100 | YES | 1/18/2011 |
| Otero | Tarek | 07CV05033 | 21MC100 | YES | 1/13/2011 |
| Rozakis | William | 06cv10473 | 21MC100 | YES | 1/24/2011 |
| Sanchez | Fernando | 06cv12484 | 21MC100 | YES | 1/7/2011 |
| Syku | Ardian | 06cv09727 | 21MC100 | YES | 1/13/2011 |
| Wnek | Joseph | 06cv15142 | 21MC100 | YES | 1/19/2011 |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/25/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
IN RE WORLD TRADE CENTER DISASTER SITE     :     **ORDER DENYING MOTION**
LITIGATION                                  :     **TO COMPEL**
-------------------------------------------------------------  :
IN RE LOWER MANHATTAN DISASTER SITE         :     21 MC 100 (AKH)
LITIGATION                                  :     21 MC 102
-------------------------------------------------------------  :     21 MC 103
IN RE COMBINED WORLD TRADE CENTER AND       :
LOWER MANHATTAN DISASTER SITE               :
LITIGATION                                  :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      Eighteen Plaintiffs who were eligible to settle their cases under the Settlement Process Agreement, As Amended ("SPA"), but who failed to evince their intent to settle by the deadline of January 5, 2011, have moved to compel the WTC Captive Insurance Company ("WTC Captive") to allow them into the settlement. Settling Defendants oppose the motion, arguing that these Plaintiffs have had many months to consider the terms of the SPA as well as their option to settle or continue with their cases. I hold that as to 17 of these Plaintiffs, no cause is shown to merit compelling the WTC Captive to accept their attempts to settle. The eighteenth Plaintiff, Sergeant James Bruno, is a solder in the United States Army who has served and suffered combat wounds in Iraq. I find that as presented, Sergeant Bruno has provided insufficient facts to render a judgment. I therefore deny the motion as to Sergeant Bruno, with leave to file a new motion within 30 days.

      On June 10, 2010, the parties presented, and I accepted as fair and reasonable, the SPA. Under the SPA, if 95 percent of the Plaintiffs, over 10,500 in total, agreed to settle, the WTC Captive had to provide $625 million in satisfaction of the settlement claims. If more than 95 percent agreed to settle, the WTC Captive must provide additional levels of compensation, depending on the final percentage of settling Plaintiffs. Additionally, the SPA provides a

1

healthcare policy to provide coverage for cancer to settling Plaintiffs. Payments to settling Plaintiffs under the SPA are divided clearly into four categories, with the category of least injured, or "Tier 1" Plaintiffs, receiving $3,250, and the most severely injured, "Tier 4" Plaintiffs, receiving an award between hundreds of thousands of dollars and millions of dollars, depending on the severity of their injuries. This SPA was accepted after I rejected the first iteration in March 2010, which I rejected because it provided too little money for settling Plaintiffs and too much in fees for the Plaintiffs' lawyers.

Under the SPA, Plaintiffs eligible to settle their cases had until September 8, 2010, to complete the paperwork necessary to settle their cases. In early September 2010, the WTC Captive extended that deadline by 60 days, to November 8, 2010. See Agenda for Status Conf., 21 MC 101 (Doc. No. 2183) (S.D.N.Y. Sept. 16, 2010). That date was subsequently enlarged again, to November 16, 2010. See Order Amending Previous Order Regulating Proceedings of Nov. 8, 2010, 21 MC 101 (Doc. No. 2242) (S.D.N.Y. Nov. 9, 2010). On November 18, 2010, after tallying final responses, the parties represented to me, through the Allocation Neutral, that the minimum threshold had been met and the settlement ratified. Over 10,000 Plaintiffs chose to settle their cases. See Endorsed Letter, 21 MC 101 (Doc. No. 2256) (S.D.N.Y. Nov. 19, 2010).

After the SPA was ratified, the Court learned that of the approximately 500 Plaintiffs who remained, approximately 400 had not given any indication of their intent to settle. These individuals either could not be located, or had abandoned their lawsuits, or had declined to continue communicating with their attorneys. I appointed a Special Counsel to assist these missing Plaintiffs, by contacting them and advising them of their rights under the SPA, as well as their options to settle, continue with the litigation, voluntarily dismiss, or do nothing and suffer

2

an involuntarily dismissal. The Special Counsel performed his task diligently, and reported that 45 people had indicated to him their desire to settle their cases. An additional 48 people made the affirmative decision to dismiss their cases voluntarily with prejudice, and 409 people failed to respond, and their cases were dismissed for failure to prosecute.

The 18 Plaintiffs who now move to compel the WTC Captive were among the 409 people who failed to respond to the Special Counsel and the 48 who voluntarily dismissed their cases. These individuals failed to make a decision between June 10, 2010 and November 16, 2010, and failed to respond to the Special Counsel's efforts to help them.[1] Plaintiffs' counsel represent that they informed all 18 that their cases had been dismissed, and only then did any of these Plaintiffs attempt to opt into the SPA.

Of these Plaintiffs, 17 provide no legitimate excuse for such a delay. They provides as reasons (i) an inability to understand the terms of the SPA or the settlement paperwork; (ii) an inability to decide whether or not to settle, and (iii) other commitments, such as caring for ill family members. No doubt thousands of other Plaintiffs faced similar issues in their own lives, but they still managed to make a decision and file their paperwork, whether to settle or to continue litigation, within the generous amounts of time afforded to them. Deadlines are important: the SPA must be given effect, and those who settled must begin to receive their settlement payments as soon as possible. It would be a gross unfairness to put all of those Plaintiffs into flux for the sake of these 17.

The last Plaintiff, Sergeant James Bruno, is another matter. Sergeant Bruno is a soldier in the United States Army who suffered combat injuries while serving a tour of duty in Iraq. Since February 2009, Sergeant Bruno has been receiving comprehensive medical care in a

---

[1] Of the 18 Plaintiffs, 15 have been dismissed for failure to prosecute, and 1 voluntarily dismissed. The status of the remaining 2 cases—which include Sergeant Bruno—is unclear. In any event, Plaintiffs' counsel has represented that they believe all 18 cases have been dismissed for one reason or another.

3

military medical facility. It appears he has undergone numerous surgeries and procedures to address his injuries.

Under the Servicemembers Civil Relief Act ("SCRA"), 50 App. § 501 et seq., active-duty servicemembers are entitled to certain relief from legal process. The law provides:

> If a servicemember, in the opinion of the court, is materially affected by reason of military service in complying with a court judgment or order, the court may on its own motion and shall on the application of the servicemember ... stay the execution of any judgment or order entered against the servicemember.

50 App. § 524(a). It is plausible that Sergeant Bruno has been materially affected by reason of his military service, and that this has impeded his ability to comply with procedures provided by this Court, including communications with Special Counsel. I am reluctant to cause prejudice to a wounded veteran if he can show that his service abroad compromised his ability to make intelligent choices with regard to the SPA.

Sergeant Bruno may, within 30 days, bring a new motion to compel, which should be supported with his affidavit or declaration, or that of a competent representative, describing the nature of his service, his injuries, his medical treatment, his ability to communicate with civilians and with his attorneys, his efforts to monitor the progress of his lawsuit, and how all of this affected his ability to comply with the deadlines of the SPA. Defendants thereafter may file a supplemental brief of their own within 5 days.

The motions of all other Plaintiffs are denied with prejudice, and their cases remain dismissed. The Clerk shall terminate the motion (Doc. No. 2348).

SO ORDERED.

Dated: February __, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

4

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2011, I electronically served (via E-mail) Plaintiffs' Notice of Appeal with copy of the Order appealed, upon the Plaintiffs' and Defendants' Liaison Counsel.

                WORBY GRONER EDELMAN & NAPOLI BERN, LLP
*Plaintiffs'-Appellants' Counsel*
*Plaintiffs' Co-Liaison Counsel*

                DENISE A. RUBIN (DR5591)

350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

*Co-Liaison Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

IN RE: WORLD TRADE CENTER DISASTER SITE
LITIGATION

Docket Nos.: 21 MC 100 (AKH)
21 MC 102 (AKH)
21 MC 103 (AKH)

------------------------------------------------------------X

## NOTICE OF APPEAL

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
*Counsel for* : Plaintiffs
350 Broadway, Suite 7413
New York, New York  10118
(212) 267-3700

The undersigned attorney hereby certifies, pursuant to Fed. R. Civ. P. 11 and  22 NYCRR §130-1.1-a, that I have read the within papers and that to the best of my knowledge and belief they are not frivolous as that term is defined in 22 NYCRR § 130-1.1(c) and Fed. R. Civ. P. 11.

_____
Attorney name:  Denise A. Rubin

PLEASE TAKE NOTICE:
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of an            duly entered in the        office
of the   clerk of the within named court on _____200__.
☐ NOTICE OF SETTLEMENT
that an order                                     of which the within is a true copy,  will be
presented for settlement to the HON.                     one of the judges of the
within named Court, at               on          200___ at_____ O'clock ___.M.

Dated, _____

Yours, etc.

**WORBY GRONER EDELMAN & NAPOLI BERN, LLP**