X:cases\ \lm\LEGAL\SF\N-Liquidation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION        21 MC 102 (AKH)
------------------------------------------------------------X

THIS DOCUMENT APPLIES TO ALL WORLD         NOTICE OF ORDER
TRADE CENTER LOWER MANHATTAN SITE          OF LIQUIDATION
LITIGATION where RUDIN MANAGEMENT is a
Named defendant.
------------------------------------------------------------X

      PLEASE TAKE NOTICE that an Amended Order to Show Cause was filed in all matters involving Atlantic Mutual Insurance Company, attached as Exhibit A.

Dated:    New York, New York
          April 13, 2011

                                            Yours, etc.,

                                            BARRY, McTIERNAN & MOORE

                                            By:_____
                                               Suzanne M. Halbardier (0310)
                                            Attorneys for Defendant
                                            RUDIN MANAGEMENT
                                            2 Rector Street, 14th Floor
                                            New York, NY 10006
                                            (212) 313-3600

# EXHIBIT A

|  | At IAS Part 15 of the Supreme Court of the State of New York, County of New York, at the courthouse, 80 Centre Street, in the County, City and the State of New York, on the 21 day of MARCH, 2011. |
|---|---|

PRESENT:

HON. EILEEN A. RAKOWER, J.S.C.

------------------------------------------------------------x

In the Matter of

the Rehabilitation of

ATLANTIC MUTUAL INSURANCE COMPANY

------------------------------------------------------------x

In the Matter of

the Rehabilitation of

CENTENNIAL INSURANCE COMPANY

------------------------------------------------------------x

Index No. 402424/10

**AMENDED ORDER**
**TO SHOW CAUSE**

Upon reading and filing the annexed Verified Petition of James J. Wrynn, Superintendent of Insurance of the State of New York (the "Superintendent"), duly verified the 8th day of March, 2011 ("Verified Petition"), the affidavit of Peter A. Giacone, Chief Financial Officer of the New York Liquidation Bureau, sworn to March 2, 2011 and exhibits attached thereto, and it appearing that the relief sought should be granted;

NOW, on motion of Eric T. Schneiderman, Attorney General of the State of New York, attorney for the Superintendent, and after due deliberation having been had thereon;

LET all claimants and parties interested in the affairs of Atlantic Mutual Insurance Company ("AMIC") and Centennial Insurance Company ("Centennial") show cause before this Court at IAS Part 15, Room 308 thereof, at the courthouse located at 80 Centre Street in the County, City and State of New York, on the 26th day of, April 2011, at 9:30 o'clock in the a.m.,

or as soon thereafter as counsel can be heard ("Return Date"), why orders should not be made, pursuant to Article 74 of the New York Insurance Law ("Insurance Law"), *inter alia*: (1) converting this rehabilitation proceeding to a liquidation proceeding; (2) appointing the Superintendent and his successors in office as liquidator of AMIC and liquidator of Centennial (collectively, the "Liquidator"); (3) vesting title to AMIC's and Centennial's respective property, contracts and rights of action with the Liquidator; (4) continuing and granting the injunctions provided for in Insurance Law Section 7419, enjoining and restraining all persons from wasting AMIC's and Centennial's respective property, and enjoining and restraining all persons, except as authorized by the Liquidator, from transacting AMIC's or Centennial's respective businesses or disposing of AMIC's and Centennial's respective property, interfering with the Liquidator or this proceeding, obtaining any preferences, judgments, attachments or other liens, or making any levy against AMIC or Centennial, their respective assets or any part thereof; (5) continuing and granting injunctions enjoining and restraining: (i) all parties from commencing or prosecuting any actions or proceedings against AMIC, Centennial, the Liquidator, or the New York Liquidation Bureau, or their present or former employees, attorneys or agents, with respect to this proceeding or discharge of their duties under Insurance Law Article 74; (ii) all parties to actions, lawsuits and special or other proceedings in which AMIC or Centennial is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise, from proceeding with any discovery, court proceedings or other litigation tasks or procedures, including, but not limited to, conferences, trials, applications for judgment or proceedings on settlement or judgment and the making of all liens, levies or other efforts to execute or collect on debts or judgments, for a period of 180 days from entry of the respective orders of liquidation; and (iii) all persons who have first party or New York Comprehensive Automobile Insurance Reparations

Act (No Fault) policyholder loss claims against AMIC and Centennial, from presenting and filing claims with the Liquidator for a period of 90 days; (6) authorizing, permitting and allowing the Liquidator to sell, assign, transfer any and all stocks, bonds, or securities and any real or other property of AMIC or Centennial at market price or at the best price obtainable at private sale; (7) vesting all rights in AMIC's and Centennial's contracts and agreements with the Liquidator, unless the Liquidator expressly terminates such contracts or agreements, in which case all liability under such contracts or agreements shall cease and be fixed as of the date of termination; (8) terminating all existing AMIC and Centennial insurance policies 45 days from the date of entry of the orders of liquidation or upon the expiration dates of such policies, whichever is sooner; (9) requiring that all persons or entities having property and/or information, including, but not limited to, insurance policies, claims files (electronic or paper), software programs and/or bank records owned by, belonging to or relating to AMIC or Centennial shall preserve such property and/or information and immediately, upon Liquidator's request and direction, assign, transfer, turn over and deliver such property and/or information to the Liquidator; (10) extending immunity to the Superintendent in his capacity as Liquidator of each of AMIC and Centennial and his successors in office and their agents and employees for any cause of action of any nature against them, individually or jointly, for any act or omission when acting in good faith, in accordance with the orders of this Court, or in the performance of their duties pursuant to Insurance Law Article 74; and (11) granting such other and further relief as the Court may deem just and proper;

AND sufficient cause having been shown therefor, and the Court having found the form and methods of notice specified herein to be the best notice practicable, it is hereby

ORDERED, that the notice of the Verified Petition and this order to show cause shall be substantially in the form attached hereto and service shall be made by: (i) posting on the Internet web page maintained by the New York Liquidation Bureau at http://www.nylb.org at least 30 days before the Return Date; and (ii) publication in Business Insurance, once a week in two consecutive publications commencing within four weeks of issuance of this order to show cause; and it is further

ORDERED, that the form and methods of notice specified herein are hereby approved as in accordance with the law and as the best notice practicable and shall therefore constitute due and sufficient notice of this order to show cause and the Return Date herein and the Verified Petition and the relief sought therein to all persons and entities entitled to receive such notice; and it is further

ORDERED, that the approved form of notice shall direct that all answering papers and supporting documentation ("Answering Papers") be served on the Superintendent so as to be received at least seven days prior to the Return Date, and that service on the Superintendent shall be made by first class mail at the following address:

> New York Liquidation Bureau
> 110 William Street
> New York, New York 10038
> Attention:  John Pearson Kelly, Esq.
>                    General Counsel

and Answering Papers shall be submitted to this Court at IAS Part 15 at the Courthouse located at 80 Centre Street in the County, City and State of New York, on or before the Return Date; and it is further

ORDERED, that any person or entity that fails to serve Answering Papers as provided herein shall be deemed to have waived any objections to the relief sought in the Verified Petition

and shall be barred from raising objections in this or any other proceeding concerning the matters set forth herein; and it is further

ORDERED, that any person or entity that has served Answering Papers as provided herein shall be deemed to have waived any objections that are not set forth in the Answering Papers; and it is further

ORDERED, the injunctions provided for in the Court's orders of rehabilitation filed on September 16, 2010, shall remain in effect pending the hearing and determination of the petition, including enjoining and restraining: (i) all persons from wasting AMIC's and Centennial's respective property, and enjoining and restraining all persons, except as authorized by the Liquidator, from transacting AMIC's or Centennial's respective businesses or disposing of AMIC's and Centennial's respective property, interfering with the Liquidator or this proceeding, obtaining any preferences, judgments, attachments or other liens, making any levy against AMIC or Centennial, their respective assets or any part thereof, or commencing or prosecuting any actions or proceedings against AMIC, Centennial, the Liquidator, or the New York Liquidation Bureau; and (ii) all parties to actions, lawsuits and special or other proceedings in which AMIC or Centennial is obligated to defend a party pursuant to an insurance policy, bond, contract or otherwise, from proceeding with any discovery, court proceedings or other litigation tasks or procedures, including, but not limited to, conferences, trials, applications for judgment or proceedings on settlement or judgment.

ENTER:

_____
J.S.C.
**HON. EILEEN A. RAKOWER**

Index No. 402424/10

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

---

In the Matter of

the Rehabilitation of

ATLANTIC MUTUAL INSURANCE COMPANY

---

In the Matter of

the Rehabilitation of

CENTENNIAL INSURANCE COMPANY.

---

AMENDED ORDER TO SHOW CAUSE

---

**JOHN PEARSON KELLY**
Attorney for Superintendent of Insurance as Rehabilitator

*Office and Post Office Address, Telephone*

New York Liquidation Bureau
110 William Street
New York, NY 10038
(212) 341-6755
Fax (212) 608-3398

---

**ATTORNEY CERTIFICATION**
The undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, belief and reasonable inquiry, the contentions in the above referenced document(s) are not frivolous.

Dated:   March 21, 2011
         New York, New York

_____
Kimara Patton

---

[ ] NOTICE OF ENTRY
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on the        day of        20
[ ] NOTICE OF SETTLEMENT
that an order                                                of which the within is a true copy will be presented for
settlement to the HON.                                       one of the judges of the within named court, at
                              , on                           20       at
Dated:
                                          Yours, etc.

**JOHN PEARSON KELLY**
Attorney for Superintendent of Insurance as Rehabilitator

*Office and Post Office Address, Telephone*
New York Liquidation Bureau
110 William Street
New York, NY 10038
(212) 341-6755
Fax (212) 608-3398

**Index No.:** 21 MC 102 (AKH)
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------------
IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION
-------------------------------------------------------------------------------------

THIS DOCUMENT APPLIES TO ALL WORLD
TRADE CENTER LOWER MANHATTAN SITE
LITIGATION where RUDIN MANAGEMENT is a
Named defendant.
-------------------------------------------------------------------------------------

===================================================================
## NOTICE OF ORDER OF LIQUIDATION
===================================================================

### PLEASE TAKE NOTICE

[ ]
**notice of** that the within is a (certified) true copy of an
**entry** entered in the office of the clerk of the within named Court on _____.

[ ]
**notice of** that a Proposed Order of which the within is a true copy will be presented
**settlement** for settlement before the Honorable _____ one of the judges of
the within named Supreme Court, _____ County, _____,
at 9:30 a.m. on the ____ day of _____, ____.


Dated:  New York, New York
        April 13, 2011

                            _____
                            Suzanne M. Halbardier
                            BARRY, McTIERNAN & MOORE
                            Attorneys for Defendant
                            RUDIN MANAGEMENT
                            2 Rector Street - 14th Floor
                            New York, New York  10006
                            (212) 313-3600
                            File No.:   WTC10000