

**GREGORY J. CANNATA & ASSOCIATES**
WOOLWORTH BUIDLING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9205  Fax (212) 227-4141
cannata@cannatalaw.com

May 17, 2011

Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Order Directing Submission of Schedules, May 16, 2011</u> ~ 21 MC 100, 21 MC 102, 21 MC 103

Dear Judge Hellerstein;

We are writing seeking clarification of the "<u>Order Directing Submission of Schedules Showing Progress of Settlements and Dismissals</u>," filed May 16, 2011.

The referenced Order speaks to the joint Stipulation by *Plaintiffs Liaison* and Counsel for the Port Authority of New York as well as additional similar stipulations recently submitted *by Plaintiffs' Liaison Counsel* and settling Defendants. The Order additionally references the Stipulation with the Port Authority as dismissing *all claims by all Plaintiffs* who sued the Port Authority. However, to our knowledge, these referenced settlements and associated stipulations apply only to the clients of the Napoli firm. Although it may have appeared to the Court as well as the respective other plaintiffs' law firms in the litigation that Mr. Napoli was negotiating a settlement with the Port Authority as Plaintiffs Liaison on behalf of all the plaintiffs in the litigation, in fact, Mr. Napoli negotiated only a private settlement for his firms plaintiffs.

The second paragraph of the instant Order directs, "By May 20, 2011, Plaintiff's Liaison Counsel shall submit a schedule identifying for each Plaintiff who has chosen to settle under the SPA, which Defendants have been dismissed and which Defendants, if any, remain, pursuant to the settlement with the City and its covered contractors, and pursuant to additional settlements thereafter made." It is unclear if the Court wishes the information only from Mr. Napoli with reference to his clients who are the subject of the submitted Stipulation or if the Court now wishes this additional information from all plaintiffs in all three dockets who have chosen to settle under the SPA.

If the latter, the culling of the information of remaining defendants on a per plaintiff basis, especially those in the 21MC102 (AKH) and 21MC103 (AKH) docket will be very time consuming. Many of those cases have fifty (50) or more defendants still remaining and have to

*1. Responses are required for 21 MC 100, and for claims w/in 21 MC 103 that are embraced by 21 MC 100.*

*2. The schedule should show status of settlements, dismissals, and remaining claims, by index no., by def't. aei. [signature] 5/18/11.*

be reviewed on an individual basis. If the Court is now requesting this information, we would request two weeks additional time beyond May 20, 2011.

Respectfully submitted,


_____s/_____          _____s/_____
Gregory J. Cannata                        Robert A. Grochow


cc by email:
Plaintiff and Defense liaison, 21MC100
Schiff Hardin, LLP