USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/29/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

LEONOR DATIL,

                         Plaintiff,

  -against-

80 LAFAYETTE ASSOCIATES, LLC,

                         Defendant.

---------------------------------------------------------------- x

**ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER**

07 Civ. ~~4198~~ 1488 (AKH)

21 MC 102

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Leonor Datil, a plaintiff in the above-captioned Master Calendar, has moved *pro se* by an Order to Show Cause for equitable relief that, reading the motion as liberally as possible, would (i) compel medical care providers to provide her with care for various ailments she alleges to suffer, (ii) expedite the adjudication of her lawsuit, and (iii) sanction her counsel, Worby Groner Edelman & Napoli Bern LLP, or otherwise require them to compensate her for purported inadequacies in the representation. The motion is denied.

        The gravamen of Datil's motion is that she is suffering substantial maladies due to exposure to toxins during and after the events of September 11, and that she cannot obtain sufficient treatment for them. While the Court is sympathetic to Datil's plight, it cannot alter the fact that she is a Plaintiff who has sued discrete Defendants, alleging legal claims against them and seeking money damages as compensation. The Court has no inherent power to require that Datil receive medical care as a matter of grace.

        Datil also asks to have her case expedited, claiming that she must obtain compensation swiftly in order to receive her needed medical care. This Court is responsible for over two thousand lawsuits in this Master Calendar. Many Plaintiffs have sued multiple

1

Defendants, who themselves have complex, entangled legal relationships. And many Plaintifs are in a position similar to Datil's. These cases require judicial management and control, in a way that progresses them to a resolution in a coordinated manner. The Court will not expedite individual cases.

Finally, Datil also alleges that her counsel have failed to represent her interests adequately, by "removing" her case from active litigation. From a review of the docket sheet, Datil's case is still pending. In any event, a motion made by order to show cause against a client's own attorneys is not the correct posture in which to bring claims that sound in malpractice. If Datil wishes to pursue such claims against her counsel, there are a number of other methods she may use. As it is presented, however, her motion is denied.[1]

For the foregoing reasons, the motion for injunctive relief and for a temporary restraining order, and for relief against Datil's counsel, is denied. The Clerk has not yet docketed the motion, but shall terminate the motion upon doing so.

SO ORDERED.

Dated: August __, 2011
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

---

[1] If Datil does pursue any of these alternative methods, she may do so only in a forum that possesses jurisdiction to consider her claims.

2