USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/2/11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

IN RE LOWER MANHATTAN DISASTER SITE LITIGATION

**ORDER AUTHORIZING SPECIAL MASTERS TO ENGAGE DATABASE VENDOR**

21 MC 102 (AKH)

---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

Pursuant to the case management conference held August 1, 2011 and the ensuing summary order dated August 2, 2011, as amended August 29, 2011, the parties are engaged with the Special Masters in fixing a discovery program and ensuring that the current pretrial practices schedule is followed. To accomplish these objectives, the Special Masters must engage an electronic database vendor. Because of TCDI's effective service in the 21 MC 100 Master Calendar, its overall reliability, and its responsiveness to the requests of counsel for the parties, the Special Masters and the Court, it is the presumptive choice.

By letter dated August 25, 2011, Worby Groner Edelman & Napoli Bern LLP has objected to the appointment of TCDI as the electronic database vendor because of TCDI's higher costs, allegedly, than those of other vendors. Napoli Bern is counsel for a majority of the Plaintiffs in this Master Calendar, but is not Liaison Counsel. Other Plaintiffs do not object, nor does Plaintiffs' Liaison Counsel, Gregory J. Cannata & Associates.

Patton Boggs LLP, co-Liaison Counsel for Defendants, argues strongly for TCDI to be appointed. Their letter of August 30, 2011, shows convincingly that the bid estimates of other vendors are insufficiently based on the tasks that have to be performed, and in other

1

material respects do not give the assurance of the reliability, responsiveness, and overall effectiveness of TCDI.

The approximately 2,000 cases collected in this docket must proceed with due diligence. The ability of an electronic database vendor to organize and report on the discovery, and to work smoothly with counsel, the Special Masters, and the Court is, crucial. The cost differences, given all else in these cases, are marginal.

Accordingly, the objections of Napoli Bern are overruled. The Special Masters are authorized to enter into a contract with TCDI, with costs to be shared between Liaison Counsel for Plaintiffs and Defendants, and with their expenses to be shared among the groups they represent according to Court orders pertaining to such sharing.

SO ORDERED.

Dated: September 2, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge