

**WorbyGronerEdelman &NapoliBern LLP**
ATTORNEYS AT LAW

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/28/11

CHRISTOPHER R. LOPALO
CLOPALO@NAPOLIBERN.COM

September 23, 2011

*Time enlarged to 10/31/11.*
*See order issued this day.*

9/28/11

*[signature]*

*Via Electronic Transmission*
The Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1050
New York, New York 10007-1312

Re:   *In re: Lower Manhattan Disaster Site Litigation*
      21MC102, 21MC103

Dear Judge Hellerstein,

The Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP and the Defendants' Liaison Counsel hereby respectfully submit this joint letter pursuant to rules 1D and 2E for this Court's consideration.

### Worby Groner Edelman & Napoli Bern's Position

This office represents one thousand three hundred three (1333) plaintiffs with pending lawsuits in the 21 MC 102 and 21 MC 103 Master Dockets. On August 29, 2011 Your Honor issued an Order titled "Order Amending Summery Order – August 2, 2011 Conference" ("Order"). A copy of that Order is enclosed for the Court's convenience. Pursuant to paragraph one of this Order, the Court directed all Plaintiffs to answer and swear personally by their own signature, in response to the questions developed by the parties, along with the assistance and guidance of the Special Masters for the Court's database. The thirty-three (33) questions for the Court's database were only finalized on September 1, 2011. Despite the fact that the majority of these same questions were previously answered, verified by our clients and served on the defendants three years ago pursuant Case Management Order No. 6, we have embarked on a expedited campaign to have all 33 of the Court's database questions re-verified by our clients since September 1, 2011 in order to comply with that directive.

It is important to note that the vast majority of the Plaintiffs in these Master Dockets do not speak or read English. Many of these Plaintiffs speak and read only Spanish or Polish. Additionally, many of these Plaintiffs constantly migrate between their native countries and the United States. Therefore a significant amount of our clients are out of the country on any given day. Although we


WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

have personnel in our offices that fluently speak these languages and are able to translate all communications, the language barrier naturally causes delays in preparing verified discovery responses. For example most of the documents that the Plaintiffs are relying upon in support of their cases such as medical records, employment records and union records were generated in English. All of these records need to be translated during our communications with our clients who do not speak or read English. This is an extremely time consuming process especially when a tremendous amount of care is being put in this effort so no discovery responses are lost in translation.

Furthermore, the answers to some of these 33 questions are constantly changing for these Plaintiffs. For example, answers to questions (7) What is P's current occupation?, (23) For which diagnosed condition(s)/injury(s)/diseases(s) does P seek recovery, (24) For which Tier does P claim that his/her condition(s)/injuries(s)/disease(s) qualifies?, (25) What sub-category of the Tier does P's injury fall?, and (27) What surgery(s) did P undergo?, are the questions where answers most frequently change as these Plaintiffs switch jobs and continue to seek medical treatment. All of this information and documentation that our clients, their medical providers and their employers constantly provide our office all need to be carefully reviewed, verified, categorized and in some instances translated in order to prepare the most updated and accurate discovery responses possible. This task takes the cooperation of not only the Plaintiffs but also cooperation from their medical providers, employers, and unions in timely providing our office with the documentation it needs in order to have meaningful communications with our clients and prepare the most up to date and accurate discovery responses as possible.

As mentioned above, our office has a tremendous amount of information on our clients since the majority of the answers to these 33 questions were verified by our clients and served on the defendants three years ago. If fact, the information obtained from these answers were used during the settlement discussions with the 21 MC 102 defendants before such settlement discussions were halted by the enactment of the JAMES ZADROGA 9/11 HEALTH AND COMPENSATION ACT OF 2010, Pub. L. No. 111-347, 124 Stat. 3623 ("Zadroga Act"). Additionally, our office is constantly receiving updates from our clients and their medical providers. We expect that all of this information will be used again for settlement purposes once the ninety (90) day period pursuant to the Zadroga Act expires for those who wish to discontinue their lawsuits have expired.

In our effort to comply with the Court's schedule and to move these cases forward, tomorrow our office plans on submitting to TCDI answers to 33 questions for our 1333 clients in the 21 MC 102 and 21 MC 103 Master Dockets provided that liaison counsel has a signed contract with TCDI. It is our understanding that liaison counsel currently does not have a signed TCDI but one may be imminent. There is obvious confidential information in our submission and we want to make sure that such information is protected. Furthermore, we do not know if TCDI has yet to develop a database for these dockets that is operational. Our office has not been provided with any URL address or login information for the database. In any event, we will provide TCDI with our clients responses tomorrow if there is a signed contract or however the Court instructions otherwise.

Although our office is prepared to submit responses to TCDI on behalf of 1333 of our clients tomorrow, we will need additional time to obtain all of their updated written verifications by tomorrow. As a result we respectfully request an additional thirty (30) days, from September 22, 2011 until October 24, 2011 to obtain the remaining signed verifications. If such an extension is granted we will continue to submit the verification to TCDI on a rolling basis as they are signed by our clients. In the


WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

meantime we plan to submit all of the signed verification we have far on TCDI provided there is a signed contract.

It should also be noted that some of our clients have indicated that they would like to withdraw their lawsuits and file a claim with the Victims' Compensation Fund. As a result we will be preparing appropriate stipulations of dismissals of those claims and submitted those to the Court in lieu of proving verifications.

This portion of this letter was originally submitted to the Court in a letter on September 21, 2011. The Court rejected such letter without prejudice, for failure to comply with individual rules 1D and 2E. This is our first request for an extension of time on this matter. The next Court conference in this matter is currently scheduled for October 11, 2011 at 10:30AM.

### **Defendants' Position**

As the Court is aware, the undersigned is a member of the Defendants' Liaison Committee. This response is submitted on behalf of the Committee.

The defendants have no objection to the extension of time sought by plaintiffs. It appears this additional time will ensure the responses provided by plaintiffs will be correct and accurate, thereby better enabling the Court and the parties to make educated and informed selections of cases to proceed with discovery.

Respectfully submitted,

/s/
Christopher R. LoPalo
Worby Groner Edelman & Napoli Bern, LLP

/s/
Richard E. Leff
On Behalf of the Defense Liaison Committee

cc: Special Masters
    Defendants' Liaison Counsel