UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
IN RE LOWER MANHATTAN DISASTER SITE
LITIGATION

**ORDER AMENDING**
**SUMMARY ORDER—**
**AUGUST 2, 2011 CONFERENCE**

21 MC 102 (AKH)
------------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On August 2, 2011, I convened a status conference in this Master Calendar. At the conference, I lifted the stay on discovery and pretrial practice that had been put in place earlier this year. See Summary Order, In re Lower Manhattan Disaster Site Litig., 21 MC 102 (Doc. No. 3987) (S.D.N.Y. Feb. 2, 2011). The following discovery and pretrial issues were raised and discussed.

1. Liaison Counsel for the Plaintiffs and Defendants shall meet and confer with the Special Masters, to devise a list of questions that each Plaintiff must answer, and swear to personally by their own signature. The answers shall be collected and housed in a database by a neutral vendor. The Court suggests that TCDI be contracted to house the database, for it has familiarity with this litigation, due to its experience in the 21 MC 100 litigation. The parties remain free to seek an alternative neutral vendor of their agreed-upon choice, but in no event will the Court adjourn or enlarge deadlines set forth in this Summary Order to accommodate the selection process.

2. All Plaintiffs and Defendants are required to complete the questionnaires in a timely fashion. Any Plaintiff who fails to fill out his or her questionnaire in a time period that enables the other aspects of this discovery program to proceed

1

shall be liable to be dismissed for failure to prosecute their case. Any Defendant who fails to fill out their questionnaire shall be liable for sanctions, which may include a default judgment against them.

3. After Plaintiffs supply their questionnaires, the Special Masters shall select 150 cases that they believe merit early advancement through discovery.

4. After the Special Masters receive this report, the parties and the Court shall select cases for full discovery. Plaintiffs' Liaison Counsel, in consultation with the other plaintiffs' attorneys, shall select 15 cases. Defendants' Liaison Counsel shall do the same. Each side shall submit their selections to the Court, which will then select an additional 15 cases, yielding 45 cases to be advanced through full discovery. If Plaintiffs' and Defendants' Liaison Counsels' choices overlap, the Court will supply the needed cases. By October 5, 2011, Liaison Counsel shall supply their choices to the Court. The Court will provide the list of forty-five cases at the next status conference, scheduled for October 11, 2011, at 10:30am.

5. Plaintiff's Liaison Counsel expressed a desire to revisit the question of this Court's subject-matter jurisdiction to adjudicate these cases. Plaintiffs' Liaison Counsel retains the discretion to make any appropriate motion. If the motion is received, the Court will advise any potentially interested parties if an opposition is required.

6. Plaintiff's Counsel from Worby Groner Edelman & Napoli Bern LLP sought the appointment of Professor Roy D. Simon, Jr., to assist them in drafting letters to their clients, to advise their clients of their options in litigation or in the new Victim Compensation Fund provided by the James Zadrogra 9/11 Health and

Compensation Act of 2010, Pub. L. No. 111-347, 124 Stat. 3623 (2011). The Court understands the utility of the request, but makes no ruling.

7. Plaintiff's Liaison Counsel sought to lift the current order prohibiting third-party practice in this Master Calendar. Doing so at this time will allow such a proliferation of cross-claims and third-party claims (and counterclaims) as to make the litigation unmanageable. Plaintiff's Liaison Counsel may seek to revisit the issue at a later date. Nothing in this decision prohibits any party to this litigation from serving third-party subpoenas on non-party individuals or entities suitable for deposition.

8. The next status conference shall be held on October 11, 2011, at 10:30am. At that time, the 45 cases chosen to proceed in discovery shall be announced, and next steps discussed. A follow-up conference is scheduled for November 1, 2011, at 10:30am, to discuss progress made, and any needed adjustments.

SO ORDERED.

Dated: August __, 2011
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3