UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE WORLD TRADE CENTER LOWER      :       21 MC 102 (AKH)
MANHATTON DISASTER SITE LITIGATION   :
---------------------------------------------------------------x
IN RE COMBINED WORLD TRADE CENTER   :       21 MC 103 (AKH)
AND LOWER MANHATTAN DISASTER SITE   :
LITIGATION (straddler plaintiffs)               :
---------------------------------------------------------------x

## MEMORANDUM OF LAW AND FACTS IN SUPPORT

Worby Groner Edelman & Napoli Bern, LLP represents 1331 Plaintiffs in the 21 MC 102 (AKH) and 21 MC 103 (AKH) master dockets. On August 29, 2011 the Court issued an Order directing the Plaintiffs to answer and to personally verify by their signature, certain discovery questions stored in a database by a neutral vendor (TCDI, Inc.). *See* Order Amending Summary Order – August 2, 2011 Conference dated August 29, 2011, annexed here as Exhibit 1. Subsequently, on September 28, 2011, the Court issued an Order setting a deadline of October 31, 2011 for the Plaintiffs to submit their signed Certifications. *See* Order Enlarging Time to Submit Sworn Answers dated September 28, 2011 as Exhibit 2. On September 28, 2011 the Court issued an Order setting forth a schedule for the selection cases to proceed through discovery an trial. *See* Amending Order Setting Revised Dates for Selecting Cases for Discovery dated October 5, 2011 as Exhibit 3. In that October 5, 2011 Order, this Court directed the Special Masters to select 150 cases by November 14, 2011 from which the parties and the Court would each choose 15 cases for intensive discovery and trial.

Most recently, on November 8, 2011 the Court, issued a *sua sponte* Order addressing certain Plaintiffs' Certifications of their discovery responses. *See* Order Directing Special Masters Not to Proceed with Irregularly Sworn Cases as Exhibit 4. In that Order, this Court ruled that those Plaintiffs who signed a Certification stating, in relevant part, "I verify that the

foregoing responses are true and correct to my knowledge. I am aware that if any of the foregoing responses are willfully false, I am subject to punishment" do not comply with 28 U.S.C. § 1746. The Court further instructed the Special Masters include those cases in their November 14, 2011 selection where the answer to the court-ordered interrogatory is not properly sworn to, under oath conforming to Fed. R. Civ. P. 33(b)(1), (3), (5); or properly declared under penalty of perjury conforming to 28 U.S.C. § 1746. Additionally, the Courted ordered that those Plaintiffs affected by the November 8, 2011 Order must show cause by 4:00 p.m. on November 18, 2011, why their cases should not be dismissed pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and/or otherwise be sanctioned.

As of November 8, 2011 One thousand three hundred one ("1331") Plaintiffs represented by our office could be affected by the Court's November 8, 2011 Order notwithstanding the fact that one thousand three hundred fifty four ("1154") of them previously signed certifications that Counsel, in good faith, believed to be "substantially similar" to the statutory language which was, nonetheless, deemed by this Court to be noncompliant with 28 U.S.C. § 1746. Since then, three hundred seventy nine ("379") Plaintiffs have signed and submitted updated certifications in an effort to comply with the Court's November 8, 2011 Order. A list of these Plaintiffs (*i.e.,* those who have completed the updated Certification) is attached to these papers as Exhibit 5. Plaintiffs' counsel is continuing its efforts to bring all of its remaining eight hundred seventy one ("871") clients into compliance with the Court's November 8, 2011 Order. In the interim, some of our clients have made a decision to withdraw their lawsuits and file a claim with the Victims' Compensation Fund pursuant to the JAMES ZADROGA 9/11 HEALTH AND COMPENSATION ACT OF 2010, Pub. L. No. 111-347, 124 Stat. 3623 ("Zadroga Act"). As a result, our office is working on

preparing the appropriate stipulations of dismissals for those cases rather than certifying discovery responses for those cases.

Communications with all 1331 individuals is a very time consuming process. Many individuals are not English speakers, hence they require interpreters to explain the Court's Order. As mentioned above, we have submitted 379 updated certifications on behalf of our clients since November 8, 2011. We expect to have large number of the remaining updated certifications by November 18, 2011. However, given the inherently unpredictable delays in communicating with all of our clients, processing all of the paperwork and the tremendous effort our clients have shown in proceeding with their claims, we respectfully request an additional two weeks, until December 2, 2011 for our clients to comply with the Court's November 8, 2011 Order. We further request that the Special Masters be permitted to included plaintiffs affected by the November 8, 2011 Order in the group of 150 cases of which the parties and the court are to select cases for discovery and trial provided the Plaintiffs chosen immediately comply with the Court's November 8, 2011 Order.

WHEREFORE, the 871 Plaintiffs identified on Exhibit 6 represented by Worby Groner Edelman & Napoli Bern, LLP, respectfully request an extension of time until December 2, 2011 to comply with the Court's November 8, 2011 Order and seek permission for the Special Masters to include cases in the group of 150 cases of which the parties and the Court are to select cases for discovery and trial provided such that such Plaintiffs immediately comply with the Court's November 8, 2011 Order.

Dated: New York, New York
      November 14, 2011

    /s/ Christopher R. LoPalo_____
Christopher R. LoPalo (CL-6466)
Worby Groner Edelman & Napoli Bern, LLP
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700