

PATTON BOGGS
ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

December 9, 2011

VIA OVERNIGHT AND ELECTRONIC MAIL

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

Re:  In Re: World Trade Center Lower Manhattan Disaster Site Litigation, 21 MC 102 (AKH)

Dear Judge Hellerstein:

Plaintiffs' Liaison Counsel ("PLC") and Defendants' Co-Liaison Counsel ("DLC") jointly submit this letter to the Court. Due to the criteria and conditions imposed by the Zadroga Act and its Regulations, Plaintiffs wishing to file a claim with the September 11th Victim Compensation Fund must withdraw their pending World Trade Center litigation prior to January 2, 2012. Payments from the Fund are contingent upon an Order of the Court dismissing the claim or confirming the discontinuance. So as not to prejudice the rights of those plaintiffs wishing to withdraw their litigation and apply to the Victim Compensation Fund for compensation and for reasons further enunciated below, PLC and DLC propose that the Court sign an Order in the form annexed hereto implementing a procedure to effectuate such dismissals in a timely manner

As your Honor is aware, the Zadroga Act has reopened the VCF to certain individuals who were previously ineligible. Included in that category, are a number of plaintiffs in the 21 MC 102 and 103 litigation. Section 405 (c)(3)(c)(ii) of the Zadroga Act states that "a party to a civil action …may not submit a claim under this title unless such individual withdraws from such action by [January, 2, 2012]." The deadline for withdrawal of a civil action is Jan. 2, 2012. Moreover, the Zadroga Act provides that: "[u]pon the submission of a claim under this title, the claimant waives the right to file a civil action (or to be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001 or from damages arising from or related to debris removal." See, Zadroga Act; Section 405 (c)(3)(c)(i).

Plaintiffs' Counsel recently advised the Special Masters of the need for a mechanism to effectively achieve withdrawals of cases by January 2, 2012 to allow plaintiffs thereafter to file

Handwritten annotation (Judge Hellerstein):
Appl'n denied. There is no need for any special procedure. Stipulations shall be submitted to the clerk and will then be submitted to me, to be so ordered. The clerk will date-stamp all stipulations upon filing.
12/12/11
AKH


**PATTON BOGGS**ᴸᴸᴾ
ATTORNEYS AT LAW

December 9, 2011
Page 2

claims with the VCF. While parties customarily execute stipulations to be "so ordered" in these circumstances in conformity with Fed. R. Civ. P. 41(a)(1)(A)(ii), the large number of defendants, often fifty or more, in each case make such an approach infeasible given the time constraints.

Accordingly, PLC and DLC propose that pursuant to Fed. R. Civ. P. 41(a)(2), once an individual files a withdrawal or notice of withdrawal with the Court, the civil action shall be deemed dismissed with prejudice but without costs. With such an Order, as proposed, in place, this would obviate the timely and arduous process for plaintiffs and defendants to execute and co-execute extensive Stipulations, submit them to Your Honor for review and signature and then file with the Clerk. .

The PLC and DLC request Your Honor's timely review of this matter and the attached Proposed Order.

Respectfully submitted,

_____s/_____
Gregory J. Cannata
GREGORY J. CANNATA & ASSOC.
Plaintiffs' Liaison Counsel

_____s/_____
Robert A. Grochow, esq
Counsel, Plaintiffs Liaison

_____/s_____
Richard Leff, Esq.
MCGIVNEY & KLUGER, P.C.
Defendants' Co-Liaison Counsel

_____/s_____
Lee Ann Stevenson
KIRKLAND & ELLIS LLP
Defendants' Co-Liaison Counsel

_____/s_____
John M. Flannery, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
Defendants' Co-Liaison Counsel

118160



December 9, 2011
Page 3

/s
Philip Goldstein, Esq.
MCGUIRE WOODS LLP
Defendants' Co-Liaison Counsel


/s
Stanley Goos, Esq.
HARRIS BEACH PLLC
Defendants' Co-Liaison Counsel

/s
William J. Smith, Esq.
FAUST, GOETZ, SCHENKER & BLEE LLP
Defendants' Co-Liaison Counsel

/s
James E. Tyrrell, Jr., Esq.
PATTON BOGGS LLP
Defendants' Co-Liaison Counsel

/s
Thomas A. Egan, Esq.
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
Defendants' Co-Liaison Counsel

118160

Judge wrote:

"Application denied. There is no need for any special procedure. Stipulations shall be submitted to the Clerk and will then be submitted to me, to be so ordered. The Clerk will date-stamp all stipulations upon filing.

12/12/11
Alvin K. Hellerstein"