UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

IN RE: WORLD TRADE CENTER LOWER                21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION             21 MC 103 (AKH)

-------------------------------------------------------------

This document pertains to all cases listed in
Schedules 1, 2, and 3

------------------------------------------------------------- x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT
MOTION TO DISMISS CERTAIN CASES PURSUANT TO
DECEMBER 22, 2011 COURT ORDER**

# PRELIMINARY STATEMENT

In its Order of December 22, 2011, the Court directed defendants in the 102 and 103 dockets (collectively "Defendants") to file motions against plaintiffs who admitted in their recent interrogatory responses that they seek recovery from Defendants even though they do not suffer from any diagnosed condition, injury, or disease. The Court noted further that nearly a quarter of these plaintiffs had failed to properly swear to their interrogatory responses. (Ex. A to the Declaration of Lee Ann Stevenson dated January 11, 2012 ("Stevenson Decl.").)

In compliance with, and in the spirit of, the Court's December 22 Order, Defendants now move against two groups of plaintiffs in the 102 and 103 dockets. First, under Federal Rule of Civil Procedure 56 and pursuant to the Court's express direction,[1] Defendants move for summary judgment against the 281 plaintiffs on Schedule 1 who, despite asserting claims for negligence and breach of New York State Labor Law §§ 200 and 241(6), now admit that they do not suffer from any diagnosed condition, injury, or disease as a result of their World Trade Center-related work. Under New York state law, these plaintiffs cannot maintain their causes of action against Defendants and their cases should be dismissed. Second, under Federal Rules of Civil Procedure 37 and 41, Defendants move against the 132 plaintiffs listed on Schedule 2 who failed to properly verify their interrogatory responses by the Court's December 2 deadline. These plaintiffs—like those dismissed in the Court's Order of December 8, 2011 (Ex. B to Stevenson Decl.)—have demonstrated a marked disregard for the Court's many orders and admonitions, thus hampering the Court's and Defendants' ability to assess the merits of their cases and proceed in an orderly fashion with additional pretrial discovery. These plaintiffs, or their counsel, have failed to adhere to even the most basic of obligations in federal civil discovery,

---

[1] All Defendants hereby reserve their right to move again under Rule 56 in the cases listed on Schedule 1 if the present motion is denied or if these cases are later reinstated.

1

betraying their indifference to the complexity and expense of this litigation as well as the serious accusations that they have leveled in it. Such disregard should not be countenanced, and the Court should dismiss these plaintiffs' claims for failure to prosecute.[2]

## STATEMENT OF FACTS

This mass-tort litigation arises out of the September 11, 2001 terrorist attacks on New York City. To manage the thousands of cases consolidated in the Southern District of New York, the Court created three master dockets—21 MC 100, 21 MC 102, and 21 MC 103. The 392 cases subject to the present motion all reside in the 102 and 103 dockets (the "Combined Dockets").

To efficiently advance the Combined Dockets,[3] in its Order of August 29, 2011, the Court set out a process for the selection of 45 plaintiffs to proceed through full pretrial discovery. (Ex. C to the Stevenson Decl.) At the core of this process is the TCDI database, which pursuant to the Court's directive is funded by the parties in this litigation to store, in a searchable fashion, each active plaintiff's answers to a set of court-ordered interrogatories. (*See id.*) The Court's August 29 Order stated that each plaintiff must personally swear to his or her interrogatory responses by signature.

In its Order of September 28, 2011, responding to a request to relax the requirement that plaintiffs' interrogatory responses be duly sworn to, the Court confirmed that, consistent with Federal Rule of Civil Procedure 33, each interrogatory must be answered "separately and fully in writing under oath." (Ex. D to Stevenson Decl.) To "avoid defaults," the Court allowed

---

[2] Schedule 3 is a combination of Schedules 1 and 2, with the duplicate cases—or those plaintiffs subject to dismissal under both Rule 56 and Rules 37 and 41—removed. Should the Court grant this motion on all grounds, as Defendants urge, the 392 plaintiffs on Schedule 3 should be dismissed from the litigation.

[3] The Combined Dockets have, at various times, been stayed while the Court and relevant parties focused on discovery in the 100 docket, leading to the resolution of nearly all cases in that docket.

2

plaintiffs and their counsel until—"but not beyond"—October 31, 2011, to provide proper certification of their responses. The Court further noted that the plaintiff-selection process would be delayed owing to this enlargement.

In its Order of November 8, 2011, the Court again provided plaintiffs and their counsel additional time to submit certifications, pushing the deadline forward to November 14, 2011. (Ex. E to Stevenson Decl.) The Court reiterated that, consistent with its remarks on record at an October 18, 2011 hearing, plaintiffs' certifications must be supported by an official oath or sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746. The Court accordingly rejected approximately 1,155 improper plaintiff declarations and required all plaintiffs failing to properly certify their responses to show cause by November 18, 2011, why their cases should not be dismissed for failure to prosecute. Again, the dates for plaintiff-selection had to be adjusted.

On November 17, 2011, the Court granted a motion by Worby Groner Edelman & Napoli Bern, LLP (the "Napoli Firm") to again extend the deadline for plaintiffs to submit certification of their interrogatory responses—this time until December 2, 2011. (Ex. F to Stevenson Decl.) Noting that this enlargement further delayed the plaintiff-selection process, the Court's Order stated that "[n]o further enlargements will be granted."

As of the Court's December 2 deadline, the Napoli Firm had submitted interrogatory responses to TCDI for 1,330 plaintiffs in the Combined Dockets. (Affidavit of Alfred Edward Adams VI dated January 11, 2011 ("Adams Aff.") ¶ 4.) In response to an interrogatory asking "[f]or which diagnosed condition(s)/injury(s)/disease(s) does [Plaintiff] seek recovery," 281 of these plaintiffs responded, "None." (*Id.* ¶ 5.) Further, only 1,053 Napoli plaintiffs had submitted certifications to TCDI as of the December 2 deadline, leaving 277 plaintiffs who submitted interrogatory responses without complying with the Court's various orders. (*Id.* ¶ 6.)

3

On December 3, 2011, the Napoli Firm requested, yet again, to extend the certification deadline—this time on behalf of 170 plaintiffs who had failed to properly certify their interrogatory responses by December 2.[4]  (Ex. G to Stevenson Decl.)  In its Order of December 8, 2011, the Court denied the Napoli Firm's motion and dismissed, with prejudice, the claims of the 170 moving plaintiffs.[5]  (Ex. B to Stevenson Decl.)

# ARGUMENT

### I. Defendants Are Entitled to Summary Judgment Against Plaintiffs Who Now Admit That They Do Not Suffer From Any Diagnosed Condition, Injury, or Disease.

Pursuant to Federal Rule of Civil Procedure 56, and as a matter of New York state law, Defendants in the Combined Dockets are entitled to summary judgment against the 281 plaintiffs on Schedule 1 who admit in their interrogatory responses that they do not suffer from any diagnosed condition, injury, or disease.  Under established New York law, these plaintiffs cannot maintain their claims without evidence of some injury caused by Defendants' alleged conduct.  Here, the 281 plaintiffs against whom Defendants move admit that they have no such injury, and so the Court should enter summary judgment against their claims.

Summary judgment is appropriate where the moving party shows that, on the record materials, including interrogatory responses, there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  Though facts and their reasonable inferences are to be drawn in favor of the non-moving party, that party must raise "more than just metaphysical doubt as to material facts" to defeat a summary-

---

[4] Though the Napoli Firm's motion noted that 26 plaintiffs would be discontinuing their lawsuits in favor of the reopened Victim Compensation Fund, it did not request an extension for the 80-some additional plaintiffs who also failed to timely certify their interrogatory responses.

[5] Though the Court's Order advised plaintiffs that they could challenge the dismissal through a Rule 60(b) motion filed by January 2, 2012, to date only 13 plaintiffs have done so.  On January 6, 2012, the Napoli firm filed a Notice of Interlocutory Appeal challenging the December 8 Order dismissing the 170 cases.  (Stevenson Decl. ¶ 9, Ex. H.)

judgment motion; "mere speculation and conjecture" do not suffice. *Velez v. Project Renewal*, Civ. No. 02 3084, 2003 WL 402500, at *1 (S.D.N.Y. Feb. 20, 2003) (quotations & citations omitted).

Under New York state law, to maintain a negligence claim or a claim under Labor Law § 200 or § 241(6) a plaintiff must allege and submit evidence of an injury proximately resulting from a breach by the defendant. *See, e.g.*, *Four Directions Air, Inc. v. United States*, Civ. No. 5:06 283, 2007 WL 2903942, at *3 (N.D.N.Y. Sept. 30, 2007) ("It is an elementary principle that actionable negligence requires injury to the person or property as the proximate result of the allegedly negligent act." (quoting *Greco v. Nat'l Transp. Co.*, 222 N.Y.S.2d 145 (N.Y. App. Div. 1st Dep't 1961))); *Haider v. Davis*, 827 N.Y.S. 2d 179, 180 (N.Y. App. Div. 2d Dep't 2006) (stating that Labor Law § 200 codifies common law negligence); *Wilson v. City of New York*, 89 F.3d 32, 38 (2d Cir. 1996) ("[I]n order to prevail on a claim under [§ 241(6)], a plaintiff must prove (a) that the defendant violated a safety regulation that set forth a specific standard of conduct, and (b) that that violation was the proximate cause of his injuries.").

Consistent with this principle, the 281 plaintiffs on Schedule 1 cannot sustain a cause of action against Defendants. As the Court noted in its December 22 Order, (Ex. A to the Stevenson Decl.), these plaintiffs now freely admit that they do not seek recovery for any diagnosed condition, injury, or disease resulting from their World Trade Center-related work. (*See also* Adams Aff. ¶ 5.) Their claims, whether based in common law negligence or Labor Law, therefore fail as a matter of law, and Defendants are entitled to an order granting summary judgment against these plaintiffs. *Cf. Remson v. Verizon Comm. Inc.*, Civ. No. 07 5296, 2009 WL 723872, at *4 (E.D.N.Y. Mar. 13, 2009) (dismissing claims for negligence and strict liability where plaintiffs failed to allege corresponding injury).

## II.  The Court Should Dismiss All Plaintiffs Who Failed to Submit Proper Certification of Their Interrogatory Responses by the Court's Deadline.

Under Federal Rules of Civil Procedure 37(b)(2) and 41(b), the Court should dismiss the claims of the 132 plaintiffs on Schedule 2 who failed to submit proper certification of their interrogatory responses by the Court's December 2 deadline for failure to prosecute their claims. This failure—following the Court's many orders, adjournments, and admonitions, and after numerous delays in the Court's structured discovery plan—indicates a disregard for the Court's directives, the immense expense and complexity of this litigation, and the need to advance the hundreds of cases remaining in the Combined Dockets.  At this stage, such behavior is inexcusable.

A dismissal motion under Rules 37 and 41 for failure to prosecute is a matter committed to the sound discretion of the District Court.  *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Harding v. Fed. Reserve Bank of N.Y.*, 707 F.2d 46, 50 (2d Cir. 1983)) (holding that dismissal pursuant to Rule 41 is a matter committed to discretion of district court).[6]  In essence Rules 37 and 41 provide relief from, and sanction for, a party's failure to prosecute his or her case or to comply with court orders.  *See* Fed. R. Civ. P 37(b)(2)(A) and 41(b).  In evaluating a dismissal motion under these rules, courts consider five factors: (1) the duration of the offending conduct; (2) whether notice was given that the conduct could result in dismissal; (3) whether the conduct prejudiced the moving party; (4) the balance of the court's need to manage its docket against the parties' interests in being heard on the merits; and (5) the possibility that a lesser sanction would

---

[6] Case law holds that the analysis of a dismissal under Rule 37(b)(2) is essentially the same as that under Rule 41(b). *Velazquez-Rivera v. Sea-Land Serv., Inc.*, 920 F.2d 1072, 1074-75 (1st Cir. 1990) (finding standard and analysis of dismissal same under both rules); *see also Sterling Promotional Corp. v. Gen. Accident Ins. Co. of N.Y.*, Civ. No. 03-7150, 2004 WL 35757, 86 F. App'x 441 (2d Cir. Jan. 6, 2004) (holding that a district court may dismiss a plaintiff's case for failure to comply with any order of the court or with discovery orders pursuant to Rule 41(b) or Rule 37(b)(2)(d)).

be effective. *Sterling Promotional Corp. v. Gen. Accident Ins. Co. of N.Y.*, Civ. No. 03-7150, 2004 WL 35757, 86 F. App'x 441, 443 (2d Cir. Jan. 6, 2004) (citing *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 62-63 (2d Cir. 2000)) (factors analyzed in reviewing dismissal under Rule 41(b)); *Nieves v. City of New York*, 208 F.R.D. 531, 535 (S.D.N.Y. 2002) (similar factors under Rule 37(b)).

In light of these factors and in the context of this consolidated litigation, the failure of plaintiffs listed on Schedule 2 to submit proper certification of their interrogatory responses warrants dismissal. The Court repeatedly warned these plaintiffs that a failure to timely provide such certification would be considered a failure to prosecute. (*See, e.g.*, Exs. C, D, and E to Stevenson Decl.) To accommodate these plaintiffs, the Court granted extension after extension to the certification deadline. (*See* Ex. D, E, and F to Stevenson Decl.) These extensions delayed the Court's plaintiff-selection process for months and resulted in the rescheduling of numerous Court conferences, (*see id.*)—forcing Defendants in the Combined Dockets to expend time and money, and preventing compliant plaintiffs from moving their cases forward. Plaintiffs' failure to properly certify their interrogatory responses—particularly after all of the Court's accommodations—only further prejudices the parties in the Combined Dockets, who have already waited years for their cases to progress. (*See* Ex. B to Stevenson Decl. ("[T]he failure of . . . Plaintiffs to provide reliable information about the merits of their cases and the extent of their injuries, if any, proximately resulting from their work at the WTC site . . . prejudices all cases.").)

At this point, it is clear that no sanction shy of dismissal will remedy plaintiffs' disregard for their basic discovery obligations. Recognizing a continued refusal to adhere to discovery orders, the Court has already dismissed the claims of 170 plaintiffs who failed to submit proper

7

certifications by the December 2 deadline. (Ex. B to the Stevenson Decl.) The plaintiffs on Schedule 2 are no less guilty of breaching the Court's orders and should be subject to the same sanction.[7] Indeed, these plaintiffs would have been included in the Court's December 8 dismissal order had they been included in the Napoli Firm's December 3 request for an extension of the certification deadline. Whether these plaintiffs were left off of the December 3 request by intent or oversight, their claims should be dismissed just the same as those of the other 170 plaintiffs who did not comply with the Court's December 2 deadline.

This rationale applies equally to the approximately 44 plaintiffs on Schedule 2 who have, to date, submitted supplemental certifications to TCDI after the Court's December 2 deadline. (*See* Adam Aff. ¶ 6.) These late submissions ignore both the Court's November 17 Order setting the certification deadline and the Court's December 8 ruling that plaintiffs failing to timely certify were dismissed and needed to move for reconsideration, by January 2, 2012, if they chose to challenge dismissal. Such gamesmanship should not be encouraged, and the Court should disregard these late submissions.

---

[7] Notably, of those 170, only 13 plaintiffs have moved for reconsideration of the December 8 order. (*See* Stevenson Decl. ¶ 12.) Defendants have included these 13 plaintiffs on Schedule 2, submitting that the cases should remain dismissed despite plaintiffs' Rule 60(b) applications, which fail to establish grounds warranting reconsideration of the Court's order.

## **CONCLUSION**

Based on the foregoing, the Defendants in the 21 MC 102 and 21 MC 103 dockets respectfully request: (1) that summary judgment be granted against the cases on Schedule 1 pursuant to Federal Rule of Civil Procedure 56, because without some injury these plaintiffs cannot maintain their claims as a matter of law; and (2) that the cases on Schedule 2 be dismissed for failure to prosecute under Federal Rules of Civil Procedure 37 and 41, because these plaintiffs failed to adhere to the Court's December 2 deadline for the certification of their court-ordered interrogatory responses. Accordingly, the Defendants respectfully request an order dismissing the plaintiffs listed on Schedule 3, which combines Schedules 1 and 2 and removes any duplication.

Dated: January 11, 2012
      New York, NY

/s Lee Ann Stevenson
Lee Ann Stevenson (LS 3065)
KIRKLAND & ELLIS LLP
601 LEXINGTON AVENUE
NEW YORK, NY  10022-4611
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
lstevenson@kirkland.com

*Attorney for Defendant Verizon New York Inc.*
*Member of Defense Liaison Committee*

*Defense Liaison Committee in 21 MC 102 and 21 MC 103 Dockets*

Richard E. Leff
MCGIVNEY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, NY  10004
Telephone:  (212) 509-3456
rleff@mklaw.us.com

James E. Tyrrell, Jr.
PATTON BOGGS LLP
1185 Avenue of Americas, 30th Floor
New York, NY  10036
Telephone:  (646) 557-5100
jtyrrell@pattonboggs.com

Stanley Goos
HARRIS BEACH PLLC
100 Wall Street
New York, NY  10005
Telephone: (212) 313-5452
sgoss@harrisbeach.com

John M. Flannery
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY  10017-5639
Telephone:     (914) 872-7111
john.flannery@wilsonelser.com

| | |
|---|---|
| Thomas A Egan<br>FLEMMING ZULACK<br>WILLIAMSON ZAUDERER LLP<br>One Liberty Plaza<br>New York, NY  10006<br>Telephone:  (212) 412-9507<br>tegan@fzwz.com | William J. Smith<br>FAUST GOETZ<br>SCHENKER & BLEE LLP<br>Two Rector Street, 20th Floor<br>New York, NY  10006<br>Telephone:     (212)-363-6900<br>wsmith@fgsb.com |