UNITED STATES COURT OF APPEALS
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IN RE: WORLD TRADE CENTER/LOWER
MANHATTAN DISASTER SITE LITIGATION

DOCKET NO.: 21MC102(AKH)
21MC103(AKH)

------------------------------------------------------------------X

## PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1

1. Plaintiffs' Liaison Counsel filed a long form First Amended Master Complaint on or about April 1, 2008. A copy of the long form First Amended Master Complaint is annexed to the Declaration of Denise A. Rubin as Exhibit "A".

2. Among other things, the First Amended Master Complaint alleges that as a result of the defendants' various failures under New York's Labor Laws to provide adequate safety equipment and a safe work place for the Plaintiffs, the Plaintiffs in the 21MC102 docket "breathed in, ingested, came into contact with and/or absorbed" toxins and contaminants including but not limited to "toxins, contaminants and harmful products and/or other harmful airborne products such as fiberglass, glass, silica, asbestos, lead, benzene, organic matter and other hazardous chemicals, substances and elements at the certain premises and buildings, or a portion thereof…". See, Exhibit "A" to Rubin Decl., at ¶¶ 107, 111.

3. The Amended Master Complaint also states that the plaintiffs "…subsequently, received medical diagnostic testing, resulting in findings and/or a diagnosis of such injuries as specified in the Plaintiff-Specific Complaint by Adoption *and/or as such may in the future develop*." See Exhibit "A" to Rubin Decl., at ¶108.

4. The Amended Master Complaint also states that the plaintiffs "sustained severed and permanent personal injury and/or disability and will be permanently caused to suffer pain, suffering, inconvenience and other effects of such injuries which included conscious paid and

suffering…including the fear of same…incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries; and the plaintiff has suffered and will necessarily suffer additional loss of time and earnings from employment." See Master Complaint, Exhibit "A" to Rubin Decl., at ¶142.

5. On or about April 18, 2008, Plaintiffs' Liaison Counsel filed a First Amended Complaint by Adoption ("Check Off Complaint"), a copy of which is annexed as Exhibit "B" to the Rubin Declaration.

6. The individual Check-Off Complaint filed on behalf of each individual plaintiff, including the 219 plaintiffs whose actions, addressed by the Joint Defendants' Motion to Dismiss, remain active, states, in relevant part, that plaintiff seeks damages against the named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law: 48-2 Fear Of Cancer; 49D. Loss of Earnings and/or Impairment of earning capacity; 49E. Loss of retirement benefits/diminution of retirement benefits; 49I. Medical Monitoring. *See* Exhibit "B" to Rubin Declaration.

7. Hence, while the Long Form and Check Off complaints each included pleadings (or, in the check off complaint, a check box) related to actual injuries for which plaintiffs may have already obtained a diagnosis by a treating physician (such as the "diagnosed condition" addressed in the TCDI questionnaire and defendants' pending motion), both *also* included claims for medical monitoring, pain and suffering, loss of earnings or loss of future earning capacity, loss of retirement benefits, expenses for medical testing, treatment or rehabilitation, mental anguish and disabilities, among other things.  *See* Exhibits "A" and "B".

8. Of the two hundred eighty-one (281) plaintiffs against whom the Defendants' Joint Motion to Dismiss of January 11, 2011 was filed, sixty-two (62) are in the process of voluntarily

discontinuing their litigations, leaving two hundred nineteen (219) plaintiffs on this motion who answered "none" in response to TCDI Questionnaire inquiry 29, which asks "For which diagnosed condition(s)/injury(s)/disease(s) does P seek recovery?" *See* List of Actions to be Discontinued, Exhibit "C" to Rubin Declaration; *see also* List of Active Matters in 21MC102 addressed in Defendants' Joint Motion to Dismiss, Exhibit "D" to Rubin Declaration.

9. None of the plaintiffs who are targeted by the defendants' pending motion to dismiss has been deposed.

10. None of the plaintiffs who are targeted by the defendants' pending motion have had the opportunity to depose the defendants.

11. None of the plaintiffs who are targeted by the defendants' pending motions has undergone an independent medical examination for trial at the defendants' behest.

12. There are 97 plaintiffs who are targeted by the defendants' pending motions who have provided Core Discovery responses prior to the time the 21MC102 docket was stayed in early 2010. True copies of those plaintiffs' Core Discovery Responses are annexed to the Declaration of Christopher R. LoPalo. A list of the plaintiffs targeted in the pending Defendants' Joint Motion To Dismiss who submitted Core Discovery Responses is annexed to this Declaration as Exhibit "E".

13. Of the 132 plaintiffs whose cases were addressed in that portion of the Defendants' Joint Motion to Dismiss for allegedly failing to prove sufficient verification of their questionnaire responses, 92 are in the process of being voluntarily discontinued to pursue benefits that may be available to them under the JAMES ZADROGA 9/11 HEALTH AND COMPENSATION ACT OF 2010 ("Zadroga"). A list of those 92 plaintiffs who are in the process of discontinuing their actions is annexed as Exhibit "F" to the Rubin Decl.; A list of the 40 Plaintiffs in this group whose cases remain active is annexed as Exhibit "G" to the Rubin Declaration and a list of the 38 Plaintiffs in

that group for whom updated Certifications have been filed is annexed as Exhibit "H" to the Rubin Declaration.

14.     Any plaintiff who still has decided to proceed with his lawsuit and has not filed a Notice of Withdrawal of All Claims by January 2, 2012, has waived any right he or she might otherwise have had to seek compensation for WTC-related injuries under Zadroga.  Hence, dismissal of a plaintiff's action on the pending motion will forever foreclose that plaintiff from seeking compensation for injuries related to WTC toxic exposures.

15.     Over the past six and a half years, many of the remaining active plaintiffs addressed in the Defendants' Joint Motion to Dismiss have provided defendants or their designated agents with numerous documents and discovery.  These productions include but are not limited to written Core Discovery responses (as annexed to the LoPalo Declaration), employment records, union records and medical records.  *See, e.g.,* Conf. Tr., July 27, 2010, at p. 3:

> MS. STEVENSON:  Good afternoon, Judge.  Lee Ann Stevenson on behalf of Verizon and defense liaison counsel for the 21 MC 102 docket.
>
> Mr. Napoli is correct, we have received a tremendous amount of information from each of the plaintiffs' firms since July 9th.  There is still quite a bit of information that we are waiting to receive from plaintiffs' firms.  Mr. Napoli's firm did provide all of the eligible plaintiff information on July 9th as required by the order... .

16.     When this Court issued its August 29, 2011 Order directing the creation of a list of questions for a 21MC102 TCDI Database, the 21MC102 docketed matters had been continuously stayed since on or about March 12, 2010.

17.     At the Court's direction set forth in the Order dated August 29, 2011, the parties worked with the Special Masters to create a list of 33 database questions for plaintiffs' response to assist the parties and the court in selecting a limited group of cases for full discovery.

18.     It was never the Court's or the parties' intent that the plaintiffs' responses to the 33 database questions should constitute plaintiffs' prima facie case to the exclusion of all other discovery and evidence.  Rather, the entire purpose of the 33 database questions was to permit this Court, the Special Masters and counsel to determine which cases should proceed through the next phase of discovery and pre-trial preparation.  *See, e.g.*, Conf. Tr., August 2, 2011, at p. 3:

> MR. LEFF:    The entire 1500 or so, however many plaintiffs there are in this docket, would fill out those questions after it was -- within a certain time, as would the defendants.
>
> At that point the Special Masters would take about 150 plaintiffs selections, so something similar to what we did in the 100 docket.  And from that 150 population we would take 15 or so plaintiffs to proceed with pretrial discovery, five being chosen by the defendants, five by the plaintiffs and five by the Court.  And that was generally the process by which we would go forward at this time.  Kind of keeping in mind that in December we really would know more as to how many plaintiffs will actually be left in this litigation and who opted into the, under Zadroga and who is left, and we could substitute out plaintiffs if we need to, but it would give us a better idea as to what the plaintiff population consists of, what the defenses are, and how we're going to proceed at that point.

19.     Database question number 29 asks "*For which diagnosed condition(s)/injury(s)/ disease(s) does P seek recovery?*"

20.     The answer "none" in response to that inquiry does not foreclose a plaintiff maintaining a viable cause of action in New York Law for damages arising from WTC-related toxic exposures such as those addressed in the First Amended Master Complaint and the Amended Check Off Complaint, including but not limited to medical monitoring, lost or diminished wages; lost or diminished retirement income and fear of cancer or other latent disease.

21.     There is no basis for granting Summary Judgment dismissing any plaintiff's case on the single point highlighted by that portion of the Defendants' Joint Motion to Dismiss as addresses

the response given to question 29. The other damages plead and causes of action alleged provide ample basis to maintain plaintiffs' cases, certainly until the completion of discovery and/or trial. Of the 219 plaintiffs with remaining active cases who were addressed by that portion of Defendants' Joint Motion based on the response to question 29, these other causes of action and submitted pleadings, Affidavits and Core Discovery demonstrates that material fact questions exist with regard to whether defendants are liable for the alleged injuries set forth therein. Accordingly, Defendants' Joint Motion to Dismiss pursuant to Fed. R. Civ. P. 56 should be dismissed.

22. Of the 40 remaining active cases addressed in the portion of the Defendants' Joint Motion for Dismissal that claims improper Verifications were submitted, 38 of those plaintiffs have since filed new certifications meeting this Court's stated standard. As to those 38 cases, at least, the Defendants' Joint Motion to Dismiss should be denied.

Dated: New York, New York
February 6, 2012

Respectfully submitted,

WORBY GRONER EDELMAN & NAPOLI BERN, LLP
*Attorneys for Plaintiffs*

_____
Denise A. Rubin (DR5591)

350 Fifth Avenue, Suite 7413
New York, New York  10118
(212) 267-3700

UNITED STATES COURT OF APPEALS
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                          DOCKET NO.: 21MC102(AKH)
IN RE: WORLD TRADE CENTER/LOWER                                                        21MC103(AKH)
MANHATTAN DISASTER SITE LITIGATION

------------------------------------------------------------------------X

## ATTORNEY'S DECLARATION OF SERVICE

 Denise A. Rubin, an Attorney duly licensed to practice before the Courts of the State of New York, hereby affirms/declares the following under penalty of perjury:

 I am associated with the law firm Worby Groner Edelman & Napoli Bern, LLP and as such represent the plaintiffs defending Defendants' Joint Motion To Dismiss of January 11, 2012 in the within action. On February 6, 2012, I duly served a true copy of the within PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF UNDISPUTED FACTS on all interested counsel via the Court's ECF electronic filing system.

                  _____
                  Denise A. Rubin (DR 5591)