UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOWER MANHATTAN DISASTER SITE LITIGATION

21MC102 (AKH)

MARIA MORENO,

Plaintiff,

-against-

BATTERY PARK CITY AUTHORITY, ET. AL

Defendants

DOCKET NO:

**07 CV 01669 (AKH)**

**ATTORNEY DECLARATION**

I, Gregory J. Cannata, Esq., being duly sworn, deposes and says:

1. I am Counsel for Plaintiff Maria Moreno (aka Maria Solarte) in this matter. I submit this Declaration in support of her motion seeking relief pursuant to the Federal Rules of Civil Procedure, vacating the dismissal and restoring the matter. The applicable Rules under which plaintiff seeks relief are Rule 60 (a) and 60(b)(1).

2. The relevant history preceding this motion is an Order of the Court dated August 29, 2011 directing the parties to prepare and upload to TCDI, database responses to a series of agreed to questions. (Exhibit 1) That Order and subsequent Orders of the Court required that the submission be certified in proper form.

3. The plaintiff, at the time of such above referenced Order, was a client of the firm of Worby Groner Edelman & Napoli Bern, LLP and was identified as "Maria Solarte" (her maiden name) under docket number 07 CV 01669. Although a database was submitted, it did not contain a certification that the Court deemed appropriate.

4. The Court extended the deadline to correct the certification until December 2, 2011. (Exhibit 2).

1

5. The firm of Worby Groner Edelman & Napoli Bern, LLP. made an additional application to extend the date further, but this application was denied and this case was dismissed as one of 170 similarly situated cases. Those cases (including the plaintiff herein) are identified on Exhibit A attached to the Order of the Court dated December 8, 2011, "Order Denying Plaintiff's Motion to Extend the Deadline for Certifications and Dismissing Cases." (Exhibit 3).

6. This office was retained by the plaintiff under her married name, Maria Moreno, in mid-November 2011 and we began the process of substituting Worby Groner Edelman & Napoli Bern, LLP as plaintiff's counsel.

7. Having just been retained by the plaintiff, and to protect the plaintiff's rights in going forth with the case, this office timely and within the Court's guidelines uploaded a properly certified database to TCDI on November 18, 2011. (Exhibit 4).

8. **The data base in proper form and with proper certification was uploaded to TCDI in advance of the December 2, 2011 deadline and this case never should have been included on Attachment A to the December 8, 2011 Order and dismissed.**

9. It was not until a review of a Notice of Appeal to the Courts' December 8, 2011 Order, filed by Worby Groner Edelman & Napoli Bern, LLP on January 5, 2012, that we noticed that this case, albeit listed as "Maria Solarte," (plaintiffs maiden name), was incorrectly included on Exhibit A referenced within that Order. (Exhibit 3).

10. Further when this office timely uploaded the plaintiffs properly certified database response under her name Maria Moreno (as it appears on ECF), there was immediate communication, within the Court's December 2, 2011 deadline, with TCDI identifying "Maria Moreno" and "Maria Solarte" as the same individual. (Exhibit 5)

11. The inclusion of this plaintiff on Exhibit A as an addendum to the Order of Dismissal was incorrect. It appears that the inclusion of said plaintiff on Exhibit A may have

been a clerical error and/or was inadvertently relied upon by this Court in allowing this case to be dismissed.

12. It is improper and unjust that this plaintiff, who complied with the Orders of the Court and did so in a timely manner, should be dismissed when such was apparently based upon a clerical mistake or inadvertence by the Court. Rule 60(a) affords a party a means to correct "clerical mistakes in judgments, orders or other parts of the record and errors therein arisin from oversight or omission." F.R.C.P 60(a); *see Fluoro v. Electric Corp. v. Branford Assoc.*, 489 F.2d 320, 326 (2d Cir. 1973). Rule 60(b)(1) allows a plaintiff to move for his or her action to be reopened due to the Court's mistake or inadvertence. *See Cappillino v. Hyde Park Cent. Sch. Dist.*, 135 F.3d 264 (2d Cir. 1998).

13. I parenthetically note that the Court's ECF system still lists this case as open however we are concerned that it may eventually be closed and/or marked dismissed.

14. I additionally note all parties should have knowledge that this case was is in fact continuing by virtue of the lists of open and continuing cases that were recently provided to defense liaison at the Court's direction. In a recent review of those lists with defense to clarify cases continuing in the litigation, no defendant has ever questioned this case is active and continuing.

15. There is and can be no prejudice asserted by any defendants in this action in that the matter was improperly dismissed without cause and based upon erroneous information upon which the Court relied. Justice dictates that the dismissal in this matter be vacated and the matter immediately **restored.**

16. Additionally, granting this motion, will have no negative impact on the master docket of which it is a part, 21MC102 (AKH). Plaintiff's properly certified database filed by this office prior to the Court's cutoff date, was timely available to the defendants and Special Masters

3

to review as part of the recent expedited case selection process, and as indicated above, was so noticed by this firm as an active case going forward.

17. No prior application for the said relief has been previously made other than by letter application to the Court dated January 12, 2012. That application was denied without prejudice with leave to proceed by motion or stipulation. (Exhibit 6).

18. Plaintiff does not anticipate nor can we conceive of any opposition to this relief.

19. We request the Court to sua sponte nullify and vacate the dismissal nunc pro tunc with reference to this action, Maria Moreno (aka Maria Solarte), Docket 07 CV 01669-AKH, that the matter be restored and that the Clerk of the Court be directed to note same in the docket.

20. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and ability.

WHEREFORE it is respectfully requested the Court to a) sua sponte nullify and vacate the dismissal nunc pro tunc with reference to this action, Maria Moreno (aka Maria Solarte), Docket 07 CV 01669-AKH, b) that the matter be restored and c) that the Clerk of the Court be directed to note same in the docket so that it does not inadvertently mark the matter closed and/or dismissed.

Dated: New York, New York
       February 9, 2012

Gregory J. Cannata and Associates.

By: _____
Gregory J. Cannata
Attorneys for Plaintiff
233 Broadway, Floor 5
New York, New York 10279
Tel.  (212) 553-9206
Fax  (212) 227-4141