UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

IN RE: WORLD TRADE CENTER/LOWER         21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION       21 MC 103 (AKH)

------------------------------------------------------------- x

### DEFENDANTS' RESPONSE TO PLAINTIFFS' COUNTER STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1

Defendants note at the outset that plaintiffs' Rule 56.1 statement includes **(i)** numerous purported facts that, even if undisputed, are in no way material to the issues before the Court, (*see, e.g.*, ¶¶ 2-4), and **(ii)** numerous purely legal arguments, (*see, e.g.*, ¶¶ 20-22). These statements, or assertions, are improper under Local Rule 56.1. *See* S.D.N.Y. Loc. Civ. R. 56.1(b) (non-movant's statement shall include "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing *a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried*") (emphasis added); *see Rodriguez v. Schneider*, Civ. No. 95 4083, 1999 WL 459813, at *1 n.3 (S.D.N.Y. June 29, 1999) ("*Rule 56.1 statements are not argument* . . . They should not contain conclusions, and they should be neither the source nor the result of 'cut-and-paste' efforts with memorandum of law.") (original emphasis). Accordingly, where noted, plaintiffs' improper assertions should be stricken. *See Ofudu v. Barr Labs., Inc.*, 98 F. Supp. 2d 510, 512-13 (S.D.N.Y. 2000) (granting motion to strike argumentative or unsupported assertions in plaintiff's 56.1 statement).

*Defendants' Response to Paragraphs in Plaintiffs' Counter Statement*

1.   **Undisputed.**  Defendants submit, however, that the fact(s) stated in Paragraph 1 is immaterial to the issues before the Court on the present motion.

2.   **Disputed** to the extent that the general factual allegations in plaintiffs' pleadings are immaterial to the issues before the Court on the present motion for summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), *except the mere pleadings themselves* . . . .") (emphasis added).

3.   **Disputed** to the extent that the general factual allegations in plaintiffs' pleadings are immaterial to the issues before the Court on the present motion for summary judgment.  *Id.*

4.   **Disputed** to the extent that the general factual allegations in plaintiffs' pleadings are immaterial to the issues before the Court on the present motion for summary judgment.  *Id.*

5.   **Undisputed.**  Defendants submit, however, that the fact(s) stated in Paragraph 5 is immaterial to the issues before the Court on the present motion.

6.   **Disputed.**  The individual Check-Off Complaint states only the following "theories of liability," or causes of action:  breach of Labor Law Section 200, (Pls. Ex. B ¶ 45(A)); breach of Labor Law Section 241(6), (*id.* ¶ 45(B)); Common Law Negligence, (*id.* ¶ 45(C)); derivative claims for Loss of Services and Consortium, (*id.* ¶ 45(E)); Wrongful Death, (*id.* ¶ 45(D)).  Contrary to plaintiffs' representations, fear of cancer, loss of earnings or impairment of earning capacity, loss of retirement benefits or diminution of retirement benefits, and medical monitoring are not pleaded as "theories of liability."  (*Id.* ¶ 48 (listing "fear of cancer" as an injury); *id.* ¶ 49 (listing loss or impairment claims and medical monitoring as remedies).)

7.      **Disputed.**  Both the Long Form and Check-Off Complaints list the same causes of action: claims for a breach of New York State Labor Law; claims for Common Law Negligence; derivative or spousal claims; and claims for Wrongful Death.  (*Compare* Pls. Ex. A ¶¶ 34-167 *with* Pls. Ex. B ¶¶ 45(A)-(E).)  Consistent with this Court's rulings, (*see, e.g.*, Defs. Exs. J and K),  these Complaints do not plead *causes of action* for medical monitoring, pain and suffering, loss of earnings or loss of future earning capacity, loss of retirement benefits, or related *types of damages*.

8.      **Disputed** to the extent that the plaintiffs discontinuing their claims have yet to file and serve motions or stipulations of voluntary dismissal.

9.      **Undisputed** insofar as Paragraph 9 refers to party depositions in this litigation.  Defendants submit, however, the fact(s) stated in Paragraph 9 is immaterial to the issues before the Court on the present motion.

10.     **Undisputed** insofar as Paragraph 10 refers to party depositions in this litigation.  Defendants submit, however, the fact(s) stated in Paragraph 10 is immaterial to the issues before the Court on the present motion.

11.     **Undisputed** insofar as Paragraph 11 refers to independent medical examinations in this litigation.  Defendants submit, however, the fact(s) stated in Paragraph 11 is immaterial to the issues before the Court on the present motion.

12.     **Undisputed**, though defendants do not concede that plaintiffs' Core Discovery responses are complete and adequate under the Federal Rules of Civil Procedure.  Defendants further submit that plaintiffs' Core Discovery responses were superseded by plaintiffs' more recent interrogatory responses uploaded to the court-sponsored TCDI database, at least to the extent that these discovery responses overlap or are inconsistent.

13. **Disputed** to the extent that the plaintiffs voluntarily discontinuing their claims have yet to file and serve stipulations or motions of voluntary dismissal.

14. **Disputed** to the extent that paragraph 14 suggests that litigants were required to withdraw pending claims by January 2, 2012, in order to participate in the World Trade Center Health Program established in Title I of the Zadroga Act. *See* Pub. L. 111-347, 124 Stat. 3623 *et seq.*, Jan. 2, 2011 ("Zadroga Act"), Sec. 3311(a)(2) ("Current Eligibility Requirements"). Further disputed to the extent that paragraph 14 suggests that plaintiffs could have recovered from the Victim's Compensation Fund without a diagnosed injury. *See, e.g.*, Zadroga Act, Title I, Section 202(c)(2)(A)(ii) (requiring "physical harm . . . verified by contemporaneous medical records created by or at the direction of [a] medical professional who provided the medical care."). Defendants further submit that the fact(s) stated in Paragraph 14 are immaterial to the issues before the Court on the present motion.

15. **Disputed** to the extent that Paragraph 15 fails to sufficiently identify **(i)** which plaintiffs provided the purported "numerous documents and discovery" and **(ii)** how those "documents and discovery" support a claim of manifest injury, condition, or disease relating to plaintiffs' work at or around the World Trade Center disaster site following the terrorist attack on September 11, 2001.

16. **Undisputed.** Defendants submit, however, that the fact(s) stated in Paragraph 16 is immaterial to the issues before the Court on the present motion.

17. **Disputed** to the extent that Paragraph 17 suggests that the only purpose of the court-ordered interrogatory responses stored in the TCDI database is to "assist the parties and the court in selecting a limited group of cases for full discovery." These interrogatories were designed to present "reliable information about the merits" of plaintiffs' claims and "the extent

4

of their injuries, if any, proximately resulting from their work at the WTC site." (Defs. Ex. B (Dec. 8, 2011 Order).)

18.     **Disputed** to the extent that Paragraph 18 suggests that plaintiffs' interrogatory responses stored in the TCDI database should not be treated as any other sworn-to interrogatory response under Federal Rule of Civil Procedure 33. (*See, e.g.*, Defs. Ex. D (Sept. 28, 2011 Order).)

19.     **Undisputed.**

20.     **Disputed.** Rather than stating an undisputed material fact, Paragraph 20 improperly argues a legal conclusion.

21.     **Disputed.** Rather than stating an undisputed material fact, Paragraph 21 improperly argues a legal conclusion.

22.     **Disputed.** Rather than stating an undisputed material fact, Paragraph 22 improperly argues a legal conclusion and implies that belated compliance with the Court's orders somehow moots defendants' failure-to-prosecute motion.

Dated: February 28, 2012  
      New York, NY

/s Lee Ann Stevenson  
Lee Ann Stevenson (LS 3065)  
KIRKLAND & ELLIS LLP  
601 Lexington Avenue  
New York, NY 10022-4611  
Telephone:   (212) 446-4800  
Facsimile:    (212) 446-4900  
lstevenson@kirkland.com

*Attorney for Defendant Verizon New York Inc.*  
*Member of Defense Liaison Committee*

*Defense Liaison Committee in 21 MC 102 and 21 MC 103 Dockets*

Richard E. Leff  
MCGIVNEY & KLUGER, P.C.  
80 Broad Street, 23rd Floor  
New York, NY 10004  
Telephone: (212) 509-3456  
rleff@mklaw.us.com

Stanley Goos  
HARRIS BEACH PLLC  
100 Wall Street  
New York, NY 10005  
Telephone: (212) 313-5452  
sgoss@harrisbeach.com

| | |
|---|---|
| James E. Tyrrell, Jr.<br>PATTON BOGGS LLP<br>1185 Avenue of Americas, 30th Floor<br>New York, NY  10036<br>Telephone:  (646) 557-5100<br>jtyrrell@pattonboggs.com | John M. Flannery<br>WILSON ELSER MOSKOWITZ<br>EDELMAN & DICKER LLP<br>150 East 42nd Street<br>New York, NY  10017-5639<br>Telephone:    (914) 872-7111<br>john.flannery@wilsonelser.com |
| Thomas A Egan<br>FLEMMING ZULACK<br>WILLIAMSON ZAUDERER LLP<br>One Liberty Plaza<br>New York, NY  10006<br>Telephone:  (212) 412-9507<br>tegan@fzwz.com | William J. Smith<br>FAUST GOETZ<br>SCHENKER & BLEE LLP<br>Two Rector Street, 20th Floor<br>New York, NY  10006<br>Telephone:    (212)-363-6900<br>wsmith@fgsb.com |