UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC100 (AKH) |
| IN RE LOWER MANHATTAN DISASTER SITE LITIGATION | 21MC102 (AKH) |
| IN RE COMBINED WORLD TRADE CENTER AND LOWER MANHATTAN DISASTER SITE LITIGATION | 21MC103 (AKH)<br><br>DECLARATION OF DAVID L. KREMEN IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS AND OTHER RELIEF |

I, DAVID L. KREMEN, ESQ., being duly sworn, deposes and says:

1. I am associated with Oshman & Mirisola, LLP, Counsel for Plaintiffs identified on Exhibits "A" and Exhibit "B" annexed hereto. I submit this Declaration in support of the motion by Plaintiffs identified on Exhibit "A" seeking relief pursuant to the Federal Rules of Civil Procedure, dismissing all claims against all defendants for all Plaintiffs' actions as enumerated on the annexed Exhibit "A" and directing the Clerk to so designate same in the ECF system and in their individual dockets. Said dismissals to be with prejudice and without costs. These cases are not currently dismissed and remain "open" on the ECF system.

2. I further submit this Declaration in support of this motion by plaintiffs identified on Exhibit "B" seeking to have the Court, to the extent necessary, formally deem these cases "dismissed" with prejudice and without costs and to have the Clerk of the Court formally designate these cases as "dismissed" in their individual dockets in the ECF system. The cases identified on Exhibit "B" were previously subject to an Order of Dismissal presumptively dismissing those cases. However, the ECF system still shows these cases as open and there is no

indication of any Order of Dismissal in their respective individual dockets. These presumptive Orders of Dismissal above referenced are annexed as Exhibits: Order of the Court, "General Order Sua Sponte Dismissing Complaints" dated October 14, 2010 (Exhibit C) ; Endorsed Letter/Order of the Court, Worby Groner Edelman & Napoli Bern LLP, December 15, 2010 (Exhibit D); and Endorsed Letter/Order of the Court, Worby Groner Edelman & Napoli Bern LLP, January 20, 2011 (Exhibit E). All Plaintiffs on Exhibit B appear on the list of cases attached to Exhibit C, Order of the Court, "General Order Sua Sponte Dismissing Complaints" dated October 14, 2010.

3. The applicable Rule under which Plaintiffs "A" and to an extent, Exhibit "B" seek the referenced dismissals is Rule 41 (a) (2), as cited below:

**Rule 41. Dismissal of Actions**

(a) VOLUNTARY DISMISSAL.

(1) *By the Plaintiff.*

(A) *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.

(B) *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as adjudication on the merits.

(2) *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

4. Plaintiffs are not proceeding under Section (a) (1) (A) in that answers have been served and, given the large number of defendants per action, a stipulation signed by all parties who have appeared in all the referenced actions is impractical. Plaintiffs instead are proceeding under Section (a) (2), seeking an Order of the Court.

5. The history of the basis of the Motion is as follows: Plaintiffs with pending claims in the World Trade Center litigation, regardless of docket, should they have decided to apply to the World Trade Center Victim Compensation Fund, (the "Fund") and seek compensation, as a condition thereto, and prior to collecting an award from said Fund, must obtain a dismissal of all their underlying World Trade Center related claims. Prior to January 2, 2012, for the purposes of the Fund and pursuant to its Regulations, those plaintiffs were required to file a Notice to Withdraw or obtain an Order of Dismissal. All plaintiffs referenced in the Addendums have filed such a Notice to Withdraw. As a condition to obtaining payment from the Fund and to resolve all outstanding claims pending before this Court, they are now seeking an Order of Dismissal. Such requirements, above referenced, are detailed below.

6. Pursuant to 405(c)(3)(c) of the Zadroga Act, a plaintiff in a pending WTC-related litigation must withdraw from such pending civil actions by January 2, 2012 See Zadroga Act §202(f)(2)(ii); see also Final Rule: 2011 Victim Compensation Fund; 28 CFR Part 104 at 54126, Subpart F-Limitation, §104.61: Limitation on Civil Actions. When applying to the VCF, individuals must submit proof of filing with the Court of said Notice of Withdrawal or dismissal. Payment of the claim however, requires that the plaintiff obtain an Order of the Court confirming withdrawal and dismissal of all claims. See Special Master's Birnbaum's Frequently Asked Questions, 7.5 at http://www.vcf.gov//faq.html#wce5. The actual Dismissal, for the purposes of the Fund can be subsequent to the above referenced January 2, 2012 deadline to withdraw.

7. So as not to prejudice the rights of the plaintiffs' applying to the Fund, from receiving and collecting an award from the Fund, dismissal is now sought.

8. Plaintiffs enumerated on the annexed Exhibit "A" are not currently dismissed and remain "open" in the ECF system. After extensive communication with our office, they have confirmed that they wish their cases dismissed with the full and complete understanding that such dismissal would permanently affect their rights and preclude them from continuing with the litigation or commencing same anew. Plaintiffs enumerated on the annexed Exhibit "B" were already subject to an Order of Dismissal of this Court (Exhibit C-G, referenced above). However, their cases remain as "open" in the ECF system of this Court with no indication of Dismissal in their individual dockets, although the case <u>O'Donnell v. City of New York</u>, 10 Civ. 6824 (21 MC 100), was designated as "terminated" on September 21, 2010, despite being similarly situated to all other plaintiffs listed in Exhibit "B."

9. An Order of dismissal at this time of all claims for each of the stated plaintiffs on Exhibit "A" and directing the Clerk to so indicate in their respective individual dockets, will: a) formally dismiss their claim, and b) provide that documentation necessary for those plaintiffs to be deemed eligible to collect an award from the Fund, should the fund deem them otherwise eligible and render an award. An Order directing the Clerk of the Court to designate the case as "dismissed" in their individual dockets of those cases on Exhibit "B" will: a) allow for the Clerk of the Court to formally notate their individual ECF docket as "dismissed" and b) provide that documentation necessary for those plaintiffs to be deemed eligible to collect an award from the Fund, should the fund deem them otherwise eligible and render an award. In instances where multiple index numbers were purchased in commencing a claim against different parties, all index numbers are listed, as they appear as separate cases within the Court's docket.

10. Plaintiffs cannot conceive of any prejudice to be asserted by any defendants in any of the actions and these Plaintiffs' claims, will now be fully and totally dismissed, with prejudice and without costs and designated as such in the Court's docket. Given that this is a voluntary action on behalf of the plaintiffs, it is asserted that no costs should attach to the plaintiffs in their dismissals.

11. No prior application for the said relief has been previously made.

12. Plaintiffs do not anticipate any opposition to this relief although notice and service of same is being provided as a function of the ECF filing of this instant application across all relevant dockets.

13. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and ability.

Dated: New York, New York
      March 9, 2012

OSHMAN & MIRISOLA, LLP

By: _____
David L. Kremen
Attorneys for Plaintiffs
42 Broadway, 10th floor
New York, New York 10004
Tel. (212) 233-2100
Fax (212) 964-8656