

# WorbyGronerEdelman &NapoliBern LLP
## ATTORNEYS AT LAW

*Objection sustained. Plaintiff may renew interrogatories or other modes of discovery after the "30(b)(6) dep'ns that are scheduled, and subject to any applicable CMOs. 5-3-12*

*/s/ A.K. Hellerstein*

CHRISTOPHER R. LOPALO
CLOPALO@NAPOLIBERN.COM

May 1, 2012

RECEIVED
0 1 2012
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

    Re:    *In Re: World Trade Center Lower Manhattan Disaster Site Litigation*
            21 MC 102 (AKH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/4/12

Dear Judge Hellerstein:

    The Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP and Defendant Hudson View East Condominium and Board of Managers of the Hudson View East Condominium ("Hudson View East") submit this joint letter regarding a discovery dispute. Plaintiffs and Defendants "met and conferred" about unresolved discovery issues on April 25, 2011. However, Plaintiffs and Defendants were not able to resolve their discovery dispute.

***Plaintiffs' Position:***

    Hudson View East has refused to appropriately respond to six of Plaintiffs' discovery demands. The discovery demands at issue are simple questions that call for a simple response. Instead of providing answers to these very straightforward discovery demands, Hudson View East has responded with inappropriate objections to these discovery demands in what we can only assume to be an attempt to circumvent their discovery obligations. Accordingly, the Plaintiffs respectfully request an Order compelling Hudson View East to answer Plaintiffs' discovery demands without further delay.

    Hudson View East originally responded to Plaintiffs' discovery demands on November 6, 2008. *See* Exhibit 1. Hudson View East subsequently amended its responses on December 30, 2008. *See* Exhibit 2. On March 15, 2012, Plaintiffs sent Hudson View East a letter outlining

1



WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

certain deficiencies in their 2008 discovery responses. A copy of that letter is annexed as Exhibit 3. Hudson View East responded to Plaintiffs' letter on April 9, 2012. *See* Exhibit 4.

As can be seen in Exhibits 1-4, Hudson View East is refusing to answer six of Plaintiffs' discovery demands. Specifically, Hudson View East is refusing to respond to Request Nos. 10, 11, 12, 13, 14 and 15. Each of these demands call for a simple "yes" or "no" response. In general, each demand seeks information about whether the Defendant provided safety equipment or training programs to Plaintiffs. For example, Request No. 13 asks if Defendant "implement[ed] a respiratory protection program at the building/location for which [Defendants are] being sued in connection with work relevant to this litigation." Rather than providing an unequivocal answer, Hudson View East objects by stating that this demand is "inapplicable." This objection is inappropriate. There are only two logical possible answers to these questions: "yes" or "no." Either Hudson View East implemented a respiratory protection program at 250 South End Avenue or they did not – it is difficult to imagine a question more straightforward or one leading to any simpler choice of available responses. Hudson View East avoids responding to Requests No. 10, 11, 12, 14 and 15 by providing the same response.

In Hudson View East's original responses, they explicitly admitted that "they did not implement a respiratory protection program," "they did not provide plaintiffs with respirators" and that "they did not provide qualitative/quantitative respiratory fit-testing to plaintiffs." *See* Exhibit 1. Hudson View East later amended their responses by substituting their previously provided answers with objections that state "inapplicable" in an attempt to avoid the truth. *See* Exhibit 2. It is blatantly clear that the only reason for Hudson View East's refusal to provide objection-free and unambiguous responses is their fear of admitting that they did not provide any safety gear or training programs to the Plaintiffs, a failure for which Hudson View East, as owner of the property in question, would be strictly liable under New York Labor Law.

Hudson View East tries to explain that these discovery demands are "inapplicable" because they "did not enter into any agreement(s) for any work which may have been performed by any contractors which employed the plaintiffs". That is of no moment; they are the property owner and as such have a duty under the Labor Law to ensure that workers on their premises are provided a safe worksite and adequate safety equipment. These discovery demands are not asking Hudson View East *if they contracted with* the Plaintiffs' employers. Since Hudson View East is the owner of 250 South End Avenue, it is not unreasonable to ask whether they provided respiratory gear and training programs to Plaintiffs working in common areas and other locations within their building. Hudson View East could have provided safety gear and training programs to the Plaintiffs but if their 2008 discovery responses are to be believed, they apparently failed to do so.

As the Court is aware, discovery for the first group of cases selected for trial is to be completed by August 3, 2012. In light of the upcoming discovery deadline, Hudson View Easts' inadequate discovery responses need to be corrected immediately in order for discovery to proceed as scheduled. Therefore, Plaintiffs respectfully request that the Court Order Hudson View East to appropriately respond to Plaintiffs' discovery request Nos. 10, 11, 12, 13, 14 and 15 within seven (7) days.

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM



**WorbyGronerEdelman &NapoliBern LLP**
ATTORNEYS AT LAW

## *Defendants' Position:*

By way of background, defendant, Hudson View East Condominium Board of Managers is a seven member board subject to annual elections. The Board meets less than once a month, oversees the interests of the individual condominium unit owners (for 250 South End Avenue) and votes on substantial issues for the building such as annual budget, capital improvements, etc. RY Management is the managing agent for the building and is responsible for the day to day management of the property. As such, RY was exclusively responsible for retaining contractors for work at 250 South End Avenue in the months following 9/11.

Hudson View East served its Responses to Plaintiffs' Liaison Counsel's Discovery Demands on November 5, 2008. Thereafter, Hudson View East served its Amended Responses to Plaintiffs' Liaison Counsel's Discovery Demands on December 30, 2008. Now, almost three and a half years later Plaintiffs, for the first time, raise a discovery dispute. Plaintiffs' failure to complain about Hudson View East's discovery responses in 2009, 2010, 2011 and 2012 results in a waiver of such a right.

More importantly, a witness for Hudson View East will be produced for deposition on May 8, 2012. Since these complaints should have been voiced years ago, to the extent Plaintiff secure some relief from the court as a result of this joint letter, Hudson View East respectfully requests that the Court include a provision in its Order that Hudson View East would not have to produce its witness for a second deposition since Plaintiffs were unreasonably tardy in raising these discovery issues on the eve of the scheduled deposition. Hudson View East should not be punished by having to produce a witness twice where it has rapidly responded to Plaintiff's Rule 30(b)(6) notice which called for a deposition on April 24, 2012 since Plaintiff slept on their rights for years. This is particularly appropriate since the relief sought by this joint letter can simply be inquired into at the May 8th deposition.

Substantively, plaintiff's argument regarding the six discovery demands conveniently overlooks a crucial fact: the contractors who employed the Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP were not retained to perform work in Hudson View East's building located at 250 South End Avenue. As a result, these Plaintiffs did not work in 250 South End Avenue. Plaintiff's counsel ignores this inconvenient fact. Unfortunately, Hudson View East's responses to demands numbers 10 through 15 are appropriate since the manner in which those demands were drafted assume facts which discovery does not support. Specifically, Plaintiff did not work for the various contractors whose records were reviewed in connection with responding to Plaintiffs' Liaison Counsel's Discovery Demands. See Exhibit 2, Response Number 2 (listing documents from various contractors who performed work at 250 South End Avenue in the months following 9/11). For instance, Walter Gallegos (the only plaintiff of the nine plaintiffs selected for discovery with a claim against Hudson View East) alleges that he worked for Pinnacle Environmental Corp., at 250 South End Avenue from November 5, 2001 through December 10, 2001. However, Pinnacle Environmental Corp. did not do any work at 250 South End Avenue following 9/11. See Hudson View East's Amended Responses to Plaintiffs' Counsel's Discovery Demands, Number 2.



**WorbyGronerEdelman &NapoliBern LLP**
ATTORNEYS AT LAW

In addition, perhaps Plaintiffs performed work for individual condominium unit owners. Naturally, Hudson View East would have no involvement with those working conditions. Rather, Plaintiffs would have to pursue their remedies against the owners of the units where worked was performed.

Finally, these Demands improperly ask the building defendants about respirators "each Contractor Defendant provided to the individual-plaintiff employees hired or employed to perform work relevant to this litigation?" See Demand Number 10. Naturally, Hudson View East would not have knowledge of what Defendant Contractors provided. This same logic applies to similar questions present in Demands Numbers 11 through 15.

Because Plaintiffs' Demands require Hudson View East to acknowledge that the plaintiffs worked in its building, where the evidence indicates that their employers did not perform any work in the building, it is unable to answer Demands 10 through 15 since it assumes facts which are inaccurate. This issue is ripe for development at Hudson View East's May 8th deposition. Accordingly, Hudson View East should not be ordered to amend its response to Plaintiffs' discovery request Nos. 10, 11, 12, 13, 14 and 15. To the extent Hudson View East is directed to amend its responses, it respectfully requests that the Court's Order provide that it does not have to produce a witness for a second deposition (following conclusion of the May 8th scheduled deposition) upon service of its amended responses.

Respectfully submitted,

s/
Christopher R. LoPalo, Esq.
WORBY GRONER EDELMAN
& NAPOLI BERN LLP
*Plaintiffs' Attorney*

&

Respectfully submitted,

s/
Jason J. Lavery, Esq.
Callan, Koster, Brady, & Brennan, LLP
*Attorney for Hudson View East Condominium and Board of Managers of the Hudson View East Condominium*

Enclosures