*[Handwritten note at top right:]* Objections sustained. The 30(b)(6) dep'ts should proceed first. Supp. discovery may proceed thereafter. 5/4/12 *[signature]*

*[Filed stamp:]* ELECTRONICALLY FILED DOC #: DATE FILED: 5/7/12

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Lee Ann Stevenson
To Call Writer Directly:
(212) 446-4917
leeann.stevenson@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

*[Received stamp:]* RECEIVED MAY 0 4 2012 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

May 3, 2012

**VIA E-MAIL**
The Hon. Alvin K. Hellerstein
United States District Court for the
Southern District of New York
500 Pearl Street, Room 910
New York, NY 10007-1312

*In re Lower Manhattan Disaster Site Litigation: Joint Letter Regarding Depositions under Case Management Order No. 1 (2012)*

Dear Judge Hellerstein:

A dispute regarding the scope of discovery under the Court's Case Management Order of March 2, 2012, has arisen between the parties in the 21 MC 102 and 103 dockets. As required by the Case Management Order, the parties conferred with the Special Masters Aaron Twerski and James Henderson, who suggested that this joint letter be submitted. We appreciate the Court's attention to this matter.

**Defendants' Position**

Pursuant to the Court's March 2, 2012, Case Management Order governing expedited discovery in the 102 and 103 dockets ("CMO No. 1") (Doc. 4255), the parties are in the midst of discovery relating to the nine plaintiffs selected to proceed to trial in Group 1. The parties have engaged a third-party vendor to coordinate deposition scheduling; more than 100 deposition notices have been served; dozens of depositions have been conducted or are confirmed on calendar; and third-party discovery has begun in earnest.

Despite this substantial progress, on April 25, the Napoli firm served 18 notices seeking the deposition of employees from several defendants—including six employees of defendant Verizon New York, Inc., six of defendant Belfor US, three of defendant Deutsche Bank Trust Company Americas, and two of defendant Bank of New York. Defendants respectfully request that the Court quash these deposition notices. The notices are neither contemplated in nor permitted by the parties' joint discovery plan; they violate the procedures set forth in CMO No. 1; and, indeed, they undercut the parties' good-faith efforts to meet the Court's August 2012 fact-discovery cutoff.

KIRKLAND & ELLIS LLP

The Hon. Alvin K. Hellerstein
May 3, 2012
Page 2

At the Court's direction, the Defense Liaison Committee and Plaintiffs' Liaison Counsel, along with the Napoli firm, met with Special Masters Twerski and Henderson on numerous occasions prior to the entry of CMO No. 1 to discuss the amount of discovery that would be necessary to prepare a preliminary group of individual cases for trial and the amount of time such discovery would require. During each of those meetings and conversations, the parties calculated the number of defendant depositions that would be required to prepare these first nine cases based on the core understanding that plaintiffs would take *one corporate representative deposition of each defendant*, consistent with Rule 30(b)(6) of the Federal Rules of Civil Procedure. No party objected to this understanding.

The parties memorialized their agreement regarding the scope of discovery in a joint letter submitted to the Court on March 1, 2012. Regarding the procedure for defendant depositions, the parties' joint letter plainly states:

> Plaintiffs will notice the defendants for depositions according to plaintiffs' schedule. *Defendants will advise which witness will appear for each defendant* and use reasonable efforts to comply with plaintiffs' requested schedule.

(Doc. 4255 (emphasis added).) Recognizing the amount of material that would need to be covered in each defendant deposition, defendants agreed that these Rule 30(b)(6) depositions could "proceed in excess of a single day, if necessary," (*id.*), rather than limiting plaintiffs' examination to seven hours, as otherwise provided in the Federal Rules of Civil Procedure.

In setting an abbreviated schedule for discovery of these nine cases in the 102 and 103 dockets, the Court premised its March 2 order on the parties' agreed-upon discovery plan and their estimate of the number of depositions that would be required. Specifically, in permitting the parties approximately five months of fact discovery to prepare the nine cases in Group I for trial, the Court's March 2 order states, "[T]he parties jointly submitted a case management plan that further details the discovery process for [the Group I plaintiffs]. I so ordered this plan . . . ." (*Id.*).

The Napoli firm's recent wave of notices seeking the depositions of multiple employees—both current and former—of defendants in the 102 docket threatens to undermine the parties' joint discovery plan and any hope the parties have of meeting the Court's discovery deadline. The parties' plan, as set out in CMO No. 1, contemplates only one representative deposition for each of 80-plus individual defendants named in the nine Group I cases. The Napoli firm never objected to this arrangement and, in fact, actively participated in the negotiations leading to it. Moreover, the arrangement forms part of the basis for the Court's expedited discovery schedule. When the Court asked the parties to estimate the number of

## KIRKLAND & ELLIS LLP

The Hon. Alvin K. Hellerstein
May 3, 2012
Page 3

depositions that would be required to complete discovery for the nine Group I plaintiffs, plaintiffs' estimates consistently assumed one deposition per defendant, plus non-party employer and contractor depositions; certainly, there was never discussion of five or six employee depositions per defendant. If the Napoli firm had ever revealed that it contemplated upwards of *seven depositions per defendant*, then defendants would have plainly stated that a five-month discovery schedule for the nine plaintiffs, 80-plus defendants, and countless third parties involved in the Group 1 cases was unworkable. Indeed, given the complexity of this consolidated litigation, the five-month schedule is demanding enough with the one-deposition-per-defendant arrangement in place.

To be clear, it is not defendants' position that individual fact-witness depositions—of defendants' employees or plaintiffs' coworkers or relatives, for example—are *per se* inappropriate in this case. Nor is the issue whether such depositions are appropriate under the federal rules. Rather, the issue is whether the parties and their counsel—including the Napoli firm—must adhere to the joint discovery plan and the schedule negotiated and ordered in March—which in some instances differs from the Federal Rules of Civil Procedure. CMO No. 1 requires that each defendant offer a Rule 30(b)(6) deponent in the first instance. This is precisely what Verizon New York, Belfor US, Deustche Bank Trust Company Americas, and Bank of NY have done; each has confirmed a date, or dates, for the deposition of its representative witness, pursuant to Rule 30(b)(6). And, as the parties discussed when the joint discovery plan was formulated, if any defendant's (or plaintiff's) deposition testimony is deficient in anyway, then the parties will meet and confer to discuss whether additional examination is necessary.

The Napoli firm, however, has apparently decided that it no longer likes the parties' joint discovery plan, even after it was ordered by the Court. Despite Verizon New York's, Belfor US's, Deutsche Bank Trust Company Americas', and Bank of NY's efforts to confirm dates for their corporate depositions, the Napoli Firm served deposition notices on these entities' individual employees, without notice or explanation. This is in clear violation of CMO No 1. Further, the Napoli firm rebuffed any attempt to meet and confer on this issue, refusing to join the parties' call with the Special Masters. The Napoli Firm's effort to rewrite history should be denied. Defendants therefore respectfully request that the Court quash the Napoli firm's 18 deposition notices of defendants' employees and direct the plaintiffs to comply with CMO No. 1 by proceeding with duly noticed Rule 30(b)(6) depositions in the first instance.

## KIRKLAND & ELLIS LLP

The Hon. Alvin K. Hellerstein
May 3, 2012
Page 4

**Plaintiffs' Position**

Pursuant to the Court's March 2, 2012 Revised Order Regulating Discovery, all discovery for Group I plaintiffs must be completed by August 3, 2012. In an effort to meet this discovery deadline and depose all pertinent defendants and fact witnesses, on April 11, 2012, plaintiffs served 30(b)(6) deposition notices on defendants Verizon New York, Belfor US, Deutsche Bank Trust Company Americas, and Bank of New York. *See* compiled deposition notices at Exhibit 1. Consistent with Rule 30(b)(6), plaintiffs' notices describe subject matters and request that each defendant designate a person with knowledge of the subject matters described to testify at the depositions. Subsequently, on April 25, 2012, plaintiffs served additional notices tentatively scheduling eighteen depositions for June 2012. *See* compiled deposition notices at Exhibit 2. Each notice is properly addressed to a named employee of defendant Verizon New York, Inc., defendant Belfor US, defendant Deutsche Bank Trust Company Americas, or defendant Bank of New York.

A party may seek the deposition of party witness by: (1) naming an employee of the entity under Federal Rule of Civil Procedure 30(a) and (2) describing subject matters and allowing the organization to designate a witness under Federal Rule of Civil Procedure 30(b)(6). *See Chevron Corp. v. Salazar*, 275 F.R.D. 422, 426 & n.14 (S.D.N.Y. 2011) (citing *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y.1985)). Here, plaintiffs intend to depose defendants Verizon New York, Belfor US, Deutsche Bank Trust Company Americas and Bank of New York pursuant to both Rules 30(a) and 30(b)(6). Plaintiffs never waived their right to depose defendants pursuant to Rule 30(a), nor did they agree to limit their depositions to one corporate representative for each defendant. Such preclusion would have allowed the defendants to dictate all of the witnesses who would be testifying in these cases and would have essentially prohibited the plaintiffs from preparing and trying their cases.

The parties jointly submitted a discovery agreement to the Court on March 1, 2012, which the Court incorporated into its March 2, 2012 Order as CMO No. 1. However, defendants are now attempting to modify the agreement and read non-existent language into parties' joint discovery plan. The Agreement simply does not bar plaintiffs from taking more than one corporate representative deposition for each defendant. Additionally, the Agreement does not waive the plaintiffs rights to seek depositions pursuant to Rule 30(a). The defendants have failed to point to any language in CMO No. 1 that prevents the plaintiffs from seeking depositions pursuant to Rule 30(a). Instead, defendants maintain that the parties had a "core understanding". However, the defendants' self-serving interpretation of any discussions with the plaintiffs is untrue, not documented, nor part of CMO 2012 No. 1. The plaintiffs are merely seeking discovery pursuant to the Federal Rules of Civil Procedure and CMO No. 1. The defendants must be compelled to follow these discovery rules, especially in the absence of any claimed

**KIRKLAND & ELLIS LLP**

The Hon. Alvin K. Hellerstein
May 3, 2012
Page 5


prejudice and without any showing of good cause. The number of depositions is not excessive, even for this litigation, and the parties are able to conduct the properly noticed depositions within the required time. This Court has never curtailed any party's right or ability to conduct the discovery it deems appropriate during the course and scope of this combined litigation and no justifiable reason has been proffered by the defendants to require that this Court alter its policies at the present time.

    The plaintiffs have been and are following he discovery rules and procedures in this case. The discovery plan outlined in CMO No. 1 requires plaintiffs to notice defendant depositions. The discovery plan does not in any way restrict the plaintiffs' methods in seeking such depositions nor limit their number. Therefore, plaintiffs may depose the defendants pursuant to either Rule 30(a) or Rule 30(b)(6). The CMO also obligates "defendants to advise which witness will appear." Obviously, any defendant only has to advise which witness will appear if plaintiffs notice the deposition pursuant to Rule 30(b)(6) deposition notice. This provision should not be stretched to mean that plaintiffs cannot conduct a Rule 30(a) deposition, as suggested by the defendants' arguments. Such an interpretation is unreasonable and would deprive plaintiffs from completing meaningful discovery.

    The current Rule 30(a) deposition notices involved in this current dispute are for the employees that defendants expressly mentioned in their Responses to Plaintiffs' Co-Liaison Counsel's Discovery Demands. *See* Exhibit 3-6. For example, Demand No. 8 requested the name and title of individuals of defendant's employees who supervised work performed. Belfor US indicated that Farid Charmani, Shawana Wood, Brian Wooley, and Buddy Burrows supervised work relevant to this litigation. Farid Charmani, Shawana Wood, and Brian Wood were supervisors and Dennis Zagata was the Assistant Director of National Operations. *See* Exhibit 3. In addition to deposing these fact witnesses, plaintiffs will also depose a witness that Belfor US will designate. Plaintiffs will be unfairly disadvantaged if they cannot depose defendants' employees who are knowledgeable about the work relevant to this litigation. which deponent. This was nowhere contemplated by CMO No.1, was never discussed nor agreed to by the parties and is unreasonable on its face.

    The Defendants contend that their employees may be deposed only if the testimony of their own selected witness is deficient. That is pure nonsense. to the plaintiffs cannot wait and cannot be expected to wait until the 30(b)(6) depositions are completed to then notice and conduct the depositions of the defendants' employees. We have patiently waited far to long to conduct depositions as it is and the further delay demanded by defendants will only ensure that the plaintiffs will not be able to finish fact discovery before August 3, 2012, at the rate the defendants demand that they be permitted to produce their witnesses.

# KIRKLAND & ELLIS LLP

The Hon. Alvin K. Hellerstein
May 3, 2012
Page 6

      Further, the defendants' newly minted demand that witness only be deposed if corporate designee depositions are "deficient," is unworkable, will be unable to be implemented in practice and will inevitably invite and require extensive judicial intervention and supervision, with obvious consequences. The inevitable disputes will have the unfortunate effect of entwining the Court into micromanaging depositions, something that the Court has understandably heretofore refused to do. .Moreover, such intervention is or should be unnecessary, as the depositions were duly noticed and are reasonable in terms of their number and subject scope. There is no reason to, in effect, quash plaintiffs' deposition notices because the defendants only want to produce one witness *of their own choosing*, each, for deposition. Plaintiffs respectfully request that this Court uphold plaintiffs' deposition notices pursuant to Rule 30(a) and compel the Defendants to produce their witnesses as noticed.

      Furthermore, CMO No. 1 permits plaintiffs to subpoena non-party witnesses. Thus, if any of the witnesses identified in the plaintiffs Rule 30(a) deposition notices are no longer employed by the defendants, they t should and are required by the Rules to provide plaintiffs with the witness' last known address and social security number without delay so that individual can be served with a subpoena pursuant to Federal Rule of Civil Procedure 45.

      Respectfully,

| /s | /s |
|---|---|
| Lee Ann Stevenson | Christopher R. LoPalo |
| on behalf of Defendants | |

*Defense Liaison Committee*

Richard E. Leff
MCGIVENY & KLUGER, P.C.
80 Broad Street, 23rd Floor
New York, New York 10004
Telephone: (212) 509-3456
rleff@mklaw.us.com

Stanley Goos
HARRIS BEACH PLLC
100 Wall Street
New York, NY 10005
Telephone: (212) 313-5452
sgoos@harrisbeach.com