

**PATTON BOGGS**LLP
ATTORNEYS AT LAW

The Legal Center
One Riverfront Plaza, Suite 600
Newark, New Jersey 07102-0301
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

May 18, 2012

James E. Tyrrell, Jr.
973-848-5620
jtyrrell@pattonboggs.com

**VIA ELECTRONIC MAIL AND OVERNIGHT DELIVERY**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

[Handwritten note: Tully's objections are sustained, both as to form and because the deposing of a non-party in the 9 buildings is premature. 5-22-12 /s/ AKHellerstein]

Re:   *In re World Trade Center Lower Manhattan Disaster Site Litigation*, 21 MC 102 (AKH)

Dear Judge Hellerstein:

Counsel for Tully Construction Co., Inc. ("Tully") and Plaintiffs' Counsel Worby Groner & Napoli Bern, LLP submit this joint letter regarding a dispute regarding the scope of non-party discovery proceeding in the 21 MC 102 docket under the March 2, 2012 Case Management Order ("March CMO").

### *Tully's Position*

As the Court is aware, the parties are currently engaged in discovery related to the nine plaintiffs selected for discovery and trial in the 21 MC 102 docket pursuant to the Court's March CMO. The parties' agreed upon discovery plan included advancing non-party discovery limited to the selected plaintiffs' various employers. To that end, Plaintiffs' counsel have subpoenaed entities that employed certain of the nine selected plaintiffs at locations and times relevant to the litigation. Tully is neither a party to any of those cases nor an employer of any of the subject plaintiffs.

On April 10, 2012, Plaintiffs' Liaison Counsel Gregory Cannata and Robert Grochow served Tully with a deposition notice (a deposition notice was used notwithstanding the fact that Tully is not a defendant in any of the nine selected cases).[1] A copy of this deposition notice is

---

[1] Although Plaintiffs' Liaison Counsel served this deposition notice, Robert Grochow has advised that the Worby Firm will be taking this deposition and that all disputes related to the deposition or deposition notice should be addressed with Christopher LoPalo, Esq. of the Worby firm. As a result, Alyson Villano, Esq. participated in a "meet and confer" with Christopher LoPalo on May 14, 2012, and this joint letter is the result of that discussion.



Hon. Alvin K. Hellerstein, U.S.D.J.
May 18, 2012
Page 2

enclosed herewith as Tully Ex. 1. In addition to not being a defendant in any of the selected cases, Tully also never employed any of the selected plaintiffs. Despite Tully's lack of involvement in any of the selected cases and our request to Plaintiffs' counsel Chris LoPalo that the deposition notice be withdrawn as it is improper and falls outside the scope of discovery currently contemplated by the Court and the parties, Mr. LoPalo continues to insist that a deposition of Tully be taken. Tully therefore respectfully requests that the Court order Plaintiffs' counsel to withdraw their demand for a deposition of Tully. Plaintiffs' counsel are, of course, free to serve a deposition notice or subpoena on Tully later in the discovery when it is appropriate.

The April 10 deposition notice refers to Tully as a defendant, which Tully is not, and requires Tully to produce a Fed. R. Civ. P. 30(b)(6) witness that has knowledge of certain information relevant to "130 Liberty Street." *Id.* While Tully performed some limited work at the 130 Liberty Street in connection with the debris removal and recovery work it was hired to perform at the World Trade Center Site, it is not a defendant in any of the selected cases. Plaintiffs' deposition notice is therefore improper to obtain a deposition from a non-party and is not permitted under the Federal Rules.

Further, regardless of the form of the demand, discovery of Tully is not appropriate at this time and falls outside the scope of discovery contemplated by the Court. The Court recently sustained the 21 MC 102 Defendants' objections to the individual deposition notices served on various defendants' employees in the selected cases. The Court ruled that the "30(b)(6) depositions should proceed first. Supplemental discovery may proceed thereafter." *See* May 4, 2012 Joint Letter Decision attached as Tully's Ex. 2. As a result, any discovery of Tully should be deferred until the Fed. R. Civ. P. 30(b)(6) depositions of defendants and depositions of non-party plaintiff employers are complete. Allowing discovery to proceed against non-party non-employer contractors at this time will only thwart the progress of discovery and likely result in delay.

For the reasons set forth above and consistent with the reasoning of the Court's May 4 Order, the Court should order Plaintiffs' counsel to withdraw the deposition notice to Tully.

*Plaintiffs' Position*

There is no real dispute—Case Management Order No. 1 for 2012 ("CMO1") explicitly permits plaintiffs to depose non-party witnesses, such as general contractors. Additionally, CMO 1 explicitly permits the plaintiffs to notice and depose Defendants for depositions. See the attached March 2, 2012 Order at Exhibit 3. Tully Construction Co., Inc. ("Tully") is a general contractor that performed work in several subject buildings after the events of September 11, 2012. Furthermore, Tully is named a Defendant in the First Amended Master Complaint that

122914



Hon. Alvin K. Hellerstein, U.S.D.J.
May 18, 2012
Page 3

was filed in this Court on April 18, 2012. As such, this Court should compel Tully to produce a witness for its deposition.

    As the Court is aware, the parties are in the midst of discovery relating to the nine plaintiffs selected to proceed to trial in Group I. The parties jointly submitted a discovery agreement to the Court on March 1, 2012, which the Court incorporated into its March 2, 2012 Revised Order Regulating Discovery as Case Management Order No. 1. Pursuant to CMO 1, the scope of discovery includes "non-parties, including employers, safety contractors, *general contractors*, and other contractors for each building." (emphasis added). The discovery agreement expressly permits plaintiffs to conduct depositions for "non-party liability witnesses such as employers and *contractors*." (emphasis added).
    On April 10, 2012, Plaintiffs' Liaison Counsel served Tully Construction Co., Inc. ("Tully") with a deposition notice.[2] Tully is a general contractor and as Tully admits, performed debris removal and recovery work at the Deutsche Bank Building, also known as 130 Liberty Street. The Deutsche Bank Building is a subject building in this litigation. Tully also performed work at other subject buildings, including One Liberty Plaza, Century 21, 120 Broadway, 90 Church Street, 26 Cortland Street, and 100 Trinity Place. *See* Exhibit 4. As Tully was a general contractor at several buildings at issue in the nine trial cases, Tully is relevant to the selected cases and may be deposed as a non-party witness under the plain language of CMO 1.

    CMO 1 clearly contemplated that contractor depositions would proceed at the same time as defendant and employer depositions. The discovery agreement unequivocally states that non-party depositions are within the scope of discovery and defines non-parties to include both employers and contractors. Tully wrongly contends that its deposition should be deferred until depositions of defendants and employers are complete. We point out that the objection is to one single Rule 30(b)(6) deposition and that there has been too much delay in this litigation, to date. The discovery agreement simply does not create any prerequisites that plaintiffs must satisfy before deposing non-party contractors. Additionally, the plan does not in any way prioritize employer depositions over contractor depositions—the parties obviously intended to treat such non-party depositions equally knowing that they go hand-in-glove. Plaintiffs have patiently waited far too long to conduct depositions as it is and any further delay will only ensure that the plaintiffs will not be able to finish fact discovery before August 3, 2012.

---

[2] Defendant's complaint concerning the use of a deposition notice in lieu of a subpoena is baseless as Tully is a party to this litigation. Any defects in the deposition notice are mere technicalities and are waived by Tully failing to timely raise it. However, plaintiffs are willing to cure any defects and formally subpoena Tully, which plaintiffs respectfully submit should not be necessary in this attenuated mass tort litigation.

122914



Hon. Alvin K. Hellerstein, U.S.D.J.
May 18, 2012
Page 4

  For the reasons set forth above and consistent with the plain language of CMO 1 the Court should compel Tully to produce a witness for its non-party deposition.

            Respectfully submitted,

            _____s/_____
            James E. Tyrrell, Jr., Esq.
            PATTON BOGGS LLP
            *Counsel for Tully Construction Co., Inc.*

            Respectfully submitted,

            _____s/_____
            Christopher LoPalo, Esq.
            WORBY GRONER EDELMAN
            & NAPOLI BERN LLP
            *Plaintiffs' Co-Liaison Counsel*

122914