

# WorbyGronerEdelman &NapoliBern LLP
## ATTORNEYS AT LAW

CHRISTOPHER R. LOPALO
CLOPALO@NAPOLIBERN.COM

May 29, 2012

**Handwritten annotation (Judge's order):** The dep'n will proceed as scheduled on June 5, 2012. Def't, 60 Hudson Owner, if it fails to make production, fully and responsively, by 6/15/12, shall be subjected to sanctions in the form of adverse inferences on relevant facts which the 30(b)(6) witness ought to have knowledge but lacks. Pl. has leave to resume witness after production, on 6/19/12.

5-31-12
/s/ A.K. Hellerstein

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

    Re:    *In Re: World Trade Center Lower Manhattan Disaster Site Litigation*
           21 MC 102 (AKH)

Dear Judge Hellerstein:

    Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP and defendant 60 Hudson Owners respectfully submit this joint letter regarding a discovery dispute. Plaintiffs and Defendants "met and conferred" about unresolved discovery issues on May 24, 2011. However, the parties were not able to resolve their discovery dispute.

*Plaintiffs' Position:*

    Although defendant 60 Hudson Owners ("Defendant") has had over four years to respond to plaintiffs' discovery demands, defendant has simply failed to do so. Plaintiffs have urged defendant to respond to no avail. Defendant's extreme delay is substantially interfering with plaintiffs' ability to complete discovery. As the Court is aware, discovery for the first group of cases selected for trial must be completed by August 3, 2012. Plaintiffs intend to depose defendant 60 Hudson Owners' 30(b)(6) witness on June 5, 2012. In light of the upcoming deposition and discovery deadline, defendant 60 Hudson Owners must be compelled to immediately respond to plaintiffs' discovery requests for discovery to proceed as scheduled or defendant should otherwise be appropriately sanctioned.

    Over four years ago, on January 15, 2008, plaintiffs propounded discovery demands on 60 Hudson Owners. *See* Plaintiffs' Exhibit 1. Pursuant to paragraph I(a) of the Court's Case Management Order No. 6 dated May 6, 2008, defendant 60 Hudson Owner was required to

1


**WorbyGronerEdelman &NapoliBern LLP**
ATTORNEYS AT LAW

respond to Plaintiffs' Liaison Counsel's Discovery Demands by October 31, 2008. Although defendant has had ample time to search for responsive information and documents, defendant has failed and continues to refuse to respond to the outstanding interrogatories and document requests. On February 13, 2009, plaintiffs notified Michael Simon, Esq., attorney of record for defendant, that his client 60 Hudson Owners did not respond to plaintiffs' discovery demands. A copy of this letter is enclosed herewith as Plaintiffs' Exhibit 2. However, Michael Simon never made any attempt to cure his client's discovery deficiencies.

Plaintiffs sent a second letter to Michael Simon on March 15, 2012 and requested that defendant respond to the outstanding discovery within 10 days. *See* Plaintiffs' Exhibit 3. On March 27, 2012, Michael Simon asked plaintiffs to send him a copy of plaintiffs' discovery demands. *See* Plaintiffs' Exhibit 4. Plaintiffs sent defense counsel a courtesy copy of the demands that were served on him over four years ago. *See* Exhibit 5. The plaintiffs agreed to give 60 Hudson Owners additional time until May 15, 2012 to respond to the discovery demands. However, defendant did not respond to the discovery demands nor did it attempt to contact plaintiffs to ask for an extension.

Plaintiffs contacted Michael Simon on May 23, 2012 to schedule a conference call regarding 60 Hudson Owners' outstanding discovery. *See* Exhibit 6. In response, Michael Simon stated that "[m]any of the documents had been sent away to Brooklyn for storage and it is taking longer than we expected to get all of the requested documents." *See* Exhibit 7. On May 24, 2012, plaintiffs met and conferred with defendant but were unable to resolve this discovery dispute.

Simply put, Defendant 60 Hudson Owners has been in violation of this Court's discovery orders for nearly four (4) years. The injured plaintiffs have waited patiently for this segment of the litigation to move to trial and they should not by further delayed by this defendants insolent and contumacious conduct. Defendant has had years to attempt to retrieve its documents from storage and plaintiffs respectfully submit that the defendant is proceeding in bad faith.

This extreme delay is inexcusable. Due to the discovery deadline, defendant 60 Hudson Owner's deposition must go forward as scheduled. Plaintiffs will not have sufficient time to review defendants' documents and properly prepare for the scheduled deposition. Defendant's unilateral refusal to engage in discovery and disregard for the orders entered by this Court are unacceptable, have and will continue to unfairly prejudice plaintiffs and deserve sanction.

For the reasons set forth above, this Court sanction defendant 60 Hudson Owners and compel defendant to immediately respond to plaintiffs' discovery requests.

*Defendants' Position:*

Defendant 60 Hudson Owners is fully prepared to respond to plaintiffs' discovery demands. However, since the events took place 10 + years ago, it has taken longer than

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM



**WorbyGronerEdelman &NapoliBern LLP**
ATTORNEYS AT LAW

anticipated to locate and identify documents responsive to Plaintiffs demands. Although the original demands were sent in 2008, at that time Defendant 60 Hudson Owners was engaged in settlement discussions with Plaintiffs' counsel with a view to settling all 12 cases that had been brought against Defendant 60 Hudson Owners.

Although a settlement was not reached, subsequently seven (7) of the cases against 60 Hudson Owners were dismissed and/or discontinued by Plaintiffs' counsel—leaving only 5 remaining plaintiffs with claims against Defendant 60 Hudson Owners. One of the remaining 5 plaintiffs is Gustavo Mendoza—who is one of the nine (9) plaintiffs chosen as part of the first group of plaintiffs proceeding to trial.

In late April and early May 2012, discussions between Plaintiffs' counsel and myself took place where it was agreed to extend Defendant 60 Hudson Owners time to respond to the discovery demands until May 15, 2012 and it was also agreed to schedule the deposition of Defendant 60 Hudson Owners for June 5, 2012. On May 1, 2012 the deposition was confirmed and I provided the name of the witness and his position with Defendant 60 Hudson Owners.

Simultaneously, I was in contact with my client and requested that it put together all requested documents so that we could provide same to Plaintiffs' counsel by May 15th. When the documents were not sent to my office, I contacted my client and found out on May 22nd that it was taking longer than expected to locate many of the requested documents. I was told that a large number of documents and files had been placed in storage in Brooklyn years ago and the identification of the contents of the files was either lacking or incomplete. I contacted Plaintiffs' counsel and advised them of same.

Although not an excuse for the delay in responding, with regard to the Mendoza case, Plaintiffs' counsel had previously provided a list of all of the buildings were Mendoza had worked and the number of hours he worked in each location. According to Plaintiffs' list, Mendoza worked only 1 (one) day at 60 Hudson approximately 11 ½ months after September 11, 2001—this could be one of the reasons my client is having such a hard time finding the documents.

At this time, my client is diligently proceeding to fully comply with the discovery demands and I am aiming to deliver the documents/responses to Plaintiffs' counsel by the end of this week--- but it is clear that Plaintiffs' counsel does not yet have the documents or the responses –and the deposition is just one week (1) away. I suggested to Plaintiffs' counsel that we re-schedule the deposition for June 19 or June 26, so that they will have sufficient time to review the responses/documents in advance of the deposition, but they declined.

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM


WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

Respectfully submitted,

_____s/_____
Christopher R. LoPalo, Esq.
WORBY GRONER EDELMAN
& NAPOLI BERN LLP
*Plaintiffs' Attorney*

&

Respectfully submitted,

_____s/_____
Michael S. Simon, Esq.
Akerman Senterfitt, LLP
*Attorney for 60 Hudson Owner, LLC*

Enclosures

Judge wrote:

"The deposition will proceed as scheduled on June 5, 2012. Defendant, 60 Hudson Owner, if it fails to make production, fully and responsively, by 6/15/12, shall be subject to sanctions in the form of adverse influences on relevant motion as to which the 30(b)(6) witness ought to have but lacks knowledge. Plaintiff has leave to resume the 30(b)(6) witness after production, on 6/19/12.

5-31-12

Alvin K. Hellerstein"