UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH) |
| THIS DOCUMENT APPLIES TO ALL IN RE WORLD TRADE CENTER AND LOWER MANHATTAN DISASTER SITE LITIGATION | DEFENDANTS TRAMMELL CROW CORPORATE SERVICES, INCORPORATED'S AND TRAMMELL CROW COMPANY'S RESPONSE TO PLAINTIFFS' NOTICE TO PRODUCE DOCUMENTS |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, GORDON & SILBER, P.C., on behalf of defendants **TRAMMELL CROW CORPORATE SERVICES, INC.** (hereinafter **"TCCS"**) and **TRAMMELL CROW CO.** (hereinafter **"TC"**), hereby responds to Plaintiffs' Notice to Produce Documents, dated June 29, 2012, in the above captioned litigation, upon information and belief, as follows. TC and TCCS reserve their right to supplement or amend this responses as appropriate.

## GENERAL OBJECTIONS

1) TC and TCCS object to the Requests to the extent that they seek information or documents protected from discovery by any privilege, including, but not limited to, the attorney-client privilege, the deliberative process privilege, the self-critical analysis privilege, the insured-insurer privilege, the attorney work product doctrine, or any applicable privilege or immunity, including the privileges and rights of privacy applicable to personnel records. To the extent any protected information is produced, such information was produced inadvertently, and TC and TCCS shall not be deemed to have waived any of their privileges with respect to that or any other information.

2) TC and TCCS object to the Requests to the extent that they seek the production of confidential, financial, or business information without the entry of a stipulation or a protective order adequate to preserve the confidentiality of such information. TC and TCCS

(G0105794)CVW                                1

object to the Requests to the extent that they seek the disclosure of information that is commercially sensitive or that constitutes trade secrets. TC and TCCS further object to any Request that calls for the production or disclosure of proprietary or confidential information until the parties enter, or the Court orders, a suitable protective order and other appropriate measures are taken to comply with the applicable privacy laws.

3)    In providing the Responses to the Requests, TC and TCCS have undertaken a reasonable effort to provide responsive information and documents, to the extent that such information and documents are not subject to objection. TC's and TCCS's investigation is continuing, and the following Responses are therefore based upon such information as is available to TC and TCCS and capable of retrieval through reasonable efforts. TC and TCCS reserve the right to supplement any and all of their Responses to include information which may be disclosed during their continuing investigation or during discovery.

4)    TC and TCCS object to the Requests to the extent that they seek information or documents concerning activities, policies, practices, information, or procedures of any persons and/or entities other than TC and TCCS, because those persons and/or entities are best able to provide Responses concerning their operations or activities. Responses will be provided for TC and TCCS only and will be based upon information known or reasonably available to TC and TCCS.

5)    TC and TCCS object to the scope of the Requests to the extent that the information sought is beyond that which is relevant or reasonably calculated to lead to the discovery of admissible evidence.

6)    TC and TCCS object to the Requests to the extent that particular Requests, or any words or terms used therein, are vague, ambiguous, subject to different interpretations, overly broad, unduly burdensome, not limited to a specific time period, require subjective knowledge by persons or parties other than TC and TCCS, call for speculation, involve issues of law subject to

(G0105794)CVW                                                 2

resolution by the Court, or seek information or documents that are irrelevant, inadmissible, or not reasonably calculated to lead to the discovery of admissible evidence. TC and TCCS also object to the use of undefined terms and phrases. TC and TCCS further object to the Requests to the extent they fail to set forth or describe with particularity the information requested. TC and TCCS object to the Discovery Requests to the extent that they call for speculation, are vague and ambiguous, are subject to several different interpretations and are, therefore, incapable of a meaningful Response as stated.

7) These Responses are made solely for purposes of this action. Each Response is subject to all objections as to competency, relevancy, materiality, admissibility, and any and all other objections that would require the exclusion of any statement contained herein if such statement were made by a witness present and testifying in court. All such objections and grounds are reserved and may be interposed at the time of trial.

8) TC and TCCS object to the Requests to the extent that they seek information or documents whose disclosure or production imposes an unreasonable hardship on TC and TCCS and/or where information or documents can be obtained from sources that are more convenient, less burdensome, or less expensive.

9) TC and TCCS object to the Requests to the extent that they seek information or the identification of documents, writings, records, or publications which are in the public domain since such information is equally available to Plaintiffs.

10) TC and TCCS object to the Requests to the extent that they seek legal conclusions or legal analyses.

11) TC and TCCS object to the Requests to the extent that they seek information not in the possession, custody, or control of TC and TCCS, or not available to TC and TCCS's management personnel through customary and reasonable internal business procedures.

12) TC and TCCS object to the Requests to the extent that they are not limited to a specific time period relevant to the allegations contained in the First Amended Master Complaint or the First Amended Check-Off Complaints that have been filed to date in the above-captioned action and/or they seek information beyond the time period that could conceivably lead to discovery of admissible evidence.

13) Any Response that states that documents will be produced is to be construed as relating only to responsive documents in TC and TCCS's possession, custody, or control and that are not otherwise protected by a privilege or other immunity from discovery. Moreover, such statement shall not be construed as a representation that such documents exist, but should instead be considered only as an affirmation that documents located through a reasonable search will be produced.

14) No incidental or implied admissions are intended by the Responses herein. The fact that TC and TCCS have responded or objected to any Request should not be taken as an admission that it accepts or admits the existence of any "facts" set forth or assumed by such Request.

15) TC and TCCS object to the Requests to the extent that they seek "Protected Health Information" which is protected from disclosure by the Health Insurance Portability and Accountability Act ("HIPAA"). *See* 45 C.F.R. §164.508.

16) TC and TCCS object to the Requests to the extent that they seek the disclosure of information that is protected by a court order or a confidentiality agreement.

17) TC and TCCS object to the Requests to the extent they purport to impose discovery obligations beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York or any other applicable Orders of the Court.

18) TC and TCCS object to the term "work," as used throughout the Requests, as vague, ambiguous, and subject to several different interpretations. Therefore, for purposes of responding to these Requests, TC and TCCS will interpret "work" to mean the activities performed in the clean-p/reconstruction/restoration efforts after the terrorist attacks on September 11, 2001 at Three World Financial Center, New York, New York.

19) TC and TCCS object to the Requests to the extent that they seek information or documents relating to work performed in connection with the rescue, recovery, and debris removal operation at the World Trade Center Site following the terrorist attacks of September 11, 2001. Such information and documents are outside the scope of the above-referenced litigation. To the extent that TC and TCCS have produced such information or documents herein, TC and TCCS expressly reserve their right to, in the future, argue that the information or documents produced relate to matters that are outside the scope of the above-referenced litigation and are, instead, governed by the November 27, 2007 "Clarifying Order Regulating [Core] Discovery" entered by the Honorable Alvin K. Hellerstein in *In re World Trade Center Disaster Site Litigation*, 21 MC 100 (AKH).

20) These "General Objections" are applicable to and incorporated into each of TC's and TCCS's Responses, *infra*, as if specifically set forth at length therein. The stating of specific objections to a particular Request shall not be construed as a waiver of TC and TCCS's "General Objections" nor does the restatement of a specific reference to a "General Objection" in the Response to a particular Request waive any other "General Objection." Unless otherwise specifically stated, TC and TCCS's objections to each Request apply to the entire Request, including each and every subparagraph of each Request. TC and TCCS reserve the right to make specific and further objections to each Request.

## RESPONSE TO PLAINTIFFS' NOTICE TO PRODUCE DOCUMENTS

1. Any and all records referencing the [named] plaintiffs within your possession, including but not limited to medical records, employment records, work records, work log, sign in sheets, attendance sheets, crew sheets, City, State and/or Federal created and/or maintained records including but not limited to NYCDEP and OSHA.

   **Please see the attached respiratory fit test records, annexed hereto as Exhibit A, which were previously produced under bates numbers TC 0001394 and TC 0001552 to the Merrill Lextranet Database on January 22, 2009.**

Dated: New York, New York
July 17, 2012

By: _____

GORDON & SILBER, P.C.

Charles V. Weitman (CW-6422)
Attorneys for Defendants
Trammell Crow Company
Trammell Crow Corporate Services, Inc
355 Lexington Avenue
New York, NY 100017
(212) 834-0600

TO: Robert A. Grochow, Esq.
233 Broadway, 5th Floor
New York, NY 10279

Gregory J. Cannata, Esq.
Law Offices of Gregory J. Cannata
233 Broadway, 5th Floor
New York, NY 10279

Paul Napoli, Esq.
Worby Groner Edelman &
NapoliBern LLP
Empire State Building
350 Fifth Avenue
New York, New York 10118

James E. Tyrell, Esq.
Joseph Hopkins, Esq.
Patton Boggs, LLP
1 Riverfront Plaza, 6th Floor
Newark, NJ 07102

Thomas Egan, Esq.
Flemming Zulack Williamson Zauderer, LLP
One Liberty Plaza
New York, NY 10006

(G0105794)CVW                              6

# Exhibit A

OCCUPATIONAL MED. ASSOCS, INC.
P.O. BOX 660
FAIR LAWN, NJ 07410
Tel: 1-201-794-8055
Tax ID#22-3522658

# INVOICE

| Date | 11/18/2001 |
|---|---|
| Account # | SANCAL |
| Patient | ALEX SANCHEZ |

THOMAS COSTELLO
TRAMMELL CROW COMPANY
90 HUDSON STREET
JERSEY CITY NJ 07302

Page No. 1

| Reference | Date | Code | Description | Amount | Balance |
|---|---|---|---|---|---|
| C5567 | 11/02/2001 | I | 12128 RESPIRATOR PHYSICAL | $100.00 | $100.00 |
| C5567 | 11/02/2001 | I | 94010 SPIRO | $40.00 | $140.00 |

*Tom Costell 11/30/01* (signature)

Codes: I-Charge  P-Payment      * - Waiting for Insurance Payment

| 30 days | 60 days | 90 days | 120 days | Please Pay | $140.00 |
|---|---|---|---|---|---|
| 140.00 | 0.00 | 0.00 | 0.00 | | |

ATTN: THOMAS COSTELLO
RE: RESPIRATOR PHYSICAL

TC 0001394



# TOPS in EMERGENCY RESPONSE
Training, Operations, Planning and Safety Services

## RESPIRATOR FIT-TEST RECORD

I, **ALEX A SANCHEZ** (name), _____ (employee number) certify that I have been trained on the proper use, instructed on maintenance procedures, and successfully completed fit test(s) as required under 29 CFR 1910.134, revised 1998, as described below:

**Respirator 1**

Quantitative / **Qualitative** (circle one)

Full-face / **Half-face** (circle one)

Make/Model: North 7700

Size: M

**Respirator 2**

Quantitative / Qualitative (circle one)

Full-face / Half-face (circle one)

Make/Model: _____

Size: _____

Date: 11-2-01

Employee Signature: _____

Name of Conductor: Solomon

Signature of Conductor: _____

P. O. Box 698 * Westfield, New Jersey 07091-0698 * Phone 908-232-5244 * Fax 908-232-5157
E-Mail response@compuserve.com * WebSite http://ourworld.compuserve.com/homepages/response

TC 0001552

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE LOWER MANHATTAN

DISASTER SITE LITIGATION

21 MC 102 (AKH)

---

THIS DOCUMENT APPLIES TO ALL IN RE WORLD TRADE CENTER AND LOWER MANHATTAN DISASTER SITE LITIGATION

---

**DEFENDANTS TRAMMELL CROW CORPORATE SERVICES, INCORPORATED'S AND TRAMMELL CROW COMPANY'S RESPONSE TO PLAINTIFFS' NOTICE TO PRODUCE DOCUMENTS**

---

GORDON & SILBER, P.C.
Attorneys for Defendants
TRAMMELL CROW CO. and
TRAMMEL CROW CORPORATE SERVICES, INC.
Office and Post Office Address
355 Lexington Avenue, 7th Floor
New York, New York 10017
(212) 834-0600

(G0105794)CVW                                      8