

# WorbyGronerEdelman &NapoliBern LLP
### ATTORNEYS AT LAW



[Handwritten annotation:] The objections of Pinnacle are sustained w/out prejudice to a Re-issued subpoena based on pls' counsel's careful review of prior productions to avoid duplication, and careful review of counsel's roster of plaintiffs to eliminate dismissed and non-employed plaintiffs.

9/19/12 [signature] 

CHRISTOPHER R. LOPALO
CLOPALO@NAPOLIBERN.COM

September 14, 2012

VIA ELECTRONIC MAIL AND HAND DELIVERY

Honorable Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

      Re: *In Re: World Trade Center Lower Manhattan Disaster Site Litigation*
           21 MC 102 (AKH)

Dear Judge Hellerstein:

    The Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP ("Plaintiffs") and Patton Boggs, counsel for Pinnacle Environmental Corp. ("Pinnacle") submit this joint letter regarding a discovery dispute. Counsel for the parties have "met and conferred" about this unresolved discovery issue, however have been unable to resolve this issue.

*Plaintiffs' Position:*

    On Tuesday August 28, 2012 plaintiffs served a subpoena upon Patton Boggs, LLP, appearing as counsel for Pinnacle.[1] *See* "Pinnacle Subpoena" at Exhibit 1. The Pinnacle Subpoena was limited in scope to the production of Pinnacle's employment records for one hundred eighty-eight ("188") plaintiffs who were employed by Pinnacle while working in the buildings in lower Manhattan following the building collapses at the World Trade Center site. Thereafter, Pinnacle's counsel informed plaintiffs that they object to the Pinnacle subpoena in that it is overly-broad because it seeks the employment records of plaintiffs who were not selected for discovery in the 21 MC 102 litigation. Pinnacle's counsel further informed plaintiffs that they have no objection to providing this information once these plaintiffs are eventually selected for discovery. Pinnacle's objection is just another attempt to delay and deprive plaintiffs

---

[1] Pinnacle is insured by the WTC Captive Insurance Company, Inc. and has settled its claims with the Plaintiffs.

1



WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

and their counsel from obtaining the records they need in order to prosecute their claims and should be overruled. There is simply no reason to deny the application for these records.

The employment documents sought in the Pinnacle Subpoena are needed in order to determine if supplementation to certain plaintiffs' discovery responses are warranted. For example, the plaintiffs are expected to answer the following discovery questions in the Court's TCDI database:

(1) At which WTC building location(s) did P perform work;

(2) What dates did P perform work at each building;

(3) Provide the total hours that P worked at each WTC Building location(s);

(4) Provide the percentage of hours P worked for each WTC Building location(s);

(5) What type(s) of work did P actually perform at each WTC building location(s);

(6) Provide the total hours that P worked at all WTC Building locations (if P worked at more than one building, total of all hours); a nd

(7) P can provide the following type(s) of documentation to verify work at for each WTC Building location(s).

Most, if not all, of the plaintiffs need to rely upon documentation in order to answer these detailed discovery questions. If fact, it is quite common for these plaintiffs, who are mostly comprised of immigrant office-cleaners, to have had multiple employers throughout the span of their clean-up efforts in lower Manhattan following the collapse of the World Trade Center site. These plaintiffs simply do not recall all of their employers and need to rely upon other documents and information that are being produced in this litigation such as union records, documents from defendants and deposition testimony in order to determine all of their past employers. As a result of the discovery efforts so far, the plaintiffs in these 188 case have reason to believe that Pinnacle was their employer during the relevant time frame in this case and that Pinnacle may be in possession of documents that would answer the above referenced discovery questions.

Pinnacles' objection to the breadth of the Pinnacle Subpoena is meritless. If all non-parties did not have to comply with duly served subpoenas, the information available to support plaintiffs' claims herein would be substantially limited and the plaintiffs' interests sorely prejudiced as a result. For example, if Pinnacle is correct in that discovery is essentially "stayed" on all of the cases that are not selected for discovery, the Plaintiffs' treating physicians will not have to comply with the Plaintiffs' requests for medical records. Such a position is absurd as experience in the World Trade Center litigation has shown that documents of this nature, specifically, employment and medical records, are needed in order to advance these cases.

Since the records requested in the Pinnacle Subpoena are needed in order to answer discovery questions and needed in order to advance these cases, any further delays in the production of these records should not be tolerated. Wherefore, the Plaintiffs respectfully request that Pinnacle produce the document requested in Pinnacle Subpoena within thirty (30) days.

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM


WorbyGronerEdelman
&NapoliBern LLP
ATTORNEYS AT LAW

*Pinnacle's Position:*

The Pinnacle Subpoena is unduly burdensome and inappropriate at this time. Pinnacle is not a defendant in those 21 MC 102 cases currently selected to proceed with discovery, nor is it a defendant in any action in the 21 MC 102 docket. As a non-party, Pinnacle should not be compelled to bear the financial burden to respond to a subpoena seeking information related to 188 plaintiffs that are not among those selected for discovery. Further, we have reviewed the individuals listed on the Pinnacle Subpoena and only 116 of the 188 plaintiffs identified even allege that they worked for Pinnacle in their complaints. Even more shocking, 42 of these plaintiffs were dismissed by this Court's August 10, 2012 Order. It is clear that Plaintiffs' counsel did not perform even the most basic due diligence before issuing this subpoena. Pinnacle should therefore not be burdened with the effort of having to respond to requests relating to individuals that are no longer plaintiffs in the litigation, nor should Pinnacle be required to respond to a subpoena with requests related to individuals that never even claimed to have worked for Pinnacle. For any plaintiff that ultimately might be selected to proceed to discovery, an appropriate subpoena can be issued at that time and responded to accordingly.

Plaintiffs' accusation that Pinnacle is trying to delay progress in the litigation is false. Plaintiffs' counsel fail to advise the Court that Pinnacle already has produced 33,432 documents (consisting of 38,871 pages) in response to *three prior* subpoenas—two of which were served by Plaintiffs' counsel.[2] In fact, Pinnacle responded to the last of these prior subpoenas as recently as July 5, 2012 (that subpoena was served by 21 MC 102 Plaintiffs' Liaison Counsel in connection with general discovery proceeding in the 21 MC 102 litigation). It is highly likely that if Pinnacle had records responsive to Plaintiffs' counsel's latest subpoena, they probably were included in these prior productions. Yet there is no indication that Plaintiffs' counsel has even bothered to review those documents before again asking Pinnacle to produce records.

Finally, the records sought by Plaintiffs' counsel are not relevant to the discovery that is underway at this time. We understand that the next phase of case selection criteria will focus on plaintiffs' building locations. Plaintiffs' counsel previously populated the Database with responses to the fields set forth above in their section. Further, Pinnacle has already produced documents related to the building locations. Additional information from Pinnacle is not needed at this time.

For these reasons, the subpoena is unduly burdensome and inappropriate at this time. Accordingly, Pinnacle respectfully requests that the Court direct Plaintiffs to withdraw the subpoena.

---

[2] Pinnacle responded to a subpoenas received from Plaintiffs' Counsel Messrs. Cannata and Grochow on December 14, 2004, and Dickstein Shapiro, LLP (then counsel for defendant Merrill Lynch & Co.), on November 11, 2008. Pinnacle responded to another subpoena from Messrs. Grochow and Cannata on July 5, 2012.



Respectfully submitted,

_____s/_____
Christopher R. LoPalo, Esq.
WORBY GRONER EDELMAN
& NAPOLI BERN LLP
*Plaintiffs' Attorney*

&

_____s/_____
James E. Tyrell, Esq.
Patton Boggs, LLP
*Attorney for Pinnacle Environmental Corp.*

Enclosure

Judge wrote:

"The objections of Pinnacle are sustained, without prejudice to a re-issued subpoena based on plaintiffs' counsel's careful review of prior productions to avoid duplication, and careful review of counsel's roster of plaintiffs to eliminate dismissed and non-employed plaintiffs.

9/19/12
Alvin K. Hellerstein"