Issued by the
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

IN RE LOWER MANHATTAN DISASTER
SITE LITIGATION

SUBPOENA IN A CIVIL CASE

Case Number: 21 MC 102

-----------------------------------------------------------------X

TO:   Michelle Lapin
      AKRF
      440 Park Avenue South, 7th Floor
      New York, New York 10016

[X]   **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify in the above case.

   Place:   U.S. Legal Support/Bevmax Office Center
            40 Worth Street, 10th floor
            New York, NY

            Date and Time: February 5, 2013 at 10:00 a.m. or at a mutually agreed upon time.

X  **YOU ARE COMMANDED** to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects): **SEE SCHEDULE "A" ATTACHED**

   Place:   Havkins, Rosenfeld, Ritzert and Varriale, LLP
            114 Old Country Road, Suite 300
            Mineola, New York 11501

            Date and Time: January 28, 2013 at 10:00 a.m. or at a mutually agreed upon time.

---

ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)

*[signature]*

Gail L. Ritzert, Esq. (GR6120)
HAVKINS ROSENFELD RITZERT & VARRIALE, LLP
Attorneys for Defendants
*TRINITY CENTRE, LLC AND CAPITAL PROPERTIES ASSOCIATES, LP*
114 Old Country Road, Suite 300
Mineola, New York 11501
Tel: (516) 620-1700
Fax: (516) 746-0833

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

DATE

January 2, 2013

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

AO88 (Rev. 12/06) Subpoena in a Civil Case

---

PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed On _____  _____

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers documents or tangible things, or inspection of premises need not appear and in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises – or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1)(A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2)(A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## SCHEDULE A

### Section I

### Preliminary Statement

This subpoena is being issued on behalf of all defendants including Trinity Centre, LLC and Capital Properties Associates, LLP in the federal court action commonly known as In. Re. Lower Manhattan Disaster Site Litigation (21-MC-102) ("Litigation"). The issuing defendants were sued by numerous individuals ("plaintiffs") who claim they developed respiratory and/or other illnesses as a result of work performed after the 9/11 terrorist attack on the World Trade Center.

### Section II

### Scope of the Subpoena

This subpoena requires You to produce or permit the inspection, copying, testing or sampling of documents that are in your custody or control and concern work performed at 111-115 Broadway, New York, New York (hereinafter "111-115 Broadway") during the relevant time period. To the extent you previously produced Documents in connection with the 21 MC 100 or 21 MC 102 dockets that are responsive to this subpoena, such documents need not be produced again but should be identified by Bates number.

### Section III

### Definitions and Directions

The following definitions apply in the context of this subpoena:

"Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section IV. This includes, but is not limited to, books, documents and other tangible things, as well as any electronically stored information ("ESI"), located in Your offices or at an off-site location (including home offices).

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, electronic mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home and/or probable media used by You.

"Relevant Time Period," unless otherwise noted, means September 11, 2001 to the present.

"Work" refers to any services performed by You which, to Your Knowledge, were requested and/or contracted for (in whole or in part) as a result of the 9/11 terrorist attacks on the World Trade Center.

"You" and "Your" refers to you; your company; subsidiaries, affiliates, predecessors and/or successors of your company; and/or agents, servants, employees or contractors hired by you, your company or subsidiaries, affiliates, predecessors and/or successors of your company.

Documents produced in response to this subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section IV. FRCP 45(d)(1)(A).

Do **not** assume that Documents responsive to this subpoena should be produced in hard copy. The defendants may wish to inspect or image hard copy documents, and they have the right to designate the form in which ESI is produced. *See* FRCP 45(a)(1)(D). Thus, it is very important that you **contact the attorney who issued this subpoena before producing documents**. The defendants will attempt to make Your production as efficient as possible. However, they reserve their right to refuse improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to contest the claim. FRCP 45(2)(A).

Each of the requests made in Section IV is to be read consistently with the definitions provided above.

Failure to obey this subpoena may be deemed a contempt of court. FRCP 45(c).

**Section IV**

Documents to be Produced

For each building/location at which your company performed services including abatement and/or cleanup and/or removal of asbestos, particulate matter, chemical wastes, soot, or any other toxic or toxic waste materials from the inside or outside of said building including, but not limited to the particulate matter and/or dust known as "World Trade Center Dust," and/or demolition, and/or debris removal services, (hereinafter referred to as "work") during the period of September 11, 2001-December 31, 2003, at any of the referenced buildings (see Rider "B") and/or other location in the vicinity of Lower Manhattan, following the September 11, 2001 attacks on the World Trade Center produce the following:

2

1. Copies of all contracts retaining your company to perform the aforementioned "work" at each building.

2. Copes of pre-existing contracts already in effect as of September 11, 2001, pursuant to which the aforementioned "work" at each building may have been performed..

3. Copies of letters, faxes, invoices or other documents evidencing your firm's retention to perform the aforementioned "work" in the building pursuant to the aforementioned contracts.

4. If contracts were not entered into for the aforementioned "work," copies f letters, faxed, invoices or other documents evidencing your firm's retention to perform the aforementioned "work" in the building.

5. Copies of daily work records documenting at which building your firm performed its "work" on a daily basis, and additionally and specifically, documenting when said "work" was performed, and which floors and/or location in each building your firm performed its "work" on a daily basis.

6. Copies of sign-in sheets, logs and accounting/financial records, documenting when said "work" was performed and at which building your firm performed its "word" on a daily basis, and additionally and specifically, which floors and/or location in each building your firm performed its "work" on a daily basis.

7. Copies of sign-in sheets, logs, payroll and accounting records, documenting the names of the individuals employed and or otherwise performing services for your company, documenting when said "work" was performed, and at which building those individuals performed their "work" on a daily basis; and additionally and specifically, which floors and/or location in each building those individuals performed their "work" on a daily basis.

8. Copies of documents evidencing the identity of the entity or entities to which you rendered bills and/or received payment for the aforementioned "work." When identifying said entity or entities, specifying for which building, and which floors and/or location in each building your firm rendered bills and/or received payment, for "work" performed on a daily basis.

9. Insurance policies, and declaration pages, certificates and binders, with reference to the work as aforementioned within all of the above items.

3

"RIDER B"
BUILDING/LOCATION LIST

4 ALBANY STREET
125 ALBANY
125 ALBANY STREET
105 ALBANY STREET
1302 AVENUE I ROOF
99 BARCLAY STREET
101 BARCLAY STREET (BANK OF NEW YORK)
125 BARCLAY STREET
127 BARCLAY STREET
BATTERY MARINE/BATTERY MARINE BUILDING/FERRY TERMINAL
30 BROAD STREET
104 BROAD ST (NEW YORK TELEPHONE COMPANY BUILDING)
1 BROADWAY
30 BROADWAY
61 BROADWAY
80 BROADWAY
111 BROADWAY ( TRINITY BUILDING)
111/113 BROADWAY
115/119 BROADWAY
120 BROADWAY (THE EQUITABLE BUILDING)
125 BROADWAY
170 BROADWAY
214 BROADWAY
222 BROADWAY
230 BROADWAY
30 W. BROADWAY
130 CEDAR STREET
139 CEDAR STREET
145 CHAMBERS STREET
199 CHAMBERS STREET (BOROUGH OF MANHATTAN COMMUNITY COLLEGE-CUNY)
245 CHAMBERS STREET
345 CHAMBERS STREET (STUYVESANT HIGH SCHOOL)
400 CHAMBERS STREET
90 CHURCH STREET (US POST OFFICE)
99 CHURCH STREET
100 CHURCH STREET
120 CHURCH STREET
22 CORTLANDT STREET (CENTURY 21 DEPARTMENT STORE)

26 CORTLANDT STREET
285 DELANCY STREET
7 DEY STREET (GILLESPI BUILDING)
94 EAST BROADWAY
1 FEDERAL PLAZA
26 FEDERAL PLAZA (JACOB K. JAVITS FEDERAL BUILDING)
163 FRONT STREET
240 GREENE STREET
70 GREENWICH STREET
88 GREENWICH STREET
108 GREENWICH
120 GREENWICH STREET

234 GREENWICH STREET
292 GREENWICH STREET (P.S. 234 INDEPENDENCE SCHOOL)
40 HARRISON STREET (INDEPENDENCE PLAZA)
233 INDEPENDENCE PLAZA
2 JOHN STREET
99 JOHN STREET
45 JOHN STREET
99 JOHN STREET
100 JOHN ST
ONE LIBERTY PLAZA (165 BROADWAY)
30 LIBERTY STREET
69 LIBERTY STREET (150 BROADWAY)
130 LIBERTY STREET (THE DEUTSCH BANK)
200 LIBERTY STREET (ONE WORLD FINANCIAL CENTER) (AMEX AND OTHER ENTITIES )
225 LIBERTY STREET (TWO WORLD FINANCIAL CENTER)
377 LIBERTY ST
380 LIBERTY HOUSE
41 MADISON AVE
59 MAIDEN LANE
90 MAIDEN LANE
95 MAIDEN LANE
101 MURRAY STREET (ST. JOHN'S UNIVERSITY)
110 MURRAY STREET
26 NASSAU STREET ( 1 CHASE MANHATTAN BANK)
4 NEW YORK PLAZA
102 NORTH END AVENUE
PACE UNIVERSITY
299 PEARL STREET
70 PINE STREET

5

225 RECTOR PLACE

1-9 RECTOR STREET
RECTOR STREET SUBWAY STATION
19 RECTOR STREET
225 RECTOR (PARC PLACE)
280 RECTOR PLACE (THE SOUNDING)
300 RECTOR PLACE (BATTERY POINTE)
377 RECTOR PLACE ( LIBERTY HOUSE)
380 RECTOR PLACE (LIBERTY TERRACE)
30 ROCKEFELLER PLAZA
2 SOUTH END AVENUE (COVE CLUB)
250 SOUTH END AVENUE (HUDSON VIEW EAST)
301 SOUTH END AVENUE (GATE HOUSE)
303 SOUTH END AVENUE
(PICASSO PIZZERIA RESTAURANT)
311 SOUTH END AVENUE
( ZEN RESTAURANT)
315 SOUTH END AVENUE
345 SOUTH END AVENUE
 (100 GATEWAY PLAZA)
355 SOUTH END AVENUE
(200 GATEWAY PLAZA)
375 SOUTH END AVENUE ( 600 GATEWAY PLAZA)
385 SOUTH END AVENUE
 (500 GATEWAY PLAZA)
395 SOUTH END AVENUE
90 TRINITY
100 TRINITY PLACE (HIGH SCHOOL OF ECONOMICS AND FINANCE)
78-86 TRINITY PLACE (AMERICAN STOCK EXCHANGE)
200 VESEY STREET ((THREE WORLD FINANCIAL CENTER) (INCLUDING THE MARRIOT HOTEL)
250 VESEY STREET  (FOUR WORLD FINANCIAL CENTER) (INCLUDING MERRIL LYNCH BUILDING #2)
1 WALL STREET (80 BROADWAY)

37 WALL STREET
63 WALL STREET
100 WALL STREET
111 WALL STREET
46 WARREN STREET
73 WARREN STREET
201 WARREN STREET (P.S. 89)
55 WATER STREET

160 WATER STREET
200 WATER STREET
3 WEST 57TH STREET
50 WEST STREET
90 WEST STREET ( WEST STREET BUILDING)
140 WEST STREET (VERIZON BUILDING)
 7 WORLD TRADE CENTER