USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/19/13

GREGORY J. CANNATA & ASSOCIATES
WOOLWORTH BUILDING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9206  Fax (212) 227-4141
cannata@cannatalaw.com

February 5, 2013

Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:  WTC Litigation, 21MC102 (AKH),
> Alex Sanchez,   05 cv 1091 (AKH)
> Defense Designation of a Psychiatric Examination

Dear Judge Hellerstein:

We are writing with reference to a Notice of Psychiatric Examination served by Richard Leff of McGivney and Kluger, P.C., on behalf of the Defense Liaison Committee for one of our clients, Alex Sanchez. We believe there is a conflict and the designated physician, Steven A. Fayer, MD should be disqualified from examining.

*Plaintiffs' Position*

In short, Dr. Fayer has multiple associations with Mt. Sinai and World Trade Center victims. Mr. Sanchez, along with thousands of other claimants received substantial care from the medical staff at Mt. Sinai. Significantly, Dr. Fayer is on the faculty, at the Mt. Sinai School of Medicine, Department of Psychiatry, along with Dr. Adriana Feder, Dr. Laurie Malkoff and Dr. Agniesaka Wisniewska, three of Mr. Sanchez' treating psychiatrists.

Without suggesting the intent of the defense, a logical presumption is that such designation was done to solicit conflicting opinion and testimony from their examining doctor with that of treating doctors at the same facility and the same department at Mt. Sinai. Certainly, there is the appearance of potential conflict and Dr. Fayer's significant involvement at Mt. Sinai, currently and in the past raises concern.

There may have been actual direct communication between Dr. Fayer and some of the plaintiffs examining, consulting or treating physicians at Mt. Sinai, and Dr. Fayer may not even necessarily be aware of the plaintiff's names about whom he was consulting.

Dr. Fayers' curriculum vitae, annexed, reflects in part:

| 1974-1977 | Residency Psychiatry, Mt. Sinai Medical Center |
| --- | --- |
| 1974-1977 | House Staff Representative-Mount Sinai Hospital-Committee of Interns and Residents |

[Handwritten annotation: Objections denied. No sufficient basis to disqualify has been shown. Common affiliation with a hospital or other medical institution is not a ground to disqualify. 2/19/13 /s/ AKHellerstein]

| 1977 | Hose Staff Representative-Mount Sinai Hospital Medical Board |
| --- | --- |
| 1988-present | Electro-Convulsive Treatment Panel, Mount Sinai Medical Center |
| 2001 | Disaster Psychiatry Outreach PC, Clinical Director, World Trade Center Victims and Family Center, Pier 94 |
| 1977-present | Affiliated with Mount Sinai Hospital |
| 1977-present | Asst. Clinical Prof of Psychiatry-Mount Sinai School of Medicine |
| 1977-present | Attending Physician, The Mount Sinai Hospital |
| 1990-1993 | Dept of Psychiatry, Mt. Sinai Hospital |
| 1990-present | In-Patient Psychiatric Hospital, Mt. Sinai Attending Rounds |
| 2000-2008 | Supervision of Residents, Emergency Room Teaching Psychiatry Residents, Forensic Psychiatry course, Mt. Sinai Hospital |

Additionally, we inquired of Mr. Leff on behalf of McGivney & Kluger on the issue of potential conflict. Our inquiry was:

```
Has Dr. Fayer in the past and or currently evaluated and treat any post
9-11 responders, workers, etc and if so are any of them and/or have any
of them been a claimant in the litigation, 100/102/103, a claimant in
the original WTC Fund and or the current WTC Fund;

And if he has so treated and/or evaluated has such been done while the
individual was a in/outpatient at Mt. Sinai, and if so, has it been
while the individual was a patient of the WTC Health Program and/or any
of its predecessors, and/or as a referral of such WTC Programs
```

Mr. Leff's response was:

```
...Dr. Fayer has evaluated first responders and post responders for the
New York State Disability and Retirement System. He has no idea if any
of them are or were a claimant in the litigation or in the original or
current WTC fund. The purpose of those evaluations was for
Disability Determinations. He was an independent evaluator.

Dr. Fayer does not know if the individuals he evaluated were treated in
the Mt Sinai program at the time the evaluations were performed. He
has had no contact with the plaintiffs we have requested be evaluated.
```

Dr. Fayer has broad, lasting and current affiliations with Mt. Sinai Hospital. He has conducted evaluations of first responders and post responders. He doesn't know if any were litigation or Fund claimants or if any were in the Mt. Sinai WTC Health Program when he did his evaluations. The opportunity for conflict is too great to allow Dr. Fayer to act as a designated examining psychiatrist for the defense.

As to be in compliance with the Notice served, we have tentatively scheduled the date for examination although at the time defense was notified that we may be making an objection. We now formally request that Dr. Fayer be disqualified from acting in this capacity in the litigation and that the defendants, with broad opportunity to seek another psychiatrist without prejudice to their defense, should be so directed.

Honorable Alvin K. Hellerstein
February 5, 2013
Page 3 of 5

*Defense Position*

Plaintiff's counsel is attempting to create the inference of a conflict where none exists. Dr. Fayer has never evaluated or treated plaintiff Sanchez. Dr. Fayer has not consulted with any of the other doctors who treated plaintiff for alleged psychological issues. Absent some evidence that Dr. Fayer worked with plaintiff (or any of the plaintiffs designated to undergo a psychiatric evaluation by Dr. Fayer) or consulted with one of the other doctors treating one of those plaintiffs, the mere fact that he works at Mt. Sinai creates no conflict.

Plaintiffs' counsel speculates the designation of Dr. Fayer was done to solicit conflicting opinion and testimony with that of other doctors from the same facility. The fact there may be a difference of opinion as among different doctors working at the same facility as to a patient's diagnosis and treatment occurs frequently and does not create a conflict nor the presumption of one.

There is no "appearance of impropriety" unless there is a basis to assert that Dr. Fayer is in possession of "inside information" concerning the evaluation or treatment that plaintiff received. There is no such basis. Plaintiffs do nothing more than make assumptions and speculate. They assume a "conflict" without demonstrating that any such conflict exists.

Finally, the fact that Dr. Fayer has treated 9/11 responders does not diminish his qualifications. To the contrary, defendants asserts that his experience treating 9/11 responders *enhances* his qualifications, as he is able to evaluate the designated plaintiffs in light of his knowledge of the psychological ramifications "suffered" by such responders. It would, therefore, be prejudicial to the <u>defense</u> to bar defendants from using the particularly qualified and experienced physicians from Mt. Sinai as experts without some showing of real (not imagined) conflict as to a specific plaintiff.

Plaintiffs' counsel's speculations are insufficient grounds to disqualify Dr. Fayer to act as a designated examining psychiatrist for the defense. The defense requests plaintiffs' application be denied and the designated plaintiffs be directed to proceed with the examination.

Respectfully submitted,

Gregory J. Cannata & Associates and
Robert A. Grochow, P.C.

By: ___*Robert A. Grochow*___
         Robert A. Grochow

By: ___*Gregory J. Cannata*___
         Gregory J. Cannata

Honorable Alvin K. Hellerstein
February 5, 2013
Page 4 of 5

                    Defense Liaison Committee on behalf of
                    Defendants in the 21 MC 102 Docket

                    McGIVNEY & KLUGER, P.C.

                          *Richard E. Leff*
                  By: _____
                          Richard E. Leff

Cc: Via Email:

Philip Goldstein
Loree Shelko
McGUIRE WOODS
1345 Avenue of the Americas, 7th Floor
New York, NY 10105
Telephone: (212) 548-2100
pgoldstein@mcguirewoods.com
lshelko@mcguirewooods.com

Lee Ann Stevenson
Brett Broadwater
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022-4611
Telephone: (212) 446-4800
lstevenson@kirkland.com
bbroadwater@kirkland.com

Stanley Goos
HARRIS BEACH PLLC
100 Wall Street
New York, NY 10005
Telephone: (212) 313-5452
sgoos@harrisbeach.com

Joseph Hopkins
Alyson Villano
PATTON BOGGS LLP
1185 Avenue of Americas, 30th Floor
New York, NY 10036
Telephone: (646) 557-5100
jhopkins@pattonboggs.com
avillano@pattonboggs.com

Honorable Alvin K. Hellerstein
February 5, 2013
Page 5 of 5

John M. Flannery
Allyson Avila
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
150 East 42nd Street
New York, NY 10017-5639
Telephone: (914) 872-7111
john.flannery@wilsonelser.com
allyson.avila@wilsonelser.com

Thomas A Egan
Lissa Gipson
FLEMMING ZULACK WILLIAMSON ZAUDERER LLP
One Liberty Plaza
New York, NY 10006
Telephone: (212) 412-9507
tegan@fzwz.com
lgipson@fzwz.com

William J. Smith
Corey Frank
FAUST GOETZ SCHENKER & BLEE LLP
Two Rector Street, 20th Floor
New York, NY 10006
Telephone: (212)-363-6900
wsmith@fgsb.com
cfrank@fgsb.com