UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE LOWER MANHATTAN
DISASTER SITE LITIGATION

21 MC102 (AKH)

NOTICE TO PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34

To: Trinity Centre LLC and Capital Properties N.Y.
c/o Gail L. Ritzert, Esq.
Havkins Rosenfeld Ritzert & Varriale, LLP
114 Old Country Road, Suite 300
Mineola, NY 11501
gail.ritzert@hrrvlaw.com

**PLEASE TAKE NOTICE**, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Gregory J. Cannata & Associates, attorneys for plaintiffs in the above-captioned matter, requests the above referenced defendant to respond within thirty (30) days to the following demands for document production with reference to 111-113 Broadway and 115-119 Broadway, as referenced in the deposition of Kevin Hoey, on May 21st, 2012 and July 5th, 2012 on or about each page as listed below. To the extent records were already exchanged, please provide the bates numbers of the requested record(s) on Merril Lextranet.

1. Personal and professional contact information, including last known and current telephone numbers and addresses of Mr. Steve Buckley, as requested on or about page 34 in the above referenced deposition.

2. Personal and professional contact information, including last known and current telephone numbers and addresses of Mr. Sean Buckley, as requested on or about page 34 in the above referenced deposition.

3. Personal and professional contact information, including last known and current telephone numbers and addresses of Mr. Healey, as requested on or about page 34 in the above referenced deposition.

4. Personal and professional contact information, including names, last known and current addresses and telephone numbers of the other five operating engineers, as requested on or about page 34 in the above referenced deposition.

5. Inspection logs in effect at least 30 days prior to September 11th, 2001, for September 11th, 2001 and for at least two years thereafter, as requested on or about page 46 in the above referenced deposition.

6. Records created in the BMS system for at least 60 days prior to September 11th, 2001 up to at least two years thereafter, including any documentation and codes necessary to access these records, as requested on or about page 52 in the above referenced deposition.

7. Standard Operating Procedures and/or operations manual in effect on September 11th, 2001, and at least 60 days prior to September 11th, 2001 and two years thereafter, as requested on or about page 59 in the above referenced deposition.

8. All sign-in logs maintained at and by the building from September 11th, 2001 until the time period when the September 11th-related work was concluded, as requested on or about page 92 in the above referenced deposition.

9. Schematics showing the physical layout of the floors on a building by building basis, and schematics showing walls and the tenants' spaces as of September 11th, 2001, as requested on or about page 115 in the above referenced deposition.

10. Schematics of office spaces as of September 11th, 2001, as requested on or about page 115 in the above referenced deposition.

11. A copy of the air results from CTSI signed or counter-signed by New York City as requested on or about page 129 in the above referenced deposition.

12. All letters and/or memos, including any electronic and hard copy emails, notices and letters from tenants to management, and from management to tenants regarding the air quality and/or substance safety within the building following the events of September 11th, 2001, as requested on or about page 142 and 144 in the above referenced deposition.

13. Copy of the AKRF contract, as requested on or about page 157 in the above referenced deposition.

14. Any and/or all smoke and/or fire detection system recordings, including print outs, as the result of the events of September 11th, 2001, as requested on or about page 182 in the above referenced deposition.

15. Any and/or all records from A&W Fire Protection relating to their post 9/11 inspection of the fire and smoke detection system, as requested on or about page 189 in the above referenced deposition.

16. All accounting or bookkeeping records and/or statements regarding the tenants' rents from a month prior and up to three months after September 11th, 2001, as requested on or about page 206 in the above referenced deposition.

17. All records, including those from tenant's files and building files which detail whether or not tenants had supplemental HVAC systems, and if so, which tenants had

those systems. Further, any information regarding those systems, as requested on or about page 214 in the above referenced deposition.

18. All documents and information regarding Platinum Maintenance, as requested on or about page 220 in the above referenced deposition.

19. All documents and information regarding Harvard Maintenance, as requested on or about page 220 in the above referenced deposition.

20. All documentation referencing the installation of the temporary doors by Builders Group as referenced in Trinity Exhibit 6, as requested on or about page 251 in the above referenced deposition.

21. A privacy log and/or clarification as to who redacted the documents exchanged in the discovery responses and why the information was redacted from the documents, as requested on or about page 256 in the above referenced deposition.

22. Information with regards to the website created by the building and the landlord used to communicate with the tenants following September 11, 2001, including a preservation of the website, and copies of all information published on the website, as requested on or about page 263 in the above referenced deposition.

23. All documents regarding Advanced Environmental Corporation as referenced in Exhibit 16, bates number 455 in reference to their involvement in the clean up work at 111 or 115 Broadway following the events of September 11th, 2001, as requested on or about page 293 in the above referenced deposition.

Plaintiffs reserve their rights to supplement this Notice and/or service additional Notices throughout the course of this litigation

Dated: New York, New York
February 27, 2013

                                          GREGORY J. CANNATA & ASSOCIATES
                                          Plaintiffs- Liaison Counsel

                                          By: _____
                                               Alison Cannata Hendele, Esq.
                                               233 Broadway, 5th Floor
                                               New York, New York 10279-0003
                                               (212) 553-9205