# WorbyGronerEdelman &NapoliBern LLP
## ATTORNEYS AT LAW

CHRISTOPHER R. LOPALO
CLOPALO@NAPOLIBERN.COM

March 21, 2013

**VIA ELECTRONIC MAIL AND HAND DELIVERY**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Rm. 1050
New York, NY 10007

Re:  *In Re: World Trade Center Lower Manhattan Disaster Site Litigation*
21 MC 102 (AKH)
Crown Broadway

Dear Judge Hellerstein:

The Plaintiffs represented by Worby Groner Edelman & Napoli Bern, LLP ("the Plaintiffs") and the Defendants Crown Broadway LLC, Crown Properties, Inc., Crown 61 Associates, L.P. and Crown 61 Corp. ("Defendants") submit this joint letter regarding a discovery dispute. Plaintiffs and Defendants "met and conferred" about this unresolved discovery issue on March 6, 2013 but were unable to satisfactorily resolve the matter.

*Plaintiffs' Position:*

Although Defendants have had almost five (5) years to respond to Plaintiffs' discovery demands, they have simply failed to do so. The Plaintiffs have urged the Defendants' counsel to cure all of their deficient discover responses to no avail. The Defendants' extreme delay has -- and continues to -- substantially interfere with the Plaintiffs' ability to complete discovery, thus these Defendants must be compelled to immediately cure all of their outstanding discovery responses.

Pursuant to this Court's August 27, 2008 Order, Defendants were directed to respond to Plaintiffs' Liaison Counsel's Discovery Demands by October 31, 2008. *See* August 27, 2008 Order at Exhibit 1. Although the Defendants delinquently served a response to the Plaintiffs' Discovery Demands on or about December 22, 2008, it was entirely deficient. In a letter dated February 6, 2013, Plaintiffs notified Defendants' counsel of the glaring deficiencies in their discovery responses, including, but not limited to the Defendants' failure to certify their discovery responses under the penalties of perjury pursuant to 28 U.S.C.A. § 1746.

1

**WorbyGronerEdelman**
**&NapoliBern LLP**
ATTORNEYS AT LAW

Notwithstanding all of our efforts to secure their compliance with discovery orders and obligations, however, the Defendants have not made any attempt to cure the defects in their discovery responses. *See* Plaintiffs' Exhibit 2.

Additionally, on February 6, 2013, the Plaintiffs notified Defendants' counsel of their intent to depose two defense witnesses pursuant to Fed. R. Civ. P. 30 (b)(6) on March 18, 2013. Copies of the deposition notices sent to Defendants are attached to this letter as Exhibits 3 and 4. In light of the upcoming depositions and discovery deadlines, Plaintiffs once again reminded the Defendants to amend and supplement their defective discovery responses so the depositions can go forward as noticed. Defendants' counsel finally responded on March 1, 2013, stating, "We are reviewing your letter and will get back to you. We will also check with the client regarding available dates. Thank you and have a good weekend." *See* Plaintiffs' Exhibit 5.

On March 5, 2013 Plaintiffs' counsel contacted Defendants' attorney in an effort to resolve the Defendants' defective discovery. *See* Plaintiffs' Exhibit 6. The resulting telephone conference with defense counsel failed to secure defendants' cooperation with bringing their still deficient or incomplete responses into compliance with this Court's prior orders and their obligations under the Federal Rules. Defendants' counsel has failed to produce any witnesses pursuant to the Plaintiffs' deposition notices.

The injured plaintiffs have waited patiently for this segment of the litigation to proceed through discovery and trial and should not be further prejudiced by the Defendants' insolent conduct. Defendants have had ample time to provide their amended and supplemental discovery responses, but failed to comply and remain substantially in default of this Court's directives and plaintiffs' duly served demands. Defendants' 5-year extreme delay is inexcusable, severely prejudicial to the Plaintiffs and an affront to this Court. It should not be further tolerated.

Accordingly, the Plaintiffs' respectfully request that the Court issue an Order compelling the Defendants to amend and supplement their discovery responses as appropriate and to provide the Plaintiffs with dates certain for their clients' depositions within five (5) days along with any other appropriate sanction that the Court deems just and proper.

**Defendants' Position**

Our responses to plaintiffs' discovery demands were originally served on December 22, 2008 and we did not realize that the verification had never been obtained. When plaintiff's counsel recently brought this to our attention, we contacted our client and are in the process of correcting this oversight. Mr. Davar Rad, Managing Partner of Crown Broadway, LLC, is in the process of reviewing our responses to plaintiffs' discovery demands, which were previously forwarded, and will be certifying said responses on or around April 7th, 2013. Once he has done so, we will forward to plaintiff's counsel. In addition, we have secured a fact witness for 61 Broadway. His name is Kevin Ward, former property manager of 61 Broadway and property manager of 61 Broadway during the 9/11 cleanup effort. Mr. Ward has given a number of dates regarding his availability for deposition. They are as follows: March 26th, 27th, and the 28th and April 1st through the 4th. He is available after the 4th as well. With regards to plaintiff's counsels' position on our responses to discovery demands, we believe that plaintiff is in no position to say

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM



that some of our answers are incomplete as plaintiff's counsel has no first hand knowledge as to the work that was performed at 61 Broadway during the relevant time period. We provided our responses to the best of our abilities and used all of the information at our disposal.

Respectfully submitted,

_____s/_____
Christopher R. LoPalo, Esq.
WORBY GRONER EDELMAN
& NAPOLI BERN LLP
*Plaintiffs' Attorney*

&

_____s/_____
Suzanne M. Halbardier, Esq.
Barry, McTiernan & Moore, LLP
*Attorney for Defendants*

Enclosures

EMPIRE STATE BUILDING, 350 FIFTH AVENUE, NEW YORK, NEW YORK 10118 | (212) 267-3700

NAPOLIBERN.COM

Judge wrote:

"Since, from Defendants' response, discovery has been conceded, plaintiffs' motion is denied without prejudice to renewal.

4-11-13
Alvin K. Hellerstein"