

**HARRIS BEACH**
ATTORNEYS AT LAW

100 WALL STREET
NEW YORK, NY 10005
(212) 687-0100

KIMBERLY A. CONNICK

DIRECT: (212) 313-5447
FAX:    (212) 687-0659
KCONNICK@HARRISBEACH.COM

April 30, 2013

RECEIVED
APR 30 2013
CHAMBERS OF
ALVIN K. HELLERSTEIN
U.S.D.J.

**VIA FACSIMILE: 212-805-7942**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/1/13

Re:   In Re: World Trade Center Lower Manhattan Disaster Litigation
      Docket: 21 MC 102

Dear Judge Hellerstein:

With this Court's authority, a duly executed subpoena to testify at a deposition in the above referenced civil action was served upon non-party witness Aboaba Afilaka, M.D. at his place of business pursuant to Rule 45 of the Federal Rules of Civil Procedure on February 7, 2013 (Please see accompanying Subpoena and Proof of Service). Dr. Afilaka was one of Virginia Barbosa's (a Plaintiff selected as part of Group I discovery) treating physicians. Although in receipt of this subpoena, Dr. Afilaka has refused to appear for a deposition absent an Order from the Court.

On behalf of the Defense Liaison Counsel, we respectfully request Your Honor issue an Order directing Dr. Afilaka to appear for a deposition to be questioned solely on facts observed in his examination(s) of Virginia Barbosa (Civil Action No. 06-CV-1649) and he be entitled to normal witness fees accordingly.

Thank you for your attention. As always, please contact me with any questions or if you require further information.

Respectfully Submitted,

Kimberly A. Connick

KAC:fp
cc:   Counsel per attached Email List (via electronic mail)

*So ordered 4-30-13*
*Alvin K. Hellerstein*
*U.S. Dist. Judge*

230852 616444v1

Hon Alvin K. Hellerstein
April 30, 2013
Page 2

**HARRIS BEACH**
ATTORNEYS AT LAW

Defense Liaison Committee

Richard E. Leff, Esq.
McGivney & Kluger, P.C.

Stanley Goos, Esq.
Harris Beach PLLC

LeeAnn Stevenson, Esq.
Brett Broadwater, Esq.
Kirkland & Ellis, LLP

Philip Goldstein, Esq.
Loree Shelko, Esq.
McGuire Woods, LLP

Tom Egan, Esq.
Lissa Gipson, Esq.
Fleming Zulak Williamson Zauderer, LLP

John Flannery, Esq.
Allyson Avila, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP

Joseph Hopkins, Esq.
Alyson Villano, Esq.
Patton Boggs, LLP

William Smith, Esq.
Corey Frank, Esq.
Faust Goetz Schenker & Blee, LLP

# **AFFIDAVIT OF SERVICE**

## UNITED STATES DISTRICT COURT
### Southern District of New York

Index Number: 06-CV-1649 (AKH)

Date Filed: _____

Plaintiff:
VIRGINIA BARBOSA,

vs.

Defendant:
127 JOHN STREET REALTY LLC, et al., (In re WTC Lower Manhattan Disaster Site Location),

CSU2020109040

For:
Harris Beach LLP - New York, NY
100 Wall Street
New York, NY 10005

Received these papers to be served on ABOABA AFILAKA OF MOUNT SINAI HOSPITAL-IRVING J. SELIKOFF CENTER, 1468 MADISON AVENUE, NEW YORK, NY 10029.

I, Baldeo C. Drepaul, being duly sworn, depose and say that on the 7th day of February, 2013 at 10:49 am, I:

Served by personally delivering and leaving a separate true copy of the Subpoena to Testify at a Deposition in a Civil Action With A $45.00 Witness & Mileage Fee Attached, Federal Rule Of Civil Procedure 45 (c), (d), and (e) (Effective 12-1-07), Authorization For Release Of Health Information Pursuant To HIPAA And Schedule A with Marie Jean, Secretary, who accepted on behalf of Aboaba Afilaka, at the within address; the said premises being the above named individual's usual place of acceptance.

**Military Status:** Based upon my inquiry of the party served, the within named person is not in the military service of the United States of America.

**Description of Person Served:** Age: 48, Sex: F, Race/Skin Color: Black, Height: 5'0", Weight: 220, Hair: Black, Glasses: Y

I am over the age of 18, am not a party in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which the process was served.

Subscribed and Sworn to before me on the 8th day of February, 2013 by the affiant who is personally known to me.

Tina A. McCarthy
Notary Public, State of New York
No. 01MC6115830
Qualified in Bronx County
Commission Expires 08/13/2016

Baldeo C. Drepaul
1450713

Our Job Serial Number: CSU-2020109040

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4w

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| VIRGINIA BARBOSA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 06-CV-1649 (AKH) |
| 127 JOHN STREET REALTY LLC, ET AL. | ) |
| (In re WTC Lower Manhattan Disaster Site Litigation) | ) (If the action is pending in another district, state where: |
| *Defendant* | ) ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Adriana Feder, M.D; Department of Psychiatry, Mount Sinai School of Medicine
Atran Building 1428 Madison Avenue, Level E Room 18 New York, NY 10029

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Harris Beach PLLC<br>100 Wall Street, 23rd Floor, New York, NY 10005 | Date and Time:<br>03/05/2013 10:00 am |
|---|---|

The deposition will be recorded by this method: __Videotape and stenographically__

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Exhibit "A" which also includes an Authorization for release of Health Information pursuant to HIPAA. All documents, photographs, or videos responsive to Exhibit "A" should be delivered to Brian A. Bender, Esq., Harris Beach PLLC, 100 Wall Street, 23rd Floor, New York, New York 10005 no later than February 28, 2013.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 02/06/2013

CLERK OF COURT

OR _____ /s/ _____
_____   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* __Defendants__
_____, who issues or requests this subpoena, are:

Brian A. Bender    100 Wall Street, 23rd Floor    212-687-0100
Harris Beach PLLC  New York, NY 10005             bbender@harrisbeach.com



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Virginia Barbosa | 06/03/2695 | 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 |
| Patient Address | | |
| 57-47 Kissena Blvd, Flushing, NY 11367 | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:
In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to ALCOHOL and DRUG ABUSE, MENTAL HEALTH TREATMENT, except psychotherapy notes, and CONFIDENTIAL HIV* RELATED INFORMATION only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Dr. Adriana Feder 1428 Madison Ave, Level E, Rm 1F, NY, NY 10029

8. Name and address of person(s) or category of person to whom this information will be sent:
Harris Beach PLLC c/o MediConnect 10897 South Riverfront Parkway, South Jordan, Utah 84095

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☒ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☐ Other: _____

Include: (indicate by Initialing)
- VB Alcohol/Drug Treatment
- VB Mental Health Information
- VB HIV-Related Information

**Authorization to Discuss Health Information**

(b) ☐ By initialing here _____ I authorize _____
　　Initials　　　　　　　　　Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information: <br> ☐ At request of individual <br> ☒ Other: **Legal** | 11. Date or event on which this authorization will expire: <br> 8/13/14 |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Signature: _[signature]_   Date: 8/2/12

Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# SCHEDULE A

### Section I
Preliminary Statement

This subpoena is being issued on behalf of one or more defendants in the federal court actions commonly known as *In re World Trade Center Disaster Site Litigation*, 21 MC 102/21 MC 103 (AKH) (SDNY) ("the Litigation"). The issuing defendant(s) was/were sued by numerous individuals ("plaintiffs"), who allege, among other things, respiratory and non-respiratory injuries relating to the rescue, recovery, debris removal, and/or clean-up operations at the World Trade Center Site and related locations ("WTC Site and related locations") (as defined below) following the terrorist attacks on September 11, 2001.

### Section II
Scope of Subpoena

This subpoena *duces tecum* and *ad testificandum* requires You to: (1) produce or permit the inspection, copying, testing or sampling of Documents (as defined below) that are in Your custody, possession, or control and concern issues relevant to the Litigation. Unless otherwise specified, the document requests listed in Section IV of this subpoena seek Documents concerning or relating to your Medical Treatment of Virgina Barbosa a.k.a Virginia Santiago, Virginia Barbosa Santiago ("Ms. Barbosa"); and (2) appear for a videotaped deposition at Harris Beach PLLC, 100 Wall Street, 23rd Fl. NY, NY 10005, **March 5, 2013 at 10:00 AM.**

### Section III
Definitions and Directions

The following definitions apply in the context of this subpoena:

> "Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section IV. This includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electrical process, written, produced by hand or produced by or stored in a computer or by other electronic means, regardless of origin or location: books, notes, notations, calendars, message slips, schedules, planners, records, communications, reports, correspondence, letters, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, billings, credit card records, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of accountants or consultants, deposition transcripts or other transcripts, accounting books or records, data sheets, data processing cards, photographs, photographic negatives, pictures, phono records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, electronic or magnetic records or tapes, advertisements, press releases, drafts, and marginal comments appearing on any such Documents, all other written or printed matter of any kind, or any other data compilations from which information can be obtained and translated if necessary, as well as any electronically stored information ("ESI"), located in Your offices or at an off-site location (including home offices).

"Communicate" or "communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, emails, undertakings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral or written, between two or more persons.

"Record" or "records" shall mean any and all records, files (including computer files), documents (as defined by the Federal Rules of Evidence, including those in electronic form), graphs, charts, maps, writings, correspondence, drawings, transcripts, drafts, recordings, data, studies, guidelines, directives, and/or reports.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, electronic mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home and/or portable media used by You.

"Identify," "identity," or "identification" mean, when used in reference to a natural person, his or her: full name; present or last known home address (including street name and number, city or town, state, zip code, and telephone number); present or last known business address (including street name and number, city or town, state, zip code, and telephone number); present or last known occupation, position, business affiliation, and job description; occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered. If a company, corporation, association, partnership, or legal entity other than a natural person: its full name; a description of the type of organization or entity; the full address of its principal place of business; the jurisdiction of its incorporation or organization; and the date of its incorporation or organization. If a Document: its description (for example: letter, memorandum, report, etc.); its title; its date; the number of pages therein; its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If any such Document was, but is no longer, in the possession or subject to the control of plaintiff, state what disposition was made of it and when. If an oral communication: the date and time when it occurred; the place where it

occurred; the complete substance of the communication; the identity of each person participating in the communication.

"Concerning" and "relating to" (or any form thereof) shall mean, in whole or in part, alluding to, analyzing, characterizing, commenting upon, comprising, concerning, constituting, containing, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, referring to, reflecting, responding to, setting forth, showing, stating, supporting or summarizing.

"Medical Treatment" or "Medical Services" refers to any and all physical or mental healthcare related service or treatment, including but not limited to, correspondence, email, notes, referrals, summaries, recommendations, diagnostic testing, test results, screenings, consultations, prescriptions, analyses, reviews, studies and reports (including expert reports).

"Work" or "services" refers to any and all work or services performed by You which, to Your knowledge, were requested, provided and/or contracted for (in whole or in part) as a result of, or in response to, the terrorist attacks on the World Trade Center on September 11, 2001. These services include but are not limited to services provided to Your members.

"WTC Monitoring, Screening or Treatment Program" refers to any and all formal or informal programs, registries, specifically developed, established, and/or created to screen, track, report, monitor and/or treat alleged health effects of persons allegedly exposed to the September 11, 2001 World Trade Center terrorist attacks, including, but not limited to, the WTC Programs administered by, or affiliated in any way with, Mount Sinai Hospital, (including the "Centers of Excellence") Bellevue Hospital Center, the University of Medicine and Dentistry of New Jersey, New York University School of Medicine, the Center for the Biology of Natural Systems/Queens College, Richmond University Medical Center, the Mount Sinai WTC Program Clinical Center on Staten Island, the Long Island World Trade Center Monitoring and Treatment Program, Robert Wood Johnson Medical School, the Environmental and Occupational Health Sciences Institute, the New York City Fire Department, and the WTC Health Registry.

"WTC Site" or "WTC Site and related locations" refers to any area in the State of New York where work was performed as a result of, or in response to, the 9/11 terrorist attacks.

"You" and "Your" refer to you, your former or current employers, agents, representatives, attorneys and any other persons or entities acting on your behalf.

"And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine. All verbs used herein shall be construed to include all

tenses. The past tense of any word used herein includes the present tense, and the present tense includes the past tense.

Documents produced in response to this subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section IV. Fed. R. Civ. P. 45(d)(1)(A).

Do **not** assume that Documents responsive to this subpoena should be produced in hard copy. The defendants may wish to inspect or image hard copy Documents and they have the right to designate the form in which ESI is produced. *See* Fed. R. Civ. P. 45(a)(1)(D). Thus, it is very important that You **contact the attorney who issued this subpoena before producing Documents**. The defendants will attempt to make Your production as efficient as possible. However, they reserve their right to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to contest the claim. Fed. R. Civ. P. 45(2)(A).

Each of the requests made in Section IV is to be read consistently with the definitions provided above.

Failure to obey this subpoena may be deemed a contempt of court. Fed. R. Civ. P. 45(e).

**Section IV**
Documents Requested

1. Copies of any and all documents that concern, refer, or relate in any way to Medical Services provided at any time by You to Ms. Barbosa, including, but not limited to, correspondence, email, notes, treatment and laboratory records, summaries, test results, surveys, patient information forms, patient history questionnaires, reports (including draft reports), prescriptions, referrals, studies, and billing and insurance records

2. Copies of any and all documents that concern, refer or relate in any way to communications between You and Ms. Barbosa, including, but not limited to, her representatives, agents, attorneys (including, but not limited to, Worby Groner Edelman & Napoli Bern, LLP), and any other person or entity purportedly acting on his/her behalf, concerning Ms. Barbosa's health, alleged WTC related injuries, and/or the litigation captioned *In re World Trade Center Disaster Site Litigation*, 21-MC-102/21-MC-103, including, but not limited to, correspondence, retainer or engagement agreements, email, notes, summaries, studies, and reports (including draft reports).

3. Copies of any and all documents that concern, refer or relate in any way to communications between You and any WTC Monitoring, Screening or Treatment Program concerning Ms. Barbosa's health, alleged WTC related injuries, alleged disability and/or the