UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH)<br>(ALL CASES)<br><br>NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6) |

NOTICE OF DEPOSITION PURSUANT TO FEDERAL
RULE OF CIVIL PROCEDURE 30 (b)(6)

To:  Stanley Goos, Esq.
     Harris Beach PLLC
     100 Wall Street, 23rd Floor
     New York, NY 10005
     Attorneys for Defendant
     Hudson Towers Housing Co., Inc.

PLEASE TAKE NOTICE, pursuant to Rule 30 (b)(6) of the Federal Rules of Civil Procedure, that on March 28, 2013 at 2:00 o'clock p.m., at Sentry Centers, located at 730 Third Ave – 27th Floor, The Greenough Room, New York, NY 10017, attorneys for the plaintiffs herein will take the deposition of Defendant Hudson Towers Housing Co., Inc. by the person(s) most knowledgeable regarding the following subjects:

A)   Physical and occupancy description of subject buildings (395 South End Avenue (400 Gateway Plaza), New York, New York), including the building's tenants, as of 9/11/2001 and thereafter, including the structure of the building, as well as the building's ventilation system and operation thereof;

B)   Relationships of the named parties with regard to the subject building as well as non-party contractors or others providing or retaining services at the building as to the 9/11/2001 related clean up and/or decontamination;

C)   Policies and procedures, including any manuals relating thereto, regarding the subject building as to the 9/11/2001 related clean-up and/or decontamination, including any safety plans and/or procedures in effect as of 9/11/2001 and during the subsequent months and years during which the related work was performed;

D) Damage sustained to the subject building as a result of the events of 9/11/2001, including the contamination of the subject building by materials or substances, including those toxic in nature;

E) Work performed at the subject building as a result of the events of 9/11/2001 including clean-up, restoration, decontamination and testing for toxic or dangerous materials or substances, including location of the work within/without of the building;

F) Air quality or other testing done prior, during and subsequent to the work with reference to the subject building as a result of the events of 9/11/2001;

G) Communications with contractors and/or their employees relating to the work to be performed and/or performed, including issues of worker safety, including any air quality or other safety testing done at the subject building as a result of the events of 9/11/2001 reflective of the air and nature of the materials being cleaned, decontaminated, removed, or restored, including any information concerning respirator and other safety equipment to be utilized and information concerning respirator and other safety equipment provided, including filters, fit testing and related training;

H) Information relating to insurance claims, including surveys, reports, air quality and other testing for toxic substances, and any remediation;

I) Information relating to any federal/city/state agencies for applications, permits and violations applied for or received relative to the work at the subject building as a result of the events of 9/11/2001;

J) Safety standards used or referred to by Defendant that relate to work performed at the subject building. This will include safety practices of Defendant's own employees and subcontractors. The witness will need to testify about sources to which Defendant refer for safety standards. The witness will need to be familiar with the specific application of the relevant standards to the work performed at the subject building;

K) As pertaining to the relevant agreements for this litigation, whether oral or written, what Defendant understood in 2001-2006 to be its obligations for safety on the worksite as to the clean up and debris removal at the subject building;

L) Employee manuals, memoranda and correspondence pertaining to safety rules and/or regulations to be followed by Defendant's employees to ensure workplace safety at the subject buildings\;

M) Details about documents and/or records created in the normal course of business;

N) The types of records Defendant keeps;

O)  The manner in which documents are indexed, located and maintained;

P)  All document retention plans, technical manuals, instructions, policies, booklets, memoranda, or guidelines to employees;

Q)  Defendant's record destruction process;

R)  The employee(s) in charge of maintaining records;

S)  The employee(s) in charge of distributing records internally and determining the distribution path;

T)  A description on the number and type of mainframes, mini-computers, local area network and widearea network servers, desktop and laptop computers in use at Defendant and home computers used by Defendant's employees for Defendant related work.

U)  The type of operating system(s) and application software used on all of Defendant's computers;

V)  Accessibility including information about user names, logons, passwords, and encryption programs;

W)  Information concerning Defendant's backup schedule, tape rotation, tape retention, and data destruction procedures and policies for all of Defendant's computers;

X)  Information concerning the maintenance methods, procedures, and policies for all Defendant's computers, including information regarding the disposition of used computers and computer parts;

Y)  Information concerning the type of electronic mail system(s) used by Defendant's personnel, including, but not limited to, name and version, installation dates, number of users, electronic mail retention schedules and location of users' mail files. Also, any guidelines or policies issued to Defendant's personnel concerning the use of electronic mail;

Z)  Information concerning any Internet gateways or software used to connect Defendant's computer system with the Internet, and any guidelines or policies issued to Defendant's personnel concerning employee use of Internet;

AA)  Information concerning any word processing systems, database management systems, project management software, and electronic spreadsheet software used by Defendant's personnel, and file retention schedules, including any guidelines or policies issued to Defendant's personnel concerning the use of such software;

BB) Maintenance of hardware, software, including upgrades or replacements and utility programs used;

CC) The chain of custody of hardware and software, including upgrades or replacements, and utility programs used;

DD) How electronic documents are maintained, archived, indexed, including descriptions of hardware and software used, and where this is physically located;

EE) Corporate policies regarding use of computers and other technology, such as phone, faxes, PDA's, and voicemail; and

FF) Electronic records management policies.

Defendant shall designate its/their representative(s) for each subject in writing at least five business days before the scheduled date of this deposition. Please note that, under FRCP 30(b)(6), Defendant has an obligation for the designated witness to investigate and prepare to testify on the designated topics.

This deposition will continue from day to day, excluding weekends and holidays, until completed. This deposition will be taken by oral examination before a person duly authorized to administer oaths. A Stenographer and videographer will record this deposition. Plaintiffs reserve their rights to leave the deposition(s) open, and continue questioning upon receipt of additional materials relevant to the questioning of the witness.

Dated: New York, New York
February 20, 2013

                    **WORBY GRONER EDELMAN & NAPOLI BERN, LLP**
                    *Counsel for Certain Plaintiffs*

By: _____
     Christopher LoPalo
     350 Fifth Avenue, Ste. 7413
     New York, New York 10118
     (212) 267-3700
     clopalo@napolibern.com

To:    See Attached Service List

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH)<br>(ALL CASES) |

## CERTIFICATE OF SERVICE

I, Christopher LoPalo, an attorney duly licensed to practice before the Courts of the State of New York herby declares that I served a true copy of the within **NOTICE OF DEPOSITION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(B)(6)** to all counsel on the Service List attached hereto.  Service was effected by e-mail.

This 20th day of February, 2013.

_____
Christopher LoPalo

## Service List

Richard E. Leff, Esq.,
McGivney & Kluger, P.C.,
80 Broad Street, 23rd Floor,
New York, New York 10004
(212) 509 3456
RLeff@mklaw.us.com

Lee Ann Stevenson, Esq.
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4917
lstevenson@kirkland.com

Stanley Goos, Esq.
Harris Beach PLLC
100 Wall Street
New York, NY 10005
(212) 313-5452
sgoos@harrisbeach.com

Joseph Hopkins, Esq.
Alyson Villano, Esq.
Patton Boggs, LLP
The Legal Center
One Riverfront Plaza
Newark, NJ 07102
Jhopkins@pattonboggs.com
avillano@pattonboggs.com

John Flannery, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
150 E 42nd Street
New York, NY 10017
(914) 8972-7111
John.flannery@wilsonelser.com

Thomas A. Egan, Esq.
Flemming Zulack Williamson Zauderer,
One Liberty Plaza
New York, New York 10006,
(212) 412-9507
tegan@fzwz.com

William Smith, Esq.
Faust Goetz Schenker & Blee, LLP
Two Rector Street
New York, New York 10006
(212) 363-6900
wsmith@fgsb.com

Philip Goldstein, Esq.
McGuire Woods
1345 Avenue of the Americas 7th Floor
New York, NY 10105
(212) 548-2100
Pgoldstein @mcguirewoods.com

Stanley Goos, Esq.
Harris Beach PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
(212) 313-5452
sgoos@harrisbeach.com
Attorneys for Defendant
Hudson Towers Housing Co., Inc.

Gregory J. Cannata, Esq.
Robert Grochow, Esq.
Gregory J. Cannata & Associates
233 Broadway, 5th Floor
New York, NY 10279
(212) 553-9205
Cannata@cannatalaw.com