USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/8/13

RECEIVED
MAY 07 2013
CHAMBERS OF
ALVIN K. HELLERSTEIN

**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

100 WALL STREET
NEW YORK, NY 10005
(212) 687-0100

BRIAN A. BENDER

DIRECT: (212) 313-5405
FAX: (212) 687-0659
BBENDER@HARRISBEACH.COM

May 6, 2013

**VIA FACSIMILE: 212-805-7942**

Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan US Courthouse
500 Pearl Street, Courtroom 14D
New York, NY 10007-1312

RE: **In Re World Trade Center Lower Manhattan Disaster Site Litigation**
1:21-mc-00102-AKH/1:21-mc-00103-AKH
Document Production – PAL Environmental Safety Corp.

*[Handwritten note: Since the documents in question will remain secure after production, and further use is subject to regulations by the court, redaction at this point is not necessary or warranted. The documents will remain subject to a protective order. 5-7-13 /s/ AKH]*

Dear Judge Hellerstein:

The undersigned hereby seek the Court's guidance regarding the production of documents by a non-party contractor, PAL Environmental Safety Corp. ("PAL").

On March 30, 2012, Plaintiffs' counsel issued a subpoena to PAL seeking the production of documents related to approximately 36 buildings. PAL subsequently advised the parties that it was in possession of 15 bankers' boxes of documents, consisting of approximately 58,000 pages. Twelve of the boxes relate to 130 Liberty Street, while the remaining three boxes contain miscellaneous documents relating to multiple other buildings.

On February 19, 2013, representatives of the Plaintiffs' Liaison Committee ("PLC") and Defendants' Liaison Committee ("DLC") visited the offices of McMahon, Martine & Gallagher, LLP, counsel for PAL, to review the documents and determine the extent to which they might be relevant to the above-referenced action. At that time, PAL's counsel expressed concern over privacy issues, specifically the production of documents containing Social Security Numbers ("SSNs"). PAL's concern pertains to any release of such information, including the uploading of documents containing SSNs to the secure website maintained by third-party document vendor Merrill Lextranet. PAL ultimately agreed to obtain an estimate from Merrill for the digitization of the documents with redaction of all SSNs. Merrill estimated this project would take 25 days and would cost a total of $24,155, approximately $12,500 of which represented the redaction of SSNs.

On April 29, 2013, representatives of the PLC and DLC held a meet-and-confer teleconference with PAL's counsel to discuss alternative options with regard to the production of documents without redacting the SSNs. PAL was offered several alternatives, including the redaction of private information by the parties prior to filing any documents with the Court and/or use at depositions, the adoption of any standing Confidentiality Orders in the litigation, or the drafting of a Protective Order specifically designed to address PAL's documents.

Hon. Alvin K. Hellerstein
May 6, 2013
Page 2

**HARRIS BEACH** PLC
ATTORNEYS AT LAW

Unfortunately, the parties were not able to reach an agreement and agreed to make this joint submission.

### Position of the PLC and DLC

The position of the PLC and DLC is that PAL is not legally required to condition the disclosure of documents upon the redaction of SSNs. Moreover, the cost of redacting approximately 58,000 pages of material outweighs the benefit of the redactions, particularly when there are cheaper alternatives available.

New York General Business Law ("NY-GBL") Section 399-ddd (disclosure of social security number) paragraph 3(g) provides for the following instance in which disclosure is permitted:

> "The social security account number is requested for purposes of employment, including in the course of the administration of a claim, benefit, or procedure related to the individual's employment by the person, including the individual's termination from employment, retirement from employment, injury suffered during the course of employment, or to check on an unemployment insurance claim of the individual."

Additionally, NY-GBL Section 399-ddd (confidentiality of social security account number) and Section 6:88 of the New York Practice Series, Employment Law provide that **reasonable** measures must be taken to safeguard the protected information. Nothing in the statutes requires absolute protection, or mandates that protected information be redacted from documents prior to disclosure. Moreover, if protected information is inadvertently released into the public domain, a party may avoid liability by showing the violation was unintentional and the result of a bona fide error notwithstanding the measures put in place to avoid such error. (*See* 13A N.Y. Prac., Employment Law in New York § 6:88 (2d ed.).)

The PLC and DLC have offered PAL several alternatives to costly redactions, all of which would be considered reasonable efforts to protect the SSNs. For instance, Merrill operates a secure, password-protected website to house documents collected from third parties in this litigation. Only the attorneys in this litigation who have registered accounts with Merrill have access to the records. The general public does not, and cannot, have access to any documents uploaded to this secure site, and the parties would agree to redact or file under seal any protected information contained in PAL documents prior to public filing (i.e. as an exhibit to a motion). In addition, the PLC and DLC have offered to adhere to standing Confidentiality Orders such as Protective Order No. 1 Governing the Disclosure of Confidential Information and Confidential Insurance Information entered January 2, 2013. The PLC and DLC also offered to draft a separate Protective Order specifically designed to address the PAL documents. Such an Order would protect the interests of PAL at a much reduced cost.

Given the discovery deadline of August 31, 2013, and Merrill's estimate of 25 days to complete the redactions, time is of the essence. The PLC and DLC respectfully request this

**HARRIS BEACH**
ATTORNEYS AT LAW

Court to issue an Order requiring the production of PAL's documents for uploading to Merrill's site, without redactions and subject to the January 2, 2013 Protective Order No. 1 Governing the Disclosure of Confidential Information and Confidential Insurance Information, within 14 days. In the alternative, should this Court decide the redactions are required prior to disclosure, the PLC and DLC ask this Court to issue an Order requiring PAL to pay for 100% of the redaction costs, in that such is neither required nor necessary to protect their concerns.

### Position of PAL

New York state law sets forth prohibitions against the dissemination of social security numbers in General Business Law § 399-ddd (there are two such numbered sections, one of which is captioned "Confidentiality of social security number" as renumbered by L.2012, c. 371, effective December 12, 2012, and the other of which is captioned "Disclosure of social security number" added by L. 2012, c. 372, effective November 12, 2012. We are concerned with the second of these). The duty not to disseminate social security numbers explicitly cannot be delegated away, and the monetary civil penalties are severe.

General Business Law § 399-ddd captioned "Confidentiality of social security number" provides in relevant part:

> 2. No person, firm, partnership, association or corporation, not including the state or its political subdivisions, shall do any of the following:
>
> (a) Intentionally communicate to the general public or otherwise make available to the general public in any manner an individual's social security account number.
> ....
>
> 4. Any person, firm, partnership, association or corporation having possession of the social security account number of any individual shall, to the extent that such number is maintained for the conduct of business or trade, take reasonable measures to ensure that no officer or employee has access to such number for any purpose other than for a legitimate or necessary purpose related to the conduct of such business or trade and provide safeguards necessary or appropriate to preclude unauthorized access to the social security account number and to protect the confidentiality of such number.
>
> 5. Any waiver of the provisions of this section is contrary to public policy, and is void and unenforceable.
>
> 6. No person may file any document available for public inspection with any state agency, political subdivision, or in any court of this state that contains a social security account number of any other person, unless such other person is a dependent child, or has consented to such filing, except as required by federal or state law or regulation, or by court rule.

**HARRIS BEACH**
ATTORNEYS AT LAW

7. ... Whenever the court shall determine that a violation of subdivision two of this section has occurred, the court may impose a civil penalty of not more than one thousand dollars for a single violation and not more than one hundred thousand dollars for multiple violations resulting from a single act or incident. The second violation and any violation committed thereafter shall be punishable by a civil penalty of not more than five thousand dollars for a single violation and not more than two hundred fifty thousand dollars for multiple violations resulting from a single act or incident.

PAL and McMahon, Martine & Gallagher, LLP simply cannot and will not volunteer to run the risk of crushing civil penalties in connection with the production of employee records containing social security numbers for the convenience of litigants. PAL and McMahon, Martine & Gallagher, LLP have no stake in the litigation. Parties to the litigation with a stake in its outcome should bear the costs and the risks associated with handling the records containing social security numbers.

Thank you for your time and attention to this matter.

Very truly yours,

/s/ Brian A. Bender
Brian A. Bender *(on behalf of DLC)*

/s/ Robert Grochow
Robert Grochow *(on behalf of PLC)*

/s/ Chris LoPalo
Chris LoPalo

/s/ Patrick W. Brophy
Patrick W. Brophy *(on behalf of PAL)*

cc (via email): Plaintiff's Liaison Counsel
Defense Liaison Counsel

Judge wrote:

"Since the documents in question will remain secure after production, and further use is subject to regulations by the court, redaction at this point is not necessary or reasonable. The documents will remain subject to a protective order.

5-7-13

Alvin K. Hellerstein"