**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------- x

IN RE: WORLD TRADE CENTER LOWER      21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION    21 MC 103 (AKH)

------------------------------------------------------------- x

## OPPOSITION TO MOTION TO COMPEL AND REQUEST FOR COSTS

Defendant Verizon New York Inc. files this Opposition to the May 15, 2013, Motion to Compel the deposition of Ellen Davis, and also requests its costs in doing so because Plaintiffs' Motion to Compel was not filed in good faith. The Declaration of Christopher R. LoPalo, which supported Plaintiffs' motion, contains blatant misrepresentations, Plaintiffs' counsel attached incomplete and therefore misleading correspondence between the parties regarding Ms. Davis's deposition notice, and Plaintiffs' counsel made no attempt to meet and confer prior to filing the Motion—a violation of the parties' agreement and the Court's rules. Accordingly, Plaintiffs' motion should be denied and Verizon should be awarded its costs in opposing the motion.

## FACTUAL STATEMENT

Ellen Davis is an employee of Verizon Communications Inc., a non-party in this litigation. (Declaration of Lee Ann Stevenson ("Stevenson Decl.") at ¶2, filed herewith.) Ms. Davis's work location is in Northampton, Massachusetts. (*Id.*) Plaintiffs first noticed Ms. Davis's deposition in 2010. Verizon provided deposition dates for the deposition but plaintiffs never conducted the deposition. (*Id.* at ¶3.)

Plaintiffs did not notice Ms. Davis's deposition again until December 2012. (*Id.* at ¶4.) At that time Plaintiffs noticed five Verizon employees for deposition, which Verizon believed was excessive given that the corporation had already provided a 30(b)(6) witness for two days of deposition testimony. (*Id.*) Accordingly, counsel for Verizon and for Plaintiffs, Mr. LoPalo, met and conferred, and agreed that Verizon would make two of the noticed Verizon employees—Dominic Veltri and Nick Perfetto—available for deposition in the first instance, and that after those depositions, if Plaintiffs believed additional testimony from Verizon witnesses was warranted, the parties would meet and confer further. (*Id.*; Ex. A to Stevenson Decl..)

Mr. Veltri and Mr. Perfetto appeared for deposition on February 6 and February 20, 2013, respectively. (Stevenson Decl. at ¶5.) On Friday afternoon, May 10, 2013, without any notice or additional correspondence, Mr. LoPalo sent an email to counsel for Verizon requesting dates for Ms. Davis's deposition. (*Id.* at ¶6; Ex. B to Stevenson Decl..) On Wednesday, May 15, without attempting to contact counsel for Verizon, and without providing any notice or warning, Plaintiffs filed its Motion to Compel. (Stevenson Decl. at ¶6.) In Mr. LoPalo's Declaration supporting the Motion, Mr. LoPalo claims that "Defense counsel failed to comply with Plaintiffs' [deposition] notice" and that "Plaintiffs have taken all reasonable steps to schedule the deposition of [Ms. Davis], but to no avail." (Decl. of Christopher R. LoPalo [D.E. 4755], May, 15, 2013, at ¶¶8-9.) Mr. LoPalo also claims in his Declaration that "[b]etween December 20, 2012 and May 10, 2013 Plaintiffs attempted without success to confer with Defendant's counsel to schedule and conduct the deposition." (*Id.* at ¶5.) Mr. LoPalo attached to his Declaration incomplete and outdated correspondence. In particular, he did not attach either the January 21, 2013, email memorializing the agreement between counsel (Ex. A to Stevenson Decl.), or the May 10, 2013, demand for deposition dates (Ex. B to Stevenson Decl.).

## ARGUMENT

Plaintiffs' Motion to Compel was not filed in good faith and should be denied. Verizon should be awarded its costs incurred in having to respond to such a frivolous and improper motion.[1] Plaintiffs have blatantly misrepresented the facts of this discovery issue, needlessly burdening the Court.

Mr. LoPalo's representation to the Court in his Declaration that "[d]efense counsel failed to comply with Plaintiffs' [deposition] notice" is blatantly false in light of the parties' January 2013 agreement to go forward with Messrs. Veltri's and Perfetto's depositions, and then to meet and confer if Plaintiffs believed any additional Verizon depositions were necessary. (Stevenson Decl. at ¶4; Ex. A to Stevenson Decl..) Likewise, Mr. LoPalo's claim in

---

[1]     Verizon requested that Plaintiffs withdraw the Motion to Compel and offered to meet and confer with Plaintiffs if they withdrew the Motion. Plaintiffs declined to do so. (Stevenson Decl. at ¶7.)

his Declaration that "[b]etween December 20, 2012 and May 10, 2013 Plaintiffs attempted without success to confer with Defendant's counsel to schedule and conduct the deposition," is false and misleading, since Mr. LoPalo never made any attempt to meet and confer with Verizon's counsel after the conclusion of the Veltri and Perfetto depositions in February, despite an explicit agreement to do so, and never provided notice to Verizon counsel before filing the Motion to Compel. (Stevenson Decl. at ¶¶4-6.)  Mr. LoPalo's statement in his Declaration that "Plaintiffs have taken all reasonable steps to schedule the deposition of [Ms. Davis], but to no avail" is also false for the same reasons.  Plaintiffs chose to ignore the agreement it had with Verizon and file a meritless motion, burdening the Court and Verizon.  Given this lack of candor and good faith, Plaintiffs should be denied their chance for additional deposition discovery from Verizon.[2]

Given the lack of merit and false representations supporting the Motion, an award of costs is appropriate.  *See Kregler v. City of New York*, Civ. No. 08-6893, 2013 WL 1869169, at *1 (S.D.N.Y. Apr. 29, 2013) (awarding motion expenses under Rule 37(a)(5)(B) where plaintiff's motion was "entirely meritless" and plaintiff "offered no other circumstances that would make expense award unjust"); *Arons v. Lalime*, 167 F.R.D. 364, 368 (W.D.N.Y. 1996) (same); *see also* Fed. R. Civ. P. 37(a)(5)(B) ("If the motion is denied, the court … must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.").

Accordingly, Verizon respectfully requests that the Court deny Plaintiffs' Motion to Compel the deposition of Ellen Davis and that an Order be entered awarding Verizon its costs in opposing the Motion.

---

[2]   Ellen Davis was a manager in the Asbestos Group at Verizon at the time of the September 11, 2001, clean-up at 140 West Street.  As Verizon explained during its initial meet and confer in December 2012, her testimony is duplicative of testimony already provided by Verizon's 30(b)(6) witness Christopher Lloyd (who testified for two days), and now the two additional employees of Verizon who have provided deposition testimony, Dominic Veltri and Nick Perfetto, as well as numerous contractors at 140 West Street involved in the clean-up.  Plaintiffs have still failed to articulate any basis for their alleged need for Ms. Davis's testimony, either in a meet and confer or in their Motion to Compel, which is an additional reason to deny the Motion.

Dated: May 20, 2013
New York, NY

_____/s/_____
Lee Ann Stevenson (LS 3165)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900

*Attorneys for Defendant Verizon New York Inc.*