UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

IN RE: WORLD TRADE CENTER LOWER         21 MC 102 (AKH)
MANHATTAN DISASTER SITE LITIGATION      21 MC 103 (AKH)


------------------------------------------------------------- x

## DECLARATION OF LEE ANN STEVENSON

I, Lee Ann Stevenson, pursuant to 28 U.S.C. § 1746, affirm under penalty of perjury that the following is true and correct:

1.  I am a partner in the law firm of Kirkland & Ellis LLP, counsel for defendant Verizon New York Inc. in this matter. I am admitted to practice law before this Court and am familiar with the matters set forth herein. I submit this declaration in support of Verizon New York Inc.'s Opposition to the Motion to Compel Ellen Davis's Deposition and Request for Costs.

2.  Ellen Davis is an employee of Verizon Communications Inc., a non-party in this litigation. Ms. Davis's work location is in Northampton, Massachusetts.

3.  Plaintiffs noticed the depositions of several Verizon employees, including Ms. Davis, in June of 2010. Verizon provided dates for Ms. Davis's deposition, but Plaintiffs neither confirmed those dates nor conducted the deposition.

4.  Plaintiffs served a new deposition notice for Ms. Davis on December 8, 2012. At that time Plaintiffs noticed five Verizon employees for deposition, which Verizon believed was excessive given that Verizon had already provided a 30(b)(6) witness for two days of deposition testimony. Counsel for Plaintiffs, Mr. LoPalo, and I met and conferred, and agreed that Verizon would make two of the noticed Verizon employees—Messrs. Veltri and Perfetto—available for deposition in the first instance, and that after those depositions, if Plaintiffs believed additional

testimony from Verizon witnesses was warranted, the parties would meet and confer. Attached as Exhibit A is a true and correct copy of a January 21, 2013, email from me to Mr. LoPalo, memorializing that agreement. I did not receive a response to the email.

5. Mr. Veltri and Mr. Perfetto appeared for deposition on February 6 and February 20, 2013, respectively.

6. On Friday May 10, 2013, without any notice or previous correspondence, Mr. LoPalo sent an email to me and my colleague, Brett Broadwater, requesting dates for Ms. Davis's deposition. Attached as Exhibit B is a true and correct copy of that May 10, 2013, email. Before we could respond to the email, and without any further communication, Plaintiffs filed the Motion to Compel.

7. As soon as I reviewed the Motion to Compel and the accompanying Declaration, I contacted Plaintiffs' counsel and requested that the Motion be withdrawn. I offered to meet and confer in good faith if Plaintiffs withdrew the Motion. Mr. LoPalo offered to meet and confer on Tuesday, May 21, 2013, but not to withdraw the Motion.

8. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 20, 2013
New York, NY

/s Lee Ann Stevenson
Lee Ann Stevenson (LS 3065)
KIRKLAND & ELLIS LLP
601 LEXINGTON AVENUE
NEW YORK, NEW YORK  10022-4611
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
lstevenson@kirkland.com

*Attorney for Defendant Verizon New York Inc.*