UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 102 (AKH) |
| Andrzej Chojnowski,<br><br>      Plaintiff(s),<br>v.<br><br>Hillmann Environmental Group<br><br>      Defendants. | DOCKET NO. 07-CV-1588-AKH<br><br>NOTICE OF DEPOSITION UPON ORAL EXAMINATION |

  **PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30, the Defendants' Liaison Counsel and Defendants will conduct the deposition upon oral examination of plaintiff Andrzej Chojnowski ("Plaintiff"), before a notary public or other officer authorized by law to administer oaths, at 10:00 a.m. on the 17th day of June, 2013, to continue at 10:00 a.m. on the 18th day of June, 2013 as necessary, location to be determined, and on any adjourned date thereof, and from day to day thereafter until completed. As counsel for Plaintiff, you are requested to arrange for his attendance and are invited to attend and cross-examine; and

  **PLEASE TAKE FURTHER NOTICE**, that pursuant to Fed. R. Civ. P. 34, Defendants request that Plaintiff produce for inspection and copying all documents and things in response to the requests set forth in Attachment A hereto at a time and place mutually agreeable to counsel prior to the deposition; and

3978048.1

**PLEASE TAKE FURTHER NOTICE** that the deposition may be videotaped.

Dated: New York, New York
       May 21, 2013

                                     **Ahmuty, Demers, & McManus**

                       By: _____
                            Salvatore J Calabrese Esq (5133)
                            199 Water Street, 16th Floor
                            New York, New York 10038
                            (212) 513-7788

                            On behalf of the DLC and as
                            Attorney for Defendant
                            Hillmann Environmental Group

TO:
VIA EMAIL

    Christopher Lopalo
    CLopalo@NapoliBern.com
    Worby Groner Edelman & Napoli Bern, LLP
    350 5th Avenue, Suite 7413
    New York, New York 10118
    (212) 267-3700

    Richard E. Leff
    RLeff@mklaw.us.com
    McGivney & Kluger P.C
    80 Broad Street, 23rd Floor
    New York, New York 10004
    (212) 509-3456

ECF

## ATTACHMENT A – DEFINITIONS AND INSTRUCTIONS

As used herein, "document" or "documents" means, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical process, written, produced by hand or produced by or stored in a computer, regardless of origin or location: books, records, communications, reports, correspondence, letters, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, logs, time sheets, canceled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

Each request for a document or documents shall be deemed to call for the production of the original document or documents, to the extent that they are in or subject to, directly or indirectly, the control of Plaintiff. In addition, each request should be considered as including all copies and to the extent applicable, preliminary drafts of documents which, as to content, differ in any respect from the original or final draft or from each other (e.g., by reason of handwritten notes or comments having been added to one copy of a document but not on the original or other copies thereto).

The following documents are requested:

1. Any and all documents that concern, refer or relate in any way to Plaintiff's alleged participation in work performed in the aftermath of the September 11, 2001 World Trade Center terrorist attacks, as alleged in the Complaint, including, but not limited to, debris removal, demolition, and decontamination ("the Cleanup Work") and/or his alleged injuries from the Cleanup Work.

2. Any and all documents relating to Plaintiff's employment prior to and after his alleged participation in the Cleanup Work, including, but not limited to, any and all union records, time sheets and pay stubs.

3. Any and all documents that concern, refer or relate in any way to communications between Plaintiff, including any of his agents, attorneys, representatives,

administrators and/or any other entity acting on his behalf, and any Defendant, employer, union, or government agency regarding his alleged participation in the Cleanup Work and/or his alleged injuries caused or exacerbated by exposure to any chemical or substance during his alleged participation in the Cleanup Work.

4. Any and all documents that concern, refer or relate in any way to public statements made by or on behalf of Plaintiff in connection with his alleged participation in the Cleanup Work and/or his alleged injuries from the Cleanup Work.

5. Any and all documents that concern, refer or relate in any way to Plaintiff's alleged exposure to any chemical or substance during his alleged participation in the Cleanup Work.

6. Any and all photographs, videotapes, recordings or other tangible things depicting or recording Plaintiff's presence at any building or work site at issue in this lawsuit.

7. Any and all photographs, videotapes, recordings or other tangible things depicting or recording Plaintiff's participation in the Cleanup Work.

8. Any and all deposition, trial, or hearing testimony that concerns, refers or relates in any way to Plaintiff's alleged participation in the Cleanup Work and/or his alleged injuries from the Cleanup Work.

9. Any and all documents that concern, refer or relate in any way to disability or workers compensation petitions or other benefits requests submitted by or on behalf of Plaintiff to Pinnacle Environmental Corporation, Local 78 of the Laborers International Union of North America, or any governmental agency or entity.

10. Any and all documents that concern, refer or relate in any way to monetary or other benefits received by Plaintiff in connection with his alleged participation in the Cleanup Work and/or his alleged injuries from the Cleanup Work.

11. Any and all photographs, videotapes, recordings, medical records or other tangible evidence depicting Plaintiff's alleged injuries, physical conditions or limitations from the Cleanup Work.

12. Any and all documents that you allege demonstrate a causal connection between Plaintiff's alleged injuries and the Cleanup Work, including, but not limited to, notes, examinations and/or physicals, injury reports, correspondence, reports, studies, and disability awards or determinations.

13. Any and all documents, including but not limited to, medical records, notes, examinations and/or physicals, injury reports, correspondence, reports, studies and disability awards or determinations related to all of Plaintiff's medical conditions, diseases, injuries, physical conditions or limitations that existed prior to the September 11, 2001 World Trade Center terrorist attacks.

14.     Any and all documents, including but not limited to, medical records, notes, examinations and/or physicals, injury reports, correspondence, reports, studies and disability awards or determinations related to all of Plaintiff's medical conditions, diseases, injuries, physical conditions or limitations that were diagnosed subsequent to the September 11, 2001 World Trade Center terrorist attacks.

15.     Any and all documents that concern, refer or relate to every element of damages sought from Plaintiff in this Litigation, including, but not limited to, the amount of each element of damages, the manner in which each element of damages is calculated, any steps taken by Plaintiff to mitigate those damages, the period of time lost from employment as a result of any injuries alleged in this Litigation (if that is an element of Plaintiff's damages), and the amount of wages and benefits lost (if any) because of the alleged injuries from the Cleanup Work.

16.     Any and all documents that concern, refer or relate in any way to Plaintiff's use of tobacco products, including but not limited to cigarettes, cigars, pipes, or smokeless tobacco products, before, during, or after the Cleanup Work, including but not limited to documentation showing the type and brand of tobacco product used, the frequency of use, and the dates and time periods of use.

17.     Any and all documents that concern, refer or relate in any way to Plaintiff's use and/or consumption of alcohol products before, during, or after the Cleanup Work, including but not limited to documentation showing the type and brand of alcohol product used, the frequency of use, and the dates and time periods of use.

18.     Any and all documents that concern, refer or relate in any way to Plaintiff's use and/or consumption of prescription drugs, whether or not in fact prescribed by medical personnel, before, during, or after the Cleanup Work, including but not limited to documentation showing the type and brand of prescription drug used, the frequency of use, and the dates and time periods of use.

19.     Any and all documents that concern, refer or relate in any way to Plaintiff's use and/or consumption of recreational drugs before, during, or after the Cleanup Work, including but not limited to documentation showing the type of recreational drug used, the frequency of use, and the dates and time periods of use.

20.     Any and all documents that concern Plaintiff's employment, training, apprenticeships or internships in the fields of asbestos removal, asbestos abatement, demolition, debris removal, hazardous materials work, hazardous waste work, construction, and installation, maintenance and/or repair of asbestos-containing materials and/or silicates at any time prior to the September 11, 2001 World Trade Center terrorist attacks, whether in the United States or other countries.

21.     Any and all documents that concern Plaintiff's military service, if any, whether for the United States or other countries.

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2013, I caused the within Notice of Deposition Upon Oral Examination to be served to all counsel by e-mail and additionally by United States Mail upon the following counsel:

Christopher Lopalo
CLopalo@NapoliBern.com
Worby Groner Edelman & Napoli Bern, LLP
350 5th Avenue, Suite 7413
New York, New York 10118
(212) 267-3700

**Ahmuty, Demers, & McManus**

Salvatore J Calabrese Esq (5133)
199 Water Street, 16th Floor
New York, New York 10038
(212) 513-7788

On behalf of the DLC and as
Attorney for Defendant
Hillmann Environmental Group