UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE WORLD TRADE CENTER LOWER          :          21 MC 102 (AKH)
MANHATTON DISASTER SITE LITIGATION      :
------------------------------------------------------------x
IN RE COMBINED WORLD TRADE CENTER       :          21 MC 103 (AKH)
AND LOWER MANHATTAN DISASTER SITE       :
LITIGATION (straddler plaintiffs)       :
------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS CERTAIN PLAINTIFFS' CLAIMS WITH PREJUDICE
PURSUANT TO FED. R. CIV. P.  37**

Christopher R. LoPalo (CL-6466)
Worby Groner Edelman & Napoli Bern, LLP
350 Fifth Avenue, Suite 7413
New York, NY 10118
(212) 267-3700

## PRELIMINARY STATEMENT

Plaintiffs Cristhian Tapia and Seweryn Wojciechowski, by their attorneys, Worby Groner Edelman Napoli & Bern, LLP, offer the within Memorandum of Law In Opposition to the Defendants' Motion To Dismiss their cases pursuant to Fed. R. Civ. P. 37.

## STATEMENT OF FACTS

Plaintiff Christhian Tapia is an office cleaner of Hispanic heritage who speaks Spanish. Mr. Tapia is suffering from Asthma, Chronic Rhinitis, Esophageal Reflux, and GERD as a result of his unprotected exposure to toxic particulate matter, smoke and fumes while he worked cleaning the buildings located at 1 World Financial Center, 2 Broadway, 63 Wall Street, 125 Barclay Street, the West Street Building, 4 Albany, 3 World Financial Center and 4 World Financial Center in the days after the September 11, 2011 attacks.  *See* Defendants' Exhibit "O". On November 12, 2012, Defendants selected Mr. Tapia's case to proceed with pre-trial discovery. *See* November 12, 2012 email at Exhibit "1".  Mr. Tapia's TCDI discovery responses were last updated and submitted to Defendants' Liaison Counsel and TCDI on February 15, 2013. *See* Exhibit "2".   TCDI updated its database on or about February 28, 2013 to reflect the supplemental responses to Mr. Tapia's database responses. *See* Defendants' Exhibit "O".  On April 30, 2013, Mr. Tapia appeared for a full day of deposition testimony.

2

Plaintiff Seweryn Wojciechowski is an office cleaner of Polish heritage who speaks Polish. Mr. Wojciechowski is suffering from COPD, GERD, Sleep Apnea, Asthma, Chronic Rhinitis and Chronic Pharyngitis as a result of his unprotected exposure to toxic particulate matter, smoke and fumes while he worked cleaning the buildings known as or located at: the Deutsche Bank Building, the New York Stock Exchange, 4 Albany and 40 Rector St. *See* Defendants' Exhibit P.  On November 12, 2012, Defendants selected Mr. Wojciechowski's case to proceed with pre-trial discovery. *See* November 12, 2012 email at Exhibit "1".  Mr. Wojciechowki's TCDI discovery responses were last updated and submitted to Defendants' Liaison Counsel and TCDI on February 27, 2013. *See* Exhibit 3. TCDI updated its database on February 28, 2013 to reflect the supplemental responses to Mr. Wojciechowksi's database responses. *See* Defendants' Exhibit P. Mr. Wojciechowksi's deposition is currently in the process of being scheduled.

Fact discovery is scheduled to be completed on August 30, 2013 in the Tapia and Wojciechowsk cases.  Although there are no trial dates currently set for these two cases, they are eligible to be selected as one of the fifteen (15) cases to be selected to the initial Trial Group that is scheduled to commence on May 5, 2014. *See* March 21, 2013 Order Regulating Discovery and Trials of Group I and Group II Selected Cases at Exhibit "4". If these cases are selected for the initial Trial Group Expert discovery will commence on October 11, 2013. *See* Id.

## ARGUMENT

### PLAINTIFFS TIMELY SUPPLMENTED AND AMENDED THEIR DISCOVERY RESPONSES.

Plaintiffs Cristhian Tapia and Seweryn Wrojciechowski properly complied with all of their discovery obligations pursuant to this Court's Orders and the Federal Rules of Civil Procedure.  Pursuant to Fed. R. Civ. P. 26(e)(1)(A), a party must supplement or correct its disclosure or response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. These two Plaintiffs' cases were only recently selected to proceed with pre-trial discovery on November 12, 2012. Shortly thereafter, additional information was discovered that warranted these Plaintiffs' attorneys to review, correct and timely supplement their clients' discovery responses as is appropriate under the Rules and this Court's Orders.

### A. Defendants' Arguments Fail to Satisfy the 3- Prong Test For Sanctions

This Court has the authority to issue an order for contempt for failure to obey previous discovery orders pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vii).  The Court also has the authority to hold a party in civil contempt for failure to comply with its discovery obligations, but only when: (1) the order the party allegedly failed to comply with is clear and unambiguous; (2) the proof of noncompliance is

4

clear and convincing; and (3) the party has not diligently attempted in a reasonable manner to comply. *See New York State National Organization For Women v. Terry* 886 F. 2d 1339 (2d Circuit 1989). All three of these prongs must be satisfied in determining whether a court will hold a party in contempt. *Cordius Trust v. Kummerfeld Associates, Inc*., 658 F. Supp. 2d 512, 515-517 (S.D.N.Y. 2009).

There are no clear and unambiguous Court orders precluding the Plaintiffs from supplementing and amending their discovery responses, nor indeed would such an order be appropriate on this record.  In fact, the Court's March 21, 2013 Order Regulating Discovery and Trials of Group I and Group II Selected Cases, at Exhibit "4", clearly states that fact discovery for Group I and Group II cases is to be completed by August 30, 2013. Accordingly, all facts that are ascertained during the fact discovery period are expected to be incorporated into the Plaintiffs' supplemental and amended discovery response.  Indeed, Defendants' demands expressly contemplate and invite such supplementation. *See* Defendants Exhibit G ("We expect that you will provide supplemental answers to the TCDI database without further delay…").  Since there are no clear and unambiguous orders with which Plaintiffs Tapia and Wrojciechowski failed to comply, the Defendants' argument fails to meet the first prong of the *Terry* test.

In order to satisfy the second prong of the test, there must be clear and convincing evidence of noncompliance with the Order that requires proof to a

reasonable certainty that a violation of an order occurred. *Musalli Factory For Gold & Jewlery Co. v New York Financial LLC*, No. 06 Civ. 82, 2010 WL 2382415 at *3 (S.D.N.Y. 2010) (where that court held that the litigant's complete failure to obey the court order was clear and convincing evidence of noncompliance).  Since the power to hold a party in contempt is a "potent weapon" it should not be exercised when there is a fair ground of doubt as to the wrongfulness of the alleged contemnor. *Zino Davidoff SA v. CVS Corp.*, No. 06 Civ. 15332, 2008 WL 1775410 at *5 (Apr. 17, 2008). In *Musalli*, the litigant was found noncompliant with an order because he failed to produce any documents or appear for a deposition when the document requests and deposition notice were each clear and unambiguous. *Musalli*, No. 06 Civ. 82, 2010 WL 2382415 at *3. In the instant matter, Defendants admit that Plaintiffs Tapia and Wrojciechowski have each answered their Court-ordered discovery responses but dispute their timing. Accordingly, Defendants fail to satisfy the second prong of the *Terry* test.

Defendants' argument also fails to satisfy the third prong of the test because they cannot show that Plaintiffs Tapia and Wrojciechowski have failed to diligently comply with this Court's orders.  In fact, the record shows that both Plaintiff Tapia and Plaintiff Wrojciechowski have made every reasonable effort to comply with all of their respective discovery obligations. Diligence requires at least substantial compliance with the Order, and a showing that the party attempted

to develop a reasonably effective method of compliance. *Zino Davidoff SA,* 2008 WL 1775410 at *5 (S.D.N.Y., Apr. 17, 2008); see also *Dunn v. New York State Dept. of Labor*, 47 F.3d 485, 490 (2d Cir. 1995) (the court may consider other factors affecting the possibility of strict compliance and not necessarily hold a party in contempt). Plaintiff Tapia and Plaintiff Wrojciechowski each made substantial efforts to comply with this Court's orders by properly updating their discovery responses on the TCDI database. Thus, Defendants' arguments fail to satisfy the third prong of the test.

In other cases where the Court has held a lack of diligent compliance with discovery orders, the defaulting party's conduct was a complete failure to comply such as a failure to appear for a deposition or to produce documents pursuant to numerous requests from the deposing party as well as the Court. *See Cordius Trust*, 658 F. Supp. 2d 512, 516 (S.D.N.Y. 2009) (court held there was a lack of reasonable compliance where a party failed to produce documents without explanation despite repeated requests); *Musalli Factory For Gold & Jewlery Co.*, 2010 WL 2382415 at *3 (party failed to diligently attempt to comply with subpoenas or court order after opportunities to remedy their noncompliance). Mr. Tapia and Mr. Wojciechowski have at least substantially complied, if not fully, with the Orders imposed by this Court regarding discovery procedures and thus, cannot be held in contempt.

## B. Defendants' Request for Sanctions Must Be Denied

Civil contempt sanctions are intended either to "coerce the contemnor into future compliance with the court's order or to compensate the complainant for losses resulting from the contemnor's past noncompliance." *Zino Davidoff SA,* 2008 WL 1775410 at *5 *citing Terry,* 886 F.2d at 1352.  When contempt is coercive, the "district court has broad discretion to fashion an appropriate coercive remedy based on the nature of the harm and the probable effect of alternative sanctions" however, contempt cannot be used for purely a punitive measure. *Id.*; *Paramedics Electromedicina Comercial, LTDA v. GE Medical Systems Information Technologies, Inc.*, 369 F.3d 645 (2d Cir. 2004); *see also Perfect Fit Industries, Inc. v. ACME Quilting Co.*, 673 F.2d 53 (2d Cir. 1982).  In exercising its discretion, the Court should consider "the character and magnitude of the harm threatened by continued contumacy…the probable effectiveness of any suggested sanction in bringing about compliance, and the amount of financial resources and consequent burden to the contemnor." *Musalli*, 2010 WL 2382415 at *3.

Here, Plaintiffs' conduct do not approach that properly found a basis for a contempt order because they are fully in compliance with their discovery obligations and this Court's orders. This Court is not presented with a situation where parties have ignored their discovery obligations; rather the situation at bar

8

presents two Plaintiffs who have timely and appropriately answered their discovery to the best of their ability. Defendants request for sanctions, including the dismissals of cases involving two Plaintiffs that have answered their discovery responses is utterly meritless.

Defendants' position that all of the Plaintiffs' discovery responses in this litigation are "corrupt" or "inaccurate" is wholly meritless; a cynical attempt to postpone the fact discovery deadline and to further delay any trial in these and all other plaintiffs' cases.  As such, further delays in these cases should be denied. Additionally, Defendants' request to dismiss Plaintiffs' cases or in the alternative, preclude Mr. Tapia and Mr. Wojciechowski from amending their responses in the future should also be denied. These Plaintiffs have properly disclosed information in accordance with the discovery rules and properly followed this Court's procedures. The fact discovery period in these two cases remains open. The defendants have incurred no prejudice and have the opportunity to conduct discovery on Plaintiff's responses now.

**CONCLUSION**

Plaintiff Christhian Tapia and Plaintiff Seweryn Wrojciechowski have patiently waited for their cases to proceed to trial on their merits. The discovery process over the years has been difficult and time-consuming especially since all of Defendants' discovery demands must be translated from English to Spanish and Polish for these non-English speaking plaintiffs and their responses must then be translated back to English for production to the defense. This Court may reasonably assume that if Plaintiffs had failed to timely and fully supplemented their earlier responses where appropriate, Defendants would be seeking the same sanctions for such a failure.  Enough, respectfully, is enough and these Plaintiffs respectfully ask this Court to deny Defendants' meritless motion to dismiss in its entirety and to compel the Defendants to proceed with discovery in these two cases without further delay.


Dated: New York, New York
         May, 28, 2013




                         /s/ Christopher R. LoPalo_____
                         Christopher R. LoPalo (CL-6466)
                         Worby Groner Edelman & Napoli Bern, LLP
                         350 Fifth Avenue, Suite 7413
                         New York, New York 10118
                         (212) 267-3700

10