USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/13







Allyson Avila
914.872.7445 (direct)
Allyson.Avila@wilsonelser.com

May 28, 2013

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court for
Southern District of New York
500 Pearl Street
New York, New York 10007

*[handwritten: See Ruling on p. 6. This document shall be filed. 6/7/13 /s/ AKH]*

Re: In Re: World Trade Center Disaster Site Litigation, 21 MC 102 (AKH)
Deposition of Mr. Jeffrey P. Laner, former employee of Battery Park City Authority

Dear Judge Hellerstein:

This is a joint submission by Wilson Elser Moskowitz Edelman & Dicker, LLP, counsel for defendant Battery Park City Authority ("BPCA"), and Worby Groner Edelman & Napoli Bern, LLP ("Napoli Bern"), plaintiffs' counsel, with respect to BPCA's objection to the production of former employee of BPCA, Mr. Jeffrey Laner for deposition pursuant to subpoena. Pursuant to the Court's Individual Rules, we met and conferred regarding this discovery dispute, but have been unable to reach a mutually agreeable resolution.

**BPCA'S POSITION:**

### Background

On March 27, 2012, Napoli Bern served BPCA with a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). On May 30, 2012, in response to the deposition notice, BPCA produced a Rule 30(b)(6) witness, Mr. Robert Serpico, Senior Vice President of Finance and Treasurer of BPCA. Prior to the deposition of Mr. Serpico, we stipulated with plaintiffs' liaison counsel ("PLC"), Mr. Robert Grochow, that the deposition would cover all of the properties where claims are pending and that are located within Battery Park City. These properties include: Stuyvesant High School, P.S. 89, Hudson View East Condominiums, Gateway Plaza, One World Financial Center, Two World Financial Center, Three World Financial Center and Four World Financial Center.

On May 24, 2012, Mr. Grochow requested that US Legal Support notice all parties for the deposition of Mr. Serpico. This notice included an indication that the deposition would include testimony regarding the eight above-listed BPCA properties. On or around May 25, 2012, out of courtesy and in response to a request from Napoli Bern's office, we provided Napoli Bern and Mr. Grochow with copies of the leases for all of these properties. The eight leases were also uploaded to the Merrill Lextranet online discovery database and copies of the leases were marked for identification at the deposition. Mr. Lloyd Roberts, an attorney appearing on behalf of the PLC took the lead in questioning Mr. Serpico. Mr. John Della Jacono, an attorney associated with Napoli Bern, appeared at the deposition and also questioned Mr.

3 Gannett Drive • White Plains, NY 10604 • p 914.323.7000 • f 914.323.7001
150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Albany • Baltimore • Boston • Chicago • Connecticut • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • Milwaukee • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Washington DC • West Palm Beach • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Munich • Paris

wilsonelser.com

4581574.1



Serpico extensively.[1]

On February 1, 2013, Napoli Bern served our office with a second notice of deposition pursuant to Rule 30(b)(6) to produce a witness to testify regarding the properties located at 250 Vesey Street (Four World Financial Center), 80 Maiden Lane[2], and 395 South End Avenue (600 Gateway Plaza). By letter dated February 7, 2013, we formally objected to this second notice of deposition because the prior deposition of Mr. Serpico included the properties located at 250 Vesey Street[3] and 395 South End Avenue.[4] Both Mr. Roberts and Mr. Della Jacono specifically questioned Mr. Serpico regarding these properties.

On March 27, 2013, Napoli Bern served our office with a third notice of deposition, for Mr. Laner, former Associate General Counsel and Freedom of Information Law Officer ("FOIL Officer") for BPCA, to testify as a fact witness regarding 400 Gateway Plaza. Mr. Laner certified BPCA's discovery responses, pursuant to 28 U.S.C. 1746, on October 31, 2008. On April 5, 2013, we objected to this deposition notice reiterating the fact that Mr. Serpico's deposition covered all of the relevant BPCA properties. We also informed Napoli Bern that Mr. Laner is no longer employed by BPCA. By letter dated April 15, 2013, Napoli Bern recognized our objection and requested Mr. Laner's last known address and social security number so that it could serve him with a subpoena to testify. On or around May 7, 2013, a subpoena was affixed to the door of Mr. Laner's home. The scope of the subpoena covers 375 South End Ave, (a/k/a 400 Gateway Plaza).

### *Argument*

FRCP Rule 30(b) (1) states that "only officers, directors, or managing agents of a corporate party may be compelled to give testimony pursuant to a notice of deposition." *Rexall Sundown, Inc. v. Perrigo Company*, 2008 U.S. Dist. LEXIS 47617, at 3 (E.D.N.Y., Jun. 19, 2008). Here, the March 27, 2013 notice of deposition served on BPCA for the deposition of Mr. Laner is improper because he is no longer employed by BPCA. The service on Mr. Laner of a subpoena to testify with respect to 400 Gateway Plaza is also objectionable. The PLC had ample opportunity to question Mr. Serpico about that property and did ask him questions about it. Additionally, any testimony that Mr. Laner could provide would be cumulative and duplicative of Mr. Serpico's. The instant subpoena is the PLC's attempt to get a "second bite at the apple," to have someone answer questions it overlooked during the deposition of Mr. Serpico.

We do not believe there is any basis for the production of Mr. Laner, or for any other BPCA witness for that matter. Although the scope of discovery under the FRCP is broad, it "is not boundless." *Arkwright Mutual Insurance Co. v. Nat. Union Fire Insurance Co. of Pittsburgh*, 1994 U.S. Dist. LEXIS 4635, at *2 (S.D.N.Y., Apr. 14, 1994). A court may limit the use of discovery methods, such as depositions, if the discovery sought is "unreasonably cumulative or duplicative," or if "the party seeking discovery has had ample opportunity to obtain the information sought." *Id.*, citing FRCP Rule 26(b) (2). FRCP Rule 26(c) (1) provides that a court "may, for good cause, issue an order to protect a party or person from 'annoyance, embarrassment, oppression, or undue burden or expense.'"

---

[1] See, May 30, 2012 30(b) (6) deposition of Robert Serpico, pp. 86-123.
[2] 80 Maiden Lane is not located in Battery Park City and has no relation to BPCA. Accordingly, Napoli Bern has agreed to withdraw its notices with respect to that property.
[3] May 30, 2012 30(b)(6) deposition of Robert Serpico, at pp. 15, 25, 38-42 (Roberts); Ex. 4 (Four World Financial Center lease agreement).
[4] *Id.* at pp. 15, 52-61 (Roberts); 107 (Della Jacono); Ex. 7 (Gateway lease agreement).



- 3 -

FRCP Rule 30(a)(2)(B) "states that a party must obtain leave of the court to take a deposition of a person who has already been deposed in the case, unless the parties stipulate in writing to the second deposition." *Expert Choice, Inc. v. Gartner, Inc.*, 2006 U.S. Dist. LEXIS 41466, at *19 (D. Conn., June 16, 2006). This rule applies to a corporate entity that has been deposed pursuant to FRCP Rule 30(b) (6). *Id.* A second deposition will be allowed only when the testimony of the second witness will not be unreasonably cumulative or duplicative. *Id.*, citing *7 Moore's Federal Practice* § 30.05(1) (c) (Matthew Bender 3d ed. 2005).

The deposition of Mr. Laner would be unreasonably cumulative or duplicative to the testimony already proffered by Mr. Serpico. Mr. Laner has reviewed the transcript of Mr. Serpico's deposition, BPCA's Rule 30(b) (6) witness, and confirms that he has no factual information to supplement Mr. Serpico's testimony. *Fermin v. Rite Aid of New York Inc.*, 2012 U.S. Dist. LEXIS 13553, at *8-9 (S.D.N.Y., Feb. 3, 2012). *See also* Declaration from Jeff Laner attached as Exhibit "A". Mr. Laner, in his capacity as an associate general counsel and as FOIL Officer for BPCA, retrieved documents considered to be responsive to plaintiffs' discovery demands and assisted in answering a set of interrogatories.[5] The documents produced by BPCA include two construction agreements, one between BPCA and Prolight Electrical Corp. and the other between BPCA and Turner Construction, and BPCA's relevant insurance policies.[6] We provided the PLC with copies of the lease agreements for the various BPCA parcels of land that are subjects of this litigation as a courtesy to help explain BPCA's relationship to the real property and to supplement any testimony Mr. Serpico could provide.[7] The PLC had never made a discovery request for documents that would include the leases.

Mr. Serpico testified at length about the eight lease agreements provided by BPCA. During the deposition, he was asked a line of questions regarding the Gateway Plaza complex, which includes the building located at 400 Gateway Plaza.[8] Mr. Serpico testified that BPCA was never notified by any representatives of Gateway Plaza, or anyone else, regarding any of the clean-up work that was performed there after September 11, 2001.[9] Given that Mr. Serpico was Vice President of Finance and Treasure for BPCA during the time period relevant to this litigation, he would have been copied on such a notification to BPCA if one were made.[10] Mr. Serpico explained that it was not BPCA's responsibility to take any steps to either clean up, or monitor the clean-up, at any of the buildings located on BPCA property.[11] According to the BPCA's lease agreements, the ground lessees of the respective properties are responsible for managing and maintaining the buildings located on the properties.[12] BPCA did not contract with any companies for post-9/11 clean-up work in these buildings nor did it send representatives

---

[5] Mr. Laner was also Associate General Counsel for BPCA, and as such, any communication he had with officers, directors or employees of BPCA in the capacity of counsel to BPCA is protected by the attorney-client privilege. *Upjohn Co. v. United States*, 449 U.S. 383 (1981).

[6] BPCA's October 31, 2008 response to PLC's discovery demands explains that BPCA contracted with Prolight Electric to perform an emergency street lighting survey and repair at the North Residential Neighborhood and South Residential Neighborhood. The response also explains that BPCA contracted with Turner Construction to install emergency fencing and a sidewalk bridge around the perimeter of Four World Financial Center.

[7] Other than owning the land located within the metes and bounds of Battery Park City, BPCA also sublets office space in One World Financial Center, where its headquarters is located.

[8] See, May 30, 2012 30(b) (6) deposition of Robert Serpico, pp. 52-61.

[9] *Id.* at p. 58.

[10] *Id.* at pp. 24-25; 76-77; 88.

[11] *Id.* at pp. 73-74.

[12] *Id.* at p. 74.



to the buildings to inspect or observe any work that was being performed in them.[13]

Although the construction agreements produced by BPCA were not marked at Mr. Serpico's deposition, he testified about them in response to questioning by Mr. Della Jacono.[14] He explained that one contract involved the construction of fencing and a footbridge. The other agreement involved an outdoor lighting project.[15] The two construction agreements were not for any work performed in 400 Gateway Plaza and Mr. Laner was not the BPCA representative to sign either of the agreements on BPCA's behalf.

Although Mr. Serpico was not questioned about the insurance contracts, BPCA produced those documents on or around October 31, 2008 and the PLC had over three-and-a-half years to review them before the deposition of Mr. Serpico on May 30, 2012. Mr. Serpico has been employed by BPCA for over 26 years and is currently BPCA's Senior Vice President of Finance and Treasurer. He would have served as an adequate witness to testify regarding the insurance documents produced by BPCA. In fact, one of the insurance policies produced contains a cover letter addressed to Mr. Serpico.[16] The PLC had an opportunity to ask Mr. Serpico about any of these other documents and any of the BPCA properties, including 400 Gateway Plaza.

We have repeatedly asked Napoli Bern for their rationale for demanding the deposition of Mr. Laner. We have been advised that BPCA listed Mr. Laner as an individual who assisted in preparation of BPCA's response to plaintiffs' discovery demands and who certified the discovery response. Napoli Bern contends that the plaintiffs are "entitled to question his knowledge on the facts he certified." Mr. Laner, in certifying BPCA's discovery response, did not certify any facts specifically regarding 400 Gateway Plaza. It is clear that Mr. Laner would not be able to add to any of the testimony that has already been given by Mr. Serpico regarding this property.

For the foregoing reasons and good cause shown, BPCA respectfully requests that the Court, pursuant to Rule 26(c), issue an order prohibiting the production of Mr. Laner, or any other BPCA witnesses. In the event that the Court denies BPCA's request for a protective order, BPCA respectfully requests that the Court expressly limit the scope of the deposition of Mr. Laner to any knowledge he may have solely with respect to 400 Gateway Plaza.

*Plaintiffs' Position:*

The Plaintiffs are seeking to depose former associate general counsel and Freedom of Information Law Officer ("FOIL"), Jeffrey Laner as a fact witness with regards to 400 Gateway Plaza, a property owned by Battery Park City Authority ("BPCA"). Contrary to BPCA's assertion, the Plaintiffs are not seeking to depose Mr. Laner as a witness pursuant to Rule 30(b)

---

[13] *Id.* at pp. 81-83; 86-87. BPCA had an oral agreement with American Building Maintenance (ABM) for a fine-cleaning, vacuuming and dusting, which was performed in BPCA's office on the 24th floor of One World Financial Center. *Id.* at 111.
[14] May 30, 2012 30(b) (6) deposition of Robert Serpico, pp. 89.
[15] *Id.* at pp. 89-92.
[16] A key word search of these documents on Merrill Lextranet with the key word "Laner" does not return any "hits."



(6) of the Federal Rules of Civil Procedure.

On October 31, 2008, BPCA provided responses to Plaintiffs' discovery demands. *See* Plaintiffs' Exhibit 1. Mr. Laner certified these responses and was also identified as a custodian of BPCA documents pertaining to the work performed at various buildings owned by BPCA. *Id.* at pg. 5 ¶ 1, 3(a), 6(a), 8(b), 20. Although BPCA argues that Mr. Laner did not certify any facts specifically pertaining to 400 Gateway Plaza, the discovery responses were with regards to numerous buildings, one of which Defendants identify as 375 South End Avenue (400 Gateway Plaza). *Id.* pg. 3 ¶18. As such, Plaintiffs are entitled to depose Mr. Laner with regards to any work performed at that building.

On March 27, 2013, Plaintiffs initially sent a deposition notice under the assumption that Mr. Laner was currently an employee of BPCA. *See* Plaintiffs' Exhibit 2. However, once we were informed Mr. Laner was no longer employed with BPCA, a request for Mr. Laner's last known address and social security number was made, which Defendants failed to respond to. *See* Plaintiffs' Exhibit 3. On their own, Plaintiffs located Mr. Laner and properly served a subpoena on April 30, 2013. *See* Plaintiffs' Exhibit 4.

Defendants object to conducting Mr. Laner's testimony on the grounds that Plaintiffs already had the opportunity to depose Senior Vice President of Finance and Treasurer of BPCA, Robert Serpico as a 30(b)(6) witness and any testimony by Mr. Laner will be cumulative. Mr. Serpico, was a witness BPCA chose, at its choice pursuant to Rule 30(b)(6).

It is well-settled that discovery rules are to be liberally construed. See *Leumi Financial Corp. v. Hartford Acc. & Indem. Co.*, 295 F. Supp. 539 (S.D.N.Y. 1969); see also, *287 Franklin Ave. Residents' Ass'n v. Meisels*, No. 11 CV 976, 2012 WL 1899222 at *4 (E.D.N.Y. May 24, 2012). Under Fed. R. Civ. Pro. 26, a Court may limit discovery methods if discovery becomes "unreasonably duplicative or cumulative" and may, for good cause shown, issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense." BPCA has failed to meet this burden.

BPCA incorrectly assumes that the same questions regarding Gateway Plaza posed to Mr. Serpico will be asked of Mr. Lanerand, moreover, that the responses will be the same. Mr. Serpico's testimony relates to the Gateway Plaza sub-lease – it does not reference 400 Gateway Plaza. *See* Plaintiffs' Exhibit 5 pgs. 55-60. Mr. Laner's deposition will be specific to that location as indicated in his subpoena. Therefore, questioning will be focused only on 400 Gateway - not Gateway Plaza in general nor any other location owned by BCPA. Furthermore, since it is clear that Mr. Laner is a fact witness, in that he is the only person who certified BPCA's discovery responses and he was identified by BPCA as a custodian of records, the Plaintiffs should have the opportunity to question the extent of Mr. Laner' personal knowledge about the facts contained in the discovery responses, in addition to what Mr. Laner observed at 400 Gateway Plaza, a Phase 2 discovery building.



One of the purposes of discovery is to obtain information for use on cross-examination and for impeachment of witnesses. *U.S. v. Int'l Bus. Machines Corp.*, 66 F.R.D. 215 (S.D.N.Y. 1974). Mr. Laner, as an individual who certified BPCA's discovery responses may provide statements that not only supplement Mr. Serpico's testimony with regards to work performed at 400 Gateway Plaza, but may also be inconsistent providing an opportunity for Plaintiffs to clarify any such inconsistencies as well as utilize them at trial. Since fact discovery is scheduled to be complete by August 30, 2013, Plaintiffs are under strict time constraints and thus, this is Plaintiffs final and only opportunity to depose Mr. Laner. If Plaintiffs are unable to depose Mr. Laner, fact discovery with regards to BPCA will remain incomplete and Plaintiffs will be unfairly prejudiced.

Futhermore, defendant lacks standing to object to the deposition of the subpoenaed witness. Generally speaking, "a party does not have standing to quash a subpoena served upon a third party." *Castle v. Crouse*, 2004 U.S. Dist. LEXIS 9950, at *3 (E.D.Pa. May 24, 2004), citing *Thomas v. Marina Assoc.*, 202 F.R.D. 433, 434, (E.D. Pa. 2001)(further citations omitted); 9a Charles Allen Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE, CIVIL §2459 (2d E. 1987). Although the witness is the Defendant's former employee, no objection had been made upon the ground of any privilege nor any bases relating to his former position. Rather, they simply argue that his deposition is cumulative and unnecessary, for which Defendants lack requisite standing to assert.

For the reasons set forth above, the Plaintiffs' respectfully request that the Court deny BPCA objections and issue an order compelling BPCA to produce Mr. Laner for his deposition without further delay.

Respectfully submitted,

Wilson Elser Moskowitz Edelman & Dicker LLP

Allyson Avila

Worby Groner Edelman & Napoli Bern, LLP

Christopher LoPalo

[Handwritten note:] The purpose of Rule 30(b)(6) dep'n is to obtain authoritative information of a party, through a witness designated by that party. It is not proper and, indeed, it is vexatious, to follow such examination by subpoenaing individuals to cover the same areas, in the vain hope of eliciting varying information from such individuals. Pl's must justify add'l dep'ns by identifying issues or areas not adequately covered by the Rule 30(b)(6) dep'n. The subpoena of Jeffrey Laner is quashed. 6/7/13 [signature] AKH

4581574.1

Judge wrote on p. 1:

"See Ruling on p. 6. This document and its ruling, shall be filed.

6/7/13
Alvin K. Hellerstein"

---

Judge wrote on p.6:

"The purpose of a Rule 30(b)(6) deposition is to obtain authoritative information of a party, through a witness designated by that party. It is not proper and, indeed, it is vexatious, to follow such an examination by subpoenaing individuals to cover the same areas, in the vain hope of eliciting varying information from such individuals. Plaintiffs must justify additional depositions by identifying issues or areas not adequately covered by the Rule 30(b)(6) deposition. The subpoena of Jeffrey Laner is quashed.

6/7/13
Alvin K. Hellerstein"