USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x
                                              :
IN RE WORLD TRADE CENTER LOWER                :    **SUMMARY ORDER OF**
MANHATTAN DISASTER SITE LITIGATION            :    **HEARING DISMISSING**
                                              :    **CASES AND PRECLUDING**
                                              :    **NEW INJURY CLAIMS**
                                              :
                                              :    21 MC 102 (AKH)
                                              :    05 Civ. 3090
                                              :    07 Civ. 5390
                                              :    08 Civ. 2248
                                              :    08 Civ. 2256
                                              :    08 Civ. 2319
                                              :
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

On June 12, 2012, argument was heard on Defendants' motions to dismiss Plaintiffs David Vivar, Rolendio Cabrera, and Lucyna Foremska for failure to prosecute, and Plaintiffs Cristhian Tapia and Seweryn Wojciechowski for violating established discovery procedures.

For the reasons stated on the record, the cases of Plaintiffs Vivar (07 Civ. 5390) and Cabrera (08 Civ. 2256) are dismissed pursuant to Rule 41(b) for failure to prosecute. Having chosen these cases for pre-trial discovery as part of Group II, Defendants will select two new cases for discovery. Plaintiff Foremska's case (05 Civ. 3090) is not dismissed, but is hereby removed from Group II. The Court, having selected the case for pre-trial discovery, will select a replacement.

Plaintiffs Tapia (08 Civ. 2248) and Wojciechowski (08 Civ. 2319) are precluded from asserting new injury claims arising from medical disclosures made in February 2013, months after Plaintiffs were chosen to proceed with pre-trial discovery. Plaintiffs are limited to asserting injury claims, supported by diagnoses and medical tests, previously disclosed on the TCDI system.

The parties also discussed procedures for taking physician depositions. All fact discovery for Group I and Group II cases must be completed by August 30, 2013. Either party may take the deposition of a treating physician within that period. If, however, a party seeks to take a physician's deposition only if opposing counsel plans to call that physician as a witness at trial, the party may inquire whether opposing counsel intends to call that physician as a witness. If opposing counsel indicates an intention to call that witness, the party may depose the physician-witness within a reasonable time of opposing counsel's response, even if that extends beyond the August 30, 2013 deadline, so long as other deadlines in the Court's March 22, 2013 Case Management Order are not affected. If further clarification is required, the parties may submit a proposed order.

The Clerk shall mark the motions (Doc. Nos. 4781 and 4758) terminated.

SO ORDERED

Dated:   June 12, 2013
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2