UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER   Master Docket No.:
MANHATTAN DISASTER SITE LITIGATION   21MC102 (AKH)
-------------------------------------------------------------------------X
This matter relates to:

  JAN SALWA            Docket No.:
                    08-CV-2707 (AKH)

-------------------------------------------------------------------------X

### MEMORANDUM IN RESPONSE TO JUNE 12, 2013 ORDER TO SHOW CAUSE REGARDING DECEASED PLAINTIFF

### INTRODUCTION

  Worby Groner Edelman & Napoli Bern, LLP, the attorneys for the deceased Plaintiff Jan Salwa hereby submit this Memorandum in response to the Court's June 12, 2013 Order to Show Cause Regarding Deceased Plaintiff.

### PLAINTIFFS' COUNSEL HAS AUTHORITY TO EXECUTE HIPAA MEDICAL AUTHORIZATION FORMS PURSUANT TO NY PUBLIC HEALTH LAW NY PUBLIC HEALTH LAW §18(1)(G)

  Worby Groner Edelman & Napoli Bern, LLP has authority pursuant to NY Public Health Law §18(1)(G) to execute HIPAA Medical Record Authorization Forms on behalf of Plaintiff Jan Salwa. Specifically, attorneys of the firm are granted power of attorney to execute such authorizations under NY Public Health Law §18(1)(G), which specifically defines a "Qualified Person" in relevant part, as "… [a]n attorney representing a qualified person ….who holds a power of attorney from the qualified person or the subject's estate explicitly authorizing the holder to execute a written request for patient information…" Worby Groner Edelman & Napoli Bern, LLP is a "Qualified Person" under this statute since it obtained the Power of Attorney to

1

Execute HIPPA Medical Record Authorization Forms pursuant to NY Public Health Law §18(1)(G) on behalf of Plaintiff Jan Salwa.

Plaintiff Jan Salwa signed a Power of Attorney form specifically authorizing Worby Groner Edelman & Napoli Bern, LLP to execute HIPAA-compliant Medical Authorizations on his behalf pursuant to NY Public Health Law §18(1)(G), as amended October 26, 2004. See the copy of the Power of Attorney that is referenced in the June 24, 2013 Declaration of Christopher R. LoPalo at Exhibit "1".

These Power of Attorney forms are widely used in litigation and are accepted by most health care providers. In fact, these Power of Attorney forms were previously used by attorneys in both the *In Re: World Trade Center Disaster Site Litigation*, 21MC100 (AKH) and *In Re: World Trade Center Lower Manhattan Disaster Site Litigation*, 21MC102 (AKH) cases. These forms were successfully utilized to obtain the millions of pages of medical records which helped settle over ten thousand (10,000) cases in the World Trade Center Litigation Settlement Process Agreement, As Amended ("SPA").

Worby Groner Edelman & Napoli Bern, LLP used such forms in Mr. Salwa's case prior to learning of his death. The Authorization Forms that have been approved by the New York State Department of Health. Furthermore, NY Public Health Law §18(3)(H) states, "Where the written request for patient information under this section is signed by the holder of the power of attorney, a copy of the power of attorney shall be attached to the written request. A written request under this subdivision shall be subject to the duration and terms of the power of attorney."

It is particularly notable that this the HIPAA forms that are attached to the Court's June 12, 2013 Order to Show Cause were never submitted to the Court by the Plaintiff or Plaintiff's

2

counsel.  Nor, notably, has Plaintiff's counsel been formally advised of how, when or through what channel(s) this Court came into possession of such forms.  Certainly if the documents in question had been properly submitted to this Court by another party or their counsel, Plaintiff's counsel should have been served with the same document(s).  In any event, those forms appear to be forms that are commonly used in order to obtain copies of medical records. As of December 17, 2009, Plaintiff's counsel was unaware of Mr. Salwa's death.  When the forms annexed to this Court's Order to Show Cause were executed on December 17, 2009,  Plaitniff's counsel had not yet been apprised of Mr. Salwa's death.

## PLAINTIFF HAS TIME TO MAKE A MOTION TO SUBSTITUTION

Rule 25(a)(1) of the Federal Rules of Civil Procedure, together with Fed. R. Civ. P. 6(b), results in an inflexible requirement that an action be dismissed as to a deceased party if substitution is not carried out within a fixed period measured from the time of the death. The hardships and inequities of this unyielding requirement plainly appear from the cases. See, e.g., *Anderson v. Yungkau,* 329 U.S. 482 (1947); *Iovino v. Waterson,* 274 F.2d 41 (1959), cert. denied, *Carlin v. Sovino,* 362 U.S. 949 (1960); *Perry v. Allen,* 239 F.2d 107 (5th Cir.1956); *Starnes v. Pennsylvania R.R.,* 26 F.R.D. 625 (E.D.N.Y.), *aff'd per curiam*, 295 F.2d 704 (2d Cir. 1961), *cert. denied*, 369 U.S. 813 (1962); *Zdanok v. Glidden Co.,* 28 F.R.D. 346 (S.D.N.Y. 1961). *See also* 4 Moore's *Federal Practice* ¶25.01[9] (Supp. 1960); 2 Barron & Holtzoff, *Federal Practice & Procedure* § 621, at 420-21 (Wright ed. 1961).

Additionally, Rule 25 establishes a time limit for the motion to substitute, based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death *upon the record*, *i.e.* the service of a statement of the fact of the death. *Cf.* Ill.Ann.Stat., c. 110, § 54(2) (Smith-Hurd 1956). Such motion may not be made later than 90

3

days after the service of the statement unless the period is extended pursuant to Fed. R. Civ. P. 6(b). *See* the Advisory Committee's Note to amended Rule 6(b); *see also* the new Official Form 30.

A motion to substitute may be made by any party or by the representative of the deceased party without awaiting the suggestion of death. Indeed, the motion will usually be so made. If a party or the representative of the deceased party desires to limit the time within which another may make the motion, he may do so by suggesting the death upon the record. See *Id*. A motion to substitute made within the prescribed time will ordinarily be granted, but under the permissive language of the first sentence of the amended rule ("the court may order") it may be denied by the court in the exercise of a sound discretion if made long after the death--as can occur if the suggestion of death is not made or is intentionally delayed--and circumstances have arisen rendering it unfair to allow substitution. *See Anderson v. Yungkau,* 329 U.S. 482.

In general, two affirmative steps are necessary in order to trigger the running of the 90-day period of the rule governing the substitution of parties on account of death.  First, death must be formally suggested upon the record and second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a written Suggestion Of Death in the same manner as required for service of the motion to substitute. *See F.D.I.C. v. Cromwell Crossroads Associates, Ltd. Partnership,* 480 F.Supp.2d 516 (D.Conn., 2007). This rule pertaining to substitution of proper parties upon death of a party provides that, unless a motion for substitution is made not later than 90 days after death *is suggested upon the record*, the action shall be dismissed as to the deceased party.  In so doing, the rule sets forth a discretionary and *not* obligatory procedure; the only time the procedure is mandatory is when the subject death is

suggested on the record pursuant to the rule. *See Roberts v. Rowe,* 89 F.R.D. 398 (S.D.W.Va., 1981).

Numerous Courts have held that the running of the 90-day limitation period on filing a motion for substitution is not triggered unless formal suggestion of death is made on the record, regardless of whether parties have actual or constructive knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings, moreover, is not sufficient to trigger the limitations period for filing motion for substitution. *See generally United Tales, Inc. v. Banerjee,* 138 F.3d 467,469-70 (2nd Cir., 1998) (observing tha the 90-day time limit "starting from the time information of the death is provided by means of a suggestion of death upon the record" was intended as a departure from the previous "inflexible requirement" that a motion for substitution be made within two years form date of death.) *See also, Mandarino v. Mandarino* 257 F.R.D. 394 (S.D.N.Y, 2009)(time period for substitution of deceased party did not commence when plaintiff's counsel wrote to court advising it of plaintiff's death, even though letter was sent to opposing counsel, where letter was sent to opposing counsel only by facsimile telecopier and there was no evidence in record that appropriate court has appointed representative for plaintiff's estate); *Grandbouche* v. *Lovell*, 1990, 913 F.2d 835 (10th Circuit 1990); *E.E.O.C. v. Timeless Investments, Inc.*, 734 F.Supp.2d 1035 (E.D.Cal., 2010) (Ninety-day time period for filing motion for substitution is not triggered unless formal suggestion of death is made on record, regardless of whether parties have knowledge of a party's death, and mere reference to party's death in court proceedings or pleadings is not sufficient); *Lightfoot v. District of Columbia*, 629 F.Supp.2d 16 (D.D.C. 2009) (time limit for making a motion for substitution runs from the date on which a formal suggestion of death is filed; a mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing

a motion for substitution); *Henkel v. Stratton*, N.D.Ohio 1985, 612 F.Supp. 190 (N.D.Ohio, 1985) (even when all parties are aware of death of party, 90-day time limit for motion for substitution does not commence until service of suggestion of death in manner set out in Fed. R. Civ. P. 25(a)); *International Cablevision, Inc. v. Sykes,* 172 F.R.D. 63 (W.D.N.Y., 1997) (ninety-day period for filing motion to substitute following defendant's death did not begin running until date that plaintiffs filed motion to substitute, when neither party either served or filed any other documents that could constitute formal suggestion of death before plaintiffs' motion, which satisfied requirements of governing rule, notwithstanding informal notification received by court and plaintiffs via letter from deceased defendant's attorney); *Mobil Oil Corp. v. Lefkowitz*, 454 F.Supp. 59 (S.D.N.Y, 1977)  (the 90-day period for substitution of party begins to run only after formal "statement of the fact of death" is filed under this rule, and if defendant wanted to move for dismissal on ground that plaintiff had failed to move for substitution, it should have done so).

## PLAINLY, THE DECEASED PLAINTIFF COULD NOT HAVE VERIFIED DISOCOVERY RESPONES IN 2011

Since the Plaintiff died on June 4, 2009 it was impossible for him to verify his discovery responses in 2011. Therefore, the discovery responses submitted in 2011 were certified by his surviving widow, Irena Salwa, pursuant to the Personal Representative Document that is referenced in the June 24, 2013 Declaration of Christopher R. LoPalo at Exhibit "3".

## CONCLUSION

As a result of the forgoing Plaintiff's counsel respectfully asks this Court not to dismiss this matter but for permission to file a proper motion for substitution pursuant to Rule 25 of the Federal Rules of Civil Procedure.

Dated: New York, NY
June 24, 2013

                                            /s/
                                            Christopher R. LoPalo (CL-6466)
                                            Worby Groner Edelman & Napoli Bern, LLP
                                            350 Fifth Avenue, Suite 7413
                                            New York, New York 10118
                                            (212) 267-3700 – phone
                                            (212) 267-3700 – fax
                                            *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER                   Master Docket No.:
MANHATTAN DISASTER SITE LITIGATION                     21MC102 (AKH)
-------------------------------------------------------------------------------X
This matter relates to:

    JAN SALWA                                                          Docket No.:
                                                                             08-CV-2707 (AKH)

-------------------------------------------------------------------------------X

## DECLARATION OF SERVICE

      Christopher R. LoPalo, an attorney duly licensed to practice before the Courts of the State of New York, hereby declares that on June 24, 2013, I served the within documents and its Exhibits upon all counsel of record through the Court's Electronic Filing system.

Dated:  New York, NY
           June 24, 2013

                                      /s/ Christopher R. LoPalo_____
                                      Christopher R. LoPalo (CL-6466)
                                      Worby Groner Edelman & Napoli Bern, LLP
                                      350 Fifth Avenue, Suite 7413
                                      New York, New York 10118
                                      (212) 267-3700