```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER              Master Docket No.:
MANHATTAN DISASTER SITE LITIGATION              21MC102 (AKH)
-------------------------------------------------------------------------X
```

This matter relates to:

    JAN SALWA                                            Docket No.:
                                                                                 08-CV-2707 (AKH)

`-------------------------------------------------------------------------X`

## PLAINTIFFS' REPLY MEMORANDUM RESPONDING TO DEFENDANTS' OPPOSITION TO PLAINITFFS' RESPONSE TO THE COURT'S JUNE 12, 2013 ORDER TO SHOW CAUSE

## INTRODUCTION

      Worby Groner Edelman & Napoli Bern, LLP, attorneys for the deceased Plaintiff Jan Salwa and surviving Plaintiff Irena Salwa respectfully submit this Memorandum in Response to the Defendants' Opposition to the Plaintiffs' Response to the Court's June 12, 2013 Order to Show Cause.

## DEFENDANTS' RESPONSE WAS NEVER REQUESTED BY THE COURT'S JUNE 12, 2013 ORDER TO SHOW CAUSE AND THEREFORE, SHOULD BE STRICKEN FROM THE RECORD

      This Court's Order to Show Cause Regarding Deceased Plaintiff ("Order") entered on June 12, 2013 ordered only the *Plaintiff* to show cause why the action should not be dismissed and to explain the submission of supplemental discovery responses by Jan Salwa's personal representative, (his surviving wife and plaintiff) Irena Salwa. The Order does not provide for Defendants' response and thus, Defendants' submission should be stricken from the record.

It is quite obvious that the Defendants originally agreed with the Plaintiffs' position that the time to move for the dismissal is not ripe since they never sought such relief prior to the Plaintiffs' Response to the Order despite knowing that Jan Salwa was deceased. Additionally, while the Defendants admit the fact that Irena Salwa is already a named Plaintiff in this matter by including her in the caption of their opposition papers, they fail to acknowledge this salient point their Memorandum. Accordingly, the relief sought by the Defendants is premature, unjust and contrary to controlling precedent.

### THE 90-DAY TIME PERIOD WAS NEVER TRIGGERED BECAUSE A MERE REFERENCE OF PLAINTIFFS' DEATH IS INSUFFICIENT

Rule 25(a)(1) of the Federal Rules of Civil Procedure, establishes the 90-day time limit for the motion to substitute, based not upon the time of the death, but rather upon the time information of the death is provided by means of a suggestion of death *upon the record*, *i.e.* the service of a statement of the fact of the death. *See* the Advisory Committee's ("Committee") Note to amended Rule 6(b). Defendants conveniently disregard the requirement that a formal statement on the record is required in order to trigger the 90-day time period for the filing of a motion for substation.

It cannot be said that the interpretation of *Unicorn Tales, Inc. v. Banerjee,* 138 F.3d 467, 469-70 (2d Cir. 1998) is misplaced. The Second Circuit first determined that the "present version of [R]ule [25]…establishes a [90-day] time limit starting from the time 'information of the death is provided *by means of a suggestion of death upon the record.*' *Id* (emphasis added). Although Defendants argue the 90-day time period was first triggered in 2011, more than 90 days ago, when Plaintiffs served a Certification for a supplemental TCDI response signed by Jan Salwa's

personal representative[1], that filing does not constitute a "suggestion of death upon the record" as the Committee intended. Such Certification was never filed with the Court or through the Court's Electronic Filing System until the Defendants filed them on the record on July 1, 2013. A search of the docket for case number 08-CV-2707 (AKH) demonstrates that there is absolutely no statement of death filed on the record in this case prior to this Court's June 12, 2013 Order. Accordingly, the 90-day time period for filing of a motion for substitution did not begin to run until June 12, 2013.

The documents on which Defendants rely to trigger the 90 day time period are merely documents that reference Jan Salwa's death, but which documents were never filed on the record. Other Courts have already held that "[m]ere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution." *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990). Defendants contend that a served document indicating death is sufficient to satisfy Fed. R. Civ. P. 25 and to trigger the 90-day time period. However, this Court held that a "*statement* noting death (commonly referred to as a 'suggestion of death'…)", properly *served*, is necessary to trigger commencement of the 90 day period. *Mandarino v. Mandarino,* 257 F.R.D. 394 (S.D.N.Y., 2009). The three documents Defendants reference certainly cannot be considered *statements* of Jan Salwa's death as contemplated by the statute because they were never filed on the record. At best, they can only be "mere references" that cannot satisfy Fed. R. Civ. P. 25. Therefore, the Certifications to TCDI responses plainly cannot trigger the 90-day period.

It appears that Defendants' Exhibit 3 is intended as an example of a proper "statement of death made upon the record" that the Advisory Committee intended to trigger the 90-day time

---

[1] Defendants also suggest that the Certification served by Plaintiffs on March 21, 2013 and a response to discovery on March 27, 2013 also suggested death on the record and triggered the 90-day time period to file a motion to substitute.

period. This document was not referenced at all in their Memorandum and concerns an entirely different Plaintiff, Isma Gallego. Defendant's Exhibit 3 is a "Suggestion of Death Rule 25(a) Notice" submitted by Plaintiffs' attorney Christopher R. LoPalo on the record in case number 07-CV-01497 (AKH). Although it is not substantively relevant to the *Salwa* matter, it does show a proper "statement of death made upon the record," in the Gallegos case which **does not** exist in the Salwa case. Accordingly, by including this proper format in support of their papers, Defendants appear to have conceded that a similarly proper "statement of death made upon the record" does *not* exist in the matter now at bar.

Since there was never a "statement of death upon the record" made in the *Jan Salwa* case until the Order, the 90-day time period to make a motion for substation has not expired.

### DEFENDANTS WRONGFULLY SUGGEST PLAINTIFFS' COUNSEL SIGNED THE NAME OF THE DECEASED PLAINTIFF WITH NO RECORD SUPPORT OR OTHER PROOF

Plaintiffs' counsel has authority pursuant to NY Public Health Law §18(1)(G) to execute HIPAA-compliant Medical Record Authorization Forms on behalf of Plaintiff Jan Salwa. The Defendants wrongfully assume that Plaintiffs' counsel signed Jan Salwa's name on the authorizations that were annexed to the Court's Order. The Defendants make that accusation without a scintilla of evidence to support their incredible argument.

First, it should be noted that the HIPAA forms that are attached to the Court's June 12, 2013 Order to Show Cause were never submitted to the Court by the Plaintiffs or Plaintiff's counsel. This issue was raised in Plaintiffs' June 24, 2013 response, and Defendants, notably, have failed to respond to that issue. This begs the question: how did these documents find their way to the Court's attention and possession? Certainly they were not filed as part of a motion by Plaintiffs' or Defendants' counsel; Plaintiffs' counsel did not provide them to the Court in

4

correspondence and if they were provided in correspondence authored by Defendants' counsel, Plaintiffs' counsel were plainly not copied on such communication(s). The inescapable suggestion is that those documents were provided to the Court by Defendants in the course of ex-parte communication(s) with the Court.

The Plaintiffs are deeply concerned about the apparent ex parte communications in this matter and respectfully request that all such communications stop. Since the Plaintiffs were never copied on the submission of these authorizations to the Court, the Plaintiffs respectfully request copies and information of all ex parte communications concerning this matter including the dates, times, locations, topics discussed and/or recipients of such communications. The Court should accord to every person who has a legal interest in a proceeding, and that person's lawyer, the full right to be heard according to law. The Court should not initiate, permit, or consider ex parte communications or consider other communications concerning a pending or impending matter that are made outside the presence of the parties or their lawyers. If the Court receives an unauthorized ex parte communication bearing on the substance of a matter, the Court should promptly notify the parties of the subject matter of the communication and allow the parties an opportunity to respond. *See* Code of Conduct for the United States Judges, Canon 3 (A)(4), *et seq*.

In any event, Defendants incorrectly imply that Plaintiffs' counsel signed the name of Jan Salwa on HIPAA authorization forms after they were notified that he had passed away. This accusation is meritless. In common practice, a Plaintiff typically signs numerous blank and undated HIPAA-compliant authorization forms at the commencement of his litigation; these blank but executed forms remain in the Plaintiffs' attorneys' file until they are utilized during the course of discovery. This is exactly what happened in the *Salwa* case. Prior to his death, Mr.

Salwa signed blank HIPAA-compliant authorizations and provided them to his counsel with his authority that they were to be utilized during the course of the litigation as needed. Defendants' implication that Plaintiffs' counsel conducted themselves in some improper manner is a sad attempt to distract the attention away from the evidence that they have engaged in improper ex-parte communications with this Court concerning this matter.

## CONCLUSION

As a result of the forgoing, Plaintiffs' counsel respectfully asks this Court not to dismiss this matter but for permission to file a proper motion for substitution pursuant to Fed. R. Civ. P. 25. Additionally, Plaintiffs' counsel requests that the Defendants' Memorandum of Law be stricken from the record.


Dated: New York, NY
       July 3, 2013

                                    __/s/_____
                                    Christopher R. LoPalo (CL-6466)
                                    Worby Groner Edelman & Napoli Bern, LLP
                                    350 Fifth Avenue, Suite 7413
                                    New York, New York 10118
                                    (212) 267-3700 – phone
                                    (212) 267-3700 – fax
                                    *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X
IN RE: WORLD TRADE CENTER LOWER                    Master Docket No.:
MANHATTAN DISASTER SITE LITIGATION                        21MC102 (AKH)
-------------------------------------------------------------------------------X
This matter relates to:

    JAN SALWA                                                      Docket No.:
                                                                               08-CV-2707 (AKH)

-------------------------------------------------------------------------------X

## DECLARATION OF SERVICE

Christopher R. LoPalo, an attorney duly licensed to practice before the Courts of the State of New York, hereby declares that on July 3, 2013, I served the within documents and its Exhibits upon all counsel of record through the Court's Electronic Filing system.

Dated: New York, NY
       July 3, 2013

                              /s/ Christopher R. LoPalo_____
                              Christopher R. LoPalo (CL-6466)
                              Worby Groner Edelman & Napoli Bern, LLP
                              350 Fifth Avenue, Suite 7413
                              New York, New York 10118
                              (212) 267-3700