USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/24/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

IN RE WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION

------------------------------------------------------------ X

JAN SALWA,

                Plaintiff,

-against-

110 Church LLC, et al.,

                Defendants.

------------------------------------------------------------ X

**ORDER DISMISSING CASE**

08 Civ. 2707 (AKH)

21 MC 102

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Jan Salwa filed a Complaint on February 22, 2008, alleging that he suffered multiple physical ailments, including hypertension, cardiac problems, and lung and prostate cancer, as a result of debris removal work performed in the months following the September 11, 2001, terrorist attacks. Plaintiff's wife, Irena Salway, brought a derivative claim for her losses due to the injuries sustained by her husband.

        Jan Salwa died on June 4, 2009. Rule 25(a)(1) provides that if a party dies, a motion for substitution of the proper party may be made by any party or by the decedent's successor or representative. "If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). The statement of death must identify the representative or successor who may be substituted as a party. Gronowicz v. Leonard, 109 F.R.D. 624, 627 (S.D.N.Y. 1986). There has been no motion for substitution, even to this day.

        Plaintiff's failure to substitute the proper party has caused prejudice to Defendants and delayed proceedings in the 21 MC 102 mass litigation. Plaintiff's case was selected to

complete pre-trial discovery and proceed towards trial in December 2012 along with other so-called Phase II cases in the 21 MC 102 master calendar. Plaintiff Salwa died in June 2009, but the Court was not informed of his death until June 6, 2013, four years later, when the parties requested that his case be removed from Phase II, and that another case be chosen for pre-trial discovery.

Notwithstanding Mr. Salwa's death, documents bearing his name continued to be served, in the form of sworn answers to court-ordered interrogatories, including two authorizations for the release of medical records dated December 17, 2009, six months after his death.[1] Plaintiff fails to explain why discovery responses bearing Mr. Salwa's signature and dated after his death were submitted in violation of Rule 33(b)(1)(a). Plaintiff's counsel suggests that plaintiffs routinely sign blank and undated HIPAA authorization forms at the commencement of litigation. However common the practice, power of attorney does not survive death, Ferrentino v. Dime Sav. Bank of New York, F.S.B., 606 N.Y.S.2d 554 (Sup 1993), and Rule 33 requires that interrogatories be answered truthfully, under oath, by the party to whom they are directed, and signed by the person who answered. Plaintiff's conduct flaunted the requirements of Rule 33, numerous admonitions on my part, and several of my orders. See, e.g., Order Denying Plaintiffs' Motion to Extend the Deadline for Certifications and Dismissing Cases, 21 MC 102, Doc. No. 4143, Dec. 8, 2011 (dismissing plaintiffs for failure to file duly sworn and certified answers); In Re: World Trade Center Disaster Site Litig., No. 12-87-cv, 2013 WL 3598640 (2d Cir. July 16, 2013) (affirming).

Plaintiff argues that Rule 25(a)(1)'s 90-day period has not begun because a formal "statement noting [Mr. Salwa's] death" has not been made. But Rule 25(a)(1) "merely

---

[1] After learning that Mr. Salwa had been dead for four years, I instructed my law clerk to obtain copies of Plaintiff's answers to court-ordered interrogatories submitted to the TCDI database that serves the 21 MC 102 litigation. The documents could be accessed only through counsel. My clerk obtained the documents from Defendants' counsel. There were no substantive discussions. Plaintiff's counsel's complaint that the Court engaged in ex parte communications is without merit.

2

requires that the statement of death be served on the involved parties." Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 70 (2nd Cir. 1998); Mandarino v. Mandarino, 257 F.R.D. 394, 395 (S.D.N.Y. 2009) (counsel's letter to the Court advising it of plaintiff's death did not trigger the 90-day period because the letter was not properly served on opposing counsel). Prior to 1963, Rule 25(a)(1) required substitution within two years of the date of a party's death. See, e.g., Anderson v. Yungkau, 329 U.S. 482, 484 (1947). As amended, Rule 25(a)(1) requires substitution within ninety days of the date on which the involved parties learn of the party's death. That time passed long ago. Mr. Salwa's wife swore to discovery interrogatories on September 15, 2011, November 14, 2011, and March 21, 2013, as personal representative of Mr. Salwa's estate. On March 27, 2013, Plaintiff served a discovery response including copies of Mr. Salwa's death certificate and authorization for Mrs. Salwa to serve as his legal representative. These responses notified the involved parties of Mr. Salwa's death, yet no motion for substitution was made thereafter.

Plaintiff failed to substitute Mr. Salwa as the proper party to this action in violation of Rule 25(a)(1), submitted discovery responses violating Rule 33, and failed to properly prosecute this case in accordance with the Federal Rules as required by Rule 41(b). This action is therefore dismissed.

SO ORDERED.

Dated: July 24, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3