Ats51488/legal/Defts'Objections-Indemnity
ARM/rf

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION**

21 MC 102 (AKH)

**DEFENDANT ANN TAYLOR STORES, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR DISCLOSURE – INDEMNITY**

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Case Management Orders, Defendant ANN TAYLOR STORES, INC., (collectively "ATS") hereby objects and responds to Plaintiffs' Supplemental Discovery Demands for Disclosure – Indemnity served on ATS via e-mail, on May 9, 2013 ("Indemnity Demand"). ATS reserves its right to supplement or amend these objections and responses as appropriate.

## GENERAL OBJECTIONS

1. Each of the following General Objections applies to each of the Indemnity Demand's requests for a substantive response ("requests") and document demands ("demands"), and is hereby incorporated into each of ATS' responses below, regardless of whether the General Objection is further expressly incorporated in a specific objection below.

2. ATS objects to the Indemnity Demand and its General Instructions to the extent that they seek to impose requirements or obligations on ATS in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Court's Orders, or any other applicable rules. In particular, pursuant to the Order Staying Assertion of and Deferring Time to File Cross-Claims & Third-Party Claims entered September 7, 2005 (the "Evergreen Order") (Doc. No. 2), the Court has specifically stayed the assertion by any

defendant of any cross-claim or third-party claim in the 21 MC 102 docket. In addition, consistent with Case Management Order No. 6, (Doc. No. 2386), ATS has already satisfied its discovery obligations in the 21 MC 102 and 103 dockets. ATS objects to the Indemnity Demand to the extent that its individual demands are not proper requests for production under Federal Rule of Civil Procedure 34; nor are its individual requests proper interrogatories under Federal Rule of Civil Procedure 33. ATS further notes that the Court's prior Evergreen Order and Case Management Orders govern defendants' discovery obligations.

3. ATS objects to the Indemnity Demand to the extent that its individual demands or requests are unreasonably cumulative or duplicative of prior requests, particularly the Supplemental Demands for Insurance Discovery served on ATS on April 9, 2013, and to the extent that Plaintiffs have had ample opportunity to obtain the information sought through prior discovery requests, and in particular when Plaintiffs' Liaison Counsel fashioned its discovery demands pursuant to Case Management Order No. 6.

4. ATS objects to the Indemnity Demand's General Instructions to the extent that they purport to limit, or to restrain, ATS' ability to properly respond to the Indemnity Demand's individual demands or requests. In particular, ATS objects to the General Instructions to the extent that they call for a "substantive response" where producing or identifying responsive documents would suffice under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

5. ATS objects to the Indemnity Demand to the extent that its individual demands or requests are overbroad, or seek information that is neither relevant to the parties' claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. In particular, information relating to insurance coverage obtained by third parties and disputes regarding

disclaimers or reservations on insurance coverage obtained by third parties are not relevant to any plaintiff's claims or any defendant's (or third party's) defenses or claims in this litigation; nor will information regarding any of those events lead to the discovery of admissible evidence.

6. ATS' objections and responses to the Indemnity Demand shall not be construed as an admission of any factual assertion or implication in the Indemnity Demand, or its individual demands or requests.

7. ATS objects to the Indemnity Demand to the extent that it seeks information or documents that are beyond ATS' possession, custody, or control or that are not otherwise available to ATS. ATS' objections and responses to the Indemnity Demand shall in no way be interpreted to limit the rights of others whose information may be sought, however improperly, in the Indemnity Demand's request and demands.

8. ATS objects to the Indemnity Demand to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. ATS further objects to the Indemnity Demand to the extent that it seeks to require identification or disclosure of information or documents that were prepared in anticipation of litigation or that constitute or reflect the mental impressions, conclusions, opinions, or legal theories of any attorney for or other legal representative of ATS. ATS hereby claims all applicable privileges and protections to the extent implicated by the Indemnity Demand. And nothing contained in any of these objections and responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

9. ATS does not waive and hereby expressly reserves the right to assert any and all objections to the admissibility into evidence at trial, at summary judgment, or at any other point

in the litigation process of any document or information produced in response to the Indemnity Demand or referred to in ATS' objections and responses.

## DOCUMENT DEMANDS & REQUESTS FOR A RESPONSE

**DEMAND/REQUEST 1** To the extent that a named defendant in the litigation alleges, claims, asserts, and/or is claiming and/or seeking indemnification, and/or to the extent that documentation exists establishing a potential claim for indemnification, regardless if such has been plead [sic] by the responding defendant and/or regardless if the responding defendant plans to so assert such a claim (so collectively defined, and as referenced below as "*indemnification*"), from any other party in the litigation, or other entity or individual not a party to the litigation, please provide:

a. The name of the responding defendant(s) to this Demand. To the extent that this response is applicable to multiple defendants, so state and specify the information demanded herein as to each, and

b. Provide the entity/entities or individual(s) from whom the Responding Defendant(s) asserts "*indemnification*," and further, please provide,

   i. If said entity is a party-defendant to the litigation, and if so with reference to which building location(s)

**RESPONSE TO DEMAND/REQUEST 1:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal

Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular the Evergreen Order and Case Management Order No. 6. ATS further objects to this demand/request to the extent that it demands a "substantive response" where producing and identifying responsive documents suffices, to the extent the demand/request is non-objectionable, under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

**DEMAND/REQUEST 2** Please reference the substantive documentation upon which your claim of "*indemnification*" is asserted, and provide such documentation (i.e. contracts, correspondence, agreements, insurance policies, certificates of insurance or evidence of additional named insured on a relevant insurance policy, or other indicia upon which the responding defendant is basing such claim, such as may exist) between and/or which references the responding defendant with the party or non-party from whom you claim "*indemnification*."

a. In referencing the documentation, please reference the applicable sections and subsections of the respective documents and their specific corresponding Bates number(s).

b. If any referenced information has already been provided and uploaded to the Merrill Lextranet system, please provide the cross referenced Bates number(s) to the specified documentation and, if applicable, to sections thereof, and under which "providing party" name such documentation was uploaded.

c. If not yet uploaded, please do so providing the cross referenced Bates number(s) with specificity, in the Response to the instant Demand.

**RESPONSE TO DEMAND/REQUEST 2:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this request to the extent that it is compound, or composed of multiple,

discrete requests. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular the Evergreen Order and Case Management Order No. 6. ATS further objects to this demand/request to the extent that it demands a "substantive response" where producing and identifying responsive documents suffices, to the extent the demand/request is non-objectionable, under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

**DEMAND/REQUEST 3** If known, identify the respective insurance carrier for said party or non-party from whom the responding defendant(s) seeks "*indemnification*," said carrier having coverage or potential coverage available to insure that entity with reference to the responding defendant(s) claims of *indemnification* and provide any supporting documentation.

**RESPONSE TO DEMAND/REQUEST 3:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular the Evergreen Order and Case Management Order No. 6. ATS further objects to this

demand/request to the extent that it demands a "substantive response" where producing and identifying responsive documents suffices, to the extent the demand/request is non-objectionable, under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

**DEMAND/REQUEST 4** With reference to such claim for "*indemnification*," if any, please provide the nature of the claim that has been interposed, if any, by the responding defendant, i.e. cross-claim, counter-claim, third party litigation, inter-company proceedings, i.e. arbitration, providing such details as the court and index number of such filing, or arbitration entity and venue, and

a. Please upload such pleadings, or the applicable section(s) thereof, including the covering page and the caption so that there is identification in which such plaintiff(s) cases those claims of *indemnification* have been asserted, to Merrill Lextranet providing the applicable specific cross-referenced Bates number(s), and/or

d. Alternatively, if responding defendant does not assert "*indemnification*" from any entity, party-defendant or otherwise, please so state.

**RESPONSE TO DEMAND/REQUEST 4:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks documentation and information that is publicly and/or equally available to plaintiffs. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's

Orders, including in particular the Evergreen Order and Case Management Order No. 6.

Dated: New York, New York
July 12, 2013

Yours etc.,

BARRY, McTIERNAN & MOORE LLC
Attorneys for Defendants
ANN TAYLOR STORES, INC.

By: ___________________________
ROGER P. McTIERNAN, JR. (RPM 1680)

TO:

Robert Grochow, Esq.
GREGORY J. CANNATA AND ROBERT GROCHOW
Plaintiffs Liaison
In Re Lower Manhattan Disaster Site Litigation
233 Broadway, 5th Floor
New York, New York, 10279
(212) 233-5400

WORBY, GRONER, EDELMAN & NAPOLI BERN, LLP
Attorneys for Plaintiffs
350 Fifth Avenue – Suite 7413
New York, New York 10018

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
)ss.:
COUNTY OF NEW YORK)

RENATE FRAUNDORFER , being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside in Queens, New York.

That on July 25, 2013 a true copy of the annexed DEFENDANT ANN TAYLOR STORES, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR DISCLOSURE - INDEMNITY was served in the following manner:

By overnight mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Robert Grochow, Esq.
GREGORY J. CANNATA AND ROBERT GROCHOW
Plaintiffs Liaison
In Re Lower Manhattan Disaster Site
Litigation
233 Broadway, 5th Floor
New York, New York, 10279
(212) 233-5400

WORBY, GRONER, EDELMAN & NAPOLI BERN, LLP
Attorneys for Plaintiffs
350 Fifth Avenue – Suite 7413
New York, New York 10018

Renate Fraundorfer

Sworn to before me this
25th day of July, 2013

Lori A. Speciale
NOTARY PUBLIC

LORI A. SPECIALE
Notary Public, State of New York
No. 01SP5077564
Qualified in Richmond County
Commission Expires May 12, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

IN RE LOWER MANHATTAN DISASTER SITE LITIGATION

---------------------------------------------------------------------X

THIS DOCUMENT APPLIES TO ALL CASES IN THE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION IN WHICH ANN TAYLOR STORES CORPORATION IS A DEFENDANT

21 MC 102 (AKH)

---------------------------------------------------------------------X

DEFENDANT ANN TAYLOR STORES, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR DISCLOSURE - INDEMNITY

PLEASE TAKE NOTICE

[ ]
**notice of entry** — that the within is a (certified) true copy of an entered in the office of the clerk of the within named Court on ____________.

[ ]
**notice of settlement** — that a Proposed Order of which the within is a true copy will be presented for settlement before the Honorable ____________ one of the judges of the within named Supreme Court, ______ County, _____________, at 9:30 a.m. on the ___ day of ______, 2013

ROGER P. McTIERNAN, ESQ.
BARRY, McTIERNAN & MOORE LLC
Attorneys for Defendant
ANN TAYLOR STORES CORPORATION
2 Rector Street – 14th Floor
New York, New York 10006
(212) 313-3600