Ats51488/legal/DeftsObjections-Insurance
ARM/rf

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH)<br>21 MC 103 (AKH)<br><br>DEFENDANT ANN TAYLOR STORES, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR INSURANCE DISCLOSURE |

Pursuant to the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Court's Case Management Orders, Defendant ANN TAYLOR STORES, INC., (collectively "ATS") hereby objects and responds to Plaintiffs' Supplemental Discovery Demands for Insurance Disclosure served on ATS, via e-mail, on April 24, 2013 ("Insurance Demand"). ATS reserves its right to supplement or amend these objections and responses as appropriate.

## GENERAL OBJECTIONS

1.  Each of the following General Objections applies to each of the Insurance Demand's requests for a substantive response ("requests") and document demands ("demands"), and is hereby incorporated into each of ATS' responses below, regardless of whether the General Objection is further expressly incorporated in a specific objection below.

2.  ATS objects to the Insurance Demand and its General Instructions to the extent that they seek to impose requirements or obligations on ATS in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, the Court's Orders, or any other applicable rules. In particular, consistent with Plaintiff Liaison Counsel's request on record at the June 15, 2007, status conference before Hon. Judge Hellerstein, (Hearing

-1-

Tr. 32:18-34:10 ("We'd like to see the declaration sheets, Judge, for each named defendant with the property that they are being sued for.")), and Case Management Order No. 6, (Doc. No. 2386), ATS has already satisfied its obligation to provide insurance-related discovery in the 21 MC 102 and 103 dockets. Specifically, ATS served its Response to Plaintiffs' Request for Insurance Information, producing the policy limits for its primary general liability insurance policies applicable to this litigation. ATS is insured under a Travelers Insurance GL policy for the year 2001 with limits of $1,000,000.00 per occurrence and $2,000,000.00 in the aggregate.

3. ATS objects to the Insurance Demand to the extent that its individual demands are not proper requests for production under Federal Rule of Civil Procedure 34; nor are its individual requests proper interrogatories under Federal Rule of Civil Procedure 33. ATS further notes that the Court's prior Case Management Orders govern defendants' discovery obligations, and as set forth above, ATS has satisfied those obligations.

4. ATS objects to the Insurance Demand to the extent that its individual demands or requests are unreasonably cumulative or duplicative of prior requests and to the extent that Plaintiffs have had ample opportunity to obtain the information sought through prior discovery requests, and in particular when Plaintiffs' Liaison Counsel fashioned its discovery demands pursuant to Case Management Order No. 6.

5. ATS objects to the Insurance Demand's General Instructions to the extent that they purport to limit, or to restrain, ATS' ability to properly respond to the Insurance Demand's individual demands or requests. In particular, ATS objects to the General Instructions to the extent that they call for a "substantive response" where producing or identifying responsive documents would suffice under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

6. ATS objects to the Insurance Demand to the extent that its individual demands or requests are overbroad, or seek information that is neither relevant to the parties' claims or defenses, nor reasonably calculated to lead to the discovery of admissible evidence. In particular, information relating to any insurer's disclaimer of coverage, any insurer's setting of a reserve, the amount of any such reserve, any insurer's reservation of coverage, or disputes regarding disclaimers or reservations are not relevant to any plaintiff's claims or any defendant's (or third party's) defenses or claims in this litigation; nor will information regarding any of those events lead to the discovery of admissible evidence.

7. ATS' objections and responses to the Insurance Demand shall not be construed as an admission of any factual assertion or implication in the Insurance Demand, or its individual demands or requests.

8. ATS objects to the Insurance Demand to the extent that it seeks information or documents that are beyond ATS' possession, custody, or control or that are not otherwise available to ATS. ATS' objections and responses to the Insurance Demand shall in no way be interpreted to limit the rights of others whose information may be sought, however improperly, in the Insurance Demand's request and demands.

9. ATS objects to the Insurance Demand to the extent that it seeks information protected from disclosure by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege, doctrine, or immunity. ATS further objects to the Insurance Demand to the extent that it seeks to require identification or disclosure of information or documents that were prepared in anticipation of litigation or that constitute or reflect the mental impressions, conclusions, opinions, or legal theories of any attorney for or other legal representative of ATS. ATS hereby claims all applicable privileges and protections to

the extent implicated by the Insurance Demand. And nothing contained in any of these objections and responses is intended to be, or in any way constitutes, a waiver of any such applicable privilege, immunity, or doctrine.

10. ATS does not waive and hereby expressly reserves the right to assert any and all objections to the admissibility into evidence at trial, at summary judgment, or at any other point in the litigation process of any document or information produced in response to the Insurance Demand or referred to in ATS' objections and responses.

## DOCUMENT DEMANDS & REQUESTS FOR A RESPONSE

**DEMAND/REQUEST 1** To the extent that some or all of the specified information requested herein has already been uploaded as part of a Document Production to Merrill Lextranet in response to Demand # 18 of Plaintiffs Liaison Demands, kindly provide those Bates numbers and under what "Producing Party" name the information is uploaded.

**RESPONSE TO DEMAND/REQUEST 1:** Subject to and without waiving the General Objections above, ATS identifies its Response above.

**DEMAND/REQUEST 2** To the extent that some or all of the specified policies and related documentation have already been provided to plaintiff's counsel under separate cover, kindly and immediately upload such documentation to the Merrill system and provide the relevant Bates numbers for such, as well and advise under what "Producing Party" name the documentation is uploaded.

**RESPONSE TO DEMAND/REQUEST 2:** Subject to and without waiving the General Objections above, ATS identifies its Response above.

**DEMAND/REQUEST 3** To the extent the responding defendant has already provided a Response to Demand #18 in Plaintiffs Liaison's Demands, and to the extent said Response did not contain a substantive response, please now provide a substantive response directly in response to the instant Demand, not simply a reference to "previously provided" or "to be provided" or "see documents." Please provide a substantive Response, at a minimum with the following substantive details:

a. The name of the insurance carrier(s) with reference to each specific defendant, with reference to each specific building address with reference to the specific policy period(s).

    b. The policy limits for that specific defendant at that specific location providing which policy (if multiple policies or coverage periods) is potentially applicable, and

        i. To the extent that there is a deductible or self-retained sum, specifically state those amounts.

        ii. To the extent that the defendant did not purchase or have any policy of insurance for liability claims, so state.

    c. Whether or not that same coverage referenced for that same defendant also applies to multiple building address(s).

        i. If so, what other building addresses; and

        ii. For what periods of time as to each building address; and

        iii. Whether or not there are multiple applicable policy limits for each location or whether such limits for a given defendant would be diminished by settlements or judgments for claims by plaintiffs or others for work at such other building locations for which the same defendant may be held liable or settle a claim; and

        iv. Whether or not the policy limits as specified above, (please be specific as to each policy period, each carrier and for each building location) are potentially available to each specific plaintiff or whether or not the policy coverage diminishes based upon individual settlements or judgments.

**RESPONSE TO DEMAND/REQUEST 3:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal

Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6. ATS further objects to this demand/request to the extent that it demands a "substantive response" where producing and identifying responsive documents suffices, to the extent the demand/request is non-objectionable, under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

Subject to and without waiving its specific and General Objections above, its Response above.

**DEMAND/REQUEST 4**   Please specify whether or not said insurance carrier(s) has issued a Disclaimer of Coverage; and
   a. If so, with reference to which defendant for which building location for which policy period, for which plaintiff.

**RESPONSE TO DEMAND/REQUEST 4:** In addition to the General Objections above, ATS objects to this demand/request as overbroad and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 5**   Please specify whether or not said insurance carrier(s) has issued a Reservation of Coverage; and
   i. If so, with reference to which defendant for which building location for which policy period, for which plaintiff.

**RESPONSE TO DEMAND/REQUEST 5:**   In addition to the General Objections above, ATS objects to this demand/request as overbroad and seeking information that is neither relevant

to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 6:** In addition to providing the substantive information in response to these Demands and the supporting insurance policies, please provide a response and supporting documentation detailing any additional named insured(s) under the respective policies of the responding defendant; and

Additionally, please provide the following:

a. If responding defendant is named as an additional named insured under another entity's policy of potentially applicable coverage, such substantive information is requested detailing the basis of such claim for coverage from another entity. Please attach supporting documentation (i.e. copy of the other entity's policy and/or certificates and communications under which coverage is claimed.

**RESPONSE TO DEMAND/REQUEST 6:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in

7

addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6. ATS further objects to this demand/request to the extent that it demands a "substantive response" where producing and identifying responsive documents suffices, to the extent the demand/request is non-objectionable, under the Federal Rules of Civil Procedure. *See, e.g.*, Fed. R. Civ. P. 33(d).

**DEMAND/REQUEST 7:** Please state and provide documentation, referencing what reserve dollar amount, if any, has been set aside and/earmarked with reference to each respective plaintiff's claim as referenced on Exhibit A with reference to each respective building location and applicable or potentially applicable policy period; and

   a. If a Reserve has been set globally for all the plaintiffs or with reference to certain or all building locations wherein responding defendant has had a claim interposed against it in the litigation, and not segregated on a per plaintiff basis, so state and state the amount

**RESPONSE TO DEMAND/REQUEST 7:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

8

**DEMAND/REQUEST 8:** Please state and provide documentation, referencing on what date(s) any such Reserves, as above referenced, have been conveyed to the Insurance Department and/or disclosed in an audit by and/or on behalf of and/or for the benefit of the Insurance Department of New York or any other jurisdiction to which such information was provided. Please provide any request or Demand by the Insurance Department that the Reserve be changed with reference to any of the stated claims and to what extent such change was requested.

**RESPONSE TO DEMAND/REQUEST 8:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks legal interpretations or information protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 9:** Please state with reference to each of the insurance carrier(s) referenced and for each respective policy period, if said referenced insurance carrier(s) for which response is herein provided and or previously provided, was licensed to conduct business in the State of New York during the period 9/11/01 through the present. If periods exist for which such carrier(s) was not so licensed, please provide those specifics. If licensed to conduct business during said period in any other jurisdiction, such information should be provided.

**RESPONSE TO DEMAND/REQUEST 9:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to

9

lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 10:** Please provide the current address of the insurance carrier(s), the claim number assigned, the claims adjuster and/or supervisor assigned, as relates to the claims of the plaintiffs on Exhibit A, and as referenced in any defendants responses including to this instant Demand.

**RESPONSE TO DEMAND/REQUEST 10:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks information that is not in ATS' possession, custody, or control. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 11:** Please provide a response addressing:

a. Whether or not, to date, the policy amounts stated above and as evidenced in the documentation supplied or being supplied with this Response, are, (whether or not subject to a Disclaimer or Reservation), available for the WTC claims in the full amounts of the coverage for the claims of

the plaintiffs on Exhibit A; or if not, state whether, and to what extent, any of the policy amounts have been depleted or reduced by the other claims already paid by settlement or judgment, or for which settlement or judgment is pending, relative to this coverage; and

b. To the extent that other claims have been paid, a response is requested setting forth the name and docket number of the plaintiff(s) for which insurance funds have been paid; and

c. To the extent that such other claims have been paid and where such payment has reduced the amount of available potential coverage (whether or not coverage has been disclaimed or reserved) please detail what efforts were made by the defendant or his/her representatives or insurance carrier, to notify the remaining plaintiffs in the litigation of such and/or settle the remaining claims of the other plaintiffs with claims against the responding defendant, prior to paying those settled claims. Please provide documentation substantiating to what extent there was such notification and discussion, if any, to the remaining plaintiffs.

**RESPONSE TO DEMAND/REQUEST 11:** In addition to the General Objections above, ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this request to the extent that it is compound, or composed of multiple, discrete requests. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6.

**DEMAND/REQUEST 12:** What litigation, arbitration and/or mediation proceeding has been commenced, scheduled and/or conducted, and when, on behalf of the responding defendant, against the respective insurance carrier(s) for dispositive or declaratory relief as to any insurance disclaimer or reservation of coverage; and

a. If so, please provide the caption of such action, arbitration and/or mediation, including the court and index number, and/or if applicable, the mediation or arbitration entity's identification, locale or venue; and

b. If such litigation has been commenced or such mediation or arbitration proceeding has been held, please advise on what date, if any, and provide copy of any notice to any plaintiff in the WTC litigation, including those on Exhibit A, attached, of such commencement or hearing.

**RESPONSE TO DEMAND/REQUEST 12:** In addition to the General Objections above,

ATS objects to this demand/request as overbroad, unduly burdensome, and seeking information that is neither relevant to the claims or defenses in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. ATS further objects to this demand/request to the extent that it seeks information designated confidential or information that cannot otherwise be disclosed pursuant to separate agreement. ATS further objects to this demand/request to the extent that it seeks to impose on ATS requirements or obligations in addition to or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or the Court's Orders, including in particular Case Management Order No. 6

Dated: New York, New York
July 12, 2013

Yours etc.,

_____
BARRY, McTIERNAN & MOORE LLC
Attorneys for Defendants
ANN TAYLOR STORES, INC.

By: _____
ROGER P. McTIERNAN, JR. (RPM 1680)

TO:

Robert Grochow, Esq.
GREGORY J. CANNATA AND ROBERT GROCHOW
Plaintiffs Liaison
In Re Lower Manhattan Disaster Site Litigation
233 Broadway, 5th Floor
New York, New York, 10279
(212) 233-5400

TO:

WORBY, GRONER, EDELMAN & NAPOLI
BERN, LLP
Attorneys for Plaintiffs
350 Fifth Avenue – Suite 7413
New York, New York 10018

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK  )
                    )ss.:
COUNTY OF NEW YORK)

     RENATE FRAUNDORFER, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside in Queens, New York.

     That on July 25, 2013 a true copy of the annexed DEFENDANT ANN TAYLOR STORES, INC.'s OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR INSURANCE DISCLOSURE was served in the following manner:

     By overnight mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Robert Grochow, Esq.
GREGORY J. CANNATA AND ROBERT GROCHOW
Plaintiffs Liaison
In Re Lower Manhattan Disaster Site
Litigation
233 Broadway, 5th Floor
New York, New York, 10279
(212) 233-5400

WORBY, GRONER, EDELMAN & NAPOLI BERN, LLP
Attorneys for Plaintiffs
350 Fifth Avenue – Suite 7413
New York, New York 10018

*/s/ Renate Fraundorfer*

Sworn to before me this
25th day of July, 2013

*/s/ Lori A. Speciale*
NOTARY PUBLIC

LORI A. SPECIALE
Notary Public, State of New York
No. 01SP5077564
Qualified in Richmond County
Commission Expires May 12, 20 15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IN RE LOWER MANHATTAN DISASTER SITE
LITIGATION
------------------------------------------------------------------X

THIS DOCUMENT APPLIES TO ALL CASES           21 MC 102 (AKH)
IN THE WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION IN
WHICH ANN TAYLOR STORES CORPORATION IS A
DEFENDANT

------------------------------------------------------------------X

===================================================================

DEFENDANT ANN TAYLOR STORES, INC.'s OBJECTIONS AND RESPONSES TO
PLAINTIFFS' SUPPLEMENTAL DEMANDS FOR INSURANCE DISCLOSURE

===================================================================

PLEASE TAKE NOTICE

[ ]
notice of      that the within is a (certified) true copy of an
entry          entered in the office of the clerk of the within named Court on _____.

[ ]
notice of      that a Proposed Order of which the within is a true copy will be presented
settlement     for settlement before the Honorable _____ one of the judges of
               the within named Supreme Court, _____ County, _____,
               at 9:30 a.m. on the ___ day of _____, 2013

                        ROGER P. McTIERNAN, ESQ.
                        BARRY, McTIERNAN & MOORE LLC
                        Attorneys for Defendant
                        ANN TAYLOR STORES CORPORATION
                        2 Rector Street – 14th Floor
                        New York, New York  10006
                        (212) 313-3600