UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
IN RE WORLD TRADE CENTER LOWER      :  **ORDER REGULATING**
MANHATTAN DISASTER SITE LITIGATION  :  **DOCTORS' DISCOVERY**
:
:  21 MC 102 (AKH)
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

In an order dated June 12, 2013, I set out a procedure intended to narrow the number of treating doctors who would have to be deposed. Generally, Plaintiffs were to identify those doctors whom they expected to call as witnesses, and Defendants were to depose only those doctors. There are 36 Plaintiffs who were selected for advanced pre-trial discovery, and scores of doctors who treated them.

A dispute has arisen because Plaintiffs have identified each and every treating doctor as a potential witness. The parties have written to me, by joint letter dated July 30, 2013, pursuant to my Individual Rule 2E, to ask me to regulate their dispute and to award sanctions.

Plaintiffs explain their unwillingness to choose among treating doctors by their uncertainty, "at this stage of trial preparation," who, among the doctors who treated the 36 Plaintiffs, will be available to testify when actually called, and whose testimony will be admitted and whose excluded because of concerns over cumulative testimony. These are poor reasons. Undoubtedly, Plaintiffs know now, or should know now, that certain doctors will most probably be called, and there is no reason why these doctors are not identified. The order of June 12 allows Plaintiffs to make additional identifications at later dates, and defers the time that Defendants have to take the depositions of these later-identified doctors. Plaintiffs' unwillingness to make choices now is intolerable.

Plaintiffs have until August 9, 2013, 2:00 p.m. to identify physicians whom they plan to call, and to supplement that list, to the extent they can, every Friday thereafter until the final pre-trial conference.

Defendants' motion for sanctions is denied. However, Plaintiffs' counsel should be aware that I carefully will scrutinize their fee requests at the end of this case and the time they report, and take into consideration such unnecessary proceedings as have been caused by their unwillingness to cooperate with discovery obligations.

The Clerk will file, along with this order, the parties' joint letter of July 30, 2013.

SO ORDERED

Dated: August _1_, 2013
New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Brett J Broadwater
To Call Writer Directly:
(212) 446-4919
brett.broadwater@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

July 30, 2013

RECEIVED JUL 31 2013 ALVIN K. HELLERSTEIN USDJ

**Via Hand Delivery & E-mail**
Honorable Judge Alvin K. Hellerstein
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re:   *In re World Trade Center Lower Manhattan Disaster Site Litigation* (21 MC 102 and 21 MC 103): joint letter regarding designating physicians for deposition pursuant to the Court's order of June 12, 2013

Judge Hellerstein:

Under Your Honor's Individual Rule 2.E., defense counsel and Worby Groner Edelman & Napoli Bern, LLP write to resolve an ongoing dispute regarding the Court's June 12, 2013, order.

**Defense Counsel's Position:**

Defense counsel asks that the Court enter a remedial order **(a)** directing the Napoli firm to adhere to the trial-witness identification procedure set out in the Court's June 12, 2013, order and **(b)** awarding defense counsel its costs associated with the preparation of this joint letter.

At the June 12th status conference in the 21 MC 102 docket, Your Honor and counsel discussed a process by which the parties could reasonably reduce the number of treating-physician depositions necessary in the 36 cases selected for advanced pre-trial discovery. (Hearing Tr. 37:23-43:24.) Following that hearing, the Court entered an order providing:

> Either party may take the deposition of a treating physician within [the fact discovery period]. If, however, a party seeks to take a physician's deposition only if opposing counsel plans to call that physician as a witness at trial, the party may inquire whether opposing counsel intends to call that physician as a witness. If opposing counsel indicates an intention to call that witness, the party may depose the physician-witness within a reasonable time of opposing counsel's response, even if that extends beyond [the close of fact discovery].

## KIRKLAND & ELLIS LLP

Christopher LoPalo
July 30, 2013
Page 2

(Dkt. No. 4801, Order of June 12, 2013.) Consistent with that order, defense counsel has sent letters to the Napoli firm **(a)** identifying treating physicians whom defense counsel intends to depose and **(b)** inquiring whether the Napoli firm intends to call other identified physicians as trial witnesses. (*See, e.g.*, Exhibits A-C.) In response to those letters, the Napoli firm has asserted, uniformly, that it currently intends to call every one of its plaintiffs' treating physicians at trial. (*See, e.g.*, Exhibits D-E.) Defense counsel maintains that the Napoli firm's position flouts the Court's June 12th order. Despite multiple meet-and-confer discussions, including one between Kirkland & Ellis, LLP and the Napoli firm on July 10, counsel have been unable to resolve this dispute through the meet-and-confer process.

Owing to the number of parties involved and the unique posture of this mass-tort litigation, discovery in the 36 cases selected for advanced pre-trial discovery is an unusually complex endeavor. The Court has accordingly ordered certain procedures to efficiently move the discovery process forward. (*See, e.g.*, Dkt. No. 4255, Case Management Plan (setting out structured discovery plan for Group I cases).) The Court's June 12th order regarding treating physicians' depositions sets forth one such procedure, providing a reasonable way by which the parties, working in good faith, can reduce the number of depositions necessary to prepare this first wave of cases for trial. (Hearing Tr. 39:4-7 ("Court: I can understand for the purpose of economy declaring that I don't plan to take such-and-such person's deposition unless you call him."))

Despite advising the Court that it would adhere to this procedure, (Hearing Tr. 40:4-6 ("Mr. LoPalo: If the defendants want to tell me who they're interested in deposing, I will tell them if I plan on calling them as a witness at trial.")), the Napoli firm has not proceeded in good faith, and has instead essentially ignored the June 12th order. Each Group I and Group II plaintiff has had numerous treating physicians since his or her work in lower Manhattan following the events of September 11, 2001. This is particularly true of plaintiffs participating in Mt. Sinai's medical-monitoring program. Some of those physicians have had only limited involvement in plaintiffs' treatment; others are more central. Rather than work with defense counsel to identify those providers likely to appear on a trial-witness list, the Napoli firm has given a blanket response that it intends to call *each and every* physician or medical provider involved in its plaintiffs' treatment—however minor those treaters' role. That response is gamesmanship, nothing more.

Moreover, the Napoli firm has taken its current position despite that the Court has not required the parties to determine at this early date every treating physician they will call. Instead, the June 12th order explicitly allows counsel to designate their treating-physician trial witnesses at a later date, one closer to trial, if necessary. (Dkt. No. 4801 ("If opposing counsel indicates an intention to call that witness, the party may depose the physician-witness within a reasonable

## KIRKLAND & ELLIS LLP

Christopher LoPalo
July 30, 2013
Page 3

time of opposing counsel's response, *even if* that extends beyond [the close of fact discovery].") (emphasis added).) By doing so, the order attempts to achieve a real efficiency in fact discovery: counsel will need to depose only those treating physicians it desires to, for its own case, and those whose testimony opposing counsel knows it will try to use at trial; depositions simply to protect against surprise trial witnesses could be avoided. By insisting that it intends to call, in some cases, upwards of 13 treating physicians, Napoli is preventing that efficiency and unnecessarily complicating fact discovery in an already complicated case.

At the June 12th status conference, Your Honor stated that if either side is "aggrieved by tactics of the other" in identifying treating physicians for deposition, then Your Honor "would make some kind of remedial rule." (Hearing Tr. 41:15-23.) The Napoli firm's current tactic not only aggrieves defense counsel but subverts the June 12th order's procedure all together. Accordingly, defense counsel requests an order admonishing the Napoli firm about its obligations under June 12th order and awarding defense counsel's costs in preparing this joint letter.

**Plaintiffs' Counsel Position**

The Plaintiffs have fully complied with the Court's June 12, 2013 Order. The Defendants' arguments are meritless and their requested relief should be denied. We note, initially, that this Court has never set forth any basis for claiming costs in a Joint Letter to resolve a discovery dispute and we strongly object to Defendants' attempt to obtain costs or any form of remuneration because we have a good faith dispute with their interpretation of an order. Despite Plaintiffs' good faith attempt to negotiate in an effort to see if there is, in fact, an actual *legitimate* dispute, the Defendants have decided to dismiss the Plaintiffs' efforts and seek the Court's involvement without trying to see if the parties can agree not to call certain treating physicians at trial. *See* Exhibit 1.

As per this Court's Order of June 12, 2013 ("Order"), a party may inquire as to whether the opposing party will call treating physicians as witnesses at trial to determine if that party will take the deposition of the treating physician(s) within a reasonable time after opposing counsel's *response*. The Defendants fail to demonstrate that the Plaintiffs have failed to cooperate with this Order. In fact, Plaintiffs affirmatively responded that it intends to call the named Plaintiffs' treating physicians, thus, providing Defendants with the opportunity to depose them, should they wish to do so. As a further good faith attempt to resolve this issue, we suggest that the parties have a further discussion about each of the subject cases, determine the plaintiff's primary and even secondary injuries, and proceed with the depositions of the primary treating physicians for those injuries.

## KIRKLAND & ELLIS LLP

Christopher LoPalo
July 30, 2013
Page 4

This Court should note that although discovery on these cases commenced over a year ago, the Defendants have only recently began to take an interest in deposing the Plaintiffs' treating physicians. In fact, as of today, the Defendants have deposed *less than ten treating physicians in all of our cases*. This shows the Defendants' lack of interest in timely completing fact discovery and why they constantly request extensions of their time for these pursuits. The delays caused by this foot-dragging are the pretext of Defendants' anticipated request for a further discovery extension, which will only further prolong the resolution of this matter. Respectfully, Defendants should have sparked an interest in deposing the Plaintiffs' treating physicians last year, instead of waiting over a year to depose a single treating physician. The Defendants' last minute complaints should have been raised last year and should now be considered waived.

In addition to the delays caused by this refusal to negotiate in good faith, Defendants are improperly attempting to restrict the Plaintiffs' right to call witnesses at trial. The Plaintiffs should not be penalized simply because they intend to call witnesses who have the best knowledge about the Plaintiffs' medical conditions or because these plaintiffs, as we have seen in the cases settled on the 100 docket, are generally suffering from a panoply of different medical conditions, such as respiratory, gastroenterological and neurological problems. It is the very nature of the WTC toxic exposure syndrome, for lack of a better term, that these folks have multiple and vastly divergent injuries/illnesses. Hence it is not unreasonable that any one plaintiff may have good reason to (and in good faith may) identify multiple treating physicians in multiple areas of medical specialty practice, as possible trial witnesses. Plaintiffs cannot testify about the medical aspects of their injuries/illnesses such as causation, treatment options and prognosis. Treating or expert physicians must offer that evidence at trial.

Upon request from any defendant's counsel, Plaintiffs' counsel has provided a list of the treating physicians we intend to call at trial for that plaintiff. For example, see Exhibits 2 and 3. As can be seen, some Defendants have asked the Plaintiffs to identify the treating physicians we intend to call at trial and others have requested that we try to narrow down the list of treating physicians that we intend to call. These examples show that the Plaintiffs have been identifying their treating physicians and narrowing down the list of treating physicians we intend to call whenever possible.

While it is possible that conditions then attending at the time of trial may limit our ability to produce a particular physician as a trial witness, we should not be forced to forego altogether our right to consider using them as trial witnesses at this stage of trial preparation. As well, we anticipate that our ability to call physician witnesses at trial will be further limited by the trial court's willingness to admit such testimony and the physicians' respective availability and scheduling concerns. Hence, for example, we may have an internist, a pulmonologist and a

KIRKLAND & ELLIS LLP

Christopher LoPalo
July 30, 2013
Page 5

gastroenterologist who are all identified as treaters for a particular plaintiff; if the trial court refuses to admit the testimony of any of those witnesses, or if a particular physician is simply unavailable to attend trial on a given day, we do not want to be foreclosed in offering the testimony of another treating physicians solely upon the argument that we did not identify them as a likely or possible trial witness now, when defendants are taking depositions upon such identification. Such a scenario will only cause further delays.

Accordingly, the Plaintiffs' respectfully request that the Court deny the Defendants' requested relief and order the Defendants to proceed with discovery on schedule without further delay.

Regards,

KIRKLAND & ELLIS LLP
*on behalf of Defense Liaison Committee*

/s/
Brett J Broadwater

WORBY GRONER EDELMAN &
NAPOLI BERN, LLP
*Counsel for Plaintiffs*

/s/
Christopher LoPalo

Cc:
Defense Liaison Committee
Plaintiff Liaison Counsel
Benjamin Haglund, Esq.
Salvatore Calabrese, Esq.
Jon D. Lichtenstein, Esq.
Paul F. Clark, Esq.
Frank J. Keenan, Esq.
Michael Savino, Esq.