UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

IN RE: LOWER MANHATTAN
DISASTER SITE LITIGATION

21 MC 102 (AKH)
(ALL CASES)

NOTICE OF MOTION

------------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the annexed Declaration of Christopher R. LoPalo dated July 10, 2013, the exhibits annexed thereto, the Plaintiffs will move this Court, before the Honorable Alvin K. Hellerstein, United States District Judge, at the Southern District of New York located at 500 Pearl Street, New York, New York, Room 14-D for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure compelling Defendant Milro Restoration, Inc. to appear for depositions within thirty (30) days and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
July 10, 2013

/s/ Christopher R. LoPalo
Christopher R. LoPalo
Worby Groner Edelman & Napoli Bern, LLP
350 Fifth Avenue, Suite 7413
New York, New York 10118
(212) 267-3700
*Attorneys for Plaintiffs*



Motion granted without opp'n by Defendants or the witness.
8-9-13
[signed]

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

IN RE: LOWER MANHATTAN
DISASTER SITE LITIGATION

21 MC 102 (AKH)
(ALL CASES)

DECLARATION OF
CHRISTOPHER R. LoPALO

------------------------------------------------------X

    Christopher R. LoPalo, an attorney duly admitted to practice law in the State of New York, and a Member of the Bar of this Honorable Court, hereby Declares under penalty of perjury:

    1.    I am associated with the law firm of Worby Groner Edelman & Napoli Bern, LLP, ("WGENB"), attorneys for certain Plaintiffs in the above-referenced Master Docket and as such am fully familiar with the facts and circumstances of the within action.

    2.    This Declaration is submitted in support of the instant motion, which seeks an order pursuant to Fed. R. Civ. P. 30 and 37, compelling Defendant Milro Associates, Inc. ("Milro") for depositions pursuant to Rule 30(b)(6) within thirty (30) days and for such other and further relief as this Court deems just and proper.

    3.    Plaintiffs made an attempt to request the deposition of Defendant's 30(b)(6) witness back in June 2012. Counsel for Milro, Robert Rigliosi, Esq. stated that he was conferring with his client and would let us know their availability. Attached hereto as Exhibit "1" is a true and correct copy of an email between counsel documenting Plaintiffs' attempt to schedule the deposition of Milro.

    4.    Since Milro failed to provide Plaintiffs' with their availability, Plaintiffs' counsel again reached out to Milro's counsel via email on August 2, 2002 in another attempt to schedule

their deposition. Attached hereto as Exhibit "2" is a true and correct copy of an email to Mirlo's counsel dated August 2, 2012.

5. A meet and confer was eventually held between counsel on September 4, 2012 to discuss the scheduling of Milro's 30(b)(6) deposition, however, no deposition was ever held. Attached hereto as Exhibit "3" is a true and correct copy of an email chain between counsel documenting the scheduling of the September 4, 2012 meet and confer to discuss the scheduling of Milro's deposition.

6. In October 2012, Plaintiffs again reached out to Milro's counsel and reqeusted proposed dates for Milro's deposition. Milro's counsel responded by stating, "We will contact Milro and let you know,". There was no further response. Milro's counsel continued to avoid theh Plaintiffs into November 2012 when Plaintiffs requested on three more occasions the scheduling of deposition dates and only received the same type reply, "I'll let you know." Attached hereto as Exhibit "4" is a true and correct copy of the email chain between counsel from October 2012 – November 2012 attempting to schedule Milro's depostition.

7. As of January 2013, Plaintiffs continued to make efforts in requesting dates for Milro's 30(b)(6) witness. It was not until 2 months later that Milro's counsel responded with yet another unsettled response of "We will get in touch with the client and send some April dates." Attached hereto as Exhibit "5" is a true and correct copy of the March 2013 email chain between counsel attempting to schedule Defendant's 30(b)(6) deposition.

8. Over the past year, Plaintiffs have repeatedly requested status updates and proposed dates in order to schedule Milro's deposition. Milro has either ignored the requests or has delayed scheduling the deposition in failing to provide definitive responses to any such requests.

9. Plaintiffs have taken all reasonable steps to schedule the deposition of Defendant Milro, but to no avail.

10. Defendant Milro's delay in producing its witness for a deposition is causing substantial prejudice to the Plaintiffs.

9. Accordingly, this Court is asked to issue an order pursuant to Fed. R. Civ. P. 37, compelling Defendant to designate and produce its witness for a deposition pursuant to Fed. R. Civ. P. 30 within thirty (30) days and for such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

WHEREFORE, it is requested that the within motion be granted in all respects.

Dated: New York, New York
July 10, 2013

>Respectfully submitted,

>/s/ Christopher R. LoPalo
>Christopher R. LoPalo
>Worby Groner Edelman & Napoli Bern, LLP
>350 Fifth Avenue, Suite 7413
>New York, New York 10118
>(212) 267-3700
>*Attorneys for Plaintiffs*