UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

IN RE WORLD TRADE CENTER LOWER  :  **ORDER SUMMARIZING**
MANHATTAN DISASTER SITE LITIGATION  :  **STATUS CONFERENCE**
:
:  21 MC 102 (AKH)
:
-------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

This Order summarizes the conference held September 17, 2013, and sets out the proceedings that the parties are to conduct.

1. Discovery.

   a. Plaintiffs' Liaison counsel Cannata and Grochow reported that, for their clients, approximately 10 in number, discovery proceedings are on target to be concluded by October 30, 2013, the date provided in Case Management Order dated June 18, 2013.

   b. Christopher LoPalo, reporting for Plaintiffs' Counsel Napoli, reported that discovery proceedings for his clients, approximately 25 in number, also were on target to be concluded by October 30, 2013. However, Defendants' Liaison Counsel Leff and Stevenson took issue with Mr. LoPalo, stating that Mr. LoPalo could not locate two of the plaintiffs that defendants had selected for intensive discovery and trial until mid-August, and had failed to provide adequate medical information to enable defendants to take the depositions of these plaintiffs.

   c. Mr. LoPalo is to submit complete medical authorizations to defendants by September 18, 2013, and tender the two plaintiffs, Pedro Torres and Ignacio

    Solis, for depositions promptly, even before defendants obtain relevant medical files, and again after the medical files are obtained.

d. Defendants' request for an enlargement of the discovery close date of October 30, 2013 is denied, subject to a renewed application showing need notwithstanding diligence in taking depositions and procuring medical information.

e. Defendants' Liaison Counsel Stevenson complained of Mr. LoPalo's refusal to narrow the field of treating physicians he plans to call as trial witnesses, below 126. Ms. Stevenson reported that one of the doctors is in jail and another, terminally ill, indicating that Mr. LoPalo's refusal to narrow his list is intended to harass defendants and cause them to waste time, effort and money. Mr. LoPalo defended his need for all the doctors listed.

f. I raised the issue of sanctions, and warned Mr. LoPalo that he was conducting his case in a manner that exposed his firm and himself to substantial sanctions. Counsel should assure that they have current information about their clients and witnesses. If clients are not willing to present themselves for appropriate discovery, or if they have not suffered compensable injuries, their cases should be dismissed.

g. Many of the treating physicians are affiliated with Mt. Sinai Hospital. The Hospital's counsel, Bettina B. Plevan, Esq., promised full cooperation.

h. A question arose if treating physicians should be questioned as to any opinion or diagnosis that illness or injury was caused by toxins breathed or ingested, or work performed, at work sites in or around the World Trade Center after September 11, 2001. I held that questions are appropriate if causation was

part of the treating physicians' diagnosis, but not with respect to opinions. Inquiries relating to opinions await the phase of the litigation relating to the discovery of experts.

2. Case Management Order dated June 18, 2013 provided for simultaneous exchanges of identifications and reports of experts. Defendants' request for a sequential exchange was denied.

3. The next status conference will be held at 10.30 am on November 6, 2013 in Courtroom 14D.

SO ORDERED.

Dated:   September 24, 2013
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge