*[Handwritten annotation across top of page:]* I do not accept motions made by letter, not otherwise authorized. The motion to which this letter refers is not to be docketed, and therefore does not need to be stayed or denied. It is not perking, and therefore does not need... [signature] 9/30/13

**DLA PIPER**

DLA Piper US LLP
1251 Avenue of the Americas
New York, New York 10020-1104
www.dlapiper.com

John Vukelj
john.vukelj@dlapiper.com
T 212.335.4502
F 212.884.8702

September 13, 2013

BY FACSIMILE (212-805-7942)                         TOTAL PAGES:

*[Stamp:]* RECEIVED SEP 13 2013 CHAMBERS OF ALVIN K. HELLERSTEIN U.S.D.J.

The Honorable Alvin K. Hellerstein
U.S. District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re: In re: WTC Lower Manhattan Disaster Site Litig., 21 MC 102 (AKH)

Dear Judge Hellerstein:

We represent defendant FGP 90 West Street, Inc. ("FGP 90 West") in the above-referenced litigation. Yesterday, September 12, 2013, we submitted a letter requesting that the Court compel non-party Airtek Environmental Corp.'s ("Airtek") to respond to an outstanding subpoena duces tecum. We write now to request that the Court hold FGP 90 West's motion to compel in abeyance because Airtek has contacted us and has stated that it will comply with the subpoena.

Shortly before delivering FGP 90 West's letter and supporting papers to the Court, we e-mailed and hand-delivered the papers to Christopher P. McCabe, Esq., whom we understood to be Airtek's counsel for purposes of responding to the subpoena. Mr. McCabe had contacted the undersigned on Airtek's behalf in 2009, and we communicated with Mr. McCabe again over the last few months as FGP 90 West sought to enforce the subpoena.

Soon after FGP 90 West delivered the motion papers to Mr. McCabe, my firm received a telephone call from Benn Lewis, a principal of Airtek. Mr. Lewis represented to us that although Airtek has retained Mr. McCabe for other matters in the past, he has not been retained for purposes of responding to the subpoena. Mr. Lewis also represented that Airtek had not received any correspondence or requests about the subpoena in 2013 (despite Mr. McCabe's e-mail to my firm on August 13, 2013, that he had forwarded our follow-up request concerning the subpoena to Airtek's principals). Nevertheless, Mr. Lewis apologized for the miscommunication and stated that Airtek is willing to respond to the subpoena. We have begun discussions directly with Mr. Lewis to try to identify documents relevant to Airtek's involvement at 90 West Street.

In light of Airtek's representation yesterday that it intends to comply with the subpoena, FGP 90 West respectfully requests that the Court hold the motion to compel in abeyance to give Airtek time to search for and gather any responsive documents in its possession and respond to the subpoena. Although we are hopeful the parties will resolve this matter without further Court involvement, we will endeavor to contact the Court as soon as practicable should Airtek fail to

*[Stamp:]* USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 9/30/13



Honorable Alvin K. Hellerstein
September 13, 2013
Page Two

respond appropriately to the subpoena.

We appreciate the Court's understanding regarding this matter. We are available at the Court's convenience if we can be of any further assistance.

Respectfully submitted,

John Vukelj

cc (*via e-mail*):

Benn Lewis
Vice President
Airtek Environmental Corp.
39-37 29th Street
Long Island City, NY 11101
Tel.: (718) 937-3720
bennlewis@airtekenv.com

Christopher P. McCabe, Esq.
Quinn McCabe LLP
9 E. 40th Street, 14th Floor
New York, NY 10016
Tel.: (212) 447-5500
cmccabe@qmlegal.com

Judge wrote:

"I do not accept motions made by letters not otherwise authorized. The motion to which this letter refers is not to be docketed, is not on file or pending, and therefore does not need to be stayed or dismissed. It did not exist. This letter of Sept. 13, 2013 may be filed.

9/30/13

Alvin K. Hellerstein"