Cozen O'Connor
45 Broadway
New York, NY 10006
212.509.9400
Attorneys for: TRC Engineers, Inc.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x   21 MC 102 (AKH)

IN RE: WORLD TRADE CENTER LOWER   INTERROGATORIES ON
MANHATTAN DISASTER SITE LITIGATION   BEHALF OF TRC ENGINEERS,
 INC. TO THE BANK OF NEW
 YORK MELLON CORPORATION

---------------------------------------------------------------- x

**Counselors:**

PLEASE TAKE NOTICE THAT Defendant TRC ENGINEERS, INC. by its attorneys, Cozen O'Connor, hereby request, pursuant to Fed. R. Civ. Proc. 33 that THE BANK OF NEW YORK MELLON CORPORATION, As Successor To THE BANK OF NEW YORK COMPANY, INC., THE BANK OF NEW YORK, ONE WALL STREET HOLDINGS LLC, 4101 AUSTIN BLVD CORPORATION and THE BANK OF NEW YORK TRUST COMPANY, N.A., (hereinafter "BNY"), answer the following interrogatories ("Interrogatories") in the manner and within the time prescribed by the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. Pursuant to Fed. R. Civ. Proc. 33, you are to furnish all information available to you and your agents and employees in answering the following Interrogatories. You are to designate which of such information is not within your personal knowledge and, as to that information, you are to state the name and address of every person from whom it was received, or if the source of the information is documentary, a full description of the document including

its location.

2. These Interrogatories are intended to be continuing, and you are instructed to make prompt, further and supplemental responses and/or production whenever any additional information or documents are discovered that are responsive hereto.

3. If any information required to answer any Interrogatory is withheld because you claim that such information is privileged, constitutes work product, is for any other reason exempt from discovery, or is contained in a privileged document and/or communication, set forth the ground or grounds for your refusal to answer and:

- Identify each such document and/or communication;

- Set forth the privilege and the factual basis upon which the privilege is claimed;

- Set forth the present location and custodian for each such document and/or communication and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding; and

- Identify its date, author(s), addressee(s), if different its recipient(s) and general subject matter

4. If, after exercising due diligence to secure the information requested, an Interrogatory cannot be answered in full, so state the answer to the extent possible specifying the basis for the inability to answer the remainder, stating whatever information or knowledge BNY has of the unanswered portion.

5. If an objection is made to the production of any information requested:

- Identify such information with sufficient particularity to allow the matter to be brought before the Court;

- State the nature of the objection asserted; and

- State all factual and legal bases for the objection.

6.  "Identify," "identity," or "identification" mean, when used in reference to a natural person, his or her: full name; present or last known home address (including street name and number, city or town, state, zip code, and telephone number); present or last known business address (including street name and number, city or town, state, zip code, and telephone number); present or last known occupation, position, business affiliation, and job description; occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered. If a company, corporation, association, partnership, or legal entity other than a natural person or a defendant: its full name; a description of the type of organization or entity; the full address of its principal place of business; the jurisdiction of its incorporation or organization; and the date of its incorporation or organization. If a document: its description (for example: letter, memorandum, report, etc.); its title; its date; the number of pages therein; its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If any such document was, but is no longer, in the possession or subject to the control of BNY, state what disposition was made of it and when. If an oral communication: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person participating in the communication.

7.  "Document" means, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any other mechanical or electrical process, written, produced by hand or produced by or stored in a computer or by other electronic means, regardless of origin or location: books, notes, notations, medical records, calendars,

message slips, schedules, planners, X-rays, radiology, records, communications, reports, correspondence, letters, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, billings, credit card records, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, accounting books or records, data sheets, data processing cards, photographs, photographic negatives, pictures, phonograph records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, electronic or magnetic records or tapes, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written or printed matter of any kind, or any other and all other data compilations from which information can be obtained and translated if necessary.

  8.  "Person" or "People" means an individual, firm, partnership, corporation, proprietorship, association, governmental body, or any other organization or entity.

  9.  "Relate," "Refer," "Pertain" and "Concern" means support, evidence, describe, comprise, constitute, analyze, discuss, report or comment on, inquiring about, setting forth, explaining, considering, referring to, relating to pertaining to or mentioning in whole or in part.

10. Any term in the singular shall be deemed to include the plural where appropriate and vice-versa.

11. Whenever an Interrogatory calls for information with respect to "each" one of a particular type or class of matters, events, persons or entities, of which there is more than one, you are required to separately list, set forth or identify each thereof all of the information called for.

12. All terms including "and" and "or" shall be construed either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed non-responsive by any other construction.

13. "Communication" means any written, electronic or verbal communication or any other statement from one person to another, including, but not limited to, any letter, interview, conference, meeting, or telephone conversation.

14. "You" or "your" means BNY, to whom these Interrogatories are directed and any of their agents, representatives and every other individual or entity acting on its behalf.

15. "TRC" means TRC Engineers, Inc.

16. "100 Church Street" means 100 Church Street, New York, NY 10007.

## INTERROGATORIES

1. Has BNY ever occupied space at 100 Church Street as either a tenant, owner or in some other capacity?

    A. If yes, in what capacity did BNY occupy the space at 100 Church Street;

    B. Please identify the time frame in which BNY occupied space at 100 Church Street; and

C. What portion(s) of the building and/or floors did BNY occupy at 100 Church Street?

2. After the terrorist attacks of September 11, 2001, did BNY take any action(s) to facilitate the rehabilitation, restoration and/or cleanup of the areas it occupied in 100 Church Street? If yes, what did BNY do?

3. Did BNY hire any company(s) or outside contractor(s) to perform any rehabilitation, restoration and/or cleanup work for the areas BNY occupied in 100 Church Street, after September 11, 2001?

   A. If yes, what entity(s) did BNY hire;

   B. Describe the scope of work the entity(s) was hired to perform;

   C. Describe the actual work the entity(s) performed for BNY in 100 Church Street after September 11, 2001; and

   D. Identify the time frame for which this entity(s) performed work for BNY at 100 Church Street after September 11, 2001.

4. Identify and describe any daily sign-in sheets or any other documents or communications in BNY's possession that identify the people that actually performed work in BNY's space at 100 Church Street after September 11, 2001.

   In lieu of answering Interrogatory No. 4 and to avoid an undue burden, pursuant to Fed. R. Civ. Proc. 33(d), BNY may produce business records in its possession that substantially answer Interrogatory No. 4.

Dated: New York, New York
      October 9, 2013

                                        Yours, etc.

                                        COZEN O'CONNOR
                                        *Attorneys for TRC Engineers, Inc.*

                                        By: _____
                                               Kevin C. Kessler (KK-2529)
                                               45 Broadway
                                               New York, New York 10006
                                               212.509.9400

Cozen O'Connor
45 Broadway
New York, NY 10006
212.509.9400
Attorneys for: TRC Engineers, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x          21 MC 102 (AKH)

IN RE: WORLD TRADE CENTER LOWER
MANHATTAN DISASTER SITE LITIGATION
-------------------------------------------------------------- x

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on October 9, 2013, a true and correct copy of the foregoing INTERROGATORIES ON BEHALF OF TRC ENGINEERS, INC. TO THE BANK OF NEW YORK MELLON CORPORATION was served by ECF and regular mail upon counsel addressed as follows:

Robert R. Rigolosi, Esq.
Segal, McCambridge Singer & Mahoney, Ltd
850 Third Avenue, Suite 1100
New York, New York 10022
rrigolosi@smsm.com


Dated: New York, New York
       October 9, 2013

                                                                    _____
                                                                    Kevin C. Kessler (KK-2529)

8