UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 102 (AKH) |
| ANDRZEJ CHOJNOWSKI (AND WIFE, BOZEMA CHOJNOWSKI)<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>DEUTSCHE BANK TRUST COMPANY AMERICAS, ET AL.,<br><br>　　　　　　　　　Defendants. | DOCKET NO. 06-CV-01521-AKH<br><br>NOTICE OF DEPOSITION UPON ORAL EXAMINATION |

**PLEASE TAKE NOTICE**, that pursuant to Fed. R. Civ. P. 30, the Defendants' Liaison Counsel and Defendants will conduct the continued deposition upon oral examination of Daniel Margiotta, Principal of Seasons Industrial Contracting Corp., before a notary public or other officer authorized by law to administer oaths, at 10:00 a.m. on the 29th day of October, 2013 at Day Pitney LLP, 7 Times Square, New York, New York 10036, and on any adjourned date thereof, and from day to day thereafter until completed. You are invited to attend and cross-examine; and

84958947.1

**PLEASE TAKE FURTHER NOTICE** that the deposition may be videotaped.

Dated: New York, New York

October 17, 2013

                **DAY PITNEY LLP**

        By:  */s/ Benjamin E. Haglund/ SRG*
            Benjamin E. Haglund
            A Member of the Firm

            7 Times Square
            New York, NY 10036
            (212) 297-5800

            One Jefferson Road
            Parsippany, NJ 07054
            (973) 966-8155

            On behalf of the Defense Liaison Committee for Defendants in the 21 MC 102 and 21 MC 103 Dockets and as Attorneys for Defendant Deutsche Bank Trust Corporation

TO: Paul Napoli and Christopher Lopalo
   Worby Groner Edelman & Napoli Bern, LLP
   350 5th Avenue, Suite 7413
   New York, New York 10118

   Gregory J. Cannata — Plaintiffs' Liaison Counsel
   Gregory Cannata & Associates
   233 Broadway, 5th Floor
   New York, New York 10279-00003

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2013, I caused the within Notice of Deposition Upon Oral Examination to be served to all counsel by e-mail and additionally by United States Regular Mail upon the following counsel:

TO:  Paul Napoli and Christopher Lopalo
Worby Groner Edelman & Napoli Bern, LLP
350 5th Avenue, Suite 7413
New York, New York 10118

Gregory J. Cannata — Plaintiffs' Liaison Counsel
Gregory Cannata & Associates
233 Broadway, 5th Floor
New York, New York 10279-00003

DAY PITNEY LLP

_____
Sylvia-Rebecca Gutierrez

One Jefferson Road
Parsippany, NJ 07054
(973) 966-8155

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| In Re World Trade Center Disaster Site Litigation | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   21 MC 102 (AKH) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) |                                                        ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Daniel Margiotta, Principal of Seasons Industrial Contracting Corp.,
27 Bruno Lane
Staten Island, NY 10307

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment A

| Place: DAY PITNEY LLP<br>7 TIMES SQUARE, NEW YORK, NY 10036 | Date and Time:<br>October 29, 2013 10:00 A.M. |
|---|---|

The deposition will be recorded by this method:  Court Reporter and Videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 10/11/2013

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
DEUTSCHE BANK TRUST COMPANY AMERICAS_____ , who issues or requests this subpoena, are:

SYLVIA-REBECCA GUTIERREZ, ESQ., DAY PITNEY LLP, 1 JEFFERSON ROAD, PARSIPPANY, NJ 07054
SGUTIERREZ@DAYPITNEY.COM
(973) 966-8066

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 21 MC 102 (AKH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

## SUBJECTS TO BE COVERED AT DEPOSITION

Work performed by you and/or Seasons Industrial Contracting Corp., or its subcontractors or agents, during the time period of September 11, 2001 to August 5, 2005, at the buildings formerly located at 130 Liberty Street and 4 Albany in New York, New York, including, but not limited to:

1. All contracts, purchase orders, invoices or other documents relating to such work, and the authenticity and business records status of same;

2. All health and safety programs, policies and procedures in place during the conduct of such work, and compliance with same, as well as related documents, including, but not limited to health and safety plans and contract specifications, and the authenticity and business records status of same; and

3. All knowledge regarding the physical and environmental conditions existing at 130 Liberty Street and 4 Albany Street during the above-referenced time period.

**PLEASE TAKE NOTICE** that the above referenced company must designate its representative(s) for each subject in writing at least <u>seven days</u> before the scheduled date of this deposition. Please note that, under Rule 30(b)(6) of the Federal Rules of Civil Procedure, the designated witness is obligated to investigate and prepare to testify as to matters known or reasonably available to the company.

**PLEASE TAKE FURTHER NOTICE** that this deposition will continue from day to day, excluding weekends and holidays, until completed. This deposition will be taken by oral examination before a person duly authorized to administer oaths. A stenographer and videographer will record this deposition. Defendant reserves its right to leave the deposition(s) open, and continue questioning upon receipt of additional materials relevant to the questioning of the witness.

84958001.1