USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

THIS DOCUMENT APPLIES TO ALL
IN RE WORLD TRADE CENTER
DISASTER SITE LITIGATION

21 MC 102 (AKH)

STIPULATED PROTECTIVE ORDER
GOVERNING THE DISCLOSURE OF
CONFIDENTIAL INFORMATION FROM
ICAHN SCHOOL OF MEDICINE AT
MOUNT SINAI

WHEREAS, individual actions ("Actions") brought by plaintiffs alleging respiratory and non-respiratory injuries allegedly relating to the rescue, recovery, and debris removal operations following the terrorist attacks on the World Trade Center on September 11, 2001 have been consolidated under the above-referenced master docket (the "Litigation");

WHEREAS, Defendants in the Litigation have requested information that Icahn School of Medicine at Mount Sinai ("Mount Sinai") believes is proprietary information, intellectual property and/or confidential medical information;

THEREFORE, in accordance with Federal Rule of Civil Procedure 26(c), the Court hereby enters this Protective Order Governing the Disclosure of Confidential Information from the Mount Sinai World Trade Center Program (the "Program") which will govern the disclosure, handling and disposition of "Mount Sinai WTC Confidential Information" (as defined below) produced by Mount Sinai in the Litigation as follows:

1. This Order shall govern the disclosure of any information, documents and things that are designated as containing Mount Sinai WTC Confidential Information (as defined below) and furnished in connection with this Litigation.

2. Mount Sinai WTC Confidential Information shall mean and include, without limitation, any documents, electronically stored information, or things provided in this Litigation by Mount Sinai which contain medical or demographic information of participants in the

Program and/or non-public, information regarding the Program, including information regarding patient care and research studies. All such Mount Sinai WTC Confidential Information shall be marked "CONFIDENTIAL, SUBJECT TO MOUNT SINAI WTC PROTECTIVE ORDER, _____ 2013" in a manner that will not interfere with the legibility thereof. If Mount Sinai WTC Confidential Information is produced in electronic format on a disc, Mount Sinai shall affix a label to the disc containing the words "CONFIDENTIAL, SUBJECT TO MOUNT SINAI WTC PROTECTIVE ORDER, _____ 2013." Alternatively, Mount Sinai may specifically identify in written correspondence directed to the receiving party those documents, information, and things that Mount Sinai designates as Mount Sinai WTC Confidential Information. After receipt of such notification, any party to whom production has been made will treat such documents, information, or things in accordance with the terms of this Order. For an integrated multi-page document containing Mount Sinai WTC Confidential Information, the first page of the multi-page document and each page of the multi-page document containing Mount Sinai WTC HP Confidential Information shall be labeled as such in accordance with this paragraph.

3. Disclosure of Mount Sinai WTC Confidential Information is only permitted to the following "Qualified Persons": (a) counsel for the Parties; (b) counsel serving as Defendants' or Plaintiffs' counsel in 21 MC 102; and (c) Experts engaged by such counsel.

4. Each Qualified Person will maintain Mount Sinai WTC Confidential Information in confidence and will not reveal any Mount Sinai WTC Confidential Information to any person who is not a Qualified Person without the prior written consent of counsel for Mount Sinai or an order by the Court authorizing such disclosure. Mount Sinai WTC Confidential Information shall be used only for purposes of this litigation and shall not be used by any Qualified Person for any other purpose.

5. The disclosure of a document or information (including electronically stored information) to a Qualified Person without designating it as Mount Sinai WTC Confidential Information shall not constitute a waiver of the right to designate such document or information as Mount Sinai WTC Confidential Information so long as such claim is asserted within sixty (60) days of the discovery by Mount Sinai or the disclosing party of the inadvertent failure. Once so designated, the documents or information shall thereafter be treated as Mount Sinai WTC Confidential Information subject to all the terms of this Protective Order.

6. No person or entity having access to Mount Sinai WTC Confidential Information by virtue of this order shall attempt in any way, directly or indirectly, to ascertain the identity of any Program participant who is not a plaintiff in the Litigation. Such attempts are expressly prohibited. If the identity of any Program participant is inadvertently identified, disclosure of the individual's identifying information to any person is expressly prohibited.

7. Any outside experts engaged by counsel for the parties who seek access to Mount Sinai WTC Confidential Information shall first execute a non-disclosure undertaking in the form attached as Exhibit "A" hereto. Counsel engaging such experts shall retain copies of such executed non-disclosure undertakings for a period of three years after the conclusion of the Litigation.

8. In the event that a party intends to use any document containing Mount Sinai WTC Confidential Information during a deposition (other than a deposition (i) of an Expert, (ii) of an employee, affiliate, advisor, or representative of Mount Sinai, the Program, any working group or committee of the Program, (iii) of any party, or (iv) of any treating physician of any party), the party using such Information shall confer with counsel for Mount Sinai before such use in order to allow Mount Sinai an opportunity to seek any additional protective relief from the Court which may be needed to protect the identity of Program patients.

9. Mount Sinai WTC Confidential Information may be copied only to the extent necessary to permit its use in accordance with the terms of this Protective Order. After the conclusion of the Litigation, whether by way of settlement, judgment or otherwise, the receiving party shall either destroy or return to the producing party all Mount Sinai WTC Confidential Information within ninety (90) days of the conclusion of this Litigation, including all copies, extracts or summaries of such information. Receipt of returned Mount Sinai WTC Confidential Information shall be acknowledged in writing if such an acknowledgment is requested. If the receiving party elects to destroy the Mount Sinai WTC Confidential Information, counsel for the receiving party shall certify in writing to Mount Sinai's counsel that the Mount Sinai WTC Confidential Information has been destroyed. After the conclusion of the Litigation, Counsel for the receiving party shall also certify in writing to Mount Sinai's counsel that every third party who was provided Mount Sinai WTC Confidential Information has certified in writing to Counsel for the receiving party that all Mount Sinai WTC Confidential Information in their possession has either been destroyed or returned to counsel for the receiving party. Counsel for the receiving party shall provide the written certification to Mount Sinai's counsel for each third

party who was provided Mount Sinai WTC Confidential Information and whose identity was disclosed as an Expert during the Litigation.

SO ORDERED

Dated: October 8, 2013
New York, New York

_____
Richard E. Leff, Esq.
McGivney & Kluger, P.C.
80 Broad Street
New York, NY 10004
(212) 509-3456
Co-Defense Liaison Counsel

Lee Ann Stevenson, Esq.
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10028
(212) 446-4917
Co-Defense Liaison Counsel

_____
Stanley Goos, Esq.
HARRIS BEACH PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
(212) 687-0100
Co-Defense Liaison Counsel

_____
Robert A. Grochow, Esq.
Law Offices of Robert A. Grochow and
Gregory J. Cannata & Associates
233 Broadway, 5th Floor
New York, NY 10279
(212) 233-5400
Plaintiffs' Liaison Counsel

_____
Bettina B. Plevan
Harris M. Mufson

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
*Attorneys for Icahn School of Medicine at Mount Sinai*

_____
ALVIN K. HELLERSTEIN
United States District Judge 10/22/13

party who was provided Mount Sinai WTC Confidential Information and whose identity was disclosed as an Expert during the Litigation.

SO ORDERED

Dated: October 8, 2013
New York, New York

_____
Richard E. Leff, Esq.
McGivney & Kluger, P.C.
80 Broad Street
New York, NY 10004
(212) 509-3456
Co-Defense Liaison Counsel

_____
Lee Ann Stevenson, Esq.
Kirkland & Ellis, LLP
601 Lexington Avenue
New York, NY 10028
(212) 446-4917
Co-Defense Liaison Counsel

_____
Stanley Goos, Esq.
HARRIS BEACH PLLC
100 Wall Street, 23rd Floor
New York, NY 10005
(212) 687-0100
Co-Defense Liaison Counsel

_____
Robert A. Grochow, Esq.
Law Offices of Robert A. Grochow and
Gregory J. Cannata & Associates
233 Broadway, 5th Floor
New York, NY 10279
(212) 233-5400
Plaintiffs' Liaison Counsel

_____
Bettina B. Plevan
Harris M. Mufson

Proskauer Rose LLP
Eleven Times Square
New York, NY 10036
*Attorneys for Icahn School of Medicine at Mount Sinai*

_____
ALVIN K. HELLERSTEIN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION<br><br>THIS DOCUMENT APPLIES TO ALL IN RE WORLD TRADE CENTER DISASTER SITE LITIGATION | 21 MC 102 (AKH)<br><br>ACKNOWLEDGE AND STIPULATION OF PROTECTIVE ORDER GOVERNING THE DISCLOSURE OF CONFIDENTIAL INFORMATION FROM MOUNT SINAI WORLD TRADE CENTER PROGRAM |

I have read the Protective Order Governing The Disclosure of Confidential Information From Mount Sinai World Trade Center Program in the above captioned action. I hereby acknowledge that I understand the terms thereof, and that I consent to be bound by such terms. I hereby acknowledge that "WTC Confidential Information" (as defined in the Protective Order) constitutes proprietary information, intellectual property and confidential medical information. I further acknowledge and agree that after the conclusion of the Litigation, whether by way of settlement, judgment or otherwise, I shall either destroy or return all Mount Sinai WTC Confidential Information within ninety (90) days of conclusion of the Litigation, including all copies, extracts or summaries of such information. If I elect to destroy the Mount Sinai WTC Confidential Information, I hereby agree to certify in writing to counsel by whom I have been engaged that the WTC Confidential Information has been destroyed

I understand that a breach of the Stipulation and Order may be punishable by any sanctions deemed appropriate by the Court.

Date: _____

_____
Signature

_____
Print