AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | | |
|---|---|---|
| In Re World Trade Center Disaster Site Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   21 MC 102 (AKH) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  LVI Environmental Services, Inc.
    Attn: Maria Ciccia, Esq., Cozen & O'Connor, 45 Broadway, New York, NY  10006 (212) 908-1273

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Any, and all work performed by LVI Environmental Services, Inc. at 130 Liberty Street and 4 Albany Street.

| Place: Day Pitney LLP<br>7 Times Square<br>New York, New York  10036 | Date and Time:<br>10/29/2013 10:00 am |
|---|---|

The deposition will be recorded by this method:  Videotape and Stenography

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Exhibit A.  Should you decide to produce any documents or materials before the scheduled deposition, please send such documents or materials to: J. Andres Mayor., Day Pitney LLP, One Jefferson Road, Parsippany, NJ 07054.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/23/2013

*CLERK OF COURT*

                OR

_____       _____
*Signature of Clerk or Deputy Clerk*       *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Defendants
_____, who issues or requests this subpoena, are:

J. Andres Mayor., Esq.       (973) 966-8203
Day Pitney LLP           amayor@daypitney.com
One Jefferson Road, Parsippany, NJ 07054

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.   21 MC 102 (AKH)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## INSTRUCTIONS

A.     These Requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document/information is discovered that is responsive hereto.

B.     If any document, communication, or tangible item called for by these Requests is withheld on the ground that it is privileged, constitutes attorney work product, or is for any other reason exempt from discovery:

(1) set forth the privilege and/or grounds and the factual basis upon which the privilege and/or grounds is claimed for withholding such document;

(2) identify each such document, communication, or tangible item, its present location and custodian and such additional information as may be required to enable it to be identified and to enable the Court to adjudicate the propriety of the withholding, including, but not limited to, the type of document, its date, author(s), addressee(s), if different its recipient(s), and its general subject matter; and

(3) state the paragraph of the Request to which each document, communication, or tangible item is responsive.

C.     Documents and tangible items produced in response to these Requests shall be produced as they are kept in the usual course of business or in such a manner so as to identify the specific request to which they relate.

D.     If any document or tangible item described in these Requests was, but no longer is, in your possession, subject to your custody or control, or in existence, state whether:

(1)     it is missing or lost;

(2)     it has been destroyed;

(3)     it has been transferred, voluntarily or involuntarily, to others; or

(4)     it has been disposed of otherwise.

In each instance, explain the circumstances surrounding such disposition and identify the person(s) directing or authorizing same, and the date(s) thereof. Identify each document or tangible item by listing its author, his or her address, type of writing (*e.g.*, letter, memorandum, telegram, chart, photograph, etc.), date, subject matter, present location(s) and custodian(s), and state whether the document (or copies) or tangible items are still in existence.

E.     For purposes of interpreting or construing the scope of these Requests, you are instructed to give words their most expansive and inclusive meanings, unless otherwise specifically limited by the language of an individual Request.  You should, therefore:

(1)   construe the term "**including**" to mean "**including, but not limited to**";

(2)   construe the **singular** form of a word to include the **plural** and the plural form to include the singular;

(3)   construe a **masculine** noun or adjective to include the **feminine** and vice versa;

(4)   construe "**and**" and "**or**" either conjunctively or disjunctively as required by the context to include in the response any document that might be deemed nonresponsive by any other construction;

(5)   If, in responding to any of these Requests, you encounter any ambiguity in construing either the Document Request or a definition or instruction relevant to it, you shall set forth the matter deemed ambiguous and the construction used in responding to the Document Request; and

(6)   Whenever a Document Request calls for information with respect to "**each**" one of a particular type or class of matters, events, persons or entities, of which there is more than one, you are required to separately list, set forth or identify for each thereof all of the information called for.

F.   Each Document Request is to be answered fully, unless all portions of a Document Request are in good faith objected to, in which event the reasons for all of your objections shall be stated in detail.  If an objection pertains only to a portion of a Document Request, or to a word, phrase, or clause contained within such Document Request, you shall state your objection to that portion only, and respond to the remainder of the Document Request, using your best efforts to do so.  No part of a Document Request may be left unanswered merely because an objection is interposed to another part of the Document Request.  If the space provided for your response is not sufficient, please provide additional pages as necessary for your complete responses.

## DEFINITIONS

As used herein,

1.  **"Document"** or **"Documents"** means, by way of illustration and not by way of limitation, the following items, whether printed or recorded or reproduced by any electronic or mechanical process, written, produced by hand or produced by or stored in a computer or any electronic storage device or media, regardless of origin or location:

telephone or cellular phone records, books, records, communications, reports, correspondence, letters, telegrams, memoranda, e-mail, text messages, blogs, web postings, metadata, summaries or records of conversations via telephone or otherwise, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, data sheets, data processing cards, photographs, photographic negatives, phono-records, tape recordings, discs, wire recordings, embedded data, archival data, transcripts of recordings, drawings, motion picture film, advertisements, press releases, drafts, and marginal comments appearing on any such documents, all other written, electronic or printed matter of any kind, and all other data compilations from which information can be obtained and translated if necessary.

2.  **"Communication"** means any written or verbal communication or other statement from one person to another, including, but not limited to, any letter, e-mail, interview, conference, meeting or telephone conversation

3.  **"You"**, or **"your"** means LVI Environmental Services, Inc., to whom this subpoena duces tecum is directed.

4.  **"Relate"**, **"Related"**, and **"Relating"** means concerning, reflecting, referring to, having a relationship to, pertaining to, evidencing, or constituting, comprising, illustrating, recording, memorializing, or discussing, in whole or in part, the subject matter of the particular Document Request.

## <u>DOCUMENTS TO BE PRODUCED</u>

1.      Any and all documents or communications in your possession, custody or control relating to any and all work performed by LVI Environmental Services, Inc. at 130 Liberty Street and 4 Albany Street.