AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| In re Lower Manhattan Disaster Site Litigation | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 21 MC 102 (AKH) |
| | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Mason Tenders Trust Fund
520 8th Avenue Suite 600, New York, NY 10018

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Schedule A

| Place: McGuireWoods LLP<br>1345 Avenue of the Americas, 7th Floor<br>New York, NY, 10105 | Date and Time:<br>11/13/2013 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 11/01/13

*CLERK OF COURT*

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Merrill Lynch , who issues or requests this subpoena, are:

Stephen Sandover, Esq.          McGuireWoods LLP
ssandover@mcguirewoods.com      1345 Avenue of the Americas, 7th Floor
212-548-2100                    New York, NY, 10105

Civil Action No. 21 MC 102 (AKH)

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## Section I

Preliminary Statement

This subpoena is being issued on behalf of one or more defendants in the federal court actions commonly known as *In re World Trade Center Disaster Site Litigation, (21 MC 102)* (AKH) (SDNY) ("the Litigation"). The issuing defendant(s) was/were sued by numerous individuals ("plaintiffs"), who claim they developed respiratory and/or other illnesses as a result of work performed after the 9/11 terrorist attack on the World Trade Center. Plaintiffs claim to have worked at the location(s) ("location(s)") known as:

- 225 Liberty Street (2 World Financial Center);
- 250 Vesey Street (4 World Financial Center); and
- 222 Broadway.

## Section II

Scope of Subpoena

This subpoena requires You to produce or permit the inspection, copying, testing or sampling of Documents that are in Your custody or control and concern Work at any of the Locations during the Relevant Time Period. To the extent You previously produced Documents in connection with the 21 MC 100 or 21 MC 102 dockets that are responsive to this subpoena, such Documents need not be produced again but should be identified by Bates number.

## Section III

Definitions and Directions

The following definitions apply in the context of this subpoena:

"Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section IV. This includes, but is not limited to, books, documents and other tangible things, as well as any electronically stored information ("ESI"), located in Your offices or at an off-site location (including home offices).

"Communications" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, whether in person, by telephone, in writing, by electronic mail, by instant messaging, by voicemail or otherwise.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes,

but is not limited to, electronic mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home and/or portable media used by You.

"Locations," as described in Section I, refers only to 225 Liberty Street (2WFC), 250 Vesey Street (4 WFC) and 222 Broadway.

"Relevant Time Period," unless otherwise noted, means September 11, 2001 to the present.

"Work" refers to any services performed, which to Your knowledge, were requested and/or contracted for (in whole or in part) as a result of the 9/11 terrorist attack on the World Trade Center.

"You" and "Your" refer to you; your company; subsidiaries, affiliates, predecessors and/or successors of your company; and/or agents, servants, employees or contractors hired by you, your company or subsidiaries, affiliates, predecessors and/or successors of your company.

Documents produced in response to this subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section IV. FRCP 45(d)(I)(A).

Do not assume that Documents responsive to this subpoena should be produced in hard copy. The defendants may wish to inspect or image hard copy documents, and they have the right to designate the form in which ESI is produced. *See* FRCP 45(a)(l)(D). Thus, it is very important that you **contact the attorney who issued this subpoena before producing Documents**. The defendants will attempt to make Your production as efficient as possible. However, they reserve their right to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party Issuing this subpoena to contest the claim. FRCP 45(2)(A).

Each of the requests made in Section IV is to be read consistently with the definitions provided above. Failure to obey this subpoena may be deemed a contempt of court, FRCP 45(e).

## Section IV

Documents Requested

1. Documents and Communications relating to Work performed at or around any of the Locations (specified above) within the Relevant Time Period, including but not limited to shop steward records relating to those individuals listed in Exhibit A.

2

2. Documents and Communications relating to the employment of the individuals listed in Exhibit A for the Relevant Time Period at any of the Locations, including but not limited to, records sufficient to identify the dates and hours of employment, specific location of employment, wages, and the individual or company who retained any individual listed in Exhibit A to perform work during this period.

3. Membership records, contracts and agreements, between You and any individual listed in Exhibit A effective during the Relevant Time Period.

4. Documents or Communications, including but not limited to minutes, brochures, pamphlets or other distributed materials, relating to any formal or informal meeting held by You, Your Members, or anyone else on behalf of You or Your Members, in relation to the Work, any injuries allegedly caused by the Work, any medical programs available at Mount Sinai Hospital related to the Work, or any other subject matter involving or pertaining to this litigation.

5. Documents and Communications relating to any safety complaint or report concerning any individual listed in Exhibit A.

6. Contracts or agreements between You and any contractor listed in Exhibit B effective during the Relevant Time Period.

7. Any injury and/or accident report related to Work performed by any individual listed in Exhibit A.

8. Documents and Communications relating to the physical or mental health of any individual listed in Exhibit A.

9. Documents and Communications relating to existing or potential Workers' Compensation claims regarding injuries allegedly sustained by any individual listed in Exhibit A.

10. Documents and Communications relating to information provided to Your members concerning the environmental conditions at or around the World Trade Center following September 11, 2001.

11. Documents or Communications relating to any safety training, including but not limited to the use of personal protective equipment, provided to and/or received by Your members, including but not limited to attendance/sign-in sheets, curricula, handouts, literature, books and certificates of completion.

12. Documents or Communications relating to any safety training, including but not limited to the use of personal protective equipment, provided specifically to any individual listed in Exhibit A including but not limited to, attendance/sign-in sheets, curricula, handouts, literature, books and certificates of completion.

13. Documents or Communications relating to the professional qualifications, certifications, licenses, training, or skills of any individual listed in Exhibit A.

14. Any internal policies relating to membership requirements or qualifications, including but not limited to requirements for annual physical examinations or skill training.

15. Communications with any lawyer representing any individual listed in Exhibit A, including but not limited to: Gregory Cannata; Robert Grochow; Paul Napoli; and Chris LoPalo; or any other individual from Worby Groner Edelman & Napoli Bern.

# EXHIBIT A

- Foremska, Lucyna
- Kowalewski, Tadeusz
- Mierzejewski, Ireneusz
- Muszkatel, Jerzy
- Puello, Maria
- Ropel, Waldemar
- Sanchez, Alex Anthony
- Socha, Marek
- Wszolkowski, Dariusz

## **Exhibit B**

- American Building Maintenance Corp./American Building Maintenance Corp. of New York.

- Blackmon-Mooring Steamatic Catastrophe.

- BMS CAT.

- GPS Environmental Consultants, Inc. d/b/a All Clear Environmental Svcs., Inc.

- Hillman Environmental Group LLC

- Hygenetics Environmental Services, Inc.

- Indoor Environmental Technologies, Inc. (Div. of Tri-Dim Filter Co.)

- Kasco Restoration Services.

- LVI Environmental Services, Inc./LVJ Services, Inc.

- Pinnacle Environmental Corp.

- Structure Tone, Inc.

- Weston Solutions, Inc.