UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: WORLD TRADE CENTER LOWER<br>MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH)<br>ECF CASE |
| THIS DOCUMENT APPLIES TO ALL CASES<br>IN THE WORLD TRADE CENTER LOWER<br>MANHATTAN DISASTER SITE LITIGATION<br>IN WHICH FGP 90 WEST STREET, INC.<br>IS A DEFENDANT. | |

**DEFENDANT FGP 90 WEST STREET INC.'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO COMPEL THE DEPOSITION OF NON-PARTY
SAFEWAY ENVIRONMENTAL CORP. AND/OR DONALD ADLER**

Michael D. Hynes
John Vukelj
Sarah A. Kutner
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020-1104
(212) 335-4500

*Attorneys for Defendant
FGP 90 West Street, Inc.*

## TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| PRELIMINARY STATEMENT | | 1 |
| BACKGROUND | | 2 |
| | A. The Subpoenas | 3 |
| | B. Safeway Reverses Course | 4 |
| ARGUMENT | | 5 |
| I. | THE COURT SHOULD COMPEL SAFEWAY TO APPEAR FOR A DEPOSITION PURSUANT TO THE 90 WEST SUBPOENA | 5 |
| | A. Legal Standard | 5 |
| | B. FGP 90 West Has A Substantial Need For Competent Testimony By A Safeway Witness | 7 |
| | C. Appearing for A Deposition Will Not Impose Undue Burden Or Expense | 8 |
| CONCLUSION | | 8 |

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Crosby v. City of New York*,
   269 F.R.D. 267 (S.D.N.Y. 2010) ...................................................................................6

*Haber v. ASN 50th St., LLC*,
   272 F.R.D. 377 (S.D.N.Y. 2011) ...................................................................................6

*In re Fitch, Inc.*,
   330 F.3d 104 (2d Cir. 2003) ..........................................................................................6

*Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP*,
   2008 WL 4452134 (S.D.N.Y. Oct. 2, 2008) .................................................................6

*Koch v. Greenberg*,
   2009 WL 2143634 (S.D.N.Y. July 14, 2009) ...............................................................6

*NXIVM Corp. v. O'Hara*,
   241 F.R.D. 109 (N.D.N.Y. 2007) ..................................................................................6

*Russin v. Picciano & Son*,
   54 N.Y.2d 311 (1981) ....................................................................................................7

*Wolters Kluwer Fin. Servs. Inc. v. Scivantage, Adnane Charchour, Sanjeev Doss, Cameron Routh*,
   525 F. Supp. 2d 448 (S.D.N.Y. 2007),
   *rev'd in part on other grounds*, 564 F.3d 110 (2d Cir. 2009) ......................................6

**STATUTES**

Fed. R. Civ. P. 26(b)(1) .........................................................................................................5

Fed. R. Civ. P. 30 ..................................................................................................................6

Fed. R. Civ. P. 45 ...............................................................................................................5, 6

N.Y. LAB. LAW § 200 ............................................................................................................7

N.Y. LAB. LAW § 241(6) .......................................................................................................7

Defendant FGP 90 West Street Inc. ("FGP 90 West") respectfully submits this memorandum of law in in support of its motion to compel non-party Safeway Environmental Corp. ("Safeway") and/or Donald Adler to comply with a deposition subpoena that FGP 90 West issued to Safeway in this action, or to continue the deposition of Mr. Adler that commenced on October 3, 2013.

## PRELIMINARY STATEMENT

FGP 90 West seeks testimony from a witness on behalf of Safeway, an environmental remediation contractor which allegedly performed work at 90 West Street and various other buildings after September 11, 2001. FGP 90 West, which formerly owned the building at 90 West Street, served a subpoena upon Safeway's counsel on May 1, 2013. Upon information and belief, sometime before then, counsel for plaintiffs served a subpoena either upon Safeway or Donald Adler, a former Safeway employee. After the deposition of the Safeway witness was scheduled, counsel for plaintiffs, FGP 90 West, and Safeway variously conferred and agreed that the deposition would continue for two days. Plaintiffs would examine the witness during the first day on certain other buildings, and then 90 West Street would be addressed on the second day, with counsel for FGP 90 West having an opportunity to examine the witness at that time.

After multiple postponements (none of which were requested by FGP 90 West), the deposition of Mr. Adler, testifying on behalf of Safeway, commenced on October 3, 2013. Midway during the deposition, the witness, through counsel, revealed for the first time that Mr. Adler would testify for one day only, for no more than seven hours on the record. All parties objected, and plaintiffs proceeded to examine the witness for the remainder of the day, spending seven hours on the record. Neither FGP 90 West, nor any other defendant, had an opportunity to question the witness. Counsel for FGP 90 West and the witness conferred following the

deposition and were unable to reach resolution.

FGP 90 West should have an opportunity to question Mr. Adler or another witness competent to testify regarding Safeway's alleged work at 90 West Street. Safeway's testimony is particularly necessary because very little relevant evidence is available from other sources. FGP 90 West did not retain Safeway. Nor did FGP 90 West's general contractor hire Safeway as a subcontractor to work at 90 West Street. It is inconceivable that FGP 90 West should proceed toward trial defending against claims by Safeway workers who say they were injured as a result of their work at 90 West Street, when neither the building owner nor any of its representatives hired Safeway to do any work in the building. Testimonial evidence from Safeway is essential.

FGP 90 West recognizes that if the Court grants this motion, then the deposition will necessarily continue after the current November 6, 2013, deadline for completing fact discovery for Group 1 and 2 cases. (*See* Dkt. No. 4900.) FGP 90 West supports Defense Liaison Counsel's application, submitted jointly with plaintiffs on October 23, 2013, requesting a 90-day extension of the fact discovery period for non-party discovery. To the extent that the Court is inclined to deny Defense Liaison Counsel's request (as well as Plaintiffs' Liaison Counsel's request for a 45-day extension), then FGP 90 West requests a limited extension pursuant to this motion so that a deposition of a Safeway witness can be completed.

**BACKGROUND**

FGP 90 West Street Inc. owned the building at 90 West Street during the period of September 11, 2001, through January 2003, when FGP 90 West sold the property. As a result of its former ownership of the building, FGP 90 West has been named as a defendant in a number of actions in the WTC Litigation. Four plaintiffs who claim to have worked at 90 West Street were selected as part of "Group 2" discovery. Three of those plaintiffs claim to have suffered

injuries as a result of their work for Safeway at 90 West Street.

Safeway performed environmental remediation work at various buildings at and around the World Trade Center site after the attacks of September 11, 2001. Records obtained in discovery indicate that Safeway may have worked in and around at least fifteen buildings near the World Trade Center site. Upon information and belief, Safeway is no longer a functioning company.

A.  **The Subpoenas**

On April 22, 2013, all parties received an e-mail notice from the jointly-retained deposition support vendor, U.S. Legal Support, stating that a representative of Safeway, Mr. Adler, would be deposed on May 16 and 17, 2013, pursuant to a deposition subpoena that had been issued by the plaintiffs. (Declaration of John Vukelj, dated November 1, 2013 ("Vukelj Decl."), Ex. A.) The notice indicated that Mr. Adler would testify with regard to the following buildings: (a) 90 West Street; (b) One Liberty Plaza, (c) 3 World Financial Center, (d) 130 Liberty Street, and (e) 125 Barclay Street. *Id.* Soon thereafter, the law firm Patton Boggs LLP confirmed that it was serving as counsel for the witness in connection with the non-party subpoena and indicated that FGP 90 West would be permitted to question the witness about work allegedly performed by Safeway at 90 West Street.

On May 1, 2013, FGP 90 West served its own deposition subpoena on Safeway seeking testimony by a corporate designee concerning alleged work performed by plaintiffs at 90 West Street in connection with Group 2 discovery (the "90 West Subpoena"). (Vukelj Decl. Ex. B.) Safeway did not object or formally respond to the subpoena. The 90 West Subpoena noticed a deposition date of May 29, 2013, but after conferring with Safeway's counsel, FGP 90 West agreed to participate in the deposition noticed by plaintiffs (scheduled for May 16 and 17, 2013), with acknowledgment by Safeway that FGP 90 West would be allowed to examine the witness

after plaintiffs completed their questioning. (Vukelj Decl. Ex. C.) Counsel for FGP 90 West, plaintiffs, and Safeway conferred, and it was agreed that certain other buildings would be addressed during day 1 of the deposition, and 90 West Street would be addressed on day 2. (Vukelj Decl. Ex. D.)

FGP 90 West was prepared to proceed with Safeway's deposition on May 16, 2013. However, on May 14, FGP 90 West received notification that the deposition was adjourned to July 18 and 19, 2013. Then, on July 16, FGP 90 West received notification that the deposition would be postponed again. On August 30, FGP 90 West received notification that the Safeway deposition would take place on October 3, 2013. Six days before the deposition, on September 27, FGP 90 West inquired whether the second day of Safeway's deposition had been scheduled. Safeway's counsel replied that they had proposed to plaintiffs that day two of the deposition be held on October 7, 2013, but plaintiffs' counsel had "yet to confirm." (Vukelj Dec. Ex. D.)

B.     **Safeway Reverses Course**

The first time counsel for Safeway and Mr. Adler hinted that they may object to appearing for a second day of deposition testimony was on October 1, 2013. On that date, Safeway's counsel indicated to FGP 90 West for the first time that there was no "second day scheduled at the moment" and that the parties should "discuss it at the deposition." (Vukelj Decl. Ex. E.) Safeway's counsel further indicated that anyone who wanted to question the witness "should be prepared to start because the witness would like to complete the deposition" in one day. (*Id.*)

As scheduled, the deposition of Mr. Adler, testifying on behalf of Safeway, proceeded on October 3, 2013, with plaintiffs' counsel leading the examination. Midway through the day, the witness' counsel for the first time informed all parties that the Safeway witness would testify only for seven hours "as permitted by the rules." (Vukelj Decl. Ex. F at 201-02.) Plaintiffs'

4

counsel objected, as did counsel for more than a dozen defendants who were present, including the undersigned counsel for FGP 90 West. (*Id.* at p. 202-04.) Plaintiffs' counsel noted this was the first he was being informed of Safeway's and Mr. Adler's newfound position that it would not appear for a second day, and he further noted that the witness' counsel had recently proposed dates for day two of the deposition. (*Id.* at p. 204.) The witness and his counsel did not dispute plaintiffs' counsel's account of the discussions leading up to the deposition.

Plaintiffs' counsel continued examining the witness for the remainder of the day, spending approximately seven hours on the record. Neither FGP 90 West nor any other defendant had an opportunity to examine the witness. After the deposition, counsel for Safeway confirmed to FGP 90 West that Mr. Adler's position remains unchanged that he will not appear for further testimony on behalf of Safeway.

## **ARGUMENT**

**I.     The Court Should Compel Safeway To Appear For A Deposition Pursuant To The 90 West Subpoena**

    **A.     Legal Standard**

Under Federal Rule of Civil Procedure 45(a)(1), any party may serve a subpoena commanding a non-party to give deposition testimony. The subpoena is subject to the relevance requirements of Rule 26, such that requested documents must be "relevant to the subject matter" or "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

A person commanded to appear to testify may serve written objections to a subpoena. Fed. R. Civ. P. 45(c)(2)(B). After such written objection, the party serving the subpoena may at any time move for an order to compel that testimony. *Id.* "Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the

court. . . ." Fed. R. Civ. P. 45(e).

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003). The Court has discretion to extend the time in which a non-party must be deposed past the time allotted under the Federal Rules of Civil Procedure where the claims, facts, and legal issues are complex and the subject non-party is significantly involved in them. *See NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 145 (N.D.N.Y. 2007) ("We are also persuaded because of the convoluted nature of these claims, facts and issue, and O'Hara's inextricable involvement in all of these contentions that an additional day of deposition should be granted."). Rule 30(d)(2) provides that "[t]he court must allow additional time [for a deposition] . . . if needed for a fair examination of the *deponent* . . . ." and the party seeking the additional time can "show good cause for the request." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage, Adnane Charchour, Sanjeev Doss, Cameron Routh*, 525 F. Supp. 2d 448, 470 (S.D.N.Y. 2007), *rev'd in part on other grounds*, 564 F.3d 110 (2d Cir. 2009).

Finally, "[w]here a party has subpoenaed a non-party, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" *Haber v. ASN 50th St., LLC*, 272 F.R.D. 377, 382 (S.D.N.Y. 2011) (*quoting Crosby v. City of New York*, 269 F.R.D. 267, 282 (S.D.N.Y. 2010)); *see also Kingsway Fin. Servs., Inc. v. PricewaterhouseCoopers LLP*, 2008 WL 4452134, *4 (S.D.N.Y. Oct. 2, 2008); *Koch v. Greenberg*, 2009 WL 2143634, *2 (S.D.N.Y. July 14, 2009) ("Subpoenas issued under Rule 45 are subject to Rule 26(b)(1)'s overriding relevance requirement.").

**B.     FGP 90 West Has A Substantial Need For Competent Testimony By A Safeway Witness**

Three Group 2 plaintiffs have alleged that they sustained injuries while working for Safeway at 90 West Street: Rodrigo Campozano, Cristhian Tapia, and Bertha Tache. All three allege that FGP 90 West, as the owner of the building at 90 West Street, violated N.Y. Labor Law § 200 and N.Y. Labor Law § 241(6) and were negligent, and therefore should be held liable for alleged injuries plaintiffs suffered while working for Safeway.

FGP 90 West should have the opportunity to examine a competent Safeway witness regarding work that Safeway employees allegedly performed at 90 West Street. Labor Law Section 200 imposes a duty on an owner or general contractor to ensure that they provide a safe place to work. N.Y. LAB. LAW § 200 (McKinney 2013). Implicit in this duty is the inherent requirement that a "party charged with that responsibility have the authority to control the activity bringing about the injury." *Russin v. Picciano & Son*, 54 N.Y.2d 311, 317 (1981). Labor Law Section 241(6) provides that building owners and contractors must ensure that areas in which construction, excavation or demolition work are performed "shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein . . . ." N.Y. LAB. LAW § 241(6) (McKinney 2013). A deposition of Mr. Adler, or another competent witness testifying on behalf of Safeway, is necessary to gather information on the working conditions under which Safeway employees allegedly worked, and the safety measures that may have been taken by Safeway at 90 West Street.

A Safeway deposition is especially necessary here because there is little or no other reasonably available evidence concerning Safeway's supposed work at 90 West Street. FGP 90 West did not hire Safeway. FGP 90 West's general contractor did not hire Safeway to work at

7

90 West Street either. Neither the building owner nor its general contractor have documents or direct knowledge concerning Safeway's alleged work at the building. Serious questions remain concerning who, if anyone, directed Safeway to work at 90 West Street and oversaw that work, what work was performed and why, and who granted Safeway access to the building. A Safeway witness is uniquely positioned to testify concerning these issues.

### C. Appearing for A Deposition Will Not Impose Undue Burden Or Expense

Safeway and Mr. Adler have not made any showing in response to the 90 West Subpoena, or during the course of the parties' correspondence regarding the deposition, that complying with the subpoena would be unduly burdensome or expensive. The deposition could be scheduled on a date and time that is convenient for the witness. FGP 90 West anticipates that its examination would take half a day, or likely less. Further, it is believed that the witnesses, whether Mr. Adler or an alternate witness knowledgeable regarding Safeway's work, all live or work within 100 miles of New York City, and the statutory witness fee can be provided in advance of the deposition. To the extent that Safeway's position is that additional testimony would be burdensome to Mr. Adler based on his other obligations, FGP 90 West would not object to designation of an alternate witness to testify on behalf of Safeway's alleged work at 90 West Street.

### CONCLUSION

For the foregoing reasons, FGP 90 West respectfully requests that this Court grant its motion to compel and order Safeway and/or Mr. Adler to comply with the 90 West Subpoena by appearing for a deposition, and that the Court grant such other and further relief as the Court may deem just and proper.

Dated: November 1, 2013
New York, New York

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ John Vukelj
Michael D. Hynes
John Vukelj
Sarah A. Kutner
1251 Avenue of the Americas
New York, NY 10020
Phone: (212) 335-4500
Fax: (212) 335-4501

michael.hynes@dlapiper.com
john.vukelj@dlapiper.com
sarah.kutner@dlapiper.com

*Attorneys for FGP 90 West Street, Inc.*

# **CERTIFICATE OF SERVICE**

      I hereby certify that on November 1, 2013, I caused to be served the foregoing (a) Notice of Motion by FGP 90 West, (b) Memorandum of Law submitted by FGP 90 West, and (c) Declaration of John Vukelj in support of FGP 90 West's motion to compel and the exhibits thereto, upon all counsel of record via the ECF filing system, and upon counsel for Safeway Environmental Corp. and Donald Adler by e-mail and overnight courier at:

      Alyson N. Villano
      Patton Boggs LLP
      One Riverfront Plaza
      1037 Raymond Blvd., Suite 600
      Newark, New Jersey 07102
      avillano@pattonboggs.com


                 /s/ Sarah A. Kutner
                Sarah A. Kutner