

*Revised*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

SALMA P. GUZMAN,

                Plaintiff,

  -against-

ABATEMENT PROFESSIONALS et al.,

                Defendants.

------------------------------------------------------------ X

**ORDER DENYING MOTION TO DISMISS**

08 Civ. 2273 (AKH)
21 MC 102
21 MC 103

ALVIN K. HELLERSTEIN, U.S.D.J.:

    Plaintiff Salma P. Guzman claims that she was injured while working in downtown Manhattan following the attacks on September 11, 2001. Defendants move to dismiss her claims based on her failure to adequately verify her responses to court ordered interrogatories and contradictions between those responses and her deposition testimony. For the following reasons, Defendants' motion is denied.

    Because Guzman claims that she was injured while working at both the World Trade Center site and other sites downtown her case was assigned to the 21 MC 103 master docket. On August 29, 2011, I ordered every plaintiff whose claims are covered by the 21 MC 102[1] and 103 master dockets to answer a set of court-ordered interrogatories and to swear his or her interrogatory responses by signature. The responses were then input into a database managed by TCDI.

    Guzman, who does not read, write or speak English, submitted responses that were input into the TCDI database. She submitted four different signed verifications of those

---

[1] The 21 MC 102 master docket covers work performed at sites other than the World Trade Center.

responses: one in Spanish on September 15, 2011, and three in English on November 15, 2011, April 3, 2013, and September 24, 2013.

On June 20 and 21 and September 25, 2013, Guzman was deposed and questioned about her TCDI responses and the verifications she signed. Defendants now maintain that Guzman's deposition testimony indicates that, in violation of my August 29, 2011 order, she did not review and swear to her TCDI responses by signature. They also argue that contradictions between her TCDI responses and her deposition testimony indicate that her TCDI responses were false. For example, Defendants contend that Guzman's TCDI responses stated that she was unemployed or on disability and never made a Workers' Compensation claim regarding her 9/11 work, whereas at the deposition she testified that she worked as an asbestos handler and had made a Workers' Compensation claim.

Defendants now seek sanctions based on Guzman's failure to verify her TCDI responses and the content of those responses. Pursuant to Federal Rule of Civil Procedure 37 and the Court's inherent power to manage its docket, I have the authority to sanction a party for failure to comply with my discovery order and other litigation abuse. Fed. R. Civ. P. 37(b)(2)(A); S. New England Tel. Co. v. Globals NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010). The imposition of such sanctions is committed to my discretion based on the overall record. See S. New England Tel. Co., 624 F.3d at 144.

Defendants argue that Guzman's deposition testimony indicates that she did not properly review and verify her TCDI responses; Guzman argues that that same testimony shows that she did. Guzman's first verification, dated September 15, 2011, was improper because it stated that the TCDI responses were based on information found by her attorneys rather than her personal knowledge. However, her subsequent verifications remedied that defect. The record

2

before me—which includes Guzman's affidavit stating that her interrogatory responses and the verifications she signed were translated for her—indicates that Guzman, with the assistance of a translator, reviewed her interrogatory responses and properly verified them. Accordingly, I cannot conclude that she violated my August 29, 2011 order.

The inconsistencies between Guzman's deposition testimony and TCDI responses impeach her credibility. However, they have not prevented Defendants from conducting relevant discovery. Defendants began deposing Guzman on June 20, 2013 and fact discovery in this case will not close until January 30, 2014. The sanctions that Defendants seek, dismissal of Guzman's case or the exclusion of a category of damages, are drastic. After consideration of the full record, I conclude that such sanctions are not appropriate. The Defendants' remedy is that they can use the contradictions in Guzman's sworn testimony to impeach her credibility.

Finally, I note that Guzman's case was initially assigned to the 21 MC 103 master docket and that she settled her claims concerning work performed at the World Trade Center site on January 25, 2011. Accordingly, her case should be transferred to the 21 MC 102 master docket.

The Clerk shall mark the motion to dismiss (Doc. No. 58) closed and shall transfer this case from 21 MC 103 to 21 MC 102.

SO ORDERED

Dated: November 7, 2013
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3