USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-4-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH) |
| IN RE COMBINED WORLD TRADE CENTER DISASTER SITE LITIGATION AND LOWER MANHATTAN DISASTER SITE LITIGATION | 21MC103 (AKH)<br><br>STIPULATION + Order |

IT IS HEREBY STIPULATED AND AGREED THAT counsel for Plaintiffs identified on the annexed Exhibit "1" and counsel for Defendants Tishman Construction Corporation of New York, Tishman Construction Corporation of Manhattan, and Tishman Interiors Corporation (hereinafter referred to as "Tishman Defendants") involved in litigation inclusive of claims arising out of debris removal at the World Trade Center Site, have reached a settlement of the claims made by the Plaintiffs with reference to their work at the World Trade Center Site, only, included on the attached Exhibit "1." The total settlement amount with reference to those claims as aforementioned, against the "Tishman Defendants," is $16,755.32, inclusive of costs.

The parties have entered into a Settlement Agreement. Such Settlement Agreement, attached hereto as Exhibit "2," is contingent upon approval and Order of the Court as to each and every term contained therein. As to claims made with reference to work at the World Trade Center Site, plaintiffs' Counsel, Robert A. Grochow, Esq. and Gregory J. Cannata, Esq., represent nine (9) plaintiffs, compromising twelve (12) active docket numbers, who made claims or filed lawsuits against the "Tishman Defendants" in the 21 MC 102 and/or 21 MC 103 Master Dockets. Certain plaintiffs have multiple docket numbers with reference to these claims. The

parties agree that for purposes of this settlement, each plaintiff is entitled to one recovery regardless of multiple docket numbers.

The present settlement will be distributed to all Plaintiffs equally. Plaintiffs' counsel may charge no more than a twenty-five (25) percent contingent fee, with expenses limited in accordance with previous orders, rulings and agreements. If the terms and conditions of this Settlement Agreement are met, and upon receipt by defendants of appropriate releases from the respective plaintiffs, the funds shall be submitted to the office of Gregory J. Cannata and Associates, who shall remit individual settlement amounts to each Plaintiff in a timely manner.

Dated: New York, New York
December 3, 2013

GREGORY J. CANNATA & ASSOCIATES

By: _____
Robert A. Grochow, Esq.
Attorneys for Plaintiffs
Woolworth Building
233 Broadway, 5th Floor
New York, New York 10279-0003
(212) 533-9206

COZEN O'CONNOR

By: _____
Michael A. Savino, Esq.
Attorneys for Defendants
Tishman Construction Corporation of New York, Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

So ordered
12/3/13
/s/ AKH

2

# Exhibit 1

## EXHIBIT "1" TO STIPULATION OF SETTLEMENT-TISHMAN DEFENDANTS

Below is a list of the cases indicating the plaintiffs with their respective docket numbers, who are settling with the "Tishman Defendants" as to on-site claims only. Some of the cases have multiple docket numbers.

| Plaintiff name | Individual Docket Number |
| --- | --- |
| Acosta, Ruben | 06cv5335, 08cv1334, 10cv6926 |
| Cardenas, Carlos | 09cv00681, 10cv6907 |
| Czerwinski, Marian | 08cv6805 |
| Espinoza, Alonso | 08cv9720, 10cv6902 |
| Galazka, Jozef | 06cv5343, 10cv6903 |
| Kacperski, Zbigniew | 09cv5233, 10cv6906 |
| Perzynska, Irena | 06cv5345, 10cv6900 |
| Urso, Joseph | 05cv4081 |
| Zalewski, Marian | 06cv1525, 06cv1524 |

The first docket number listed for each respective plaintiff is the docket number under which that plaintiff is settling his/her on-site claims, only, against the Tishman Defendants

# Exhibit 2

# TISHMAN CONSTRUCTION CORPORATION OF NEW YORK; TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN AND TISHMAN INTERIORS CORPORATION

## SETTLEMENT AGREEMENT

With reference to plaintiffs' claims as to work performed at the World Trade Center Site, only, the following terms reflect a Settlement Agreement ("Settlement Agreement") between Cozen O'Connor as counsel for defendants Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation herein referred to the "Tishman Defendants", and Gregory J. Cannata & Associates, as counsel for the plaintiffs, referenced below, and as recited on Appendix A hereto:

1. The settlement-eligible plaintiffs ("Eligible Plaintiffs") are those plaintiffs who have asserted claims against some or all of the Tishman Defendants in the 21 MC 102 and/or 21 MC 103, In re World Trade Center Lower Manhattan Disaster Site Litigation and/or In re Combined World Trade Center Disaster Site Litigation and Lower Manhattan Disaster Site Litigation, respectively, and jointly referenced herein as the "WTC Litigation", and who conform to the requirements below. (See attached Appendix A, Eligible Plaintiff List ["EPL"], which lists each Eligible Plaintiff and their respective docket number(s)) Any settlement-eligible plaintiff who opts-in to this Settlement Agreement shall be designated a "Settling Plaintiff."

2. The settling defendants are Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation with reference to claims asserted as to work at the World Trade Center Site, only.

3. The settlement amount ("Settlement Amount") is **SIXTEEN THOUSAND SEVEN HUNDRED AND FIFTY-FIVE DOLLARS AND THIRTY-TWO CENTS ($16,755.32)**.

4. The EPL shall include those plaintiffs who represented to Gregory J. Cannata & Associates that they performed work relevant to the WTC Litigation at the World Trade Center Site, said site which included one or both of the following locations:

    a. World Trade Center 7; or

LEGAL\17726111\1

   b. Zone 4 of the World Trade Center Site encompassing and adjacent to World Trade Center 7.

5. Each Settling Plaintiff shall sign a release and covenant not to sue in a form to be agreed upon between the parties. This Agreement is contingent upon approval by the Tishman Defendants of the release and covenant not to sue. The annexed Exhibit "A" lists those plaintiffs settling their claims with the Tishman Defendants with reference to their on-site work only.

6. Upon execution of the Releases and other settlement documentation by the parties, the parties will make a joint submission to the Court identifying the docket numbers and specific entities for which dismissals should be entered.

7. Counsel for the Tishman Defendants shall secure from the Tishman Defendants an agreement in writing to release all actual or alleged indemnification claims, if any, that the Tishman Defendants have or may have against the WTC Captive and its insureds arising out of the WTC Litigation relating and limited to settling or dismissed plaintiffs. The Tishman Defendants reserve their right to pursue indemnification claims against the WTC Captive, its insureds and/or other parties arising from claims by any non-settling plaintiffs.

8. Gregory J. Cannata & Associates shall secure from the WTC Captive and its insureds or their legal counsel and from any other defendants with whom the Settling Plaintiffs are currently or have settled their claims with reference to work on site, an agreement in writing, to release all actual or alleged indemnification claims, including any and all claims for contractual and/or common law indemnification and/or contribution and/or legal fees, if any, that the WTC Captive and its insureds have or may have against the Tishman Defendants arising out of the WTC Litigation. The Settlement Agreement is contingent upon Gregory J. Cannata & Associates obtaining the aforementioned agreement in writing from the WTC Captive and its insureds and from any other settling defendants as herein referenced

9. To the extent that any Settling Plaintiff is awarded judgments against any other defendant with reference to on site work, only, such plaintiffs agree to reduce those judgments to the full extent of such defendant's contribution and indemnity claims, if any, that such defendant has, or may have against the Tishman Defendants arising out of the WTC Litigation, not to exceed One Thousand, Eight Hundred and Sixty One Dollars and Seventy Cents ($1,861.70).

10. Each Settling Plaintiff shall provide the following verified information to counsel for the Tishman Defendants:

    a. Name;

    b. Civil action number;

    c. Injury Tier Level; and

    d. Medicare and other governmental lien information.

11. The Settlement Amount shall be allocated equally among all Settling Plaintiffs.

12. The parties agree and understand that the Tishman Defendants did not participate in and were not a "party" to the World Trade Center Settlement Process Agreement, as Amended ("the SPA").

13. The Tishman Defendants did not participate in the Allocation Process or any aspect thereof as those terms are set forth in Sections I, H, and XI(D) of the SPA.

14. This Settlement Agreement is expressly made contingent upon approval and Order of the Court as to each and every term contained herein. Should the Court decline to approve and order each and every term of this agreement, in their present forms without amendment or change thereto, then the entire agreement shall be considered null and void unless subsequently agreed to by the parties.

15. Within Sixty (60) days of the last to occur of the following, but no later than January 23, 2014, either (i) execution of this Settlement Agreement; and/or (ii) approval by the Court; the Settlement Amount shall be paid by the Tishman Defendants or its insurers to Gregory J. Cannata & Associates, to be held in an escrow account. At the same time, Gregory J. Cannata & Associates shall file with the court signed stipulations of dismissal as referenced herein, to all Tishman Defendants against whom claims were brought exclusively for work at the World Trade Center Site, as referenced in Paragraph 4 of this Agreement. To the extent that a claim was brought or filed as to Tishman Interiors Corporation with reference to offsite work, the stipulation of dismissal shall not dismiss the Settling Plaintiff's claims against Tishman Interiors Corporation as a result of offsite work, not specifically referenced in Paragraph 4 above.

3

16. The Settlement Amount, subject to attorneys' fees and expenses shall be distributed by Gregory J. Cannata & Associates to Settling Plaintiffs from its escrow account.

17. Plaintiffs' counsel, or its designee, shall cooperate with the Tishman Defendants, or their designee, and respond to their reasonable requests for information required to fulfill the settlement reporting duties associated with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 (the "Act"), and shall agree that settlement payments to any individual plaintiff are subject to confirmation that each plaintiff on the EPL (see Appendix A) is not a Medicare recipient or beneficiary. It is agreed that counsel for plaintiff will confirm whether each plaintiff on the EPL is a Medicare recipient or beneficiary or may reasonably be expected to become Medicare eligible, will advise the Tishman Defendants of the same and will not distribute settlement proceeds to any plaintiff on the EPL prior to confirmation.

18. Plaintiffs' counsel, or its designee; shall further provide to the Tishman Defendants proof of satisfaction and/or waiver of all liens, including governmental liens, prior to the distribution of settlement proceeds to individual plaintiffs.

Dated: December 3, 2013

    New York, New York

**On Behalf of Plaintiffs**

*[signature]*

Robert A. Grochow, Esq.

**On Behalf of Defendants Tishman Construction Corporation of New York; Tishman Construction Corporation of Manhattan and Tishman Interiors Corporation**

*[signature]*

Michael A. Savino, Esq.

4

LEGAL\17726111\1