# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| In re Lower Manhattan Disaster Site Litigation | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 21 MC 102 (AKH) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Mason Tenders Training Fund, 42-53 21st Street, Long Island City, NY 11101

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
See attached Schedule A at Section III.

| Place: Day Pitney LLP<br>7 Times Square, #20, New York, NY 10036 | Date and Time:<br>**JANUARY 14, 2014  10:00 A.M.** |
|---|---|

The deposition will be recorded by this method: Stenography and videotape

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Schedule A at Section V.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/5/2013

CLERK OF COURT

OR ___/s/___

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Deutsche Bank Trust Company Americas , who issues or requests this subpoena, are:
Benjamin E. Haglund - Day Pitney LLP
7 Times Square, #20, New York, NY 10036   bhaglund@daypitney.com; (212) 297-5800

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 21 MC 102 (AKH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

    I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.

Date: _____

                                                _____
                                                      *Server's signature*

                                                _____
                                                      *Printed name and title*


                                                _____
                                                      *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

## Section I.
<u>Preliminary Statement</u>

This subpoena is being issued on behalf of one or more defendants ("Defendants") in the federal court action commonly known as *In Re World Trade Center Lower Manhattan Disaster Site Litigation (21-MC-102)* ("Litigation"). The issuing Defendants were sued by numerous individuals ("Plaintiffs") who claim they developed respiratory and/or other illnesses as a result of work they performed after the 9/11 terrorist attack on the World Trade Center. Plaintiffs claim to have worked at one or more of the locations ("Locations") known or formerly known as:

| | | |
|---|---|---|
| 4 Albany Street | 222 Broadway | 100 Gateway Plaza |
| 125 Albany Street | 225 Broadway | 200 Gateway Plaza |
| 99 Barclay Street | 230 Broadway | 400 Gateway Plaza |
| 101 Barclay Street | 233 Broadway | 500 Gateway Plaza |
| 125 Barclay Street | 250 Broadway | 600 Gateway Plaza |
| Borough of Manhattan Community College (CUNY) | 350 Broadway | 100 Gold Street |
| 20 Broad Street | 119 Cedar Street | 240 Greene Street |
| 30 Broad Street | 125 Cedar Street | 120 Greenwich Place |
| 40 Broad Street | 130 Cedar Street | 70 Greenwich Street |
| 60 Broad Street | 100 Centre Street | 75 Greenwich Street |
| 75 Broad Street | 90 Chambers Street | 88 Greenwich Street |
| 85 Broad Street | 105 Chambers Street | 104 Greenwich Street |
| 104 Broad Street | 113 Chambers Street | 108 Greenwich Street |
| 125 Broad Street | 145 Chambers Street | 114 Greenwich Street |
| 140 Broad Street | 199 Chambers Street | 234 Greenwich Street |
| 1 Broadway | 345 Chambers Street | 275 Greenwich Street |
| 2 Broadway | 400 Chambers Street | 292 Greenwich Street |
| 25 Broadway | 1 Chase Manhattan Plaza | 334 Greenwich Street |
| 30 Broadway | 55 Church Street | 390 Greenwich Street |
| 45 Broadway | 90 Church Street | 7 Hanover Square |
| 52 Broadway | 99 Church Street | 40 Harrison Street |
| 61 Broadway | 100 Church Street | 60 Hudson Street |
| 71 Broadway | 110 Church Street | 315 Hudson Street |
| 111/113 Broadway | 120 Church Street | Jacob K. Javits Federal Building |
| 115/119 Broadway | 22 Cortlandt Street | 2 John Street |
| 120 Broadway | 26 Cortlandt Street | 45 John Street |
| 125 Broadway | 7 Dey Street | 99 John Street |
| 140 Broadway | 90 East Broadway | 100 John Street |
| 150 Broadway | 94 East Broadway | Liberty House |
| 160 Broadway | 40 Exchange Place | One Liberty Plaza |
| 170 Broadway | 26 Federal Plaza | 10 Liberty Street |
| 176 Broadway | 163 Front Street | 30 Liberty Street |
| 214 Broadway | 77 Fulton Street | 33 Liberty Street |
| | Gate House | |

114 Liberty Street
130 Liberty Street
200 Liberty Street
225 Liberty Street
377 Liberty Street
41 Madison Avenue
22 Maiden Lane
59 Maiden Lane
80 Maiden Lane
90 Maiden Lane
95 Maiden Lane
125 Maiden Lane
Marriott Financial Center Hotel
45 Murray Street
101 Murray Street
110 Murray Street
26 Nassau Street
81 Nassau Street
132 Nassau Street
4 New York Plaza
102 North End Avenue
Pace University
75 Park Place
225 Park Place
299 Pearl Street
375 Pearl Street
Picasso Pizzeria Restaurant
30 Pine Street
70 Pine Street
80 Pine Street
P.S. 234 Independence School
225 Rector Place
280 Rector Place
300 Rector Place
377 Rector Place
380 Rector Place
1-9 Rector Street
19 Rector Street
33 Rector Street
40 Rector Street
45 Rector Street
57 Rector Street
94 Rector Street
200 Rector Street
30 Rockefeller Plaza
2 South End Avenue
250 South End Avenue
315 South End Avenue
345 South End Avenue
355 South End Avenue
375 South End Avenue
385 South End Avenue
395 South End Avenue
22 Thames Street
88 Thomas Street
Trinity Building
Trinity Church
78-86 Trinity Place
90 Trinity Place
100 Trinity Place
50 Varick Street
75 Varick Street
76 Varick Street
20 Vesey Street
30 Vesey Street
140 Vesey Street
200 Vesey Street
250 Vesey Street
1 Wall Street
11 Wall Street
26 Wall Street
37 Wall Street
40 Wall Street
45 Wall Street
48 Wall Street
60 Wall Street
63 Wall Street
67 Wall Street
95 Wall Street
100 Wall Street
110 Wall Street
111 Wall Street
46 Warren Street
73 Warren Street
201 Warren Street (P.S. 89)
110 Washington Street
130 Washington Street
55 Water Street
160 Water Street
175 Water Street
199 Water Street
200 Water Street
3 West 57th Street
50 West Street
85 West Street
90 West Street
140 West Street
30 West Broadway
1 Whitehall Street
100 William Street
123 William Street
110 Williams Street
Winter Garden
1 World Financial Center
2 World Financial Center
3 World Financial Center
4 World Financial Center
40 Worth Street
125 Worth Street
Zen Restaurant

## Section II.
Definitions

The following definitions apply in the context of this subpoena:

"Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section V. This includes, but is not limited to, books, documents and other tangible things, as well as any electronically stored information ("ESI"), located in Your offices or at an off-site location (including home offices).

"Communications" means the transmittal of information in the form of facts, ideas, inquiries or otherwise, whether in person, by telephone, in writing, by electronic mail, by instant messaging, by voicemail or otherwise.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, electronic mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home and/or portable media used by You.

"Locations" refers to the addresses listed under Section I.

"Relevant Time Period," unless otherwise noted, means September 11, 2001 to December 31, 2005.

"WTC Work" refers to any services performed, which, to Your knowledge, were requested and/or contracted for (in whole or in part) as a result of the 9/11 terrorist attack on the World Trade Center. This includes, but is not limited to, such WTC Work at any one or more of the Locations noted in Section I above.

"You" and "Your" refer to Mason Tenders Training Fund, its subsidiaries, affiliates, predecessors and/or successors, agents, servants, employees or contractors hired by you, your organization, or subsidiaries, affiliates, predecessors and/or successors of your organization.

## Section III.
### Deposition Instructions

**PLEASE TAKE NOTICE** that You must designate a representative for each deposition topic identified below (the "Designated Witness") in writing at least seven days before the scheduled date of the deposition. Please note that, under Rule 30(b)(6) of the Federal Rules of Civil Procedure, the Designated Witness is obligated to investigate and prepare to testify as to matters known or reasonably available to You.

**PLEASE TAKE FURTHER NOTICE** that this deposition will continue from day to day, excluding weekends and holidays, or on such subsequent dates as agreed upon by the parties, until completed. This deposition will be taken by oral examination before a person duly authorized to administer oaths. A stenographer and videographer will record this deposition. Defendants reserve their right to leave the deposition(s) open, and continue questioning upon receipt of additional materials relevant to the questioning of the witness.

### Deposition Topics

A. Your organizational structure and relationship with LIUNA Local 78, Mason Tenders District Council and Mason Tenders Trust Fund.

B. Information known and Communications involving You, or any of Your affiliates, including LIUNA Local 78, regarding WTC Work and/or conditions existing at the Locations listed under Section I above during the Relevant Time Period, including, but not limited to:

   1. Records maintained by You relating to WTC Work, or conditions existing at the Locations, and the authenticity and business records status of same;

   2. Records relating to health and safety programs, policies or procedures, including training programs relating to WTC Work, and the authenticity and business record status of same; and

   3. Communications or training provided to, or received by, LIUNA Local 78 members regarding WTC Work, or conditions existing at the Locations, and the authenticity and business records status of same.

C. Services provided by You, including training, licensing, respiratory fit testing and/or record keeping involving any Plaintiffs listed on Exhibit A attached hereto.

D. Files maintained by You regarding any Plaintiffs listed on Exhibit A attached hereto, including the authenticity and business records status of documents maintained in such files.

## Section IV.
### (Document Request Instructions)

This subpoena requires You to produce or permit the inspection, copying, testing or sampling of Documents that are in Your custody or control and concern the Plaintiffs or WTC Work at any of the Locations during the Relevant Time Period. To the extent You previously produced Documents in connection with the 21 MC 100 or 21 MC 102 dockets that are responsive to this subpoena, such Documents need not be produced again but should be identified by Bates number.

Documents produced in response to this subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section V. FRCP 45(d)(1)(A).

Do not assume that Documents responsive to this subpoena should be produced in hard copy. Defendants may wish to inspect or image hard copy documents, and they have the right to designate the form in which ESI is produced. *See* FRCP 45(a)(1)(D). Thus, it is very important that you **contact the attorney who issued this subpoena before producing Documents**. Defendants will attempt to make Your production as efficient as possible. However, they reserve their right to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to contest the claim. FRCP 45(2)(A).

Each of the requests made in Section V is to be read consistently with the definitions provided above. Failure to obey this subpoena may be deemed a contempt of court. FRCP 45(e).

### Preservation of Documents

Pending the completion of discovery up until the time of trial, You and Your agents, representatives, employees and any person acting on your behalf, are advised and instructed to preserve in unaltered form all Documents and Communications requested in Section V of this Schedule A, including, but not limited to: written documents, computer hard drives, computer disks, CDs (compact disks), DVDs (digital video disks), computer media, backup media, storage media, backup data, encryptions, metadata, residual data, digital data, digitally scanned items, remotely stored data and items, emails, email accounts, videotapes, and all electronic files in any form or format which may in any manner relate to Documents and Communications requested in Section V of Schedule A.

## Section V.
### Documents Requested

1. Documents and Communications relating to WTC Work performed at or around the World Trade Center during the Relevant Time Period, including, but not limited to, any of the Locations listed in Section I.

2. Documents and Communications relating to conditions existing at or around the World Trade Center during the Relevant Time Period, including, but not limited to, any of the Locations listed in Section I.

3. Documents and Communications relating to any safety complaint or report concerning WTC Work or conditions existing at or around any of the Locations during the Relevant Time Period.

4. Documents and Communications relating to the professional qualifications, certifications, licenses, training and/or respiratory fit testing provided to, or skills of, any Plaintiffs listed on Exhibit A.

5. Documents and Communications relating to the physical or mental health of any Plaintiffs listed on Exhibit A, including, but not limited to, Documents relating to medical clearances for such Plaintiffs.

6. Documents and Communications relating to WTC Work performed by any Plaintiffs listed on Exhibit A during the Relevant Time Period.

7. Documents and Communications relating to the professional qualifications, certifications, licenses, training and/or respiratory fit testing provided to, or skills of, any individual known by You to have performed WTC Work during the Relevant Time Period.

8. Documents and Communications relating to the physical or mental health of any individual known by You to have performed any WTC Work during the Relevant Time Period, including, but not limited to, Documents relating to medical clearances for such individuals.

9. Documents and Communications between You and LIUNA Local 78 and/or any of its affiliated entities that relate to WTC Work performed, or conditions existing at any of the Locations, during the Relevant Time Period.

10. Documents and Communications between You and any of the entities listed on Exhibit B that relate to WTC Work performed during the Relevant Time Period.

Communications with any lawyer representing Plaintiffs in this litigation, regarding such Plaintiffs or WTC Work, including Gregory Cannata; Robert Grochow; Paul Napoli; and Christopher LoPalo; or any other individual from Worby Groner Edelman LLP, Napoli Bern Ripka Shkolnik LLP, Gregory J. Cannata & Associates, and Jacob D. Fuchsberg Law Firm.

# EXHIBIT A

| LAST NAME | FIRST NAME | LAST 4 DIGITS OF SS# |
|---|---|---|
| Avila | Angel | 3180 |
| Ayala | Ivan | none |
| Baczkowski | Andrzej | 0146 |
| Barbosa | Virginia | 2695 |
| Bunay | German Ernest | 3992 |
| Calero | Ivan | 0730 |
| Campozano | Rodrigo | 7865 |
| Chalco | Aida | 7499 |
| Chojnowski | Andrzej | 3909 |
| Diaz | Ruth | 9315 |
| Dabrowski | Mieczyslaw | 4283 |
| Gallegos | Walter | 7234 |
| Garcia | Sixta | 1904 |
| Guzman | Salma | 4877 |
| Karpinski | Slawomir | 2180 |
| Kowalewski | Tadeusz | 2143 |
| Kwasnik | Wladyslaw | 7059 |
| Mejia | Hilario | 2119 |
| Mendez | Edgar | 5891 |
| Mendoza | Gustavo | 0766 |
| Mierzejewski | Ireneusz | 9559 |
| Muszkatel | Jerzy | 8367 and has used 7940 |
| Peski | Slawomir | 8053 |
| Pina | Napoleon | 6108 |
| Puello | Maria | 1623 |
| Ropel | Waldemar | 4482 |
| Sanchez | Alex Anthony | 3786 |
| Socha | Marek | 0591 |
| Solis | Ignacio | 5984 |
| Szalaj | Zbyszek | 2339 |
| Tache | Bertha | 3450 |
| Tapia | Cristhian | 0656 |
| Torres | Pedro | 1236 |
| Wojciechowski | Seweryn | 5552 |
| Wszolkowski | Dariusz | 5742 |
| Zygmunt | Mieczyslaw | 2595 |

# EXHIBIT B

Abatement International
Abatement Professionals
Abscope Environmental, Inc.
Advanced Environmental Corp.
AFGO Mechanical Services, Inc.
Air Tech Cooling
Air Tech Lab
AirTek Environmental
Alexander Wall
Alteri Sebor Wieber LLC
AM&G Waterproofing, LLC
Ambassador Construction, Co.
Ambient Air Group
AMC Construction
American Building Maintenance Corp./American Building Maintenance Corp. of New York
Applied Environmental, Inc.
Applied Technology Services
Arcade Contracting and Restoration a/k/a A.C.R.
ASR Electrical Contracting, Inc.
AIC Associates Inc.
Athenica Environmental
Atlantic Heydt Corp.
AWL Industries
Barney-Skanska Construction
Belfor
Betal Environmental
Better Air Quality
Big Apple Wrecking & Construction Corp.
Blackmon-Mooring Steamatic Catastrophe
BMS CAT
Bovis Lend Lease
Branch Services
Bristol Environmental, Inc.
Brite & Fire Cleaning, Maintenance & Fire Restoration Corp.
Building Environmental Consultants
Burns & Roe
C.W. Sheet Metal, Inc.
Cambridge Carpet
Canron Construction Corp.
Catamount Environmental, Inc.
CCC Custom Carpentry Corp.
Central Absorption
Central Elevator
Chute Master

Chute-Me  
Citywide Environmental Services  
Claremont Construction Group, Inc.  
Claremont Painting & Decoration Co.  
Clayton Environmental Consultants  
Cleantek, Inc.  
Colonial  
Complete Environmental Services  
Component Assembly Systems, Inc.  
Comprehensive Environmental of New York, Inc./ Comprehensive Environmental Services  
Consolidated Carpet Associates, Inc.  
Containment Control, Inc.  
Corinthian Construction  
Cornerstone Consultants Inc.  
Covino Environmental Associates, Inc.  
Criterion Laboratories, Inc.  
Crystal Rainbow Enterprises  
Crystal Restoration Enterprises, Inc.  
Cunningham Duct Cleaning Co., Inc.  
Cunningham Mechanical  
Darling Asbestos Disposal Co., Inc.  
Diversified Environmental Corp.  
DP Wolff Air Conditioning  
Drain King  
Dynaserv Industries, Inc.  
EMSL  
ENV1RON  
Environmental Prods & Services, Inc.  
Environmental Svcs & Technologies, Inc.  
Environmental Testing, Inc.  
Enviroserve, Inc.  
Envirotech Clean Air, Inc.  
Feather Dusters, Inc.  
Fiber Control, Inc.  
First Alert  
Forensic Damage Consultants  
Frost Sheet Metal/Jersey Sheet Metal Works, JV  
G&G  
Gilsanz, Murray, Steficek, LLP  
Gloria's Cleaning  
GPS Environmental Consultants, Inc. d/b/a All Clear Environmental Svcs., Inc.  
Grand Mechanical Corp.  
Green Star Enterprises  
Guardian Power Cleaning  
H.A. Bader Associates  
Hardy Holzman Pfeiffer Associates, Inc.

Hazardous Elimination Corp.
Henry Brothers Electronics
Hillman Environmental Group LLC
Horn Exterior Restoration Corp.
Hygenetics Environmental Services, Inc.
Ice Cap Inc.
Indoor Air Professionals
Indoor Environmental Technologies, Inc. (Div. of Tri-Dim Filter Co.)
Insurance Restoration Specialists
Integrated Conservation Resource, Inc.
J.D.A. Restoration Inc.
JBH Environmental
Jerome Aluminum
JLC Environmental Consultants, Inc.
Josef Construction Corp.
Kaback Enterprises, Inc.
KAM Consultants
Kasco Restoration Services
KISS Construction, Inc.
Kone Elevator, Inc.
Law Services Systems
LawGibb Group/Law Engineering (Mactec)
LBI-ABAS
Lextel Communications
Loffredo Brooks Architects, PC
Lucius Pitkin Inc.
Lund Fire Products Company, Inc.
LVC Interiors, Inc,
LVI Environmental Services, Inc./ LVI Services, Inc.
Manafort Brothers, Inc.
Marcor Remediation, Inc.
Maxons Restoration
Mazzocchi Wrecking, Inc.
Milro Associates, Inc./ Milro Services, Inc.
Moller & Moller, Inc.
Nelson Air- 100 Ch
New York Environmental
Northern Valley Contracting Co.
Norwich Laboratories (or Associates)
Olympic Plumbing & Heating
Otis Elevator
P.E. Stone
Pace Analytical Services
PAL Environmental Corp.
PAL Environmental Safety Corp.
PAR Environmental Corp.

Paris Maintenance Co.
Parker House Services, Inc.
Parsons, Brinkerhoff, Quade and Douglas, Inc.
Paul Davis Restoration
PCI Cleaning
Pinnacle Environmental Corp.
Platinum Maintenance
Potomac Abatement, Inc.
Precision Environmental Professional Service Industries
Professional Service Industries, Inc. (PSI)
PRP Mechanical Contractors, Inc.
PSC Analytical Services
Quality Building Contractor Incorporated
Quality Restoration
Reckson Construction Group New York, Inc.
Renacer Enterprises
Rite-Way Interior Demolition
Royal Environmental, Inc.
RSD Engineering
S&B Environmental
Safeway Environmental Corp.
Sani-Chute Environmental Services Inc.
Schindler Elevator Corporation
Seasons Industrial Contracting Corp.
Sencam, Inc.
Specialty Service Contracting, Inc.
Stallone Testing Lab., Inc.
Start Elevator
Structure Tone, Inc.
Syska & Hennessy
T.A. AherIm Contractors Corp.
Taylor Environmental Group
TDX/BECOM JV
Tech Clean Industry Ltd.
Tellabs Operations, Inc.
Temco Service Industries
Testwell Laboratories, Inc.
The Metro Group, Inc.
Thermo Roll Window Corp.
Tiffany Bader Associates
Tishman Interiors Corp.
Total Safety Consulting
Tradewinds Environmental Restoration, Inc.
TRC
Triangle Laboratories
Trio Asbestos Removal Corp.

Tully Construction Co., Inc./ Evergreen Recycling of Corona
Tully Industries
Turner Construction Co.
Unified Technologies
Urban Cleaning Contractors
V&R Mechanical
Verna Contracting
Warren & Panzer
Weiskopf & Pickworth LLP
Weston Solutions, Inc.
William A. Hall Partnership
William F, Collins, Architect
Yates Restoration Group Ltd.
York Hunter