RECEIVED
DEC 26 2013
CHAMBERS OF
ALVIN K. HELLERSTEIN
U S D J.

GREGORY J. CANNATA & ASSOCIATES
WOOLWORTH BUILDING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9205  Fax (212) 227-4141
cannata@cannatalaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/2/2014

December 24, 2013

*[Handwritten note: Defendants may file an affidavit, w/in 10 days explaining the dating error. No further submissions. Oral argument will be held February 24, 2014 at 4 pm. 1-2-14 /s/ AKH]*

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

       Re: Zygmunt v. 59 MAIDEN LANE ASSOCIATES, LLC, ET AL
           Index: 09cv00679 (AKH)   Docket: 21MC102

Dear Judge Hellerstein:

     A dispute regarding Plaintiff's ability to submit a Sur-Reply has arisen between the parties in the Zygmunt case, referenced above. We appreciate the Court's consideration in this matter.

**Plaintiff's Position**

     I have received Defendants' Reply Memorandum and newly cited exhibits on the above referenced matter. I request an opportunity to submit a Sur-Reply Memorandum to correct errors in the defendants' papers.

     One such error is on page seven of Ms. Stevenson's Memorandum of Law. She incorrectly states that Exhibit AA contains Mr. Zygmunt's complaints made on "November 4, 2004." Actually, Exhibit AA is a February 3, 2006 letter concerning an examination that took place on November 4, 2005

     Another error is on page 12, "To escape his admissions he suffered from symptoms of his alleged lower respiratory injuries prior to 2006, Plaintiff argues that his symptoms were too "isolated and inconsequential" to trigger the three-year statute of limitation under CPLR 214-c (2).

     She implies Mr. Zygmunt was suffering from respiratory injuries prior to 2006. The defendants must conceded although they do not state it in their papers, that no physical who examined or treated Mr. Zygmunt, has ever stated that he was suffering from lower respiratory illness or injury prior to March 6, 2006.

     Should the Court grant me an opportunity to submit a Sur-Reply, I will, of course, limit my argument s to the defendants' statements and exhibits in their Reply. Should the court deny

me the opportunity to submit s Sur- Reply, I request the Court disregards the defendants' Reply papers.

**Defendants' Position**

Defendants oppose Plaintiff's request to submit a sur-reply to Defendants' Reply Memorandum of Law. Plaintiff is correct that the medical examination referred to in Exhibit AA took place on November 4, 2005 and not November 4, 2004, as inadvertently stated in Defendants' Reply Memorandum. Exhibit AA is attached to Mr. Broadwater's Declaration and is correctly identified in his Declaration, but to avoid any potential confusion, Defendants are willing to file corrected version of the Reply Memorandum.

Contrary to Plaintiff's letter, there is no second "error." Plaintiff mistakenly believes that when Mr. Zygmunt was *diagnosed* with the alleged lower respiratory diseases is somehow relevant to Defendants' motion. It is not. *Greenberg v. U.S. Envtl. Protection Agency*, 21 MC 100, D.E. 3017, at 2-3 (S.D.N.Y. 2013) ("Discovery of the injury" refers "only [to] the discovery of the **manifestations or symptoms** of the latent disease...") (quoting *Matter of N.Y. Cty. DES Litig.*, 89 N.Y.2d 506, 514 (1997)) (emphasis added).

Plaintiff has delayed the underlying motion for more than a month by twice unsuccessfully seeking extraordinary relief from this Court. No further delay is justified, and Defendants submit that the motion should be deemed fully briefed and ready for the Court's consideration.

Respectfully,

_____/s_____
Gregory J. Cannata
on behalf of Plaintiff

_____/s_____
Lee Ann Stevenson
on behalf of Defendants