

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC



RECEIVED
DEC 2 3 2013
CHAMBERS OF
ALVIN K. HELLERSTEIN
U S D J

THOMAS J. O'NEILL
Attorney at Law

One Canterbury Green
Stamford, CT 06901-2047
T: (203) 977-7557  F: (203) 399-5893
tjoneill@daypitney.com

December 23, 2013

*[Handwritten note: The dep'n of Donald Adler should be continued until concluded, on days and times convenient to deponent. 1/6/14]*

*[Signed] AKH*

Honorable Alvin K. Hellerstein, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1050
New York, NY 10007

Re: *In re World Trade Center Combined Disaster Site Litigation* (21 MC 102 and 21 MC 103)

Dear Judge Hellerstein:

Pursuant to Your Honor's Individual Rule 2.E., Deutsche Bank Trust Company Americas ("DB") and counsel for non-party Safeway Environmental Corp. ("Safeway") (acting on behalf of Mr. Donald Adler, a former employee of Safeway) write to resolve a discovery dispute between the parties. Defendant's Co-Liaison Counsel (with the exception of the Patton Boggs firm) joins DB in this application.

**DB's Position:**

<u>Summary of the Dispute:</u>

Safeway has been identified as a contractor that performed work at various locations in response to the events of September 11, 2001, as well as a former employer of numerous plaintiffs in this litigation. After determining that Safeway had ceased business operations and dissolved, Plaintiffs' Liaison Counsel identified Don Adler, a former employee of Safeway, as a target witness and served him with a subpoena to testify as to his knowledge regarding Safeway's work. Although Safeway is no longer in business, Mr. Adler is represented by Patton Boggs, LLP on behalf of Safeway.

Counsel agreed to schedule the deposition of Mr. Adler for two (2) days, October 3 and 4, 2013. Approximately four (4) hours into the October 3, 2013 deposition, in the middle of Plaintiffs' Liaison Counsel's examination, Safeway and Mr. Adler (together, the "Deponents") announced for the first time that they would terminate the deposition after seven (7) hours pursuant to Fed. R. Civ. P. 30. The deposition ended before any defendants were permitted to ask questions and in the midst of co-plaintiffs' counsel's questioning.

85056692.1
4844-9934-6711.1.

**DAY PITNEY** LLP

Honorable Alvin K. Hellerstein, U.S.D.J.
December 23, 2013
Page 2

Defendants now seek an order compelling Deponents to appear for additional time to permit plaintiffs and defendants to complete the deposition.

Safeway was retained by various entities as an environmental remediation contractor. They performed work at various locations in the area of the World Trade Center following the events of September 11, 2001. According to Mr. Adler's October 3, 2013 testimony, Safeway performed various tasks at different buildings. Numerous defendants have been named in connection with alleged exposures at each of those buildings. Although counsel for Plaintiffs commenced questioning on a number of buildings and topics, the unexpected termination of the deposition by Deponents' counsel denied all defendants the opportunity to ask questions.

Counsel for the Deponents originally agreed that the witness would be available for two days on October 3 and October 4, with all parties appearing under the supposition the deposition would last for two (2) days. Prior to the deposition, and at the request of Deponents' counsel, the second day scheduled for October 4, 2013 was cancelled and, although new dates were proposed, a second day was not agreed upon. *See Adler Transcript, pp. 203 and 388 (attached)*. At no time prior to the deposition did the Deponents' counsel advise the parties that they would not be appearing for a second day or that the deposition would be limited to seven (7) hours.

Motions to compel are "entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d. Cir. 2003). "The court must allow additional time [for a deposition]...if needed for a fair examination of the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Only the Plaintiffs have been permitted to ask questions of the Deponents. Defendants, however, have not been provided the opportunity to follow up on the answers or to ask questions regarding the work allegedly performed by Safeway in the various buildings owned, formerly owned, or purportedly worked within by defendants. In fact, counsel for Deponents, stated on the record that the testimony provided by Mr. Adler was on behalf of Safeway and binding. *See Adler Transcript, pp. 206 and 207*. This is unfair and prejudicial; as it denies defendants their sole opportunity to ask questions as to work performed by Safeway in order to properly defend the claims in the case. Thus, the Deponents should be compelled to appear for sufficient time to permit defendants to conduct and conclude the deposition.

<u>Plaintiffs' Position</u>

Plaintiffs agree and endorse the positions put forth by the Defense for the continued deposition of Safeway by Mr. Adler. Plaintiffs Liaison spent a number of hours questioning Mr. Adler with reference to a group of building locations at which his company (the employer of a number of plaintiffs) performed services, the nature of which are very relevant to the litigation. The microphone was then passed to co-plaintiffs' counsel, from the Napoli firm, to continue with questioning relating to additional building locations at which Safeway had a presence. That questioning was halted mid-stream due to the time limitation suddenly conveyed for the first

85056692.1
4844-9934-6711.1.

time during the deposition. Additionally, defense firms had not yet begun their questioning which may also justifiably lead to follow up questions by any of the attorneys present.

The course of the litigation has been liberal in allowing for depositions to proceed beyond the "seven hour" rule. This is in recognition that many witnesses have substantial knowledge about a large number of issues which can't possibly be covered in one day. In fact, on average, each plaintiff has been produced for four to five days, defendants have been produced on multiple days with multiple witnesses, and all other non-parties, thus far, have cooperated with plaintiff and defense counsel when multiple days of testimony are clearly required. The questioning thus far has been on point and germane to the litigation. In this particular instance, Mr. Adler is the closest we have come to locating any witness from that company who held a position of authority and who at least possesses some knowledge of that company's operations relevant to the 9-11 work. We are unclear why Safeway and Mr. Adler, through counsel, have taken this indefensible position.

### Safeway's Position

The depositions of non-parties in this litigation have been rampantly duplicative, unnecessarily long and unduly burdensome. Patton Boggs also represented non-party Pinnacle in a deposition wherein the witness was deposed for nearly thirty hours over five separate days. Enough is enough. Non-parties should not be required to bear such financial and personal burdens.

DB's summary of the facts is inaccurate. In 2012, Plaintiffs' counsel Robert Grochow, Esq., attempted to serve Safeway with a subpoena seeking a witness to provide Fed. R. Civ. P. 30(b)(6) testimony. Mr. Grochow sought to serve Safeway by serving Patton Boggs with a copy of the subpoena. Because Safeway is defunct (and has been so for several years), it was not possible to locate a corporate witness for Safeway and Mr. Grochow was advised that Patton Boggs could not accept service of his subpoena.[1] *See* January 31, 2013 e-mail between Alyson N. Villano, Esq. and Robert Grochow, Esq., attached hereto as Safeway Exhibit ("Ex.") 1. Plaintiffs' counsel then located Mr. Adler, a former employee of Safeway, and personally served him with a subpoena for his testimony about certain buildings in and around the WTC Site where Safeway allegedly worked following the attacks on September 11, 2001. *See* March 25, 2013

---

[1] As designated counsel for Safeway, Patton Boggs possesses documents collected from Safeway (prior to its cessation of business) regarding the subject matter of this litigation. Therefore, notwithstanding the fact that Safeway no longer operates as a business, Patton Boggs has responded to discovery and produced 20,815 documents on Safeway's behalf since 2009 in response to five separate subpoenas served by both Plaintiffs' and Defendants' counsel in the 21 MC 102 docket.

subpoena attached hereto as Safeway Ex. 2. Mr. Adler eventually requested that Patton Boggs act as his counsel at his deposition and on October 3, 2013, Mr. Adler appeared for his deposition. The subpoena served upon Mr. Adler by plaintiffs' counsel was not a Fed. R. Civ. P. 30(b)(6) subpoena and instead sought Mr. Adler's testimony based on his personal knowledge. Neither Mr. Adler's previous attorney nor Patton Boggs agreed to produce Mr. Adler as a Fed. R. Civ. P. 30(b)(6) witness. And while I stated on the record that Mr. Adler was appearing "in response to the subpoena that [Robert Grochow] served on Mr. Adler and is testifying on behalf of Safeway", my intention was to convey that Mr. Adler was testifying regarding his knowledge of Safeway's activities; any statement suggesting that Mr. Adler was appearing as a Fed. R. Civ. P. 30(b)(6) witness was in error. Rather, Mr. Adler appeared as a fact witness to testify to the best of his knowledge and recollection about the work Safeway performed at the buildings listed in the subpoena.

Prior to Mr. Adler's deposition, Plaintiffs' counsel was informed that Mr. Adler was available for his deposition on October 3 and October 4. While these two possible dates were identified, there was never any agreement on behalf of Mr. Adler that he would provide more than the seven hours of testimony allowed by the Federal Rules. Indeed, certain defense counsel were advised to be prepared to go forward with their questioning on October 3 because Mr. Adler needed to complete his deposition that day in order to be able to return to his job. *See* October 1, 2013 e-mail from Alyson N. Villano, Esq. attached hereto as Safeway Ex. 3. I also requested that the deposition begin at 9:00 am instead of the usual 10:00 am start time because the witness wanted to complete the deposition in one day. Finally, I informed counsel both on and off the record at the deposition that Mr. Adler needed to finish all seven hours of his testimony that day. (*See* Adler Tr. 201:21-202:14). Counsel for the examining parties had ample time to address any coordination of questioning prior to the deposition and there is no reason (and none has still been offered) why more than seven hours should be needed to complete the deposition. Mr. Grochow, who issued the subpoena, completed his questioning of Mr. Adler on October 3, 2013. Plaintiffs' counsel from Napoli Bern Ripka Shkolnik LLP ("Napoli Bern") questioned Mr. Adler for approximately two more hours before the deposition was ended because the seven hour limit had been reached.

Rule 30(d)(1) of the Federal Rules of Civil Procedure limits the duration of a deposition to "1 day of 7 hours". The Advisory Committee notes to the 2000 Amendments to Fed. R. Civ. P. 30(d)(1) contemplate requests to extend the seven hours allowed for depositions and provides that "[t]he party seeking a court order to extend the examination, or otherwise alter the limitations, is expected to show good cause to justify such an order." Fed. R. Civ. P. 30(d) Advisory Committee's note (2000). Courts have found that Rule 30 strongly suggests that parties reach agreement on extensions and not involve the court except where truly necessary. *In re Vioxx Products Liab. Litig.*, 2005 WL 928538, at *2 (E.D. La. Apr. 15, 2005) (stating that counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time). The decision whether or not to enlarge the amount of time for examination of a deponent is a factual decision, depending on the circumstances of the individual

case. *See Bender v. Del Valle*, No. 05 Civ. 6459, 2007 WL 1827839, at *3 (S.D.N.Y. June 25, 2007); *Carmody v. Vill. of Rockville Ctr.*, 2007 WL 2177064, at *2 (E.D.N.Y. July 27, 2007). In general, courts consider a variety of factors in determining whether to extend a deposition, including the amount of information to be covered, whether an interpreter is necessary, and the witness's failure to review documents in advance. *See* Fed. R. Civ. P. 30 Advisory Committee's note (2000); *George v. City of Buffalo*, 789 F. Supp. 2d 417, 436 (W.D.N.Y. 2011) (granting additional 3 1/2 hours where documents had been produced after the witness was deposed); *Roberson v. Bair*, 242 F.R.D. 130, 138 (D.D.C. 2007) (extending plaintiff's deposition due to importance of the information but warning that "[a]utomatic extensions eviscerate the rule"). A court must extend the deposition, consistent with Rule 26(b)(2), if additional time is needed for a fair examination or where the examination has been impeded or otherwise delayed. Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 30 Advisory Committee's note (2000).

DB has failed to put forth any compelling reason to further burden Mr. Adler and require him to appear again for deposition. While DB argues that it was "denied the opportunity to ask questions", DB's counsel fails to explain with any specificity what areas or topics must still be addressed with Mr. Adler and why they failed to make any effort to coordinate their examination with the other examining counsel. The deposition was not delayed by any party, including Mr. Adler who arrived early to promptly start his deposition at 9:00 am, nor did Mr. Adler require the assistance of an interpreter. Furthermore, none of the parties provided myself or Mr. Adler with documents to review in advance of the deposition and neither Safeway nor Mr. Adler has produced any documents since the October 3, 2013 deposition which might require additional questioning of the witness. Thus, DB has failed to show good cause (or, indeed, any reasonable basis whatsoever) as to why Mr. Adler should be further burdened by an extended deposition

Moreover, Mr. Adler already has provided testimony regarding his personal knowledge relating to the buildings DB now wishes to address, including Deutsche Bank. Mr. Adler worked as the chief estimator for Safeway at the time of September 11, 2001. He has made it clear that he does not have any knowledge of the work performed by the specific plaintiffs in this litigation and he already testified regarding his general understanding of the personal protective equipment used, the coordination between Safeway and the environmental consultants, and the work performed generally at these buildings, including Deutsche Bank. *See* Adler Tr. 65:8–68:3; 80:3–82:8; 105:23–107:14; 361:2-15; and 407:23–408:6. As was clear at his deposition, Mr. Adler does not have a strong recollection today of the details associated with the work performed by Safeway more than ten years ago. With the limited time left in the discovery period in the 21 MC 102 docket and the number of depositions left to be completed by the parties, additional time spent deposing Mr. Adler is a waste of not only his time but the parties' time and resources as well.

Finally and most importantly, Mr. Adler will suffer a significant hardship if he is required to miss a second day of work to continue this deposition. Mr. Adler no longer works for Safeway and missed a day of work and used a personal vacation day to sit for this deposition. In

his current position, Mr. Adler is required to meet with current and potential clients and visit job sites each day. If he cannot attend these meetings, work cannot be completed, project delays result, and potential business is lost. In the event the Court does require Mr. Adler to appear for additional time at a deposition, we respectfully submit that such a requirement is "above and beyond" what is required by the rules and that DB and any other examining parties should be required to pay Mr. Adler's wages for his lost work. And should the Court determine to direct Mr. Adler to appear, the amount of additional deposition time permitted should be appropriately limited to no longer than 2 hours.

For the reasons stated above, DB's request to compel Mr. Adler to further questioning should be denied.

**Conclusion**

Thank you for Your Honor's consideration. As always, we are available to discuss at the Court's convenience.

Respectfully submitted,

/s/ Thomas J. O'Neill
Day Pitney, LLP Counsel for Deutsche Bank


/s/ Robert Grochow
Plaintiffs' Liaison Counsel


/s/ Alyson N. Villano
Patton Boggs LLP
Counsel for Safeway Environmental Corp.


cc:

Defendants' Co-Liaison Counsel

Judge wrote:

"The deposition of Donald Adler should be continued until concluded, on days and times reasonably convenient to him.

1/6/14
Alvin K. Hellerstein"