

# DAY PITNEY LLP

BOSTON   CONNECTICUT   NEW JERSEY   NEW YORK   WASHINGTON, DC

CLARA Y. SON
Attorney at Law

One Jefferson Road
Parsippany, NJ 07054-2891
T: (973) 966 8183 F: (973) 461 4386
cson@daypitney.com

January 15, 2014

**VIA HAND DELIVERY**

Paul O'Brien
Pinnacle Environmental Corp.
200 Broad Street
Carlstadt, New Jersey 07072

Re: In Re: Lower Manhattan Disaster Site Litigation 21 MC 102 (AKH)
*Kowalewski, et al. v. Deutsche Bank Trust Company Americas, et al.* 06CV1521

Dear Mr. O'Brien:

On behalf of the defendants in the above-captioned case involving plaintiff Tadeusz Kowalewski, enclosed is a subpoena duces tecum (the "Subpoena") seeking the production of documents relating to Pinnacle Environmental Corp.'s employment of Mr. Kowalewski.

Please feel free to contact me if you have any questions regarding this Subpoena.

Very truly yours,

Clara Y. Son

Enclosures

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| TADEUSZ KOWALEWSKI, et al.<br>*Plaintiff*<br>v.<br>DEUTSCHE BANK TRUST COMPANY AMERICAS, et al.<br>*Defendant* | )<br>)<br>)  Civil Action No.  06-CV-1521 (AKH)<br>)<br>)<br>) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Pinnacle Environmental Corp.
200 Broad Street, Carlstadt, New Jersey 07072
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See the attached Schedule A.

| Place: Please produce the requested documents and materials to: Clara Y. Son, Esq., Day Pitney, LLP, One Jefferson Road, Parsippany, New Jersey 07054-2891 | Date and Time:<br>01/29/2014 1:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   01/15/2014

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   **defendants**
_____, who issues or requests this subpoena, are:

Clara Y. Son, Esq., Day Pitney, LLP, One Jefferson Road, Parsippany, NJ 07054; cson@daypitney.com; 973-966-8183

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 06-CV-1521 (AKH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### Section I
### Preliminary Statement

This subpoena *duces tecum* ("Subpoena") is being issued on behalf of one or more defendants in the federal court action captioned, *Tadeusz Kowalewski, et al. v. Deutsche Bank Trust Company Americas, et al.*, under Civil Action No. 06-cv-1521 (AKH) (the "Litigation"). Plaintiff Tadeusz Kowalewski ("Kowalewski") claims in this Litigation, respiratory and non-respiratory injuries relating to the rescue, recovery, debris removal, and/or clean-up operations at the World Trade Center Site and related locations ("WTC Site and Related Locations") following the terrorist attacks on September 11, 2001.

### Section II
### Scope of Subpoena

This Subpoena requires You to produce or permit the inspection, copying, testing or sampling of Documents (defined below) that are in Your custody, possession, or control and concern issues relevant to the Litigation.

### Section III
### Definitions and Instructions

The following definitions apply in the context of this Subpoena:

"Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section V. This includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electrical process, written, produced by hand or produced by or stored in a computer or by other electronic means, regardless of origin or location: books, notes, notations, calendars, message slips, schedules, planners, records, communications, reports, correspondence, letters, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, billings, credit card records, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, deposition transcripts or other transcripts, accounting books or records, data sheets, data processing cards, photographs, photographic negatives, pictures, phono records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, electronic or magnetic records or tapes, advertisements, press releases, drafts, and marginal comments appearing on any such Documents, all other written or

printed matter of any kind, or any other data compilations from which information can be obtained and translated if necessary, as well as any electronically stored information ("ESI"), located in Your files, offices, or at an off-site location (including home offices).

"Communicate" or "communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, e-mails, undertakings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral or written, between two or more persons.

"Record" or "records" shall mean any and all records, files (including computer files), documents (as defined by the Federal Rules of Evidence, including those in electronic form), graphs, charts, maps, writings, correspondence, drawings, transcripts, drafts, recordings, data, studies, guidelines, directives, and/or reports.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, e-mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home, and/or portable media or devices used by You.

"Identify," "identity," or "identification" mean, when used in reference to a natural person, his or her: full name; present or last known home address (including street name and number, city or town, state, zip code, and telephone number); present or last known business address (including street name and number, city or town, state, zip code, and telephone number); present or last known occupation, position, business affiliation, and job description; occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered. If a company, corporation, association, partnership, or legal entity other than a natural person: its full name; a description of the type of organization or entity; the full address of its principal place of business; the jurisdiction of its incorporation or organization; and the date of its incorporation or organization. If a Document: its description (for example: letter, memorandum, report, etc.); its title; its date; the number of pages therein; its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If any such Document was, but is no longer, in the possession or subject to the control of plaintiff, state what disposition was made of it and when. If an oral communication: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person participating in the communication.

"Concerning" and "relating to" (or any form thereof) shall mean, in whole or in part, alluding to, analyzing, characterizing, commenting upon, comprising, concerning, constituting, containing, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, referring to, reflecting, responding to, setting forth, showing, stating, supporting, or summarizing.

"Work" or "services" refers to any and all work or services performed by Kowalewski which, to Your knowledge, were requested, provided and/or contracted for (in whole or in part) as a result of, or in response to, the terrorist attacks on the World Trade Center on September 11, 2001. These services include, but are not limited to, services provided to Your members.

"WTC Site Related Locations" refers to any area in the State of New York where work was performed as a result of, or in response to, the 9/11 terrorist attacks.

"You" and "Your" refer to you, your former or current employees, agents, representatives, attorneys and any other persons or entities acting on your behalf.

"And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine. All verbs used herein shall be construed to include all tenses. The past tense of any word used herein includes the present tense, and the present tense includes the past tense.

Documents produced in response to this Subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section V. Fed. R. Civ. P. 45(d)(1)(A).

Do not assume that Documents responsive to this Subpoena should be produced in hard copy. The Defendants may wish to inspect or image hard-copy Documents, and they have the right to designate the form in which EST is produced. See Fed. R. Civ. P. 45(a)(1)(8). Thus, it is very **important that You contact the attorney who issued this Subpoena before producing Documents**. The defendants will attempt to make Your production as efficient as possible. They reserve their right, however, to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, then Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to assess the nature and merits of that claim. Fed. R. Civ. P. 45(2)(A).

Each of the requests made in Section V is to be read consistently with the definitions provided above.

Failure to obey this subpoena may be deemed a contempt of court. Fed. R. Civ. P. 45(e).

### Section IV
### Preservation of Documents

Pending the completion of discovery up until the time of trial, you and your agents, representatives, employees and any person acting on your behalf, is advised and instructed to preserve in unaltered form all written documents, computer hard drives, computer disks, CDs (compact disks), DVDs (digital video disks), computer media, backup media, storage media,

backup data, encryptions, metadata, residual data, digital data, digitally scanned items, remotely stored data and items, emails, email accounts, videotapes, and all electronic files in any form or format which may in any manner relate to work or services performed by Kowalewski.

## Section V
## Documents Requested

1. Copies of any and all documents concerning or relating to work or services performed by Kowalewski at WTC Site Related Locations from 1995 to the present including, but not limited to, work or services performed at 225 Rector Place, 2 World Financial Center, 225 Liberty Street, 4 World Financial Center, and 250 Vesey Street.

2. Copies of any and all documents concerning or relating to your employment of Kowalewski from 1995 to the present, including, but not limited to, any and all employment files and records, description of position(s) held, work assignments, documentation of employment history, fit-test records, training records, professional certifications and licenses, paycheck stubs, time sheets or time cards, overtime cards, employment cards, reports, evaluations, records of contribution and achievement, disciplinary notices, promotions, claims filed by or against each individual, correspondence, notes, and any other documents in your files.

3. Copies of any and all documents concerning or relating to all communications between You and Kowalewski regarding the WTC Site Related Locations from 1995 to the present, including, but not limited to, his union representatives, agents, attorneys (including, but not limited to, Gregory Cannata, Robert Grochow, and/or any other individual from Gregory J. Cannata & Associates, or Jacob D. Fuchsberg Law Firm) and any other person or entity purportedly acting on his behalf.