USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/27/14

**GREGORY J. CANNATA & ASSOCIATES**
WOOLWORTH BUILDING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9205  Fax (212) 227-4141
cannata@cannatalaw.com

January 7, 2014

**VIA ELECTRONIC MAIL**

Hon. Alvin K. Hellerstein, U.S.D.J.
United States District Court for the
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

*[Handwritten note by Judge:]* As the parties have substantially different views on the likelihood of a settlement, the appointment of a special master is premature. 1-24-14

Re: In Re: World Trade Center Lower Manhattan Disaster Site Litigation
21-MC-102 (AKH)

Dear Judge Hellerstein:

**PLAINTIFFS LIAISON COUNSEL'S POSITION**

We are writing with the goal of moving the entire docket towards disposition. At a conference of Liaison Counsel in Chambers last year, Your Honor queried if we believed it would be appropriate to appoint a Settlement Master. At the time, given the intensive discovery that just commenced, plaintiffs and defendants mutually concurred it was too early in the process to discuss settlement.

Over the last ten months, we have conducted a great deal of discovery. Collectively, the parties have taken hundreds of depositions, and have obtained exchanged and digested millions of pages of medical and business records. Extraordinary sums of money have been spent by plaintiffs' counsel in prosecuting this case as well as by insurance carriers in defense costs. At a minimum, tens of thousands of hours of attorneys' time and staffing have been expended.

The next steps in the discovery schedule including expert discovery and motion practice as well as future phases of the litigation, will likewise prove to be very costly for all concerned both in expenses and professional and staffing allocation.

It is Plaintiffs Liaison Counsel's belief that the parties now have a greater understanding of the strengths and weaknesses of each side's position and the appointment of a strong Settlement Master at this juncture would likely prove fruitful. At the very least, a Settlement Master would engage the insurance companies directly in discussions. To date, although with isolated exceptions, the carriers have not universally been involved with settlement discussions.

The Court had previously suggested retired Justice Stephen Crane of the New York Supreme Court as a possible Settlement Master. He would be acceptable to the plaintiffs. Additionally and subject to his availability and terms, plaintiffs would agree to the appointment of Kenneth Feinberg.

Plaintiffs Liaison Counsel remains available to meet with Your Honor at your convenience.

### DEFENSE LIAISON COMMITTEE POSITION

Like Plaintiffs' Liaison Counsel, the Defense Liaison Committee ("DLC") is keenly interested in moving the consolidated litigation in the 21 MC 102 Docket toward a resolution. For this very reason, the DLC opposes Plaintiffs' Liaison Counsel's request for the appointment of a Settlement Master.

While discovery over the last several months has been burdensome, it has also shed light on the merits of plaintiffs' claims. Defendants have learned that many primary injury claims cannot be causally connected to plaintiffs' alleged World Trade Center-related exposures—let alone actionable conduct by a defendant—that many damages claims are inflated when appropriate mitigating factors are taken into account, and that certain lawsuits are subject to viable motions for summary judgment. Despite this progress, Plaintiffs' Liaison Counsel's settlement demands remain exorbitant and, as a result, defendants' settlement discussions with Plaintiffs' Liaison Counsel have sputtered if not entirely failed. Meanwhile, the Napoli firm has engaged in meaningful settlement discussions with respect to several large buildings and, the DLC believes, discussions continue with respect to those and many other buildings.

The DLC respectfully submits that only further discovery, including expert discovery, and continued motion practice will advance the consolidated litigation. As of the date of this joint letter, defendants are actively coordinating with numerous expert consultants and testifying experts and are drafting dispositive motions based on discovery to date. For instance, certain defendants intend to file in the near term a statute-of-limitations-based motion for summary judgment against another of Plaintiffs' Liaison Counsel's selections for advanced discovery. While Plaintiffs' Liaison Counsel may understandably wish to avoid expert discovery and additional dispositive motions, resolution of the litigation appears, at this stage, to depend on these next steps.

Further, a workable settlement framework already exists for the resolution of the 102 Docket. The Settlement Process Agreement in the 100 Docket provides both the parties and the Court with a foundation for a consolidated settlement process. In fact, the SPA sets out a reasonable method for valuing WTC-related injury claims *and has already successfully served as the basis for settling thousands of claims in the 100, 102 and 103 dockets*. Plaintiffs' Liaison Counsel's belief that its clients' claims should be valued differently than the thousands of other plaintiffs who have already settled is baseless, and there is no need for the parties to bear the expense of a Settlement Master when a settlement framework is readily available. Indeed, members of the DLC have already held several preliminary discussions with the Garretson

Resolution Group to develop potential settlement methodologies derived from the SPA for further use in the 102 Docket. These discussions continue.

For all of these reasons, the DLC continues to believe that the appointment of a Settlement Master is premature and unlikely to progress the 102 Docket. If the Court nevertheless deems it prudent to appoint a Settlement Master at this time, the DLC requests the opportunity to participate in the selection of such Settlement Master.

Respectfully,

_____/s_____
Gregory J. Cannata
on behalf of Plaintiffs
Liaison Counsel

_____/s_____
Lee Ann Stevenson
on behalf of DLC

**Madeline Muniz**

| | |
|---|---|
| From: | Madeline Muniz |
| Sent: | Wednesday, January 08, 2014 1:32 PM |
| To: | 'RLeff@mklaw.us.com'; 'lstevenson@kirkland.com'; 'brett.broadwater@kirkland.com'; 'Sgoos@HarrisBeach.com'; 'pgoldstein@mcguirewoods.com'; 'tegan@fzwz.com'; 'John.Flannery@wilsonelser.com'; 'wsmith@fgsb.com'; 'JHopkins@PattonBoggs.com'; 'AVillano@pattonboggs.com'; 'jtyrrell@pattonboggs.com'; 'Allyson.Avila@wilsonelser.com'; 'ssandover@mcguirewoods.com'; 'eztimmermans@mcguirewoods.com'; 'rgrochow@aol.com'; 'jjodre@mklaw.us.com'; 'Cory Frank'; Anderson, Mark E.; Gipson, Lissa; Broadwater, Brett J |
| Cc: | Gregory Cannata; Bob |
| Subject: | FW: Defense Position re Settlement Master |
| Attachments: | Joint Letter re Settlement Master_draft 2014-1-7_(29129422_3).DOCX |

Dear Lee Ann et.al.:

We are in receipt of your submission and quite honestly, are shocked by the tone and content of your letter. Our letter to the Court requesting the appointment of a Settlement Master was a sincere attempt to move this litigation to a conclusion. There was not a single word attacking the defendants, defense counsel or your motives.

Your submission on the other hand, was an unprovoked <u>ad hominem</u> attack on us personally and on our clients. You are attempting to argue the merits of your position despite the fact that these issues were not raised by us in the first instance. Accordingly, we are requesting that you withdraw the submission in favor of one that does not attack us or our clients and simply states your position on whether or not you want to proceed with settlement discussions.

If your end game is to continue the litigation add nauseum and whatever billing you are able to extract from your client and carrier, simply tell the Court you don't want to entertain settlement discussions. Quite frankly, we are growing weary of the broken record that we have demanded too much as the beginning of a settlement discussion. In the meantime, you have offered nothing. Come to the table and make your arguments there, where we can negotiate face to face, not in a letter to the Court that was meant to be a good faith attempt to get things rolling. Please pass these comments on to your respective clients and carriers.

Sincerely,

Greg Cannata and Robert Grochow

**From:** Stevenson, Lee Ann [mailto:lstevenson@kirkland.com]
**Sent:** Tuesday, January 07, 2014 4:07 PM
**To:** Gregory Cannata; richard Grochow
**Cc:** Richard Leff; Stanley Goos; Goldstein, (Partner) Philip; John.Flannery@wilsonelser.com; Allyson.Avila@wilsonelser.com; William Smith; Cory Frank; Jordan Jodre; Tom Egan; Lissa Gipson; MAnderson@mcguirewoods.com; Broadwater, Brett J
**Subject:** Defense Position re Settlement Master

Greg & Bob,

Attached please find DLC's position included in the joint letter. Please cc us when you file.

S

1

LAS

Lee Ann Stevenson | Kirkland & Ellis LLP
601 Lexington Avenue | NY NY 10028
leann.stevenson@kirkland.com
212 446 4917

****************************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
****************************************************************

Sincerely,

Madeline Muniz, Paralegal
Gregory J. Cannata & Associates
233 Broadway, Fifth Floor, New York, NY 10279
Firm: (212) 553-9205 Direct: (212) 553-9009 Fax: (212) 227-4141
www.cannatalaw.com

Please consider the environment before printing this email.

2

**From:** Stevenson, Lee Ann <lstevenson@kirkland.com>
**To:** Gregory Cannata <cannata@cannatalaw.com>; richard Grochow <RGrochow@aol.com>
**Cc:** Stanley Goos <Sgoos@HarrisBeach.com>; Richard Leff <RLeff@mklaw.us.com>; John.Flannery <John.Flannery@wilsonelser.com>; Allyson.Avila <Allyson.Avila@wilsonelser.com>; William Smith <WSmith@fgsb.com>; Cory Frank <CFrank@fgsb.com>; Tom Egan <TEgan@fzwz.com>; Lissa Gipson <LGipson@fzwz.com>; Anderson, Mark E. <MAnderson@mcguirewoods.com>; Broadwater, Brett J <bbroadwater@kirkland.com>
**Subject:** FW: Defense Position re Settlement Master
**Date:** Thu, Jan 9, 2014 9:30 am
**Attachments:** Joint_Letter_re_Settlement_Master_draft_2014-1-7_(29129422_3).DOCX (46K)

[Rich] & Greg,

The DLC's position is as stated in the letter. It should be submitted as drafted.

Lee Ann Stevenson | Kirkland & Ellis LLP

601 Lexington Avenue | NY NY 10028

leeann.stevenson@kirkland.com

212 446 4917

Judge wrote:

"Since the parties have substantially different views on the issue of settlement, the appointment of a settlement special master is premature.

1-24-14
Alvin K. Hellerstein"