AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| TADEUSZ KOWALEWSKI, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  06 CV 01521 (AKH) |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | ) | |
| et al. (In re WTC Disaster Site Litigation) | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Dr. Lori Spechler, M.D.
New York Presbyterian/Weill Cornell Hospital, 50 East 78th Street, Suite 9D, New York, NY 10075

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Day Pitney LLP<br>7 Times Square, New York, NY 10036 | Date and Time:<br>10/28/2013 1:00 pm |
|---|---|

The deposition will be recorded by this method:  Videotape and stenography

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See the attached Schedule A for the documents, electronically stored information, and objects to bring with you to the deposition. Also attached is the authorization for the release of health information pursuant to Health Insurance Portability and Accountability Act (HIPAA). Should you decide to produce any documents or materials before the scheduled deposition, please send such documents or materials to:  Barbara M. Yu, Esq., Day Pitney LLP, 7 Times Square, New York, NY 10036.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  10/08/2013

*CLERK OF COURT*

OR  /s/ [signature]

_____          _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  **Defendants**
_____ , who issues or requests this subpoena, are:

Barbara M. Yu, Esq.          byu@daypitney.com
Day Pitney LLP               (212) 297-5841
7 Times Square, New York, NY 10036

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 06 CV 01521 (AKH)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# SCHEDULE A

## Section I
### Preliminary Statement

This subpoena *duces tecum* and *ad testificandum* ("Subpoena") is being issued on behalf of one or more defendants in the federal court actions commonly known as *In re World Trade Center Disaster Site Litigation*, 21 MC 102/21 MC 103 (AKH) (SDNY) ("the Litigation"). The issuing defendant(s) was/were sued by numerous individuals ("plaintiffs"), who allege, among other things, respiratory and non-respiratory injuries relating to the rescue, recovery, debris removal, and/or clean-up operations at the World Trade Center Site and related locations ("WTC Site and related locations") (as defined below) following the terrorist attacks on September 11, 2001.

## Section II
### Scope of Subpoena

This Subpoena requires You to: (1) produce or permit the inspection, copying, testing or sampling of Documents (as defined below) that are in Your custody, possession, or control and concern issues relevant to the Litigation; and (2) appear for a videotaped deposition at Day Pitney LLP, 7 Times Square, New York, New York 10036, at the date and time specified on the Subpoena. Unless otherwise specified, the document requests listed in Section IV of this subpoena seek Documents concerning or relating to your Medical Treatment of Tadeusz Kowalewski ("Mr. Kowalewski").

## Section III
### Definitions and Directions

The following definitions apply in the context of this subpoena:

"Documents" refers to anything that is not privileged and is responsive to one or more of the requests made in Section IV. This includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical or electrical process, written, produced by hand or produced by or stored in a computer or by other electronic means, regardless of origin or location: books, notes, notations, calendars, message slips, schedules, planners, records, communications, reports, correspondence, letters, telegrams, e-mails, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, x-rays, films, radiological images (including, but not limited to, any discs containing such images), applications, booklets, brochures, catalogues, circulars, magazines, pamphlets, periodicals, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra office communications), purchase orders, bills of lading, bid tabulations, questionnaires, surveys, contracts, agreements, options to purchase, memoranda of agreements, assignments, licenses, books of account, billings, credit card records, orders, invoices, statements, bills, checks, vouchers, ledger sheets, accounts, journals, cancelled checks, bank statements, bank passbooks, confirmations, statements of accounts, analyses, diaries, graphs, notebooks, charts, tables, working papers, plans, indices, summaries or

84947959.1

records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of accountants or consultants, deposition transcripts or other transcripts, accounting books or records, data sheets, data processing cards, photographs, photographic negatives, pictures, phono records, tape recordings, discs, wire recordings, transcripts of recordings, drawings, motion picture film, electronic or magnetic records or tapes, advertisements, press releases, drafts, and marginal comments appearing on any such Documents, all other written or printed matter of any kind, or any other data compilations from which information can be obtained and translated if necessary, as well as any electronically stored information ("ESI"), located in Your offices or at an off-site location (including home offices).

"Communicate" or "communication" shall mean all inquiries, discussions, conversations, negotiations, agreements, emails, undertakings, meetings, telephone conversations, letters, notes, telegrams, advertisements, or other forms of information exchange, whether oral or written, between two or more persons.

"Record" or "records" shall mean any and all records, files (including computer files), documents (as defined by the Federal Rules of Evidence, including those in electronic form), graphs, charts, maps, writings, correspondence, drawings, transcripts, drafts, recordings, data, studies, guidelines, directives, and/or reports.

"ESI" includes, but is not limited to, the contents of computer hard drives, floppy discs, CD-Rom discs, removable/external/portable storage devices, network servers and personal digital assistants. The information contained on such media normally includes, but is not limited to, electronic mail, word processing files, spreadsheets, imaged documents, presentations, pictures, audiovisual recordings and databases. This subpoena encompasses all of Your departments as well as any personal, home and/or portable media used by You.

"Identify," "identity," or "identification" mean, when used in reference to a natural person, his or her: full name; present or last known home address (including street name and number, city or town, state, zip code, and telephone number); present or last known business address (including street name and number, city or town, state, zip code, and telephone number); present or last known occupation, position, business affiliation, and job description; occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered. If a company, corporation, association, partnership, or legal entity other than a natural person: its full name; a description of the type of organization or entity; the full address of its principal place of business; the jurisdiction of its incorporation or organization; and the date of its incorporation or organization. If a Document: its description (for example: letter, memorandum, report, etc.); its title; its date; the number of pages therein; its subject; the identity of its author, signatory or signatories, and any person who participated in its preparation; the identity of its addressee or recipient; the identity of each person to whom copies were sent and each person by whom copies were received; its present location; and the identity of its present custodian. If any such Document was, but is no longer, in the possession or subject to the control of plaintiff, state what disposition was made of it and

when. If an oral communication: the date and time when it occurred; the place where it occurred; the complete substance of the communication; the identity of each person participating in the communication.

"Concerning" and "relating to" (or any form thereof) shall mean, in whole or in part, alluding to, analyzing, characterizing, commenting upon, comprising, concerning, constituting, containing, dealing with, describing, disclosing, discussing, embodying, evidencing, explaining, identifying, mentioning, pertaining to, referring to, reflecting, responding to, setting forth, showing, stating, supporting or summarizing.

"Medical Treatment" or "Medical Services" refers to any and all physical or mental healthcare related service or treatment, including but not limited to, correspondence, email, notes, referrals, summaries, recommendations, diagnostic testing, test results, screenings, consultations, prescriptions, analyses, reviews, studies and reports (including expert reports).

"Work" or "services" refers to any and all work or services performed by You which, to Your knowledge, were requested, provided and/or contracted for (in whole or in part) as a result of, or in response to, the terrorist attacks on the World Trade Center on September 11, 2001. These services include but are not limited to services provided to Your members.

"WTC Monitoring, Screening or Treatment Program" refers to any and all formal or informal programs, registries, specifically developed, established, and/or created to screen, track, report, monitor and/or treat alleged health effects of persons allegedly exposed to the September 11, 2001 World Trade Center terrorist attacks, including, but not limited to, the WTC Programs administered by, or affiliated in any way with, Mount Sinai Hospital, (including the "Centers of Excellence") Bellevue Hospital Center, the University of Medicine and Dentistry of New Jersey, New York University School of Medicine, the Center for the Biology of Natural Systems/Queens College, Richmond University Medical Center, the Mount Sinai WTC Program Clinical Center on Staten Island, the Long Island World Trade Center Monitoring and Treatment Program, Robert Wood Johnson Medical School, the Environmental and Occupational Health Sciences Institute, the New York City Fire Department, and the WTC Health Registry.

"WTC Site" or "WTC Site and related locations" refers to any area in the State of New York where work was performed as a result of, or in response to, the 9/11 terrorist attacks.

"You" and "Your" refer to you, your former or current employers, agents, representatives, attorneys and any other persons or entities acting on your behalf.

"And" or "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The plural of any word used herein includes the singular and the singular includes the plural. The masculine gender of any word used herein includes the feminine. All verbs used herein shall be construed to include all

84947959.1

tenses. The past tense of any word used herein includes the present tense, and the present tense includes the past tense.

Documents produced in response to this subpoena must be produced as they are kept in the normal course of business or shall be organized and labeled to correspond with the requests made in Section IV. Fed. R. Civ. P. 45(d)(1)(A).

Do <u>not</u> assume that Documents responsive to this subpoena should be produced in hard copy. The defendants may wish to inspect or image hard copies of the Documents, and they have the right to designate the form in which ESI is produced. *See* Fed. R. Civ. P. 45(a)(1)(D). Thus, it is very important that You **contact the attorney who issued this subpoena <u>before</u> producing Documents**. The defendants will attempt to make Your production as efficient as possible. However, they reserve their right to refuse an improperly formatted or otherwise unacceptable production.

If You withhold Documents on a claim that they are privileged or subject to protection as trial-preparation materials, Your claim must be made expressly and must be supported by a description of the nature of the Documents that is sufficient to enable the party issuing this subpoena to contest the claim. Fed. R. Civ. P. 45(2)(A).

Each of the requests made in Section IV is to be read consistently with the definitions provided above.

Failure to obey this subpoena may be deemed a contempt of court. Fed. R. Civ. P. 45(e).

## Section IV
## Documents Requested

1. Copies of any and all documents that concern, refer, or relate in any way to Medical Services provided at any time by You to Mr. Kowalewski, including, but not limited to, correspondence, email, notes, treatment and laboratory records, summaries, test results, surveys, patient information forms, patient history questionnaires, reports (including draft reports), prescriptions, referrals, studies, and billing and insurance records.

2. Any and all x-rays, films, radiological images, and disks (including, but not limited to, CD-rom and/or DVD) that contain documents that concern, refer, or relate in any way to Medical Services provided at any time by You to Mr. Kowalewski.

3. Copies of any and all documents that concern, refer or relate in any way to communications between You and Mr. Kowalewski, including, but not limited to, her representatives, agents, attorneys (including, but not limited to, Gregory J. Cannata & Associates and Robert A. Grochow, P.C.), heirs, and any other person or entity purportedly acting on his/her behalf, concerning Mr. Kowalewski's health, alleged WTC related injuries, and/or the litigation captioned *In re World Trade Center Disaster Site Litigation,* 21-MC-102/21-MC-103, including,

84947959.1

but not limited to, correspondence, retainer or engagement agreements, email, notes, summaries, studies, and reports (including draft reports).

4. Copies of any and all documents that concern, refer or relate in any way to communications between You and any WTC Monitoring, Screening or Treatment Program concerning Mr. Kowalewski's health, alleged WTC related injuries, alleged disability and/or the litigation captioned *In re World Trade Center Disaster Site Litigation*, 21-MC-102/21-MC-103, including, but not limited to, correspondence, email, notes, summaries, reports (including draft reports), referrals, payments, invoices and billing statements.

5. Any and all documents that concern, refer or relate in any way to each study, report, submission, survey, presentations, protocol, questionnaire, grant application and/or analysis generated, received or reviewed by you in whole, or in part, regarding health effects allegedly associated with the September 11, 2001 WTC terrorist attacks, including, but not limited to, correspondence, email, notes, drafts, data sets, meeting minutes, peer-review comments, summaries, and reports (including draft reports).

6. Any and all documents that concern, refer or relate in any way to any grants you have obtained or attempted to obtain received to study, research or analyze health effects allegedly associated with the September 11, 2001 WTC terrorist attacks, including, but not limited to, grant applications, correspondence, email, notes, drafts, data sets, proposals, presentations, meeting minutes, peer-review comments, summaries, and reports (including draft reports).

7. Any and all documents that concern, refer, or relate in any way to communications between You and the Administrator, including his/her representatives, of the Zadroga 9/11 Health and Compensation Act of 2010 including, but not limited to, grant applications, presentations, correspondence, email, notes, drafts, data sets, proposals, meeting minutes, peer-review comments, summaries, and reports (including draft reports).

8. Any and all documents that concern, refer, or relate in any way to communications between You and any Union representative regarding alleged WTC health effect, conditions, or illnesses including, but not limited to, grant applications, correspondence, email, notes, drafts, data sets, proposals, presentations, meeting minutes, peer-review comments, summaries, and reports (including draft reports).

9. A true and correct copy of your current *curriculum vitae*.

84947959.1