```
USDC SDNY
DOC...
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/5/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
BERTHA TACHE,

       Plaintiff,

 -against-

100 CHURCH STREET et al.,

       Defendants.
------------------------------------------------------------- x

**ORDER DENYING MOTION TO QUASH SUBPOENA AND GRANTING IN PART MOTION FOR A PROTECTIVE ORDER**

07 Civ. 1573 (AKH)
21 MC 102

ALVIN K. HELLERSTEIN, U.S.D.J.:

  Dr. Carlos J. Serrano, a non-party, treated several individuals who are plaintiffs in the World Trade Center Disaster Site Litigation. He has received, and complied with, several subpoenas regarding his treatment of those individuals. On December 6, 2013, Dr. Serrano was served with a subpoena commanding him to testify at a deposition on January 13, 2014 in the case captioned *Tache v. 100 Church Street, et al.*, 07 Civ. 1573. Dr. Serrano has moved for an order quashing that subpoena as unduly burdensome or, in the alternative, for an order directing all Plaintiffs and Defendants in the 21 MC 100 and 21 MC 102 dockets to coordinate their schedules and depose him on a single day. Defendants ZAR Realty Corporation and 100 Church Street LLC oppose Dr. Serrano's motion and have cross-moved for an order compelling Dr. Serrano to comply with the subpoena. For the following reasons, Dr. Serrano's motion is denied in part and granted in part, and ZAR Realty Corporation and 100 Church Street LLC's motion is granted.

  "The fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." *CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984). Accordingly, Dr. Serrano's motion to quash is denied and he is ordered to comply with the subpoena.

1

However, the Court is mindful of the burden that this litigation has imposed on treating physicians like Dr. Serrano. Accordingly, Dr. Serrano's request for a protective order is granted in part. The defendants in the 21 MC 102 litigation are directed to coordinate their schedules, through defense liaison counsel, and arrange for a single deposition of Dr. Serrano, which will last no longer than a single day, to cover all outstanding fact discovery relating to the Group I and Group II cases. At that deposition, a single attorney, elected by defendants' counsel, who wish to, but have not as yet examined Dr. Serrano, shall ask Dr. Serrano non-duplicative questions on behalf of all defendants. Any defense attorneys with additional questions not yet asked shall ask those questions at the end of the deposition. The deposition shall take place within the next 30 days, on a day selected by counsel and convenient to Dr. Serrano.

The Clerk shall docket this order on the 21 MC 102 master docket and shall mark Dr. Serrano's motion (Doc. No. 4999 on the 21 MC 102 master docket) and ZAR Realty Corporation and 100 Church Street LLC's motion (Doc. No. 5003) terminated.

SO ORDERED.

Dated:   March __, 2014
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge