USDC
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/20/14

GREGORY J. CANNATA & ASSOCIATES
WOOLWORTH BUILDING
233 BROADWAY, 5TH FLOOR, NEW YORK, NY 10279-0003
Tel: (212) 553-9205  Fax (212) 227-4141
cannata@cannatalaw.com

*[Handwritten note: Def't's motion is appropriate. PB should stipulate to a briefing schedule, and submit to be "so ordered." 3-20-14 /s/ Hellerstein]*

VIA ELECTRONIC MAIL

March 14, 2014

Honorable Alvin K. Hellerstein
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   WTC, 21MC102 (AKH) Motions for Summary Judgment

| | |
|---|---|
| Kowalewski et al v. Deutsche Bank Trust Corporation et al | 06-cv-1521 |
| Mierzejewski v. 90 Church Street Limited Partnership et al | 06-cv-1513 |
| Muszkatel v. Verizon New York, Inc. et al | 06-cv-5285 |
| Puello v. 120 Broadway Condominium et al | 07-cv-11294 |
| Ropel v. The Bank of New York Company, Inc. et al | 06-cv-1520 |
| Sanchez v. Logan LLC et al | 05-cv-1091 |
| Socha v. 110 Church L.L.C. et al | 09-cv-0680 |

Dear Judge Hellerstein:

We are writing with reference to the defense instituted dispositive motions for summary judgment filed on ECF on March 5, 2014 and March 6, 2014 in the above referenced seven cases.

PLAINTIFF'S POSITION:

The defendant's motions are premised in part on defendant's claim of the inapplicability of the multiple sections of the Labor Law to the claim against one defendant, Structure Tone, Inc, with reference to two building locations. We are requesting that such motions be deferred, in accordance with the "Amended Order Regulating Discovery and Trials of Group I and Group II Selected Cases, filed November 12, 2013." (Attached for reference)

We are very concerned that the Court's current acceptance of motions of this nature at this time will open the flood gates prematurely for summary judgment motions from an increasingly large number of defendants.

On March 14, 2013, the respective Liaison appeared in Chambers, and in a working session with the Court's assistance and approval, a Scheduling Order was formulated and So-Ordered. Under the language of that Order (since amended), the filing of any non-Daubert dispositive motions is June 12, 2014, with opposition to such motions being due by July 24, 2014.

That Order, as amended on November 12, 2013, in relevant section states:

| June 12, 2014 | Parties submit Dispositive Motions (non-Daubert) |
| --- | --- |
| June 16, 2014 | Expert Depositions to commence |
| July 24, 2014 | Parties submit Opposition Papers to Dispositive Motions (non-Daubert) |
| July 28, 2014 | Expert Depositions to conclude |
| August 7, 2014 | Parties submit reply papers to dispositive motions (non-Daubert) |
| August 15, 2014 | Oral Arguments on Dispositive Motions (non-Daubert) |

This instant motion is precisely one type of motion that was anticipated at the conference before the Court when the Scheduling Order was entertained.

An underlying precept of the Scheduling Order was to allow for a timely and fair process by which plaintiffs and defendants alike, have reasonable opportunity to address issues in an orderly fashion. The Order recognized that other issues, i.e. expert disclosure, would significantly draw upon the time and resources of the parties. It was determined and agreed that dispositive motion practice should occur pursuant to a schedule as outlined above.

Upon receipt of these papers, we contacted movant's counsel, Mr. William D. Joyce, III of Barry, McTiernan & Moore and indicated our position. Being unable to resolve this issue, the within letter is being submitted. We seek the Court's confirmation that the Scheduling Order currently in existence, as Amended, remains controlling on this issue of dispositive motion practice.

DEFENDANT'S POSITION:

The Court has indicated at several of the conferences that the parties are not limited in any way with respect to the making of dispositive motions.

The Structure Tone defendants had no role with respect to clean-up at either Two or Four World Financial Center. This fact was brought to plaintiffs' counsel's attention shortly after receipt of the initial Complaints in this matter and a request was made for a voluntary discontinuance against Structure Tone with respect to Two and Four World Financial Center only. Counsel for plaintiffs advised that they wanted fact discovery to be completed before considering the request. As fact discovery is complete and there has been no evidence developed that Structure Tone was involved with clean-up work at Two or Four World Financial Center a letter requesting a voluntary discontinuance was again sent to plaintiffs' counsel without success.

For the foregoing reasons defendants request the summary judgment motions be heard on the merits. The opposition to the motion is not burdensome as it is based solely on discovery responses and deposition testimony and does not involve in depth legal research or experts. Structure Tone has had to litigate this matter for seven years and should not have to continue to do so any longer.

Respectfully submitted

_____s/_____  
Gregory J. Cannata

_____s/_____  
Robert A. Grochow

_____s/_____  
William D. Joyce III  
On behalf of defendant Structure Tone

Judge wrote:

"Defendant's motion is appropriate. Plaintiffs should stipulate to a briefing schedule, and submit to be "so ordered".

3-20-14
Alvin K. Hellerstein"