*Mr. Monk's responses are accepted and the Court's Order to Show Cause (Doc. No. 5006) is terminated as to Harrington, Ocko & Monk, LLP.*

*3/31/14*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION | 21 MC 102 (AKH) |
|---|---|
| THIS DOCUMENT APPLIES TO ALL IN RE WORLD TRADE CENTER LOWER MANHATTAN DISASTER SITE LITIGATION IN WHICH ST. JOHN'S UNIVERSITY IS A DEFENDANT | **AFFIRMATION IN OPPOSITION** |

Glenn A. Monk, an attorney duly admitted to practice before this honorable Court, aware of the penalties for perjury, affirms as follows:

1. I am a Principal of the firm, Harrington, Ocko & Monk, LLP and am fully familiar with the facts and circumstances of this matter as they relate to the Court's Order to Show Cause. This Affirmation is submitted in response to an Order to Show Cause, issued by this Court and dated March 4, 2014, as well as in response to a letter from the Honorable Judge Hellerstein, dated March 24, 2014.

2. Harrington, Ocko & Monk, LLP represents St. John's University in nineteen (19) cases pending on the MC 102 and MC 103 dockets, fourteen (14) of which remain active. On March 24, 2014, Judge Hellerstein's law clerk, Christopher Stanley, contacted my associate, Matthew Bremner, and advised that a response to an Order to Show Cause filed by Judge Hellerstein on March 4, 2014 with respect to payment of outstanding TCDI invoices was due on March 21, 2014. My associate advised Mr. Stanley that we were unaware of the pending Order to Show Cause and asked for an extension to respond. By letter dated March 24, 2014, Judge Hellerstein directed our office to respond to the Order to Show Cause by March 31, 2014 and explain why we were not aware of the Courts Orders which had been posted on the Southern District's Electronic Case Filing ("ECF") system.

3.     We are greatly sorry for the time and effort expended by the Court and TCDI to address this matter. We have taken corrective steps to ensure that going forward we meet our obligations to receive and review all Orders filed with respect to this litigation. Upon learning of the Order to Show Cause, we also took immediate steps to comply with the substance of the Court's Order by promptly issuing payment to TCDI. We respectfully submit this Affirmation to offer our apology to the Court and TCDI, and explain the circumstances regarding our oversight with respect to the Court's Orders, and to demonstrate our subsequent compliance with the Court's directive regarding payment to TCDI.

### Our Firm Received ECF Notifications On The Individual Cases For Which St. John's Is Named As A Defendant, But Inadvertently Was Not Registered For ECF Notifications On The Master MC 102 Docket

4.     I am registered to receive ECF notifications with respect to the cases we are defending on behalf of St. John's University. Upon learning of the pending Order to Show Cause on March 24, 2014, my associate and I reviewed all of the ECF notifications for the World Trade Center cases I received in the past year. We confirmed that I received no ECF notification of the Court's prior Orders with respect to payment of outstanding TCDI invoices.

5.     Upon further investigation, it was discovered that I was registered to receive ECF notifications for the individual cases in which St. John's University is named as a defendant, but inadvertently was not registered to receive notifications on the master docket. Because the firm was registered and was consistently receiving ECF notifications for the individual cases in which St. John's is named as a Defendant, we inadvertently did not realize that separate registration to the master docket under case

2

number 1:21 MC 00102 was not in place and that we were not receiving all of the ECF notifications with respect to Court Orders filed to the master docket (we were in fact receiving notifications of Orders that were linked to our individual cases).

### Curative Steps Taken To Ensure Compliance With ECF Rules

6. We are deeply regretful for expending the Court's time and effort to address this matter. We understand that we have a duty to monitor ECF notifications and believed until this matter arose that we were correctly registered so we would receive all pertinent ECF notifications.

7. We have taken immediate steps to remedy this situation. Specifically, we have added our firm to the ECF notification list for the master docket and registered key support staff to receive copies of the ECF notifications on the master docket. Additionally, we will assign attorneys and support staff to actively monitor the master docket to ensure that we are aware of all Orders that may affect our client and firm going forward.

8. Prior to this occurrence, aside from receiving and reviewing ECF notifications on the individual cases for which St. John's is named as a defendant, we had been actively monitoring activity in this litigation by appearing at Status Conferences, monitoring Joint Defense Group correspondence, and attending Joint Defense Group meetings. Additionally, we have consistently complied with the Court's directives and remained current with the payment of Special Masters' fees.

9. Our conduct with respect to the Court's recent Orders to pay TCDI and our conduct regarding registering for ECF notifications on the master docket was due to an oversight that we have since taken steps to correct. We assure the Court that our

conduct was not willful, deliberate, or the product of bad faith. We would never intentionally ignore the Court's Orders and greatly appreciate the extension of time to respond to Judge Hellerstein's Order to Show Cause by way of this submission.

### Harrington, Ocko and Monk, LLP Immediately Paid the Outstanding TCDI Invoices Upon Learning Of The Court's Order To Show Cause

10. Upon learning of the Order to Show Cause on March 24, 2014, we immediately issued payment to TCDI directly from the firm's business account and sent payment by overnight mail to TCDI on March 25, 2014. The payment letter and check is annexed hereto as **"Exhibit A."** After payment was mailed, TCDI confirmed that payment was received on March 26, 2014 and that the outstanding balance on this account was paid in full. Confirmation e-mails from TCDI that payment was received are annexed hereto as **"Exhibit B."**

11. As evidenced by this submission, Harrington, Ocko & Monk, LLP paid TCDI immediately upon learning of the pending Order to Show Cause and the Court's prior Orders. The payment has been made not only for the amount stated in the Order to Show Cause, but also for all amounts owed thus far in 2014, for a full payment total of $2,201.80.

12. Under the circumstances, we respectfully request that the Court accept our proof of compliance with its payment directives in lieu of any sanctions which may have otherwise been contemplated. The current situation was not the product of deliberate conduct or bad faith on the part of Harrington, Ocko and Monk, LLP, and we have taken steps to ensure the receipt of all ECF notifications and to avoid any future non-compliance with Court Orders. Additionally, we have now paid all outstanding TCDI invoices and have coordinated with TCDI to ensure that all invoices issued in this

litigation going forward are timely paid. We respectfully ask that the Court accept our apology and proof payment to TCDI in response to Judge Hellerstein's Order to Show Cause.

**WHEREFORE,** Harrington, Ocko and Monk, LLP respectfully requests that sanctions not be imposed against it in this instance.

Dated: White Plains, New York
March 27, 2014

> Respectfully Submitted,
>
> Glenn A. Monk, Esq. (GM 6957)
> HARRINGTON, OCKO & MONK, LLP
> Attorneys for Defendant,
> St. John's University
> 81 Main Street, Suite 215
> White Plains, New York 10601
> (914) 686-4800

5